2.

# CIVIL RIGHTS COMPLAINT:

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CAL.

EDCV23-2184-WLH
(JDE)

KARLIS Ruben AUGUSTUS HOWARD

PLAINTIFF,

Related
DDJ

FILED
CLERK U.S. DISTRICT COURT

OCT 20 2023

DISTRICT OF CALIFORNIA
DEPUTY

V.

AYLANA O. PARKS, LAX COURT, RANCHO CUCAMONGA COURT, Jill JANOTTA, MELANIE SCHOENBERG, JEREMY GARRETT, FONTANA PROBATION, CDCR, WASCO STATE PRISON, PLEASANT VALLEY STATE PRISON, AVENAL STATE PRISON, SCOTT STANSELL BT5782, CO RODRIGUEZ, @: KOMAKI, UCLA PD & INVESTIGATORS, CDCR STAFF AND OFFICIALS, COUNTY OF LA, COUNTY OF SB, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4.

CASE NO.

Hon.

3.

# DEFENDANTS:

A. AYLANA O. PARKS

B. SCOTT STANSELL BT5782

C. LAX COURT

D. RANCHO CUCAMONGA COURT

E. JILL JANOTTA, MELANIE SCHOENBERG, JEREMY GARRETT

F. WASCO STATE PRISON

G. PLEASANT VALLEY STATE PRISON

H. AVENAL STATE PRISON

I. UCLA PD ; INVESTIGATORS

J. CDCR

K. ☺; KOMAKI PSY. (PSYCHOLOGIST AVENAL STATE PRISON)

L. CO RODRIGUEZ (CORRECTIONAL OFFICER, WASCO STATE PRISON C-3 A-SIDE.)

M. JOHN DOE 1-4  PVSP CORRECTIONAL OFFICERS

N. LEE PSY (PSYCHOLOGIST PLEASANT VALLEY STATE PRISON)

# PARTIES:

1. AYLANA O. PARKS AND UCLA PD.
   SUED IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY.

2. LAX COURT AND RANCHO CUCAMONGA COURT, COUNTY OF LA, COUNTY OF SB.
   SUED IN JUDICIAL CAPACITY/INDIVIDUAL.

3. Jill JANOTTA
   SUED IN EITHER CAPACITY.

4. MELANIE SCHOENBERG
   SUED IN EITHER CAPACITY.

5. JEREMY GARRETT
   SUED IN EITHER CAPACITY.

6. CDCR, WSP, PVSP, ASP
   SCOTT STANSELL BT5782,
   CO RODRIGUEZ, M. KOMAKI;
   CDCR STAFF & OFFICIALS
   SUED IN EITHER CAPACITY.


I AUTHORIZE THE COURT TO SEPERATE DEFENDANTS INTO
PARTIES AS IT SEES FIT TO DO SO IN THE PROCESS
OF UTILIZING FEDERAL COURT'S SUPPLEMENTAL JURISDICTION.
I REQUEST THE COURT TO IMPOSE THE CORRECT CIVIL ACTION,
42 USC 1983, 42 USC 1985, FEDERAL RESPONDEAT SUPERIOR TORT, BANE
CIVIL RIGHTS ACTION, ETC, WHICH WILL IMPOSE THE MOST
SEVERE PUNISHMENT, DAMAGES, AND AWARD ALLOWED
BY STATE AND/OR FEDERAL LAW. THANK YOU! PLEASE...
YOUR HONOR, RESPECTFULLY AND SINCERELY!

KARUS RUBEN AUGUSTUS HOWARD #BT4324
PO BOX 901 YARD 1 BLD 140 Cell 147L AVENAL, CA 93204

5.

# ALLEGATIONS:

a. VIOLATION OF THE FEDERAL CONSTITUTION.

b. VIOLATION OF THE CALIFORNIA CONSTITUTION.

C. VIOLATION OF TITLE-15.

D. VIOLATION OF CAL. CIV. CODE.

E. VIOLATION OF CODE OF CIV. PROC.

F. VIOLATION OF FEDERAL RULES.

G. VIOLATION OF CAL. PENAL CODE.

H. VIOLATION OF BUSI. & PRO. CODE.

I. VIO OF PLAINTIFF'S 4th, 5th, 6th, 8th, 9th AND 14th AMEND.

J. VIOLATION OF TORT LAWS

6.

# FEDERAL CONST. VIOLATIONS:

a. 4th Amendment - Violation of searches and seizures.

Defendants have committed act of unconstitutional searches and seizures.

b. 5th Amendment - Violation of multiple clauses including due process.

Defendants have violated plaintiffs right to due process; 5th Amendment.

c. 6th Amendment - Violation of numerous sections.

Defendants have violated plaintiffs right to fair, speedy, public trial.

d. 8th Amendment - Violation of Constitutional conditions of confinement.

Defendants have subjected plaintiff to cruel and unusual punishment.

e. 9th Amendment - Violation of right to privacy.

Defendants have committed the act of invasion of privacy.

f. 14th Amendment - Violation of the Due Process clause of the 14th Amend.

Defendants have violated the Due Process clause of the 14th Amendment.

7.

# CAL CONST. VIOLATIONS:

ARTICLE    I    §1 - RIGHT TO PRIVACY VIOLATION
ARTICLE    I    §7
ARTICLE    I    §13
ARTICLE    I    §15
ARTICLE    I    §16
ARTICLE    I    §17 - RIGHT TO BE FREE FROM  CRUEL AND UNUSUAL PUNISHMENT
ARTICLE    I    §29

8.

# TITLE-15 VIOLATIONS:

3004, 3005, 3006, 3016, 3022, 3023, 3286, 3312, 3378.4, 3395, 3394, 3268, 3268.1, 3268.2, 3268.3, 3999.100, 3999.101, 3999.108, 3999.109, 3999.110, 3999.111, 3999.135, 3999.200, 3999.206, 3043, 3043.3, 3043.4, 3043.5, 3120, 3121, 3122, 3123, 3130, 3138, 3160, 3162, 3164, AND MORE.

MEDICAL MALPRACTICE: VIOLATIONS OF THE Following TITLE-15 SECTIONS BY DEFENDANT O. KOMAKI  3999.200(c)(1), 3999.206(a), 3999.300(c), (d), (e), 3999.301, 3999.302, 3999.303, 3999.304, 3999.310(c), 3999.330

DENIED MEANINGFUL ACCESS:

9.

# CAL. CIV. CODE VIOLATIONS:

1) RIGHT OF PROTECTION FROM BODILY HARM. [CIV. CODE §43].

2) RIGHT TO PROTECT PERSON/PROPERTY FROM INJURY. [CIV CODE §50].

3) LIABILITY OF INCOMPITENTS FROM THEIR CIVIL WRONGS. [CIV. CODE §41]

4) APPLICATION OF PUNITIVE DAMAGES FROM MALICE BY DEF. [CIV CODE §3294]

5) DEFENDANTS RENDERED NEGLIGENT PROFESSIONAL SERVICES TO PLAINTIFF IN VIO OF [CIV. CODE §§1714, CIV. CODE 3333, CIV CODE 3333.2 (J)(4).], [CIV CODE 1714(a)]

6) PLAINTIFFS TRAUMA INJURIES, AND OUTRAGE CAUSED BY DEFENDANTS NEGLIGENCE [CIV CODE §§3282, 3283, 3333]

7) VIOLATION OF [CAL CIV CODE §1709] FRAUDULENT DECEIT

8) [CAL CIV CODE §45] - LIBEL VIOLATION.

9) [CAL CIV CODE §46] - SLANDER VIOLATION.

10) [CAL CIV CODE §1572] - FRAUD VIOLATION

11) [CAL CIV CODE §1710] - DECEIT VIOLATION

12) [CAL CIV CODE §1714.01] - INFLICTION OF EMOTIONAL DISTRESS.

13) DEFENDANTS VIOLATED [CAL. CIV. CODE §51.7] FREEDOM FROM VIOLENCE,

14) DEFENDANTS VIOLATED [CAL. CIV. CODE §51.7] DAMAGES FROM DENIAL OF RIGHT.

15) VIOLATION OF [CAL. CIV. CODE §52] FOR DENIAL OF PLAINTIFFS RIGHTS.

16) [CIV CODE §3281] AUTHORIZATION FOR COMPENSATION FROM DEF. TORTS.

17) VIOLATION OF [CIVIL CODES 52(b); 52.1]

18) VIOLATION OF [CAL. GOV. CODE §855.8] DUTY TO CARE, BY M. KOMAKI.

19) VIOLATION OF [CAL. GOV. CODE §845.6], FAILURE TO FURNISH PRISONER MEDICAL CARE.

20) VIOLATION OF [GOV CODE §815.2], LIABILITY OF PUBLIC EMPLOYER FOR INJURY.

21) VIOLATION OF [CIV CODE §52.1] BANE CIVIL RIGHTS VIOLATION

# CODE of CIV. PROC. VIOLATIONS:

PROFESSIONAL NEGLIGENCE [CODE CIV. PROC. §364.] [1029.6], [1295]

PROFESSIONAL NEGLIGENCE OF A HEALTHCARE PROVIDER [CODE CIV. PROC. §3405]

PROFESSIONAL NEG ACTIONS GOVERNED IN ACC WITH [CODE CIV PROC. §667.7]

AWARD OF PUNITIVE DAMAGES SHOULD BE GRANTED [CODE CIV PROC. §425.13]

# FEDERAL RULE VIOLATIONS:

TBA.

# CAL PENAL CODE VIOLATIONS:

PC 118

PC 118.1

PC 118a

Pc 121-126

PC 133

PC 134

PC 141(a-c)

PC 182

PC 206

PC 236

PC 237

PC 240

PC 242

PC 245(a)(4) + BODILY INJURY

SLANDER

LIBEL

OUTRAGE

DEFAMATION

PC 1367

PC 1368

PC 1043

PC 1473

PC 422

PC 1018

MALICIOUS PROSECUTION
INVASION OF PRIVACY
FALSE ARREST
FALSE IMPRISONMENT   PC 237(b)

PC 243(e)

PC 5054

PC 636

PC 2650 - UNLAWFULNESS OF INJURY TO PRISONERS.

PC 147 - INHUMANITY TO PRISONERS

PC 673 - CRUEL AND UNUSUAL PUNISHMENTS

PC 2601 - GUARANTEED RIGHTS

PC 2600 - DEPRIVATION OF PRISON RIGHTS

13.

# BUSI. ; PRO. CODE VIOLATIONS:

SECTION 500 OF BUSI ; PRO CODE
SECTION 1200 OF HEALTH ; SAFETY CODE
FAILURE TO EXERCISE DUE CARE  CAL EVID. CODE § 669
VIOLATION OF HEALTHCARE STATUTES IN BUS ; Prof CODE §6146,
VIOLATION OF BUSI ; Prof CODE SECTION 36146(c)(3)
VIOLATION OF BUSI ; Prof CODE  SECTION § 6077
VIOLATION OF BUSI ; Prof. Prof. CONDUCT RULE 1.1
VIOLATION OF CAL. Rules Prof. CONDUCT RULE 1.1
VIOLATION OF BUSI ; Pro CODE §6000, 6077, 6103, 6106,
VIOLATION OF BUSI ; Pro CODE §6068(e)
VIOLATION OF CAL. RULES Prof. CONDUCT RULE 1.6(a)

14.

# TORTS COMMITTED:

NAME:

PAIN, SUFFERING, AND INJURY

. FUTURE DAMAGES

CRUEL AND UNUSUAL PUNISHMENT

UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

LOST WAGES

INTENTIONAL TORT

. ASSAULT AND BATTERY

. CONSPIRACY

ABUSE OF PROCESS

Tortious ACT BY GOV. Employee

. MALICIOUS PROSECUTION

. FRAUD AND DECEIT

. DEPRIVATION OF RIGHT

). CRIMINAL THREATS

). MEDICAL MALPRACTICE

). LEGAL MALPRACTICE

). EXCESSIVE FORCE

}. OUTRAGE

}. NEGLIGENT MISREPRESENTATION

T. INVASION OF PRIVACY-

U. LIBEL/SLANDER ✓

15.

# COMPLAINT WITH JURY DEMAND

## INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY KARLIS RUBEN AUGUSTUS HOWARD, A STATE PRISONER UNDER 42 USC 1983 ALLEDGING VIOLATION OF TITLE 15, VIOLATION OF CAL. PENAL CODE, VIOLATION OF CAL. CIV. CODE, VIOLATION OF CAL. CONSTITUTION, VIOLATION OF FEDERAL CONST., VIOLATION OF BUSI. & Pro. CODE, VIOLATION OF 4th, 5th, 6th, 8th, 9th AND 14th AMENDMENTS, ASSAULT, BATTERY, CRIMINAL THREATS, DEPrivATION OF RIGHTS, FALSE ARREST, FALSE IMPrisonMENT, CONSPIRACY, UNLAWFUL SEARCH AND SEIZURE, INVASION OF PrivACY, EXCESSIVE FORCE, CRUEL AND UNUSUAL PUNISHMENT, LIBEL, SLANDER, OUTRAGE, FRAUD, DECEIT, ABUSE OF PROCESS, STAFF ABUSE, MALICIOUS Prosecution, UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, LEGAL MALPRACTICE, MEDICAL MALPRACTICE AND MORE.

2. JURISDICTION

THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 28 USC §1367 AND 42 USC §§ 1331(.) §1343.

3. PARTIES

• THE PLAINTIFF, KARUS RUBEN AUGUSTUS HOWARD IN A RELATIONSHIP WITH DEFENDANT, AYLANA O. PARKS, FROM 01/01/21 - 07/18/22. WHOM WAS CONFINED UNCONSTITUTIONALLY AT WASCO STATE PRISON, AVENAL STATE PRISON, PLEASANT VALLEY STATE PRISON FROM 03/02/23 - PRESENT.

• AYLANA, O. PARKS, DEFENDANT WHO COMMITTED NUMEROUS ALLEDG. VIOLATIONS OF STATE AND/OR FEDERAL LAW, TORTS.

• JILL JANDTTA, MELANIE SCHOENBERG, JEREMY GARRETT PLAINTIFF'S COUNSEL FOR CASES SA106833 AND FWV200037, WHOM RENDERED INEFFECTIVE ASSISTANCE AND ALLEDGED LEGAL MALPRACTICE, STATE AND OR FEDERAL VIOLATIONS, AND TORTS.

• SCOTT STANSELL BT5782, WASCO STATE PRISON, CO RODRIGUEZ, CDCR, AVENAL STATE PRISON, PLEASANT VALLEY STATE PRISON, M. KOMAKI PSY, CDCR STAFF ½ INVESTIGATORS.

17.

# DECLARATION OF FACTS:

4. ON OR AROUND JAN 1, 2021 PLAINTIFF BEGAN FORMAL RELATIONSHIP WITH DEFENDANT AYLANA O. PARKS WHOM ABUSED, ASSAULTED, BATTERED, AND COMMITTED NUMEROUS TORTIOUS ACTS MALICIOUSLY AGAINST PLAINTIFF FROM JAN 1, 2021 - JULY 18, 2022.

- PC 240
- PC 242(e)
- PC 594(2)
- PC 594(b)(1)

5. ON OR AROUND 07-18-22 AYLANA O. PARKS CRASHED PLAINTIFF'S 2018 HONDA CIVIC NEAR MONTEBELLO AND WAS TAKEN BY AMBULANCE TO BEVERLY HOSPITAL IN MONTEBELLO AND TREATED FOR NUMEROUS WOUNDS AND WAS PLACED IN A NECK BRACE.

- PC 594
- SEE PGS 17-21 OF PRE-LIM CROSS EXAMINATION

6. ON OR AROUND 07-20-22 AT 22:36 AYLANA O. PARKS MALICIOUSLY LIES TO UCLA PD INVESTIGATOR'S AND MAKES NUMEROUS FALSE STATEMENTS ABOUT PLAINTIFF IN THE CASE SUPPLEMENTAL REPORT COMMITTING NUMEROUS TORTS, VIOLATIONS OF CAL. PENAL CODE, VIOLATIONS OF STATE AND/OR FEDERAL LAW, INTENT ON MALICIOUSLY IMPRISONING PLAINTIFF.

- [CAL CIV CODE §1709]
- LIBEL / SEE CASE SUPP. REPORT / PRE-LIM TRANS / DU-100 TESTIMONY.
- SLANDER
- INTENTIONAL TORT
- INVASION OF PRIVACY
- PC §237(b) FALSE IMPRIS. BY MEANS OF DECEIT

- MALICIOUS PROSECUTION
- BANE CIVIL RIGHTS VIOLATION
- FRAUD AND DECEIT
- STATE/FEDERAL CONST. VIOLATIONS
- FALSE ARREST
- FALSE IMPRISONMENT
- VIOLATION OF DUE PROCESS
- NEGLIGENT MISREPRESENTATION
- INTENTIONAL TORT
- OUTRAGE

7. UCLA PD INVESTIGATORS THEN UTILIZE THIS FRAUDULENT AND FALSE INFORMATION, FALSE ALLEGATIONS, FALSE EVIDENCE, AND FALSE TESTIMONY TO UNLAWFULLY AND UNCONSTITUTIONALLY SECURE AN ARREST WARRANT, EPO, AND ARREST, ON OR AROUND 07-21-22.

- FALSE ARREST
- FALSE IMPRISONMENT
- VIO OF STATE/FEDERAL LAW/EVIDENCE CODE.
- MALICIOUS PROSECUTION
- ABUSE OF PROCESS
- NEGLIGENT MISREPRESENTATION
- VIOLATION OF DUE PROCESS CLAUSE OF 5th ? 14th AMENDMENTS.
- UNCONSTITUTIONAL SEARCH AND SEIZURE, VIO 9th AMEND.
- [CIV CODE §1709] VIOLATION
- 5th, 6th, 8th AND 14th AMENDMENT VIOLATION
- INVASION OF PRIVACY

IN UTILIZING FALSE EVIDENCE, ALLEGATIONS, FALSE TESTIMONY, AND FALSE STATEMENTS TO ADVANCE CRIMINAL PROSECUTION AGAINST PLAINTIFF, UCLA PD VIOLATED NUMEROUS STATE AND FEDERAL LAWS, MALICIOUSLY. THE DUE PROCESS CLAUSE OF 14th AMEN. FORBIDS SUCH DECEITFUL ARBITRARY ACTIONS.

8. ON OR AROUND AUG 1, 2022 ON PAGE 4 of 12 OF DEFENDANTS DU 100 FORM FILED IN SAN BERNARDINO COUNTY AYLANA O. PARKS PROVIDES FALSE written STATEMENTS TO THE COURTS ABOUT PLAINTIFF, VIOLATING NUMEROUS TORTS, FEDERAL AND STATE LAWS, MALICIOUSLY.

- LIBEL
- SLANDER
- FRAUD
- DECEIT
- VIOLATIONS OF CAL P.C., FEDERAL LAW, STATE LAW
- INVASION OF PRIVACY / ABUSE OF PROCESS / MALICIOUS PROSECUTION

9. ON OR AROUND AUG 9, 2022 A PRE PROBATION REPORT WAS ORDERED BY DEFENDANTS LAX COURT INSIDE THIS FALSE REPORT ARE OVER 9 FALSE CRIMINAL ALLEGATIONS AND OVER 50 EXAMPLES OF FALSEHOOD USED IN CRIMINAL PROCEDURE AGAINST PLAINTIFF IN VIOLATION OF NUMEROUS STATE AND FEDERAL LAWS.

- FALSE EVIDENCE.
- FALSE REPORTS.
- LIBEL.
- VIOLATION OF DUE PROCESS.
- STATE / FEDERAL LAW VIOLATIONS.
- EVIDENCE CODE VIOLATIONS.
- MALICIOUS PROSECUTION / ABUSE OF PROCESS
- NEGLIGENT MISREPRESENTATION
- INVASION OF PRIVACY
- NEGLIGENCE

20.

10. IT WAS ALSO AROUND THIS TIME PLAINTIFF WAS ARRAIGNED
AT LAX COURT, IN VIOLATION OF STATE AND/OR FEDERAL LAW,
WHILE INSANE.

- VIOLATION OF CAL CONST. ARTICLE I §13.
- VIOLATION OF DUE PROCESS
- VIOLATION OF 5th, 6th, 14th AMENDMENT
- ABUSE OF POWER

11. ON OR AROUND AUG 15, 2022 PLAINTIFF MET WITH
DEFENDANT MELANIE SCHOENBERG WHOM SUBJECTED PLAINTIFF
TO LEGAL MALPRACTICE IN NUMEROUS WAYS INCLUDING FAILING
TO ORDER PSYCH EVALUATIONS, FAILING TO OBJECT, FAILING TO ADVISE
PLAINTIFF OF NUMEROUS RIGHTS, FAILING TO PROVIDE A CANDID EVALUATION
OF HIS CASE AND FAILING TO ACT IN ACCORDANCE WITH STATE AND/OR
FEDERAL LAW, SUBJECTING PLAINTIFF TO INEFFECTIVE ASSISTANCE OF COUNSEL.

- INEFFECTIVE ASSISTANCE OF COUNSEL    - VIO BUSI; PRO §6077
- TRIAL BY DEFENDANT WHILE INSANE    - VIO OF CIVIL CODE
- VIOLATION OF DUE PROCESS
- 5th, 6th, 14th AMEND VIOLATION
- LEGAL MALPRACTICE
- LEGAL NEGLIGENCE
- OUTRAGE
- FALSE IMPRISONMENT

12. DEFENDANT AYLANA PARKS AT THIS HEARING ON AUG, 15 2022
COMMITTS THE ACT OF PERJURY AND SLANDER AFTER MAKING

NUMEROUS FALSE AND FRAUDULENT STATEMENTS

AGAINST PLAINTIFF ON THE STAND.

- PERJURY
- FALSE TESTIMONY
- FRAUD AND DECEIT
- SLANDER/LIBEL
- DEFAMATION
- OUTRAGE
- ABUSE OF PROCESS
- MALICIOUS PROSECUTION
- 5th, 6th, 14th AMEND. VIOLATION
- VIOLATION OF DUE PROCESS
- UNCONSTITUTIONAL SEARCH AND SEIZURE
- INVASION OF PRIVACY
- VIOLATION OF CAL P.C., STATE AND FEDERAL LAW.

13. ON OR AROUND 10-13-22 I, PLAINTIFF MEET IN

COURT WITH DEFENDANT JILL JANOTTA WHOM

COERCES AND MANIPULATES, ME, INTO ACCEPTING A
(PLAINTIFF)

PLEA AGREEMENT AND TO PLEAD GUILTY. IT WAS

ON THIS DATE PLAINTIFF WAS SUBJECTED TO

LEGAL MALPRACTICE BY DEFENDANT JILL JANOTTA

IN NUMEROUS WAYS, INCLUDING BUT NOT LIMITED TO JILL JANOTTA FAILED TO ADVISE PLAINTIFF, MANIPULATED PLAINTIFF, FAILED TO PROVIDE A CANDID EVALUATION OF PLAINTIFF'S CASE, FAILED MONUMENTALLY IN HER DUTY AND EVEN COERCED PLAINTIFF INTO PLEADING GUILTY, DESPITE PLAINTIFF'S DESIRE TO GO TO TRIAL, FAILING TO ORDER PSYCH EVALUATIONS AND/OR MENTAL HEALTH EVALUATIONS AND CONDUCTING PROCEEDINGS WHILE PLAINTIFF WAS INSANE.

- VIO of BUSI & PRO § 6077, 6067, 6103, VIO OF CIV CODE.
- TRIAL BY DEFENDANT WHILE INSANE
- DENIAL OF FUNDAMENTAL RIGHT
- INEFFECTIVE ASSISTANCE OF COUNSEL
- LEGAL MALPRACTICE
- 5th, 6th, 14th AMENDMENT VIOLATION
- CAL CONST. VIOLATION
- OUTRAGE
- FALSE IMPRISONMENT
- MASSIVE PREJUDICE

14. ON OR AROUND JAN 1, 2023 PLAINTIFF MET WITH DEFENDANT JEREMY GARRETT AT THE SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO RANCHO CUCAMONGA COURT HOUSE. IT WAS AT

THIS TIME PLAINTIFF WAS SUBJECT TO A PROFOUND LEVEL OF INJUSTICE, CORRUPTION, VIOLATIONS OF STATE AND/OR FEDERAL LAW AND INEFFECTIVE ASSISTANCE OF COUNSEL. IT WAS ALSO AT THIS TIME PLAINTIFF WAS SUBJECT TO LEGAL MALPRACTICE BY DEFENDANT JEREMY GARRETT. JEREMY GARRETT, COUNSEL, FAILED IN HIS DUTY IN NUMEROUS WAYS FAILING TO CALL WITNESS, FAILING TO PROVIDE MITIGATING EVIDENCE, FAILING TO DISCUSS ANY MERITORIOUS DEFENSE AND FAILING TO PROVIDE PLAINTIFF WITH A CANDID EVALUATION OF THE CASE.

- TRIAL BY DEFENDANT WHILE INSANE
- DENIAL OF FUNDAMENTAL RIGHT
- INEFFECTIVE ASSISTANCE OF COUNSEL
- LEGAL MALPRACTICE
- FALSE IMPRISONMENT
- OUTRAGE
- VIOLATION OF DUE PROCESS
- 5th, 6th, 14th AMENDMENT VIOLATION
- CAL CONST. VIOLATION
- VIOLATION OF STATE/FEDERAL LAW
- VIOLATION OF BUSI & PRO. CODE
- MASSIVE PREJUDICE
- BANE CIVIL RIGHTS VIOLATION

DEFENDANT JEREMY GARRETT FAILED MONUMENTALLY

AND COMMITTED INEFFECTIVE ASSISTANCE AND LEGAL MALPRACTICE.

15. ON OR AROUND 03/02/23 PLAINTIFF ARRIVED AT WASCO STATE PRISON AND SHORTLY AFTER WAS PLACED IN C-3 A-SIDE, 127L.

16. ON 04/07/23 AT APPX 6AM PLAINTIFF WAS VISIOUSLY, MALICIOUSLY AND INSIDIOUSLY ASSAULTED, BATTERED, AND CRIMINALLY THREATENED BY DEFENDANT SCOTT STANSELL BT5782. IT WAS AT THIS TIME CO RODRIGUEZ WITNESSED THE ATTACK YET TOOK ABSOLUTELY NO ACTION DISPLAYING DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH AND SAFETY.

- ASSAULT, BATTERY, CRIMINAL THREATS
- CRUEL AND UNUSUAL PUNISHMENT
- MISUSE OF FORCE
- P.C. VIOLATIONS
- STATE AND FEDERAL LAW VIOLATIONS
- INTENTIONAL TORT
- DELIBERATE INDIFFERENCE
- OUTRAGE
- TITLE-15 VIOLATIONS
- 5, 8, 14, AMENDMENT VIOLATIONS
- BANE CIVIL RIGHTS VIOLATION
- VIOLATION OF DUE PROCESS
- INVASION OF PRIVACY

25.

17. AS A RESULT OF CO RODRIGUEZ RECKLESS DISREGARD FOR PLAINTIFF'S HEALTH AND SAFETY PLAINTIFF WAS THEN ASSAULTED AND BATTERED, VISLIOUSLY ATTACKED, BY DEFENDANT SCOTT STANSELL BT5782, AGAIN A SECOND TIME ON THE YARD.

•VIOLATION OF DUE PROCESS

18. ON 04/07/23 AT WASCO STATE PRISON C-3 YARD APPX 7:50 DEFENDANT Scott STANSELL BT5782 ASSAULTED AND BATTERED PLAINTIFF MALICIOUSLY, SADISTICALLY AND INSIDIOUSLY. AS A RESULT OF THIS UNWARRANTED ASSAULT PLAINTIFF WAS HANDCUFFED AND PLACED IN A BIRD CAGE NAKED.

- 2ND ASSAULT, 2ND BATTERY
- 2ND CRUEL AND UNUSUAL PUNISHMENT
- 2ND MISUSE OF FORCE
- P.C. VIOLATIONS
- UNCONSTITUTIONAL SEARCH AND SEIZURE
- VIOLATION OF DUE PROCESS
- OUTRAGE
- TITLE-15 VIOLATIONS
- INTENTIONAL TORT
- INVASION OF PRIVACY
- CRIMINAL THREAT/BANE CIVIL RIGHTS VIOLATION
- UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT
- 5th, 8th, 14th AMENDMENT VIOLATION
- STRIP CELL CONFINEMENT

19. THIS SECOND SET OF ASSAULT AND BATTERY WAS A RESULT OF THE NEGLIGENCE, DELIBERATE INDIFFERENCE AND RECKLESS DISREGARD OF CDCR, WASCO STATE PRISON AND CO RODRIGUEZ.

- STATE/FEDERAL LAW VIOLATION
- TITLE-15 VIOLATIONS
- DELIBERATE INDIFERENCE.
- VIOLATION OF PLAINTIFFS 8 & 9 AMEND, 14th AMEND., 5th AMEND.

20. PLAINTIFF HAS SUFFERED INCOMPREHENSIBLE PSYCHOLOGICAL, PHYSICAL, EMOTIONAL, AND MENTAL DAMAGE AS A RESULT OF THIS INSIDIOUS VIOLENCE, CAUSING PLAINTIFF SEVERE PTSD, PAIN, SUFFERING, INJURY EMOTIONAL DISTRESS AND TERROR.

21. ON OR AROUND 5-1-23 PLAINTIFF BEGAN SEEKING PSYCHIATRIC SERVICES FOR THE INCOMPREHENSIBLE PSYCHOLOGICAL TORTURE CAUSED BY WSP, SCOTT STANSELL BT5782, AND CO RODRIGUEZ, FROM DEFENDANT MISS E. KOMAKI PSY AT AVENAL STATE PRISON YARD 3.

22. IT WAS AT THIS TIME PLAINTIFF WAS SUBJECT TO A PROFOUND LEVEL OF MEDICAL MALPRACTICE BY DEFENDANT E. KOMAKI WHOM FAILED IN HER DUTY MONUMENTALLY TO CARE FOR PLAINTIFFS HEALTH AND SAFETY.

27.

23. Miss Komaki committed medical malpractice in numerous ways including displaying deliberate indifference to plaintiff's health and safety, failing to order psych evaluations and or treatment, failing to advise plaintiff of meritorious treatment goals, plans, and aspirations, failing to provide plaintiff with information, diagnosis, and breaching her fiduciary duty to plaintiff.

- Medical malpractice (over 3 counts)
- Cruel and unusual punishment
- State/federal law violations
- Busi & Pro. violations, Civ code violations
- Intentional tort
- Outrage
- Deliberate indifference
- Intentional tort causing pain/suffering
- 8th, 5th, 14th Amendment violation
- Violation of Title-15

24. As a result of defendant Miss Komaki's reckless disregard I was transferred to a Level III prison unlawfully and in violation of Title-15, state, and federal law.

- Title-15 violation
- Cruel and unusual punishment
- Outrage
- Unconstitutional conditions of confinement
- 40 days unconst. Ad-seg placement
- Medical malpractice
- Violation of due process 5th, 8th, 14th Amend.

25. FROM 06/20/23 TO 08/10/23 I WAS UNCONSTIT HELD IN AD-SEG AND SUBJECT TO A PROFOUND LEVEL OF ABUSE, VIOLENCE, TORTURE, IN STRH-162C AT PLEASANT VALLEY STATE PRISON. I WAS ALSO DENIED MEANINGFUL ACCESS TO LAW LIBRARY THE ENTIRE CONFINE- MENT PERIOD.

- STRIP CELL CONFINEMENT, UNCONST. CONDITIONS, 25LBS LOST WEIGHT FROM PAIN. STRESS!
- DENIED TABLET.
- DENIED MEANINGFUL ACCESS  40 DAYS.
- DENIED RAC, MCC, EMC, ECC.

26. ON 08/05/23 FOUR JOHN DOE MEXICAN PLEASANT VALLEY CO's MALICIOUSLY, SADISTICALLY, AND INSIDIOUSLY CONSPIRED TO ENTER MY CELL AND VISCIOUSLY ASSAULTED, BATTELED AND BEAT ME HALF TO DEATH. THEY PUNCHED, KNEED, STOMPED AND KICKED ME TO THE POINT I NEARLY LOST CONSCIOUSNESS.

- BANE CIVIL RIGHTS VIOLATION
- TITLE-15 VIOLATION
- MISUSE OF FORCE
- CRUEL AND UNUSUAL PUNISHMENT
- EXCESSIVE FORCE
- OUTRAGE
- CRIMINAL THREAT
- PC VIOLATIONS
- STATE AND FEDERAL LAW VIOLATIONS
- 42 USC 1985 CIVIL RIGHTS CONSPIRACY VIOLATION
- ASSAULT, BATTERY, CONSPIRACY
- INVASION OF PRIVACY
- DENIED MEDICAL TREATMENT
- 5th, 8th, 14th AMENDMENT VIOLATION.

27. AS JOHN DOE 1-4 WERE LEAVING MY CELL THEY MADE GREAT BODILY INJURY THREATS AGAINST ME. MY CLINICIAN MR. LEE VISITED A FEW DAYS LATER AND TOLD ME HE HAD HEARD OF THE ATTACKS. HE ASKED IF I WAS OKAY.

- RACIAL DISCRIMINATION BY JOHN DOE 1-4
- HATE CRIME BY JOHN DOE 1-4

MR. LEE REFUSED ME RIGHT TO BE SEEN BY SPECIALIST/DOCTOR OUTSIDE OF THE PRISON

It was at this time that Mr. Lee Psy. STATED that Pleasant Valley
State Prison does not refer prisoners for psychiatric/medical
services outside the prison.

- Denied medical care.
- Violation of due process.
- Violation of 5th, 8th, 14th Amendment.

My entire confinement in Ad-Seg at Pleasant Valley State Prison
I was denied access to the law library, denied important medical
care/documents relevant to my writ of habeas corpus. I wrote
hundreds of 22 forms requesting access to RAC, MCC, EMC, law
library and was unconstitutionally denied. I recall on several
occasions my 22 forms blowing back into my cell from correctional
officers who probably threw them on the ground like trash."

- Title 15 violations
- Denied meaningful access
- Unconstitutional conditions of confinement
- Violation of due process
- Violation of 5th, 8th and 14th Amendment
- Cruel and unusual punishment
- Denied 25 envelopes

# DENIED MEDICAL RECORDS

■. AS OF 09/05/23, I, (PLAINTIFF) HAVE BEEN DENIED ACCESS TO MY MEDICAL AND MENTAL HEALTH RECORDS FOR SEVERAL MONTHS. PLAINTIFF REQUESTED ACCESS TO MEDICAL AND MENTAL HEALTH RECORDS FROM PLEASANT VALLEY STATE PRISON ON OR AROUND JULY 1, 2023 AND WAS NOTIFIED OF MEDICAL DOCUMENTATION RELEASE ON OR AROUND JULY 25, 2023. DEFENDANTS REFUSE TO PROVIDE PLAINTIFF WITH OBLIGATED AND REQUIRED DOCUMENTATION. DEFENDANTS ALSO REFUSE TO COMPLY WITH TITLE-15, STATE AND FEDERAL LAW.

- DENIED MEDICAL ACCESS.
- CRUEL AND UNUSUAL PUNISHMENT.
- 5th, 8th, 14th AMEND. VIOLATION.
- 65 DAYS DENIED MEDICAL RECORDS.
- VIOLATION OF TITLE-15/STATE/FEDERAL LAW.
- VIOLATION OF DUE PROCESS

■. I AM ALLEDGING THAT CDCR OFFICIALS AND PVSP OFFICIALS ARE INTENTIONALLY REFUSING TO PROVIDE THESE DOCUMENTS IN ORDER TO HINDER ACTION BEING TAKEN AGAINST THEM, IN FEDERAL COURT.

AS OF 09/05/23 I HAVE BEEN DENIED ACCESS TO A TABLET FOR OVER 80 DAYS.

AS OF 09/05/23 I HAVE BEEN DENIED ACCESS TO RAC, EMC, MCC AND ECC FOR OVER 6 MONTHS... DENIED "GOOD CONDUCT" (EMC, ECC, MCC, RAC) SINCE MARCH 14, 2023.

AS OF 09/17/23 I HAVE BEEN DENIED MEDICAL RECORDS THROUGH ADMINISTRATIVE EXHAUSTION INCLUDING GRIEVANCE, APPEALS, AND GOV CLAIMS.

THIS IS A VIOLATION OF DUE PROCESS AND MY 5th, 14th AMENDMENT,

# DENIED MEANINGFUL ACCESS:

AVENAL STATE PRISON 09-19-23 BLD 140 12:00 PM; 4:45PM;

① ON 09-18-23 I WAS NOTIFIED AND INSTRUCTED BY CORRECTIONAL OFFICER SANCHEZ IN BUILDING 140 THAT I HAD AN AA CLASS ON 09-19-23. I WAS WELL AWARE OF THIS CLASS AS I RECEIVED AN ASSIGNMENT CARD SEVERAL DAYS PRIOR. I THEN ASKED SANCHEZ WHAT TIME I WOULD BE RELEASED FOR MY AA CLASS. "I WILL SEE ABOUT RELEASING YOU TO CHOW EARLY AS I WILL BE WORKING TOMORROW." SANCHEZ STATED. ON 09-19-23 I BEGAN CALLING OUT TO BOTH SANCHEZ AND HIS PARTNER, IN BLD 140 AT AVENAL STATE PRISON, WHOM SAW ME AND DISREGARDED MY CALLS. I WAS NOT RELEASED UNTIL 5:15 AND MISSED MY CLASS.

> • VIOLATION OF PLAINTIFF'S RIGHTS

② ON 09-19-23 I ASKED MY COUNSELOR JUST OUTSIDE BUILDING 140 IF I COULD REQUEST A COPY OF MY C-FILE. HE SPECIFICALLY TOLD ME NO NUMEROUS TIMES, HE REFUSED MY REQUEST. I THEN WENT INTO HIS OFFICE AND TOLD HIM WHY I NEED MY ENTIRE C-FILE, HE THEN SPENT SEVERAL MINUTES TRYING TO CONVINCE ME NOT TO REQUEST IT... THAT IT CONTAINS NONE LITTLE TO DOCUMENTS I WOULD NEED. HE ABSOLUTELY DELIBERATELY TOLD ME HE WOULD NOT PRINT IT FOR ME AND REFUSED MY REQUEST. I'M ASTOUNDED AT HIS COMPLETE DISRESPECT, NEGLIGENCE, AND UNPROFESSIONALISM.

> • VIOLATION OF PLAINTIFF'S 14th AMENDMENT
> • VIOLATION OF PLAINTIFF'S RIGHTS

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. Administrative remedies are exhausted with respect to claims and defendants.

# CLAIMS FOR RELIEF

29. The actions and torts committed by defendants were done willfully and maliciously and constitute violations of numerous state and/or federal law.

30. Therefore I, Plaintiff respectfully request that the court issue a declaratory judgement stating defendants are guilty of the alleged torts, state, and federal law violations, and award damages to plaintiff in the maximum amount allowed in accordance with state and/or federal law, thank you, as grounds and facts evident therein proove beyond a reasonable doubt defendants are guilty of alledged violations.

# DAMAGES:

31. AYLANA O. PARKS
   a. ASSAULT
      I COMPENSATORY
      II PUNITIVE

   b. BATTERY
      I COMPENSATORY
      II PUNITIVE

   C. VANDALISM
      I COMPENSATORY
      II PUNITIVE

   d. LIBEL
      I COMPENSATORY
      II PUNITIVE

   e. SLANDER
      I COMPENSATORY
      II PUNITIVE

   f. INTENTIONAL TORT
      I COMPENSATORY
      II PUNITIVE

g. MALICIOUS PROSECUTION
  I COMPENSATORY-AU
  II PUNITIVE-

h. FRAUD
  I COMPENSATORY-
  II PUNITIVE-
  III EXEMPLARY -

i. DECEIT
  I COMPENSATORY-
  II PUNITIVE-
  III EXEMPLARY

j. FALSE ARREST
  I COMPENSATORY-
  II PUNITIVE-

k. FALSE IMPRISONMENT
  I COMPENSATORY-
  II PUNITIVE-

l. NEGLIGENT MISREPRESENTATION
  I COMPENSATORY-
  II PUNITIVE-

32.

m. PERJURY
   I COMPENSATORY-
   II PUNITIVE-

N. DEPRIVATION OF RIGHTS
   I COMPENSATORY-
   II PUNITIVE-

O. ABUSE OF PROCESS
   I COMPENSATORY-
   II PUNITIVE-

P. OUTRAGE
   I COMPENSATORY-
   II PUNITIVE-

Q. LOSS WAGES
   I COMPENSATORY-
   II PUNITIVE-

R. PAST, PRESENT, FUTURE PAIN & SUFFERING
   I COMPENSATORY-
   II PUNITIVE-

32. SCOTT STANSELL BT5782

   a. ASSAULT
      I COMPENSATORY-
      II PUNITIVE-

   b. BATTERY
      I COMPENSATORY-
      II PUNITIVE-

   c. CRIMINAL THREATS
      I COMPENSATORY-
      II PUNITIVE-

   d. CRUEL AND UNUSUAL PUNISHMENT
      I COMPENSATORY-
      II PUNITIVE-

   e. OUTRAGE
      I COMPENSATORY-
      II PUNITIVE-

34.

f. INTENTIONAL TORT
    I COMPENSATORY-
    II PUNITIVE-

g. MISUSE / EXCESSIVE FORCE
    I COMPENSATORY-
    II PUNITIVE-

h. DEPRIVATION OF RIGHTS
    I COMPENSATORY-
    II PUNITIVE-

i. PAST, PRESENT, FUTURE PAIN & Suffering
    I COMPENSATORY-
    II PUNITIVE-

33. LAX COURT / COUNTY OF LOS ANGELES
    a. FALSE IMPRISONMENT
        I COMPENSATORY-
        II PUNITIVE-

35.

b. ABUSE OF PROCESS
   I COMPENSATORY-
   II PUNITIVE-

c. MALICIOUS PROSECUTION
   I COMPENSATORY-
   II PUNITIVE-

d. DEPRIVATION OF RIGHTS
   I COMPENSATORY.
   II PUNITIVE-

e. OUTRAGE
   I COMPENSATORY.
   II PUNITIVE-

36.

34. RANCHO CUCAMONGA COURT/FONTANA PROBATION/CITY OF SAN BERN. COUNTY OF SAN. BERN.

  a. FALSE IMPRISONMENT

    I COMPENSATORY-

    II PUNITIVE-

  b. MALICIOUS PROSECUTION

    I COMPENSATORY-

    II PUNITIVE-

  c. ABUSE OF PROCESS

    I COMPENSATORY-

    II PUNITIVE-

  d. ABUSE OF POWER/CORRUPTION

    I COMPENSATORY-

    II PUNITIVE-

  e. DEPRIVATION OF RIGHTS

    I COMPENSATORY-

    II PUNITIVE-

  f. OUTRAGE

    I COMPENSATORY-

    II PUNITIVE-

37.

35. JILL JANOTTA, MELANIE SCHOENBERG, JEREMY GARRETT

   a. LEGAL MALPRACTICE
     I COMPENSATORY-
     II PUNITIVE-

   b. FALSE IMPRISONMENT
     I COMPENSATORY-
     II PUNITIVE-

   c. DEPRIVATION OF RIGHTS
     I COMPENSATORY-
     II PUNITIVE-

   d. OUTRAGE
     I COMPENSATORY-
     II PUNITIVE-

   e. ABUSE OF PROCESS
     I COMPENSATORY-
     II PUNITIVE-

38.

36. WASCO, AVENAL, PLEASANT VALLEY STATE PRISON, COCR, CO RODRIGUEZ, JOHN DOE 1-4, M. KOMAKI PSY, LEE PSY.

    a. MEDICAL MALPRACTICE

        I COMPENSATORY-

        II PUNITIVE-

    b. CRUEL AND UNUSUAL PUNISHMENT

        I COMPENSATORY-

        II PUNITIVE-

    c. ASSAULT

        I COMPENSATORY-

        II PUNITIVE.

    d. BATTERY

        I COMPENSATORY-

        II PUNITIVE-

    e. CRIMINAL THREATS

        I COMPENSATORY-

        II PUNITIVE-

f. EXCESSIVE FORCE
  I COMPENSATORY
  II PUNITIVE

g. STAFF ABUSE
  I COMPENSATORY
  II PUNITIVE

h. INVASION OF PRIVACY
  I COMPENSATORY
  II PUNITIVE

i. UNCONST. SEARCH AND SEIZURE
  I COMPENSATORY
  II PUNITIVE

j. DENIED MEANINGFUL ACCESS
  I COMPENSATORY
  II PUNITIVE

k. DEPRIVATION OF RIGHTS
  I COMPENSATORY
  II PUNITIVE

L. OUTRAGE
    I COMPENSATORY.
    II PUNITIVE-

M. CONSPIRACY
    I COMPENSATORY-
    II PUNITIVE-

N. PAST, PRESENT, AND FUTURE PAIN & SUFFERING
    I COMPENSATORY-
    II PUNITIVE-

O. STRIP CELL CONFINEMENT AND DENIED MEDICAL RECORDS. AND DENIED TABLET.
    I COMPENSATORY-
    II PUNITIVE-

37. UCLA PD & INVESTIGATORS
    a. FALSE ARREST
        I COMPENSATORY-
        II PUNITIVE-

    b. FALSE IMPRISONMENT
        I COMPENSATORY-
        II PUNITIVE-

C. LIBEL
   I COMPENSATORY-
   II PUNITIVE-

d. ABUSE OF PROCESS
   I COMPENSATORY-
   II PUNITIVE-

e. DEPRIVATION OF RIGHTS
   I COMPENSATORY-
   II PUNITIVE-

f. INVASION OF PRIVACY
   I COMPENSATORY-
   II PUNITIVE-

g. OUTRAGE
   I COMPENSATORY-
   II PUNITIVE-

h. UNCONSTITUTIONAL SEARCH AND SEIZURE
   I COMPENSATORY-
   II PUNITIVE-

42.

i. MALICIOUS PROSECUTION
   I COMPENSATORY.
   II PUNITIVE.

J. LOSS WAGES
   I COMPENSATORY.
   II PUNITIVE.

43.

# MEMORANDUM OF PREJUDICE:

### PLAINTIFFS PREJUDICE SUSTAINED:

a. OVER 1300 DAYS CREDIT FALSE IMPRISONMENT.

b. THE SYSTEMATIC VIOLATION OF MY STATE/FEDERAL RIGHTS OVER 100 TIMES.

C. SEVERE PHYSICAL, EMOTIONAL, MENTAL, PSYCHOLOGICAL PAIN.

d. SEVERE PHYSICAL, EMOTIONAL, MENTAL, PSYCHOLOGICAL SUFFERING.

e. NUMEROUS PHYSICAL INJURIES, PHYSICAL ANGUISH.

f. OUTRAGE, SEVERE INFLICTION OF EMOTIONAL DISTRESS.

g. PAST, PRESENT, FUTURE PAIN, SUFFERING AND HUMILIATION.

h. IRREPAIRABLE DAMAGE TO MY LIFE, BUSINESS, AND FAMILY.

i. IRREPAIRABLE DAMAGE TO LOSS OF BUSINESS AND EDUCATIONAL OPPORTUNITIES.

J. 40-50 DAYS OF AD-SEG STRIP CELL CONFINEMENT, UNCONSTITUTIONALLY.

K. 40-50 DAYS OF DENIED ACCESS TO LAW LIBRARY, UNCONSTITUTIONALLY.

L. ASSAULTED, BATTERED, CONSPIRED AGAINST, THREATENED AND TERRORIZED.

M. INJURY TO REPUTATION, CREDIT STANDING, SOLVENCY, AND PROFITS FROM EMPLOYMENT.

N. MENTAL, EMOTIONAL, PHYSICAL PAIN, ANGUISH CAUSED BY TORT OF OUTRAGE.

O. THE VICTIM OF NEARLY 15-20 SEPARATE AND DISTINCT TORTS BY DEFENDANTS.

P. COMPLETE AND TOTAL INVASION OF PLAINTIFF'S MIND, PRIVACY AND SEXUAL PRIVACY.

Q. PLAINTIFF IS <u>PARALYZED</u> FROM GRIEF, TRAUMA, PAIN, SUFFERING, ANGER AND CONFUSIO

R. PLAINTIFF IS PERMANENTLY TRAUMATIZED FROM FEAR OF DEFENDANT'S VIOLENCI

S. PLAINTIFF WAS ASSAULTED 6 TIMES BY DEFENDANTS.

T. PLAINTIFF WAS BATTERED 6 TIMES BY DEFENDANTS.

U. SEVERE ACUTE, SUBACUTE, CHRONIC, SUBCHRONIC PAIN, SUFFERING AND ANGUISH.

44.

# MEMORANDUM OF TORTS:

1) ASSAULT AND BATTERY: 1 COUNT JOHN DOE 1-4. 2 COUNTS SCOTT STANSELL BT578!

2) CONSPIRACY: 1 COUNT JOHN DOE 1-4.

3) LEGAL MALPRACTICE: 2 COUNT-3 COUNT JILL JANOTTA, MELANIE SCHOENBERG, JEREMY GARRETT.

4) MEDICAL MALPRACTICE: 1-3 COUNT CDCR, AVENAL STATE PRISON, M. KOMAKI PSY.

5) OUTRAGE: 1 COUNT BY DEFENDANTS, 2 COUNT BY AYLANA PARKS, 2 COUNT BY SCOTT STANSELL

6) ABUSE OF PROCESS: 1 COUNT BY DEFENDANTS, SEVERAL COUNTS BY AYLANA PARKS

7) TORTIOUS ACT BY GOV. EMPLOYEE: NUMEROUS COUNTS

8) FRAUD: NUMEROUS COUNTS BY PARKS AND UCLA PD.

9) DECEIT: NUMEROUS COUNTS BY PARKS AND UCLA PD.

10) LIBEL: NUMEROUS COUNTS BY PARKS.

11) SLANDER: NUMEROUS COUNTS BY PARKS.

12) CRIMINAL THREATS: 1 COUNT BY JOHN DOE 1-4, 1 COUNT BY SCOTT STANSELL BT582.

13) NEGLIGENT MISREPRESENTATION: MULTIPLE COUNTS BY DEFENDANTS.

14) EXCESSIVE FORCE: MULTIPLE COUNTS BY DEFENDANTS.

15) MALICIOUS PROSECUTION: 1 COUNT BY DEFENDANTS.

16) DEPRIVATION OF RIGHT: NUMEROUS COUNTS BY DEFENDANTS.

17) LOSS OF WAGES: 1 COUNT BY DEFENDANTS.

18) UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT: NUMEROUS COUNTS BY DEF.

19) INVASION OF PRIVACY: NUMEROUS COUNTS BY DEFS.

20) PAST, PRESENT, FUTURE PAIN, SUFFERING AND INJURY: NUMEROUS COUNTS BY DEF.

21) AND MORE...

45.

# MEMORANDUM OF LAW:

1) [42 USC §1983] - CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW.
   • BASIS FOR FILING ACTION.

2) 4th, 5th, 6th, 8th, 9th, 14th AMENDMENTS - MY CONSTITUTIONAL RIGHTS VIOLATED BY DEFENDANTS.
   • ALLEGATIONS.

3) CAL. CONST. ARTICLE I §1-29 - MY CALIFORNIA CONSTITUTIONAL RIGHTS VIOLATED BY DEFENDANTS
   a) §1, §7, §13, §15, §16, §17, §29
   • ALLEGATIONS.

4) TITLE-15 - LAWS WHICH GOVERN PRISONS AND CDCR; VIOLATED BY DEFENDANTS
   • ALLEGATIONS.

5) CAL. CIV. CODE, BUSI & PRO CODE, CODE CIV. PROC., CAL. P.C., RULES OF PROF CONDUCT, EVIDENCE CODE-
   STATUTES, LAWS, RULES, AND REGULATIONS MALICIOUSLY VIOLATED BY DEFENDANTS.
   • ALLEGATIONS

6) DECLARATION OF FACT
   • STATES FACTUAL EVENTS AND PROOF BEYOND REASONABLE DOUBT OF DEFENDANT'S VIOLATION

7) DAMAGES
   • REMEDY REQUESTED BY PLAINTIFF FOR TORTIOUS ACTIONS BY DEFENDANTS.

8) MEMORANDUM'S OF SUPPORT

9) TORT PRIMARY AUTHORITY

10) CONCLUSION AND SUMMONS

96.

# MEMORANDUM OF AUTHORITIES:

1) JACKSON V. AUSTIN, 241 F. SUPP. 2d 1313, 1313, 1323 (D. KAN. 2003).

2) FARMER V. BRENNAN, 511 U.S. 825, 838, 114 S. CT. 1970 (1994).

3) GREEN V. JOHNSON, 977 F. 2d 1383, 1388, 89 (10th Cir. 1992).

4) VAZQUEZ DE MERCADO V. SUP. COURT (2007) 148 CAL. APP. 4th 711, 715-716, 55 CAL. RPTR. 3d 889.

5) SMITH V. LEWIS (1975) 13 CAL. 3d 349, 358-359.

6) MUNSON V. FISHBURN (CAL. 1920), 183 CAL, 206, 190 P 808, 1920 CAL. LEXIS 345.

7) PETERSON V. CRUICKSHANK (CAL. APP 1st DIST. 1956), 144 CAL. APP. 2d 148, 300 P. 2d 913, 1956 CAL.APP.LEXIS 1698.

8) MEDLEY V. TURNER, 869 F. SUPP. 567, 568 (N. O. III 1994).

9) SPELLENS V. SPELLENS (CAL. 1957), 49 CAL. 2d 210, 317 P. 2d 613, 1957 CAL. LEXIS 259.

10) HEALY V. MCI WORLD COM NETWORK SERV. (Ed. Cal. JAN 6, 2006), 2006 U.S. DIST. LEXIS 446.

11) TEJADA-BATISTA V. AGOSTINI, 268 F. SUPP. 2d 18, 2003 US. DIST. LEXIS 6236 (D&R 2003.

12) D'AMATO V. LONG ISLAND R.R., 874 F. SUPP. 57, 1995 US. DIST, LEXIS 797 (E.Q.N.Y. 1995)

13) AGNEW V. PARKS (CAL. APP 2d DIST. 1959), 172 CAL. APP. 2d 756, 343 P. 2d 118, 1959 CAL.APP.LEXIS 295.

14) LEAVY V. COONEY (CAL. APP. 2d dist. 1963), 214 CAL.APP. 2d 496, 29 CAL.RPTR. 580, 1963 CAL.APP. LEXIS 2636

15) SULLIVAN V. MATT (CAL. APP. 2d DIST. 1955), 130 CAL.APP. 2d 134, 278 P. 2d 499, 20 CAL.COMP.CASES 59 1955 CAL.APP.LEXIS 182

16) HUDSON V. MCMILLIAN (1992) 503 US. 1, 6-7, 112 S. CT. 995, 117 L. Ed. 2d 156.

17) RHODES V. CHAPMAN, 452 US. 337, 346, 101 S.CT. 2392 (1981).

18) HOPE V. PELZER, 536 US. AT 738, 745

19) RUDOLPH V. GORMAN (CAL. APP. 2d DIST, 1959) 169 CAL.APP. 2d 282, 74 CAL.RPTR. 707, 1959

20) ROEMER V. RETAIL CREDIT Co. (CAL. APP. 1st DIST. 1975), 44 CAL. APP. 3d 926, 119 CAL. RPTR. 82, 1975 CAL. APP. LEXIS 985.

47.

# MEMORANDUM OF STATUTES:

1) VIOLATION OF [EVID CODE §669] Presumption of NEG. FROM VIO. OF STATUTE, ORDINANCE, or regulation

2) 42 USC 1746

48.

# MEMORANDUM OF PUBLICATIONS:

① [VOL 1-40] CALIFORNIA FORMS OF PLEADING AND PRACTICE (MATTHEW BENDER)

② CALIFORNIA JURISPRUDENCE 3d

③ CALIFORNIA PRISON AND PAROLE LAW HANDBOOK

④ BENDER'S FEDERAL PRACTICE FORMS, (MATTHEW BENDER)

⑤ JOSEPH G. COOK & JOHN L. SOBIESKI, JR., CIVIL RIGHTS ACTIONS (MATTHEW BENDER; Ca 2023)

⑥ CONSTITUTIONAL RIGHTS OF PRISONERS, TENTH ADDITION

⑦ MOORES FEDERAL PRACTICE (MATTHEW BENDER 3d Ed.)

⑧ PRISONER'S SELF-HELP LITIGATION MANUAL

⑨ ASSAULT & BATTERY - [6 CALIFORNIA FORMS OF PLEADING AND PRACTICE -- ANNOTATED CHAPTER 58. SYN (2023)]

⑩ ABUSE OF PROCESS - [AM. JUR. PLEADING AND Practice FORMS, ABUSE OF PROCESS §§14 TO 21, 23 TO 29]

⑪ OUTRAGE - [CAL JUR. 3d NEGLIGENCE §§84 to 90.]

⑫ WILLFUL TORTS - [6A Ca Jur ASSAULT AND OTHER WILLFULL TORTS §113]

⑬ INVASION OF PRIVACY - [6A Ca Jur ASSAULT AND OTHER WILLFUL TORTS §138] - [§s 149]

⑭ CONSTITUTIONAL LAW - [CAL. JUR. 3d, CONSTITUTIONAL LAW §§224 to 231]

⑮ 5 WITKIN, SUMMARY OF CAL. LAW (11th ed.), TORTS §§756, 757, 762

⑯ CALIFORNIA CIVIL PRACTICE, TORTS §20:28 (DAMAGES)

⑰ MALICIOUS PROSECUTION - [6A Ca Jur ASSAULT AND OTHER WILLFUL TORTS §§379-431]

⑱ FRAUD & DECEIT [23 CALIFORNIA FORMS OF PLEADING AND PRACTICE -- ANNOTATED §269-270 (2023)]

⑲ CAL. POINTS & AUTHORITIES, CH 105; FRAUD AND DECEIT, DURESS, MENACE, UNDUE INFLUENCE, AND MISTAKE (MATT. BENDER.)

# MEMORANDUM OF LEGAL RESEARCH:

1) INCLUDED IN THIS COMPLAINT IS TORT LEGAL RESEARCH WITH A PRIMARY AUTHORITY ATTACHED TO EACH TORT AND SOME AND/OR ALL OF THE DAMAGES AWARDED IN CASES VERY SIMILAR TO MINE IN TERMS OF MATERIAL CHARACTERISTICS OF QUANTITY AND/OR QUALITY.

ATTACHED IN THE BLACK OF THIS COMPLAINT CONTAINS AN EXHIBIT WITH SUPPORTING DOCUMENTATION INCLUDING RELEVANT CASE DOCUMENTS RVR'S, STATEMENTS BY INVESTIGATORS, 22 FORMS SUBMITTED, 7362's SUBMITTED AND 602's.

) MY DECLARATION OF FACT AND THESE SUPPORTING DOCUMENTS PROVE BEYOND A REASONABLE DOUBT OF THE UNLAWFUL TORTIOUS ACTIONS BY DEFENDANTS IN THIS CASE.

# TORT LEGAL RESEARCH:

### (PRIMARY AUTHORITIES)

**a. EXCESSIVE FORCE:**

JACKSON V. AUSTIN, 241 F. SUPP. 2D 1319, 1313, 1323 (D. KAN. 2003).

**b. CRUEL AND UNUSUAL PUNISHMENT:**

FARMER V. BRENNAN, 511 US. 825, 836, 114 S. CT. 1970 (1994).

**C. ASSAULT AND BATTERY:**

GREEN V. JOHNSON, 977 F. 2d 1383, 1388, 89 (10th CIR. 1992).

**d. MEDICAL MALPRACTICE:**

VAZQUEZ DE MERCADO V. SUP. COURT (2007) 148 CAL. APP. 4th 711, 715-716, 55 CALRPTR. 3d 889.

**e. LEGAL MALPRACTICE:**

Smith V. LEWIS (1975) 13 CAL. 3d 349, 358-359.

**f. FRAUD AND DECEIT:**

MUNSON V. FISHBURN (CAL. 1920), 183 CAL. 206, 190 P. 808, 1920 CAL. LEXIS 395

**g. FALSE IMPRISONMENT:** BAINES V. BRADY (CAL APP. Dep't super. CT. 1953), 122 CAL. APP. 2d SUPP. 957, 265 P. 2d 941, 1953 CAL. APP. LEXIS 1495

**h. OUTRAGE:**

MEDLEY V. TURNER, 869 F. SUPP. 567, 568 (N.D. Ill 1994)

**i. ABUSE OF PROCESS:**

SPELLENS V. SPELLENS (CAL. 1957), 49 CAL. 2d 210, 317 P.2d 613, 1957 CAL. LEXIS 259.

**J. NEGLIGENT MISREPRESENTATION:**

HEALY V. MCI WORLD COM NETWORK SERV. (E.d. CAL. JAN 6, 2006), 2006 US. DIST. LEXIS 446.

**K. LOSS WAGES:** BERGEVIN V. MORGER (CAL APP. 3d dist. 1955), 130 CAL. APP. 2d 590, 279 P.2d 136, 1955 CAL. APP LEXIS 1940.

**L. PAST, PRESENT, FUTURE PAIN, SUFFERING, INJURY:** D'AMATO V. Long Island R.R., 874 F. SUPP. 57, 1995 U.S. DIST. LEXIS 797 (E.D.N.Y. 1995) — 135,000 AWARD BY JURY.

**M. CRIMINAL THREATS:**

**N. CONSPIRACY:**

AGNEW V. PARKS (CAL APP. 2d dist. 1959), 172 CAL. APP. 2d 756, 343 P.2d 118, 1959 CA. APP. LEXIS 295.

**O. INVASION OF PRIVACY:** LEAVY V. COONEY (CAL. APP. 2d dist. 1963), 214 CAL. APP. 2d 496, 29 CAL. RPTR. 580, 1963 CAL. APP. LEXIS 2636.

**P. INTENTIONAL TORT:** 499, 20 CAL COMP. CASES 54 1955 CAL. APP. LEXIS 1820.

SULLIVAN V. MATT (CAL APP. 2d dist. 1955), 130 CAL. APP. 2d 134, 278 P.2d

**Q. MALICIOUS PROSECUTION:** 275 CAL. APP. 2d 282, 79 CAL. RPTR. 707, 1969 CAL. APP.

MACDONALD V. JOSLYN (CAL. APP. 2d dist. 1969), LEXIS 1914.

**R. LIBEL:** RUDOLPH V. GORMAN (CAL. APP. 2d dist. 1959), 169 CAL. APP. 2d 666, 338 P.2d 218, 1959 CAL APP. LEXIS 2125.

# EXCESSIVE FORCE

PRIMARY AUTHORITY: JACKSON V. AUSTIN, 241 F. SUPP. 2D 1313, 1319, 1323 (D. KAN. 2003)
"INMATE CUFFED, DRAGGED, PUSHED CAUSING CONTUSION, SWELLING, PAIN, BY CO's"

§114.70 COMPLAINT FOR DAMAGES FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW PUR. TO 42 USC §1983
[SEE Crumpton V. GATES (9th CIR. 1991) 947 F. 2d 1418, 1420].

ALL FACTS AND MATTERS ALLEDGED IN 11 CAL. FORMS OF PLEADING AND PRACTICE-ANNOTATED §114.70 (2023)
REGARDING ACTION FOR EXCESSIVE FORCE ARE EASILY APPLIED AND APPLICABLE IN THIS CASE:
- ACTION ARISES UNDER 42 USC. 1983 FOR VIO. OF PLAINTIFF'S FED. CONST. RIGHT.
- DEFENDANTS ACTED UNDER COLOR OF STATE LAW SEE [CRUMPTON V. GATES.]
- DEFENDANTS INFLICTED UNNECESSARY AND WANTON INFLICTION OF PAIN, INJURY, AND Emo. DISTRESS.
  [a.) HUDSON V. McMILLIAN (1992) 503 U.S. 1, 6-7, 112 S. CT. 995, 117 L. Ed. 2d 156.
   b.) WILSON V. Seiter (1991) 501 U.S. 294, 297-303, 111 S. CT. 2321, 115 L Ed. 2d 271
   c.) Whitley V. Albers (1986) 475 U.S. 312, 318-321, 106 S.CT. 1078, 89 LEd. 2d 251].

- THE ABOVE CONSTITUTES A SHOWING OF CRUEL AND UNUSUAL PUNISHMENT BY EXCESSIVE FORCE.
THE RIGHT TO BE FREE OF C.U PUNISHMENT IS GUARANTEED IN THE 8th & 14th AMENDMENTS.
- AS A RESULT OF DEFENDANTS' ACTIONS, PLAINTIFF IN PAIN, INJURY, EMOTIONAL DISTRESS, HUMILIATION.
- DEFENDANTS ACTED KNOWINGLY, WILLFULLY, MALICIOUSLY WITH RECKLESS DISREGARD TO PLAINTIFF'S
 FEDERALLY PROTECTED RIGHTS. [SMITH V. WADE (1983) 461 US 30, 56, 103 CT. 1625, 75 L. Ed. 2d 632.]

## SUPPORTING CASES AND RULES:
WHITLEY V. ALBERS, 475 U.S. 312, 320-321 "WHETHER FORCE WAS APPLIED...MALICIOUSLY AND SADISTICALLY."
[RHODES V. CHAPMAN, 452 US. 337, 346]. [FARMER V. BRENNAN, 511 U.S. 825]
[HOPE V. PELTZER 536 US 730; 122 S.CT. 2508; 153 L.Ed. 2d 666 (2002)]
FACTS OF CASE: JOHN DOE 1-4, PUSP CO's COMMITTED ACT OF EXCESSIVE FORCE
ON 08/05/23 ON OR AROUND 3PM.

# CRUEL & UNUSUAL PUNISHMENT 52.

8th AMENDMENT FORBIDS CRUEL AND UNUSUAL PUNISHMENT.

PRIMARY AUTHORITY: [RHODES U. CHAPMAN, 452 US. 337, 347, 101 S. CT. 2392 (1981)]

1. CONDITIONS VIOLATE 8th AMENDMENT IF THEY AMOUNT TO "UNNECESSARY AND WANTON INFLICTION OF PAIN"

• DEFENDANTS IN THIS CASE HAVE INFLICTED UNNECESSARY AND WANTON PAIN.
RHODES U. CHAPMAN, 452 US. AT 347 & WILSON U. Seiter, 501 U.S. AT 297.]

• MALICIOUS AND SADISTIC USES OF FORCE WERE USED/CAUSED BY DEFENDANTS.
HUDSON U. McMillian, 502 US. 1, 7-9 112 S.CT. 995 (1992)]

). DEFENDANTS [ACTIONS & LACK OF ACTION] AND TREATMENT CAUSED PLAINTIFF INJURY
HOPE U. PELZER, 536 US. 730, 738, 122 S. CT. 2508 (2002)]

). DEFENDANTS IN THIS CASE HAVE CAUSED PLAINTIFF PAIN, Suffering, AND HUMILITY.
[HOPE U. PELZER, 536 US. AT 738, 745]

SECONDARY AUTHORITY: [FARMER U. BRENNAN, 511 US 825, 826, 114 S.CT. 1970 (1994)]
(ADDRESSES RISK OF INMATE ASSAULT.)

[Helling U. McKINNEY, 509 US. 25, 33, 113 S.CT. 2475 (1993)]
[McLAURIN U. Prater, 30 F. 3d 982, 984 (8th CIR. 1994]
STATED RULE: "PAIN IS SUFFICIENT INJURY FOR 8th AMENDMENT CLAIM."
FACTS OF THE CASE: DEFENDANTS COMMITTED TORT OF CRUEL AND
UNUSUAL PUNISHMENT AGAINST PLAINTIFF.

# ASSAULT & BATTERY

53.

PRIMARY AUTHORITY: [FARMER V. BRENNAN, 511 US 825, 836, 114 SCT. 1970 (1994)]
SECONDARY AUTHORITY: [GREEN V. JOHNSON, 977 F.2d 1383, 1388, 89 (10th cir. 1992)
(INMATE ASSAULT, STAFF ABUSE, AND STRIP CELL CONFINEMENT.)
PUBLICATION 6 CALIFORNIA FORMS OF PLEADING & PRACTICE--ANNOTATED CHAPTER 58. SYN (2023)


. DEFENDANTS COMMITTED ACTS OF "ASSAULT AND BATTERY" AS DISTINCTLY DEFINED IN:
VAUGHN   V.  JONAS (1948) 31 CAL. 2d 586, 603, 191 P.2d 432.]
"TOUCHING IS SUFFICIENT FORCE." PEOPLE V. ROCHA (1971) 3 CAL. 3d 893, 899 N.12, 92 CAL. RPTR. 172, 479 P.2d 372
. BATTERY DEFINED AS INTENTIONAL, UNLAWFUL, AND HARMFUL CONTACT BY ONE PERSON TO ANOTHER.'
BARBARA A. V. JOHN G. (1983) 145 CAL. APP. 3d 369, 375, 193 CAL. RPTR. 422]
DELIA S. V. TORRES (1982) 134 CAL. APP. 3d 471, 480, 184 CAL. RPTR. 787.]
. CRIME OF ASSAULT IS INTENTIONAL TORT. [BARTOSH V. BANNING (1967) 251 CAL. APP. 2d 378, 395 59 CAL. RPTR. 382]
. EMPLOYER IS LIABLE FOR THE WILLFUL AND MALICIOUS TORTS OF AN EMPLOYEE."
CARR V. WM. C. CROWELL. CO. (1946) 28 CAL. 2d 652, 654, 171 P.2d 5]

"THIS RULE OF RESPONDEAT SUPERIOR APPLIES TO PUBLIC & PRIVATE EMPLOYERS." GOV. CODE 38151
. PUNITIVE DAMAGES MAY BE AWARDED...IF PLAINTIFF SHOWS DEF. ACTED WITH MALICE."
CIV CODE 3294 (a), (c) SCRUGGS V. HAYNES (1967) 252 CAL. APP. 2d 256, 269, 60 CAL. RPTR. 355]
THOMAS V. DOUELY (1959) 175 CAL. APP. 2d 545, 549, 346 P.2d 491]
AYER V. ROBINSON (1958) 163 CAL. APP. 2d 424, 428-429, 329 P.2d 546.]


FACTS OF THIS CASE:
DEFENDANTS COMMITTED ACT OF ASSAULT AND BATTERY AGAINST
PLAINTIFF.

54.

# MEDICAL MALPRACTICE

PRIMARY AUTHORITY: [VAZQUEZ DEMERCADO V. SUP. COURT (2007) 148 CAL. APP. 4th 711, 715-716, 55 CALRPTR. 3d 889.]

ECOND AUTHORITY: [STAFFORD V. SCHULTZ (1954) 42 CAL. 2d 767, 774, 270 P.2d 1.]

OMPLAINT: §415.92 COMPLAINT FOR DAMAGES [CIV. CODE §3333] FOR [CIV CODE §1714(a)]

"PROFESSIONAL NEGLIGENCE MEANS ACT OF OMISSION... BY A HEALTH CARE PROVIDER ...WHICH ACT OF MISSION IS THE PROXIMATE CAUSE OF PERSONAL INJURY...THAT IMPAIRS THE well-being OR MENTAL HEALTH OF HE PLAINTIFF." [VAZQUEZ de mercado V. SUP. COURT (2007) 148 CAL APP. 4th 711, 715-716, 55 CAL. RPTR. 3d 889.]

MEDICAL NEGLIGENCE MAY BE PLEADED IN GENERAL TERMS.
[STAFFORD V. SHULTZ (1954) 42 CAL. 2d 767, 774, 270 P.2d 1.]

. AS A RESULT OF M. KOMAKIS DELIBERATE INDIFFERENCE TO MY HEALTH AND SAFETY I Suffered INCOMPREHENSIBLE PAIN, suffering, INJURY AND PSYCHOLOGICAL TORTURE.

. . M. KOMAKI COMMITTED NUMEROUS NEGLIGENT ACTS AND/OR OMISSIONS.

. PUNITIVE DAMAGES SHOULD BE AWARDED FOR DEFENDANTS NEGLIGENCE IN ACCORDANCE WITH CODE CIV. PROC. §425.13."

ollege hosp. INC V. Superior Court (1994) 8 CAL. 4th 704, 719, 34 CAL. RPTR. 2d 898, 882 P.2d 894]

. M. KOMAKI OWED ME DUTY OF CARE. M. KOMAKI VIOLATED THAT DUTY OF CARE AND AS A :sult of M. KOMAKI'S NEGLIGENCE I HAVE suffered INCOMPREHENSIBLE PAIN, suffering, AND ychological Torture, ASSAULTS, BATTERY, BEATINGS, AND VIOLATIONS OF THE 5th, 8th AND 14th AMENDMENT

SUFFICIENCY OF GENERAL ALLEGATIONS OF NEGLIGENCE IN MALPRACTICE ACTIONS:
RANNARD U. LOCKHEED AIRCRAFT Corp. (1945) 26 CAL. 2d 149, 157, 157 P.2d 1.]

5. "FAILING TO ASSIST/SEGREGATE PSYCHIATRICALLY DISTURBED PRISONER IS DELIBERATE INDIFF.
[CORTES-QUINONES V. JIMENEZ-NETTLESHIP, 842 F.2d 556 (1ST CIR.)]

M. KOMAKI FAILED IN HER DUTY IN FAILING TO SEGREGATE ME/ASSIST ME PSYCHIATRICALLY.

ESTELLE U. GAMBLE, 429 U.S. 97, 105, 97 S.CT. 285 (1976)

"INTENTIONALLY INTERFERING WITH TREATMENT" CONSTITUTES DELIBERATE INDIFFERENCE.

CDCR AND M. KOMAKI COMMITTED MEDICAL MALPRACTICE AGAINST PLAINTIFF

55.

# LEGAL MALPRACTICE

PRIMARY AUTHORITY: [Smith v. Lewis (1975) 13 Cal. 3d 349, 358-359]

SECOND AUTHORITY: [Aloy v. Mash (1985) 38 Cal. 3d 413, 418-421, D] 212 Cal. Rptr. 162, 696 P2d 656

"AN ATTORNEY MUST UNDERTAKE REASONABLE RESEARCH AND MAKE AN INFORMED DECISION."

" FERGUSON v. Lieff, CA Braser, Heimann; Bernstein (CAl. 2003)

• "ATTORNEY IS BOUND TO USE ORDINARY SKILL AND CARE."

[GAMBERT v. HART (1872) 44 Cal. 542, 552]

"ELEMENTS FOR A CAUSE OF ACTION FOR LEGAL MALPRACTICE STATED IN"

BUDD v. NIXEN (1971) 6 Cal. 3d 195, 200, 98 Cal. Rptr. 849, 491 P.2d 433, see CACI No. 600.]

• DUTY OF PROFESSIONAL TO USE SKILL, PRUDENCE AND DILLIGENCE.

• A BREACH OF THAT DUTY

• A PROXIMATE CAUSAL CONNECTION BETWEEN NEGLIGENT CONDUCT AND RESULTING INJURY,

• ACTUAL LOSS OF DAMAGE RESULTING FROM THE PROFESSIONAL'S NEGLIGENCE.

T IS ONLY WHEN THESE FOUR ELEMENTS COEXIST THAT AN ACTION FOR LEGAL MALPRACTICE WILL LIE.

ALHINO v. STARR (1980) 112 Cal. App. 3d 158, 175-176, 169 Cal. Rptr. 136.

• CO[U]NSEL MS. JANOTTA, SCHOENBERG, AND MR. GARRETT HAD A DUTY TO ME, BREACHED THAT DUTY, CAUSED NUMEROUS PHYSICAL, MENTAL, EMOTIONAL, PSYCHOLOGICAL, PAIN SUFFERING, INJURY, AND OUTRAGE TO PLAINTIFF.

• RELATION OF DUTY BETWEEN CLIENT AND ATTORNEY IS OF HIGHEST CHARACTER.

NEEL v. MAGANA, OLNEY, LEVY, CATHCART & GELFAND (1971) 6 Cal. 3d 176, 189, 98 Cal. Rptr. 837, 491 P.2d 421.

IN FAILING TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL AND IN FAILING N THEIR DUTY IN ACCORD WITH STATE/FEDERAL LAW DEFENDANTS ARE GUILTY OF LEGAL MALPRACTICE THEY ARE GUILTY OF BREACHING THEIR FIDUCIARY DUTY.

• I ALLEDGE THAT DEFENDANTS TOOK ACTION THEY KNEW WOULD INTENTIONALLY HINDER/HARM MY DEFENSE IN CASES SA106853 AND FWV200037.

[YORN v. SUPERIOR COURT (1979) 90 Cal. App. 3d 669, 675, 153 Cal. Rptr. 295.]

ATTORNEYS ARE HELD TO A HIGHER STANDARD OF CARE, I ALLEDGE THAT DEFENDAN[T] ARE SPECIALISTS AND THEREFORE ARE HELD TO SPECIALIST LEVEL OF CARE AND HAVE BREACHED SPECIALIST LEVEL OF CARE.

56.

# FRAUD AND DECEIT

PRIMARY AUTHORITY: CLOUD V. CASEY (CAL. APP. 2d dist. 1999), 76 CAL APP. 4th 895, 90 CAL. RPTR. 2d 757, 1999 CAL. APP. LEXIS 1061

SECOND AUTHORITY: MUNSON V. FISHBURN (CAL. 1920), 183 CAL, 206, 190 P. 808, 1920 CAL. LEXIS 395

1) "FRAUD INCLUDES ANYTHING THAT IS INTENDED TO DECEIVE... THAT RESULTS IN INJURY." ACH V. FINKELSTEIN (1968) 264 CAL. APP. 2d 667, 674, 70 CAL. RPTR. 472] STATED RULE

2) "MORE PARTICULARY A FRAUDULENT MISREP. IS ONE MADE WITH THE KNOWLEDGE IT IS OR MAY BE UNTRUE." WILKE V. COINWAY, INC. (1967) 257 CAL. APP. 2d 126, 136, 64 CAL. RPTR. 845]

3) "THE ELEMENTS OF DECEIT ARE 1) A FALSE REPRESENTATION OF A MATERIAL FACT. 2) MADE WITH KNOWLEDGE OF ITS FALSITY. 3) WITH THE INTENT TO INDUCE THE PERSON + IS MADE TO ACT ON. 4) AN ACT BY THAT PERSON IN JUSTIFIABLE RELIANCE ON THE REPRESENTATION. 5) TO THAT PERSON'S DAMAGE." STATED RULE: SOUTH TAHOE GAS CO. V. HOFFMANN LAND IMPROVEMENT CO. (1972) 25 CAL. APP. 3d 750, 765, 102 CAL. RPTR. 286; BALFOUR, GUTHRIE & CO V. HANSEN (1964) 227 CAL. APP. 2d 173, 192-193, 38 CAL. RPTR. 525]

  • DEFENDANT AYLANA O. PARKS COMMITTED THE ACT OF FRAUD AND DECEIT ON 07/20/22 PROVIDING FALSE STATEMENTS TO UCLA PD. DEFENDANT ALSO COMMITTED FRAUD AND DECEIT ON 08/15/22 AFTER COMMITTING PERJURY ON THE STAND AFTER PROVIDING FALSE TESTIMONY TO PROSECUTORS.

4) "A MATERIAL AND KNOWINGLY FALSE REPRESENTATION CAN SUPPORT ONE OF THE ELEMENTS OF DECEIT SEE [BLOCK V. TOBIN (1975) 45 CAL. APP. 3d 214, 219, 119 CAL. RPTR. 288.]

DEFENDANTS COMMITTED ACT OF FRAUD AND DECEIT AGAINST PLAINTIFF.

57.

# FALSE IMPRISONMENT

PRIMARY AUTHORITY: [BAINES V. BRADY (CAL. APP. Dept Super. CT. 1953), 122 CAL. APP. 2d Supp. 957, 265 P. 2d 1941 1953 CAL.APP. LEXIS 1495.]

SECOND AUTHORITY:

[CAL. Jur. 3d, CRIMINAL LAW: CRIMES AGAINST THE PERSON §§ 548 To 554.]

"FALSE IMPRISONMENT IS DEFINED TO BE THE UNLAWFUL VIOLATION OF THE PERSONAL LIBERTY OF ANOTHER."

FERMINO V. Fedco, INC., 7 CAL. 4th 701, 30 CAL. RPTR. 2d 18, 872 P.2d 559 (1994)]

DEFENDANTS COMMITTED THE TORT OF FALSE IMPRISONMENT, IMPRISONING ME UNCONSTITUTIONALLY.

"IN FALSE IMPRISONMENT THE INJURY SUFFERED BY AN INDIVIDUAL IS THE ILLEGAL CONFINEMENT ITSELF."

Sullivan v. County of Los Angeles, 12 CAL. 3d 710, 117 CAL RPTR. 241, 527 P.2d 865 (1974).

INJURY/PREJUDICE SUSTAINED IN MY CASE IS OVER 1300 DAYS GOOD TIME CREDIT.

"THE TORT OF FALSE IMPRISONMENT CONSISTS OF THE NONCONSENTUAL, INTENTIONAL CONFINEMENT OF A PERSON"

YOUNG V. COUNTY OF LOS ANGELES, 655 F.3d 1156 (9th cir. 2011)]

BLAXLAND V. COMMONWEALTH DIRECTOR OF PUBLIC PROSECUTIONS, 323 F.3d 1198 (9th cir. 2003).]

"CAUSE FOR ACTION FOR FALSE IMPRISONMENT IS THAT INDIVIDUAL IS RESTRAINED... WITHOUT SUFFICIENT AUTHORITY."

ARROTT V. BANK OF AMERICA NAT. TRUST; SAVINGS ASSN, 97 CAL. APP. 2d 14, 217 P.2d 89, 35 A.LR. 2d 263 2 dist. 1950] WARE V. DUNN, 80 CAL. APP. 2d 936, 183

.[JOHNSON V. RALPHS GROCERY CO., 204 CAL. APP. 4th 1097, 139 CAL. RPTR 3d 396 (4th DIST. 2012)]

HANNA V. RALPH Weill 3 Co., 90 CAL. APP. 2d 461, 203 P.2d 564 (1st DIST. 1949)]

[BARRIER V. ALEXANDER, 100 CAL. APP. 2d 497, 224 P.2d 436 (4th DIST. 1950)]

DEFENDANTS HAVE PLAYED A ROLE IN THE FALSE ARREST/IMPRISON. OF THE PLAINTIFF.

58.

# OUTRAGE

① ALL DEFENDANTS CONDUCT IN THIS CASE IS ATROCIOUS AND UTTERLY INTOLERABLE." STATED IN [DOE V. MILLS, 212 MICH. APP. AT 91.]

PRIMARY AUTHORITY: [MEDLEY V. TURNER, 869 F. SUPP. 567, 568 (N.D. III. 1994)] FAILURE TO INTERVENE IN ASSAULT) CONSTITUTED OUTRAGE/INT. INFLIC. OF EMO DISTRESS. IN NEGLECTING TO TAKE ACTION DEFENDANTS HAVE COMMITTED OUTRAGE.

3. "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS A TORT UNDER CALIFORNIA LAW." STATED RULE IN: [IN re DAVIS, 486 B. R. 182 (BANKr. N. D. CAL. 2013)

"PEACE OF MIND IS RECOGNIZED AS A LEGALLY PROTECTED INTEREST; THUS A PERSON WHO CAUSES ANOTHER MENTAL OR EMOTIONAL SUFFERING OR DISTRESS... IS LIABLE FOR DAMAGES." STATED RULES IN: [JOHNSON V. RALPHS GROCERY CO., 204 CAL. APP. 4th 1097, 139 CAL. RPTR. 2d 396 (4th DIST. 2 SPACKMAN V. GOOD, 245 CAL. APP. 2d 518, 54 CAL. RPTR. 78 (4th DIST. 1996)] [GUILLORY V. GODFREY, 134 CAL. APP. 2d 628, 286 P. 2d 474 (2d DIST. 1955)] DEFENDANTS IN THIS CASE AND THEIR OUTRAGEOUS, MALICIOUS, INSIDIOUSNESS HAVE DEPRIVED ME OF STATE AND/OR FEDERAL RIGHTS AND HAVE PREJUDICED ME INCOMPREHENSIBLY SEE MEMORANDUM OF PREJUDICE, FOR REFERENCE TO PREJUDICE BY DEFENDANTS.

5. "RECOVERY IS GENERALLY ALLOWED WHERE THERE IS PHYSICAL IMPACT." BARKER V. FOX & ASSOCIATES, 240 CAL. APP. 4th 333, 192 CAL. RPTR. 3d 511 (1st DIST. 2015).

## SUPPORTING CASES WITH STATED RULES:

[WHITE V. OTTINGER, 442 F. SUPP. 2d 236, 251 (E.D. Pa. 2006)] ESTATE OF TRENTADUE ex rel. Aguilar V. US, 397 F. 3d 840, 855-56 (10th cir. 2005)(OK. LAW) DOE V. MILLS, 212 MICH. APP. 73, 91, 536 N.W. 2d 824 (1995) "THE TESTIMONY OF A SINGLE PERSON... MAY BE SUFFICIENT TO SUPPORT AN AWARD OF EMOTIONAL DISTRESS

DEFENDANTS COMMITTED ACT OF OUTRAGE AGAINST PLAINTIFF. CROUCH V. TRINITY CHRISTIAN CENTER OF SANTA ANA, INC. 39 CAL APP. 5th 995, 253 CAL. RPTR. 3d 1 (4th DIST.

59.

# ABUSE OF PROCESS

PRIMARY AUTHORITY: SPellens v. SPellens (CAL 1957), 49 CAL. 2d 210, 317 P. 2d, 613, 1957 CAL LEXIS 259.

SECOND AUTHORITY: [CREWS v. MAYO, 165 CAL. 493, 132 P. 1032 (1913)

6 Ca Jur ASSAULT AND OTHER WILLFUL Torts §12

"THE ESSENCE OF THE TORT OF ABUSE OF PROCESS IS THE MISUSE OF THE POWER OF the COURT; IT IS AN ACT DONE IN THE NAME OF THE COURT FOR THE PURPOSE OF... INJUSTICE. STATED: [RUSHEEN v. COHEN, 37 CAL. 4th 1048, 39 CAL. RPTR. 3d 516, 128 P.3d 713 (2006)]

. DEFENDANTS IN MY CASE FOR SA106853 AND FWV200037 COMMITTED THE Tort OF ABUSE OF PROCESS. AYLANA O. PARKS, DEFENDANT COMMITTED THIS tort ON NUMEROUS OCCASIONS, INCLUDING 07/20/22 AND 08/15/22.

"ABUSE OF PROCESS IS... USE OF LEGAL PROCESS... AGAINST ANOTHER FOR... WHICH IT WAS NOT DESIGNED." RANCHINA v. ARCINAS, 78 CAL. APP. 2d 522, 178 P.2d 65 (1ST DIST. 1947).

"WILLFUL MISUSE OF PROCESS FOR PURPOSE WHICH IT WAS NOT DESIGNED." 2A. v. MAIDEN, 229 CAL. APP. 4th 27, 176 CAL. RPTR. 3d 567 (4th dist. 2014)

. "REQUIRES A MISUSE OF JUDICIAL PROCESS" ESTATE OF TUCKER EX rel. TUCKER v. INTERSCOPE RECORDS, INC., 515 F.3d 1019 (9th CIR. 2008)

DEFENDANTS IN MY CASE REPEATEDLY MISUSED JUDICIAL PROCESS AND/OR USED JUDICIAL PROCESS FRAUDULENTLY/ARBITRARILY AGAINST ME.

. "A PERSON INJURED BY AN ABUSE OF PROCESS IS ENTITLED TO DAMAGES." MARQUIS v. MERCHANT Collection ASSN., 7 CAL. 3d 94, 101 CAL. RPTR. 745, 496 P2d 817 (1972).

"TO SUPPORT AN ABUSE OF PROCESS... IT BEING SUFFICIENT IF ONE PARTY HAS WILLFULLY ABUSED THE PROCESS." CREWS v. MAYO, 165 CAL. 493, 132 P. 1032 (1913).

DEFENDANTS COMMITTED THE ACT OF ABUSE OF PROCESS AGAINST PLAINTIFF, MALICIOUSLY.

269.14

60.

# NEGLIGENT MISREPRESENTATION

PRIMARY AUTHORITY: [HEALY V. MCI WORLD COM NETWORK SERV.
(E.d. CAL. JAN 6, 2006), 2006 U.S. DIST. LEXIS 446]

SECOND AUTHORITY: [GAGNE V. BERTRAN (1954) 43 CAL. 2d 481, 487-488, 275 P.2d 15.]

'CAUSE FOR ACTION FOR NEG. MIS. HAS BEEN RECOGNIZED IF...(IT)...POSES A RISK OF AND results IN PHYSICAL HARM.'
FRIEDMAN V. MERCK & Co (2003) 107 CAL. APP. 4th 454, 477, 131 CAL.RPTR. 2d 885.

"NEGLIGENT MISREP. IS A BASIS FOR Tort RECOVERY SEPERATE AND DISTINCT
from THE TORT OF NEGLIGENCE, IT IS A FORM OF THE TORT OF DECEIT."
BILY V. ARTHUR YOUNG & Co. (1992) 3 CAL. 4th 370, 407, 11 CAL. RPTR. 2d 51, 834 P.2d 745.]

SUPPORTING CASES:
QUALITY WASH GROUP V, LTD. V. HALLAK (1996) 50 CAL. APP. 4th 1687, 1696-1697, 58 CAL. RPTR. 2d 59
HOWELL V. Courtesy CHEVROLET, INC. (1971) 16 CAL. APP. 3d 391, 402, 94 CAL. RPTR. 33]

'A PERSON WHO NEGLIGENTLY GIVE FALSE INFORMATION TO ANOTHER Is LIABLE
FOR PHYSICAL HARM suffered by THE OTHER PERSON." RULE STATED:
GARCIA V. SUPERIOR COURT (1990) 50 CAL. 3d 728, 734, 268 CAL. RPTR. 779, 789 P.2d 960].
BEHR V. REDMOND (2011) 193 CAL. APP. 4th 517, 526-527, 123 CAL. RPTR. 3d 97.]
'ALTERNATIVELY A CAUSE OF ACTION FOR NEGLIGENT MISREP. INVOLVING PHYSICAL
ARM MAY BE BROUGHT UNDER STATUTE CIV CODE §1710(2). SEE GARCIA ABOVE.

DEFENDANTS COMMITTED THE ACT OF NEGLIGENT MISREPRESENTATION AGAINST PLAINTIFF.
DEFENDANTS COMMITTED THE ACT OF NEGLIGENCE AGAINST PLAINTIFF.

61.

# LOSS WAGES

PRIMARY AUTHORITY: [BERGEVIN V. MORGER (CAL. APP. 3d dist. 1955), 130 CAL. APP. 2d 590, 279 P.2d 136, 1955 CAL. APP. LEXIS 1940]

SECOND AUTHORITY: TEJADA-BATISTA V. AGOSTINI, 258 F. SUPP. 2d 18, 2003 J.S. DIST. LEXIS 6236 (D.P.R. 2003).

1) "NEW TRIAL WAS NOT WARRANTED WHERE AWARD OF "126,000 IN DAMAGES FOR LOST INCOME... WAS NOT GROSSLY EXCESSIVE; AWARD WAS RATIONALLY RELATED TO 'ALARY." CITED: TEJADA-BATISTA V. AGOSTINI, 258 F. SUPP. 2d 18, 2003 US. DIST. LEXIS 6236 (DPR. 2003).

2) "IN AN ACTION FOR PERSONAL INJURIES, THE DAMAGES TO WHICH THE INJURED IS NTITLED... SHOULD BE BASED ON EARNING POWER." WILCOX V. SWAY (CAL. APP. 1945), 69 CAL. A d 560, 160 P.2d 154, 1945 CAL. APP. LEXIS 694.

4) "LOSS OF EARNING POWER IS ELEMENT OF GENERAL DAMAGES" ROBISON V. ATCHISON, T.3 F. R. CO. (CAL APP. 2d dist. 1962), 211 CAL. APP. 2d 280, 27 CAL. RPTR. 260, 1962 CAL. APP. LEXIS 1805.

5) "PRIMARY OBJECT OF AWARD OF DAMAGES IN CIVIL ACTION... IS JUST COMP-ENSATION OR INDEMNITY FOR LOSS OR INJURY." [ESTATE OF DE LAVEAGA (CAL. 1958), 50 CAL. 2d 480, 326 P.2d 129, 1958 CAL LEXIS 169.]

6) "OBJECT OF DAMAGES IN TORT IS FULL COMPENSATION FOR LOSS." [CC § 333? UNITED STATES V. STANDARD OIL CO. (O. CAL. 1937), 21 F. SUPP. 645, 1937 U.S. DIST. .EXIS 1255, AFF'd (9th CIR. CAL. 1939), 107 F.2d 402, 1939 U.S. APP. LEXIS 4673]

DEFENDANTS MALICIOUS ACTIONS HAVE RESULTED IN A LOSS OF PLAINTIFF'S WAGES.

62.

# PAIN, SUFFERING, INJURY

PRIMARY AUTHORITY: BENNETT V. FAIRFAX COUNTY, 432 F. SUPP. 2d 596, 2006 U.S. DIST. LEXIS 29451 (E.D.Va. 2006).

PRIMARY PUBLICATION: 4 CALIFORNIA TORTS CHAPTER 51. Syn (2023)

"UNDER CA. LAW IT IS WELL ESTABLISHED THAT A PERSON INJURED BY TORTIOUS CTS OF ANOTHER IS ENTITLED TO MONEY DAMAGES AS... COMPENSATION... FOR PAIN AND SUFF."

STATED RULE: [ROEDDER V. ROWLEY (1946) 28 CAL. 2d 820, 822, 172 P.2d 353]
CAPELOUTO V. KAISER FOUND. HOSPS. (1972) 7 CAL. 3d 889, 892-893, 103 CAL. RPTR. 856, 500 2d 880; [SEFFERT V. L.A. TRANSIT LINES (1961) 56 CAL. 2d 498, 509-514, 15 CAL. RPTR. 161, 64, P.2d 337.] CACI NO. 3905A (MEASURE OF DAMAGES FOR PAIN AND SUFFERING).

. "DAMAGES FOR PAIN, SUFFERING, AND EMOTIONAL DISTRESS ARE PARADIGMS OF GEN. DAMAGES.
BEEMAN V. BURLING (1990) 216 CAL. APP. 3d 1586, 1599-1600, 265 CAL. RPTR. 719.

'. "PAIN AND SUFFERING FREQUENTLY CONSTITUTES THE PRINCIPAL ELEMENT OF TORT DAMAGES."
CAPELOUTO V. KAISER FOUND. HOSPS...

5. "PAIN AND SUFFERING NOT ONLY INCLUDES PHYSICAL PAIN, BUT, ... ALSO INCLUDES
FRIGHT, NERVOUSNESS, GRIEF, ANXIETY, WORRY, MORTIFICATION, SHOCK, HUMILIATION,
UDIGNITY, EMBARRASSMENT, APPREHENSION, TERROR OR ORDEAL."
MYERS V. STEPHENS (1965) 233 CAL. APP. 2d 104, 120-121, 43 CAL. RPTR. 420

• DEFENDANTS TORTIOUS ACTIONS AGAINST PLAINTIFF AS DESCRIBED IN
THIS COMPLAINT HAVE CAUSED PLAINTIFF PERMANENT PSYCHOLOGICAL
'AIN, SUFFERING, FRIGHT, GRIEF, ANXIETY, SHOCK, HUMILIATION, WORRY, AND TERROR.

# CRIMINAL THREATS

63.

PRIMARY AUTHORITY:"EXPRESSION OF AN ~~AWID~~ INTENT TO INFLICT SERIOUS EVIL UPON ANOTHER".
[PEOPLE V. WILSON, 186 CAL. APP. 4th 789, 112 CAL. RPTR. 3d 542 (5th DIST. 2010)].

"CRIME OF CRIMINAL THREATS DOES NOT REQUIRE...AN ACTUAL INTENTION TO CARRY OUT THE THREAT
STATED: [PEOPLE V. HOLMES, 12 CAL. 5th 719, 289 CAL. RPTR. 3d 582, 505 P.3d 668 (CAL. 2022.)
"DEFENDANTS JOHN DOE 1-4 AND SCOTT STANSELL COMMITTED PC 422 VIOLATION ON PLAINTIFF.
"DEFENDANTS MADE 4 ELEMENTS OF CRIMINAL THREAT:

1) DEFENDANTS WILLFULLY THREATENED TO COMMIT A CRIME WHICH WOULD RESULT IN GBI.
2) DEFENDANTS MADE THE THREAT WITH THE INTENT THAT...IS TO BE TAKEN AS A THREAT.
3) THAT THE THREAT...WAS ON ITS FACE...CONVEY... A GRAVITY OF PURPOSE AND AN IMMEDIATE
PROSPECT OF EXECUTION OF THE THREAT.
4) THE THREAT ACTUALLY CAUSED PLAINTIFF TO BE IN SUSTAINED FEAR FOR HIS LIFE.
5) THAT PLAINTIFF'S FEAR WAS REASONABLE UNDER THE CIRCUMSTANCES."
IN re A.G., 58 CAL. APP. 5th 647, 272 CAL. RPTR. 3d 602 (2d DIST. 2020) AS MODIFIED, (Dec. 23, 2020)
SUPPORTING CASES:
[PEOPLE V. ROLES, 44 CAL. APP. 5th 87, 257 CAL. RPTR. 3d 328 (3d DIST. 2020)]
[IN re RYAN D., 100 CAL. APP. 4th 854, 123 CAL. RPTR. 2d 193 (3d DIST. 2002)]
[PEOPLE V. SMITH, 178 CAL. APP. 4th 475, 100 CAL. RPTR. 3d 471 (2d DIST. 2009)]
[PEOPLE V. MENDOZA, 59 CAL. APP. 4th 1333, 69 CAL. RPTR. 2d 728 (2d DIST. 1997)]
"15 MINUTES OF FEAR IS MORE THAN ENOUGH TO CONSTITUTE "SUSTAINED FEAR" REQUIREMENT
STATED: [PEOPLE V. WILSON, 234 CAL. APP. 4th 193, 183 CAL. RPTR. 3d 541 (4th DIST 2015)].
DEFENDANTS IN THIS CASE CAUSED ME PROLONGED FEAR FAR GREATER THAN 15 MINUTES.
DEFENDANTS HAVE THREATENED THE PLAINTIFF WITH GREAT BODILY INJURY

64.

# CONSPIRACY

PRIMARY AUTHORITY: AGNEW V. PARKS (CAL. APP. 2d dist. 1959), 172 CAL. APP. 2d 756, 343 P. 2d 118, 1959 CAL. APP. LEXIS 295.

SECOND AUTHORITY: UNRUH V. TRUCK INS. EXCH. (1972) 7 CAL. 3d 616, 631, 102 CAL. RPTR. 815, 498 P. 2d 1063.

) "ACT OF ONE DURING THE CONSPIRACY IS THE ACT OF ALL IF DONE IN FURTHERANCE OF CONSPIRACY." MOX INC. V. WOODS (1927) 202 CAL. 675, 678, 262 P. 302.]

) "ESSENTIAL EACH DEFENDANT CHARGED WITH RESPONSIBILITY PROCEEDED TORTIOUSLY." STATED: rser V. George (1967) 252 CAL. APP. 2d 660, 666-668, 60 CAL. RPTR 708.]

DEFENDANTS JOHN DOE 1-4 EACH PROCEEDED IN THE CONSPIRACY TO ASSAULT, BATTER, AND BEAT ME. THEY DID THIS IN THE MOST RAPID, CRUEL, SINISTER, AND INSIDIOUS MANNER.

ELEMENTS FOR ACTION FOR CONSPIRACY ARE THE FORMATION AND OPERATION OF THE CONSPIRACY." Ortese V. Sherwood (2018) 26 CAL. APP. 5th 445, 453, 237 CAL. RPTR. 3d 108.]

) "IT IS SUFFICIENT IF PLAINTIFF CAN SHOW DEFENDANTS KNOWING PARTICIPATION IN A COMMON PLAN." DEFENDANTS JOHN DOE 1-4 KNOWINGLY PARTICIPATED IN A CIVIL WRONG.

) "CONSPIRACY IS NOT DIVIDED INTO DEGREES." PEOPLE V. KLINKENBERG, 90 CAL. APP. 2d 608, 204 P. 2d 47 (2d dist. 1949);

PEOPLE V. Clement, 97 CAL. APP. 238, 275 P. 511 (1st DIST. 1929)] STATED RULE.

) "THE PENAL CODE MAKES IT A CRIMINAL OFFENSE FOR TWO or MORE TO CONSPIRE." [PENAL CODE § 182]

) "THE CRIME OF CONSPIRACY PUNISHES THE AGREEMENT ITSELF" STATED: PEOPLE V. JOHNSON, 57 CAL. 4th 250, 159 CAL. RPTR. 3d 70, 303 P. 3d 379 (2013).

PEOPLE V. BENENATO, 77 CAL APP. 2d 350, 175 P. 2d 296 (3d DIST. 1946)].

in re WRIGHT, 65 CAL. 2d 650, 56 CAL. RPTR. 110, 442 P. 2d 998 (1967)]

DEFENDANTS JOHN DOE 1-4 CONSPIRED TO ASSAULT AND BATTER PLAINTIFF, ON 08/05/23 AT PLEASANT VALLEY STATE PRISON 5TRH, SHORT TERM RESTRICTIVE HOUSING  F UNIT 162 LOW, AT 3PM APPX.

65.

# INVASION OF PRIVACY

PRIMARY AUTHORITY: [LEAVY V. COONEY (CAL. APP. 2d dist. 1963), 214 CAL. APP.
2d 496, 29 CAL. RPTR. 580, 1963 CAL. APP. LEXIS 2636.]

SECOND AUTHORITY: [GILL V. CURTIS PUB. Co., 38 CAL. 2d 273, 239 P.2d 630 (1952)]

1. "RIGHT OF PRIVACY IS INALIENABLE RIGHT AND IS A FUNDAMENTAL INTEREST OF SOCIETY."
[SAUNDERS V. SUPERIOR COURT, 12 CAL. APP. 5th SUPP. 1, 219 CAL. RPTR. 3d 5 (CAL. APP. 2017)

2. "RIGHT OF PRIVACY IS RECOGNIZED AND ENFORCED IN CALIFORNIA."
[GILL V. CURTIS PUB. Co., 38 CAL. 2d 273, 239 P.2d 630 (1952)

3. "FOR A PERSONS PRIVACY TO BE INVADED, THEIR INFORMATION MUST BE DISCLOSED TO A THIRD PARTY."
ill V. NATIONAL Col. ATH. ASSN., 7 CAL. 4th 1, 26 CAL. RPTR. 2d 834, 865 P.2d 633, 88 Ed. LAW REP. 327 (1994).

4. "THE GIST OF AN ACTION IN A PRIVACY CASE... IS... A DIRECT WRONG TO THE PERSON."
DEFENDANTS IN THIS CASE HAVE WRONGED ME COUNTLESSLY OF EXTREME QUANTITY
AND QUALITY BY THEIR TORTIOUS ACTIONS.
Kelly V. JOHNSON PUB. Co., 160 CAL. APP. 2d 718, 325 P.2d 659 (2d dist 1958).

I ALLEGE THAT DEFENDANTS IN THIS COMPLAINT HAVE COMMITTED THE FOLLOWING:

1) INTRUDED UPON PLAINTIFFS PRIVATE AFFAIRS.

2) CAUSED PUBLIC DISCLOSURE OF PLAINTIFFS PRIVATE FACTS.

3) PLACED PLAINTIFF IN A FALSE LIGHT IN THE PUBLIC EYE.

4) APPROPRIATION, FOR THE DEFENDANTS ADVANTAGE, OF THE PLAINTIFFS NAME/LIKENESS.

   OTHER AUTHORITIES:

WERNER V. TIMES-MIRROR Co., 193 CAL. APP. 2d 111, 14 CAL. RPTR. 208 (2d dist. 1961)

Kapellas V. Kofman, 1 CAL. 3d 20, 81 CAL. RPTR. 360, 459 P.2d 912 (1969).

DEFENDANTS HAVE COMMITTED THE ACT OF INVASION OF PRIVACY ON PLAINTIFF,
THEY HAVE UNCONSTITUTIONALLY HINDERED PLAINTIFFS ABILITY TO LEAD A PRIVATE
UNMOLESTED LIFE. THEY HAVE INTRUDED ON PLAINTIFFS PRIVATE AFFAIRS. THEY HAVE
PLACED PLAINTIFF IN FALSE LIGHT IN THE PUBLIC EYE.

66.

# INTENTIONAL TORT

PRIMARY AUTHORITY: SULLIVAN U. MATT (CAL. APP. 2d dist. 1955), 130 CAL. APP. 2d 134, 278 P.2d 499, 20 CAL. COMP. CASES 54 1955 CAL. APP. LEXIS 1820.

SECOND AUTHORITY: GUILLORY V. GODFREY (CAL. APP. 2d DIST. 1955), 134 CAL. APP. 2d 628, 286 P.2d 474, 1955 CAL. APP. LEXIS 1815.

1) "DAMAGES MAY BE AWARDED FOR MENTAL SUFFERING CAUSED BY INTENTIONAL AND OUTRAGEOUS CONDUCT."
[VARGAS U. RUGGIERO (CAL. APP. 5th DIST. 1961), 197 CAL. APP. 2d 709, 17 CAL. RPTR. 568, 1961 CAL. APP. LEXIS 1400.

2) "INTENTIONAL TORTS INCLUDE ABUSE OF PROCESS, FALSE IMPRISONMENT, INFLICTION OF EMOTIONAL DISTRESS, LIBEL AND SLANDER.
LYONS U. FIRE INS. EXCHANGE, 161 CAL. APP. 4th 880, 74 CAL. RPTR. 3d 649 (2d dist. 2008.)

3) "THE CAUSE OF ACTION WAS FOR BREACH OF CONTRACT, NEGLIGENCE AND INTENTIONAL TORT."
[SILBERG U. ANDERSON (CAL. 1990), 50 CAL. 3d 205, 266 CAL. RPTR. 638, 786 P.2d 365, 1990 CAL. LEXIS 742.]

"JURORS WERE INSTRUCTED ON LAW OF PUNITIVE DAMAGES.., WHICH ALLOWED PUNITIVE DAMAGES IN ACTIONS FOR INTENTIONAL TORTS."
HALCOMB U. WOODS, 767 F. SUPP. 2d 141 (DC DIST COL 2011).

DEFENDANTS HAVE COMMITTED (INTENTIONAL TORTS) INTENTIONALLY, WILFULLY AND MALICIOUSLY.

67.

# MALICIOUS PROSECUTION

PRIMARY AUTHORITY: MACDONALD V. JOSLYN (CAL. APP. 2d dist. 1969), 275 CAL. APP. 2d 282, 79 CAL. RPTR. 707, 1969 CAL. APP. LEXIS 1914.

"MALICIOUS PROSECUTION IS THE INSTITUTION AND MAINTENANCE OF JUDICIAL OR ADMINISTRATIVE PROCEEDINGS AGAINST ANOTHER WITH MALICE AND WITHOUT PROBABLE CAUSE."

ITED: [HARDY V. VIAL, 48 CAL. 2d 577, 311 P. 2d 494, 66 A.L.R. 2d 739 (1957)]

"THE TORT OF MAL. PROS. RECOGNIZES THE RIGHT OF AN INDIVIDUAL TO BE FREE FROM UNJUSTIFIABLE DAM PROS JANZANT V. DAIMLER CHRYSLER Corp. 96 CAL. APP. 4th 1283, 118 CAL. RPTR. 2d 48 (2d dist. 2002.)

DEFENDANTS HAVE COMMITTED UNCONSTITUTIONAL CRIM. PROS. PROCEEDINGS AGAINST PLAINTIFF.

"ONE WHO PROCURES A THIRD PERSON TO INSTITUTE A MALICIOUS PROSECUTION IS LIABLE [6A Ca Jur ASSAULT AND OTHER WILLFUL TORTS §379-431]

"TO ESTABLISH A CAUSE OF ACTION FOR MALICIOUS PROSECUTION... A PLAINTIFF MUST DEMONSTRATE THAT PRIOR ACTION (i) WAS COMMENCED... AT THE DIRECTION OF THE DEFENDANT AND WAS PURSUED TO A LEGAL TERMINATION IN THE PLAINTIFF'S FAVOR, (2) WAS BROUGHT WITHOUT PROBABLE CAUSE, AND (3) WAS INITIATED WITH MALICE.

Parrish V LATHAM & WATKINS, 3 CAL. 5th 767, 221 CAL. RPTR. 3d 432, 400 P. 3d 1 (CAL 2017)

. DEFENDANT, AYLANA O. PARKS MALICIOUSLY COMMENCED ACTION AGAINST me FRAUDULENTLY, DECEITFULLY AND UNCONSTITUTIONALLY WITHOUT PROBABLE CAUSE AND WITH MALICE. SHE IS GUILTY OF MALICIOUS PROSECUTION. THE COURTS, DEFENDANTS WERE THE MEDIUM THROUGH WHICH PARKS PERPETUATED THIS TORT.

DEFENDANTS HAVE COMMITTED MALICIOUS PROSECUTION AGAINST PLAINTIFF, MALICIOUSLY AND UNCONSTITUTIONALLY ADVANCING ADMINISTRATIVE AND OR PROSECUTORY PROCEEDINGS AGAINST THE PLAINTIFF.

68.

# MEMORANDUM OF DAMAGES

CAL CIV CODE § 3333 "FOR THE BREACH OF AN OBLIGATION...MEASURE OF DAMAGES...IS THE AMOUNT WHICH WILL COMPENSATE FOR ALL THE DETRIMENT PROX. CAUSED."

① TORT, ② AUTHORITY (AS IT RELATES TO THIS CASE) ③ DAMAGE AWARDED.

1) ① CRUEL AND UNUSUAL PUNISHMENT. ② FLOWERS v. Phelps, 956 F.2d 488, 489 (5th CIR. 1992) ③ $25,000 AWARD FOR INMATE HANDCUFFED AND BEATEN BY GUARDS.

2) ① EXCESSIVE FORCE. ② JACKSON v. AUSTIN, 241 F. SUPP. 2d 1313, 1319, 1323 (D. KAN. 2003) ③ $45,000.

3) ① ASSAULT AND BATTERY. ② SULLIVAN v. MATT (CAL. APP. 2d dist. 1955), 130 CAL. APP. 2d 134, 278 2d 499, 20 CAL. COMP. CASES 54, 1955 CAL. APP. LEXIS 1870. ③ $10,000 COMP, $10,000 PUNITIVE.

4) ① CONSPIRACY. ② AGNEW v. PARKS (CAL. APP. 2d dist. 1959), 172 CAL APP. 2d 756 SUPP. 343 P.2d 118, 1959 CAL. APP. LEXIS 2015 ③ $50,000.

5) ① LIBEL. ② RUDOLPH v. GORMAN (CAL. APP. 2d dist. 1959), 169 CAL. APP. 2d 666, 338 P.2d 218, 1959 CAL. APP. LEXIS 2125. ③ COMPEN. DAMAGES: $50,000, PUNITIVE DAMAGES: $100,000

6) ① SLANDER. ② CUNNINGHAM v. SIMPSON (CAL. 1969), 1 CAL. 3d 301, 81 CAL. RPTR. 855, 461 P.2d 39, 1969 CAL. LEXIS 209.

7) ① CRIMINAL THREATS. ② PEOPLE v. WILSON, 186 CAL. APP. 4th 789, 112 CAL. RPTR. 3d 542 (5th DIST. 2010). ③

8) ① MEDICAL MALPRACTICE ② CORTES-QUINONES v. JIMINEZ-NETTLESHIP, 842 F. 2d 556 (1st CIR.) $40,000 R&A ③

9) ① LEGAL MALPRACTICE. ② BUDD v. NIXEN (1971) 6 CAL. 3d 195, 200 98 CAL. RPTR. 849, 491 P.2d 433, see CaCi No. 600 ③

10) ① OUTRAGE. ② BRYANT v. AIKEN REG // MED. CTRS., INC., 333 F. 3d 536, 92 FAIR EMPL. PRAC. CAS. (BNA) 233, 2003 U.S. APP. LEXIS 13040 (4th CIR. 2003).

11) ① INVASION OF PRIVACY. ② LEAVY v. COONEY (CAL. APP. 2d dist. 1963), 214 CAL. APP. 2d 496, 29 CAL. RPTR. 580, 1963 CAL. APP. LEXIS 2636 ③ $7,500 COMP.

# MEMORANDUM OF DAMAGES PG2

(2)/ ① LOSS OF WAGES. ② TEJADA-BATISTA V. AGOSTINI, 258 F. SUPP. 2d 18, 2003 U.S. DIST. LEXIS 6236 (D.P.R. 2003). ③ "125,000 NOT EXCESSIVE RELATED TO SALARY."

(3)/ ① ABUSE OF PROCESS. ② TEMPLETON FEED & GRAIN V. RALSTON PURINA Co. (CAL. 1968), 9 CAL. 2d 461, 72 CAL. RPTR. 344, 446 P.2d 152, 1968 CAL. LEXIS 256. ③ "110,000 COMP."

(4)/ ① MALICIOUS PROSECUTION. ② MACDONALD V. JOSLYN (CAL, APP. 2d DIST. 1969), 275 CAL. APP. 2d 282, 79 CAL. RPTR. 707, 1969 CAL. APP. LEXIS 1914. ③ "60,000."

(5)/ ① FRAUD. ② MARTIN RAY WINERY V. GRAHAM (N.D. CAL. MAR. 28, 2007), 2007 U.S. DIST. LEXIS 22858. ③ "75,000 or MORE PLEAD"

(6)/ ① DECEIT. ② ROSENER V. SEARS, ROEBUCK & CO (CAL. APP. 1ST DIST. 1980), 110 CAL. APP. 3d 740, 168 CAL. RPTR. 237, 1980 CAL. APP. LEXIS 2324. ③ "158,000 COMP."

(7)/ ① NEGLIGENT MISREPRESENTATION. ② CHODOS V. INSURANCE Co. OF North AMERICA (CAL. APP. DIST. 1981), 126 CAL. APP. 3d 86, 178 CAL. RPTR. 831, 1981 CAL. APP. LEXIS 2403. ③ "200,000 PUNITIVE.

(8)/ ① TORTIOUS ACT BY GOV. EMPLOYEE. ② SULLIVAN V. MATT (CAL. APP. 2d DIST. 1955), 130 CAL. APP. 34, 278 P.2d 499, 20 CAL. COMP. CASES 54, CAL. APP. LEXIS 1870. ③ "10,000 COMP, "10,000 PUNITIVE.

(9)/ ① UNCONSTITUTIONAL CON. OF CONF. ② GOODSON V. CITY OF ATLANTA, 763 F.2d 1381, 1383 387 (11th CIR.) ③ "50,000 FOR 3 DAYS OF UNCONSTITUTIONAL CONDITIONS.

(10)/ ① DENIED MEANINGFUL ACCESS. ② DANNENBERG V. VALADEZ, 338 F.3d 1070, 1072 (9th CIR. 2003) JURY VERDICT OF "6500 COMPENSATORY AND "2500 PUNITIVE FOR 34 DAYS SEGREGATION.

(11)/ ① DENIED MEDICAL CARE. ② LEWIS V. COOPER, 771 F.2d 334, 335 (7th CIR. 1985) 2000 COMPENSATORY AND "3500 PUNITIVE.

(12)/ ① DEFAMATION. ② RUSSELL V. GEIS (CAL. APP. 5th DIST. 1967), 251 CAL. APP. 2d 560, 59 CAL. RPTR. 569, 1967 CAL. APP. LEXIS 20 5,000 ③ "55,000."

(13)/ ① FALSE IMPRISONMENT. ② PETERSON V. CRUICKSHANK (CAL. APP. 1st DIST. 1956), 44 CAL. APP. 2d 148, 300 P.2d 915, 1956 CAL. APP. LEXIS 1698. ③ "25,000

70.

# SUMMONS

TO: AYLANA OLIVIA PARKS

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS PO BOX 901 YARD, 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

U.S. DISTRICT COURT

DATED:

71.

# SUMMONS

TO: COUNTY/CITY OF LA, LAX COURT

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS P. BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO; JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

72.

# SUMMONS

TO: COUNTY/CITY OF SAN BERNARDINO/RANCHO COURT

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

73.

# SUMMONS

TO: JILL JANOTTA

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

74.

# SUMMONS

TO: MELANIE SCHOENBERG

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

75.

# SUMMONS

TO: JEREMY GARRETT

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

76.

# SUMMONS

TO: FONTANA PROBATION/OFFICER ANDERSON (Pro.)

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

77.

# SUMMONS

TO: CDCR/WASCO STATE PRISON

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po Box 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

78.

# SUMMONS

TO: CDCR/PLEASANT VALLEY STATE PRISON

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLANTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po BOX 901 YARD1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO So, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

79.

# SUMMONS

TO: CDCR/AVENAL STATE PRISON

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS P. BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

# SUMMONS

80.

TO: SCOTT STANSELL #BT5782

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS Po BOX 901 YARD1 140 147L ASP AVENAL, Ca 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

81.

# SUMMONS

TO: CORRECTIONAL OFFICER RODRIGUEZ

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

U.S. DISTRICT COURT

DATED:

82.

# SUMMONS

TO: e. KOMAKi PSYCHOLOGIST AVENAL STATE PRISON

YOU ARE HEREBY SUMMONED AND REQUIRED TO
SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE
ADDRESS IS P. BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN
ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU,
WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU;
EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED
IN THE COMPLAINT.


CLERK OF THE COURT




US. DISTRICT COURT


DATED:

83.

# SUMMONS

TO: UCLA PD/INVESTIGATORS (SALAZAR, MEMBRENO, FREUD, CSR, ALL.)

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS PO BOX 901 YARD I 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

U.S. DISTRICT COURT

DATED:

84.

# SUMMONS

TO: JOHN DOE 1, Correctional Officer at P.U.S.P.

YOU ARE HEREBY SUMMONED AND REQUIRED TO
SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE
ADDRESS IS Po BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN
ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU,
WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU;
EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED
IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

85.

# SUMMONS

TO: JOHN DOE 2, Correctional officer AT P.U.S.P.

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS P. BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO; JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

86.

# SUMMONS

TO: JOHN DOE 3, Correctional Officer At P.U.S.P.

YOU ARE HEREBY SUMMONED AND REQUIRED TO
SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE
ADDRESS IS P.o Box 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN
ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU,
WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU;
EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED
IN THE COMPLAINT.


CLERK OF THE COURT




US. DISTRICT COURT


DATED:

87.

# SUMMONS

TO: JOHN DOE 4, Correctional officer at P.U.S.P.

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE ADDRESS IS P.O BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU, WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU; EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

88.

# SUMMONS

TO: LEE  PSYCHOLOGIST AT PLEASANT VALLEY STATE PRISON

(P.U.S.P. AKA.)

YOU ARE HEREBY SUMMONED AND REQUIRED TO

SERVE UPON PLAINTIFF KARLIS RUBEN AUGUSTUS HOWARD, WHOSE

ADDRESS IS P. BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204, AN

ANSWER TO THE COMPLAINT THAT IS HEREWITH SERVED UPON YOU,

WITHIN 20 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU;

EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT

BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED

IN THE COMPLAINT.

CLERK OF THE COURT

US. DISTRICT COURT

DATED:

CASE

# PRISONER CIVIL RIGHTS COMPLAINT

PLAINTIFF'S INFORMATION

KARUS RUBEN AUGUSTUS HOWARD

BT 4324

AVENAL  STATE PRISON

PO BOX 901 YARD 1 140 147L

AVENAL

CA

93204


ARE THERE ADITIONAL PLAINTIFFS: NO



.- DEFENDANT'S INFORMATION

    I AYLANA O. PARKS

07 30  CHURCH STREET #137  RANCHO CUCAMONGA, CA 91730


    II SCOTT STANSELL BT5782

P.O. BOX 6600  C3A CELL 127UP  WSP WASCO, CA 93380


    III LAX, SUPERIOR COURT OF CAL, COUNTY OF LA.

11701  S LA CIENGA BLVD  LOS ANGELES, CA 90045


    IV RANCHO CUCAMONGA, SUPERIOR COURT OF CAL, COUNTY OF SB.

8303 HAVEN AVE  RANCHO CUCAMONGA, CA 91730

V JILL JANOTTA & MELANIE SCHOENBERG:
11701 S. LA CIENGA BLVD SUITE 530 Los Angeles, CA 90045

VI JEREMY GARRETT:
8303 HAVEN FL.3 RANCHO CUCAMONGA CA 91730

VII CDCR, WASCO STATE PRISON:
P.O. BOX 6600 WASCO, CA 93380

VIII CDCR, PLEASANT VALLEY STATE PRISON:
PO. BOX 8500 COALINGA, CA 93210
STRH 162L PO BOX 8500 COALINGA, CA 93210

VIIII CDCR, AVENAL STATE PRISON:
P.O. BOX 900 AVENAL, CA 93204

X UCLA PD:

XI CO RODRIGUEZ:
P.O. BOX 6600 C3 A SIDE WASCO, CA 93380

XII M. KOMAKI:
P.O. BOX 903 AVENAL, CA 93204

XIII JOHN DOE 1-4:
P.O. BOX 8500 STRH 162L COALINGA, CA 93210

# MOTION FOR APPOINTMENT OF COUNSEL

PLAINTIFF, KARLIS RUBEN AUGUSTUS HOWARD, PURSUANT TO §1915, requests this COURT APPOINT COUNSEL TO REPRESENT HIM IN THIS CASE FOR THE FOLLOWING REASONS.

1. THE PLAINTIFF IS UNABLE TO AFFORD COUNSEL.

2. THE ISSUES INVOLVED IN THIS CASE ARE COMPLEX.

3. PLAINTIFF IS IN SEGREGATION WITH LIMITED ACCESS.

4. PLAINTIFF HAS CONTACTED PRO PER ATTORNEYS WITH NO SUCCESS.

5. PLAINTIFF HAS SOMEWHAT LIMITED KNOWLEDGE OF LAW.

WHEREFORE, this honorable COURT SHOULD APPOINT COUNSEL TO REPRESENT THE PLAINTIFF.

DATE: 10-18-23

KARLIS RUBEN AUGUSTUS HOWARD BT4324
PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204

28 USC 1746

92.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE, AND CORRECT;

# DECLARATION IN SUPPORT OF PLAINTIFF'S

## MOTION FOR THE APPOINTMENT OF COUNSEL

KARLIS RUBEN AUGUSTUS HOWARD STATES:

1. I AM THE PLAINTIFF IN THE ABOVE-ENTITLED CASE. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR THIS APPT. OF COUNSEL.

2. THIS COMPLAINT ALLEDGES NUMEROUS INSTANCES OF MALICIOUS VIOLENCE, CRUEL AND UNUSUAL PUNISHMENT, AND EXCESSIVE FORCE. IT ALSO CONTAINS OVER 100 CASES OF TORTS COMMITTED BY DEFENDANTS, VIOLATIONS OF TITLE-15, CAL P.C., CAL BUSI, & PRO. CODE, STATE AND FEDERAL LAWS.

3. THIS CASE IS COMPLEX AND CONTAINS MANY DEFENDANTS.

4. THIS CASE INVOLVES MEDICAL MALPRACTICE AND LEGAL MALPRACTICE, WHICH MAY REQUIRE EXPERT TESTIMONY.

5. THE PLAINTIFF HAS DEMANDED A JURY TRIAL.

6. THIS CASE WILL REQUIRE THE DISCOVERY OF DOCUMENTS.

7. TESTIMONY MAY BE DIFFICULT CONFLICT.

8. PLAINTIFF HAS ONLY LIMITED LEGAL EXPERIENCE AND REQUIRES ASSISTANCE.

AS SET FORTH IN THE MEMORANDUM OF LAW, THESE FACTS, ALONG WITH THE LEGAL MERIT OF PLAINTIFF'S CLAIMS, SUPPORT THE APPT OF COUNSEL FOR THE PLAINTIFF. WHEREFORE, THE PLAINTIFF'S MOTION FOR APPT. OF COUNSEL SHOULD BE GRANTED.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPT OF COUNSEL

STATEMENT OF THE CASE:

a. THIS IS A CIVIL RIGHTS COMPLAINT FILED UNDER 42 USC 1983 BY A STATE PRISONER ALLEDGING VIOLATIONS OF TITLE-15, CAL CONST., FED. CONST., TORTS, CRUEL & UNUSUAL PUNISHMENT, EXCESSIVE FORCE, CONSPIRACY AND MORE BY DEFENDANTS.

STATEMENT OF FACTS:

a. SEE DECLARATION OF FACTS PG 15-28.

IN ACCORD WITH ABDULLAH V. GUNTER, 949 F.2d 1032, 1035 (8th cir. 1991):

## ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

1) COMPLEXITY OF THE CASE: [moore v MABUS, 976 F.2d 268, 272 (5th cir. 1992)

THE COMPLEXITY OF THIS CASE IS MODERATE GIVEN THE FACTS, ALLEGATIONS, AND DEFENDANTS.

2) PLAINTIFFS ABILITY TO INVESTIGATE: [Catson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988)

THE PLAINTIFF IN THIS CASE REQUIRES ASSISTANCE OF COUNSEL TO INVESTIGATE.

3) TESTIMONY: [Steele V SHAH, 87 F.3d 1266, 1271 (11th cir. 1996)

SEE DECLARATION OF FACTS.

4) INDIGENT PRISONER: [Forbes v. EDGAR, 112 F.3d 262, 264 (7th cir. 1997)

THE PLAINTIFF IN THIS CASE IS INDIGENT AND CANNOT AFFORD REQUIRED, COUNSEL.

5) LEGAL COMPLEXITY: [HENDRICKS v. COUGHLIN, 114 F.3d 390, 394 (2d cir. 1997)

SEE DECLARATION OF FACTS.

6) MERIT OF THE CASE: [HUDSON v. McMILLIAN, 503 US. 1, 112 S.Ct. 995 (1992)

THIS CASE IS A SLAM DUNK CASE WITH INSERMOUNTABLE MERIT.

CONCLUSION - FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION AND APPOINT COUNSEL IN THIS CASE.

DATE   10-18-23

8 USC 1746                                                                                97.

# DECLARATION IN SUPPORT OF REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS

KARLS RUBEN AUGUSTUS HOWARD STATES:

1. I AM THE PLAINTIFF IN THE ABOVE-ENTITLED ACTION. I MAKE THIS DECLARATION IN SUPPORT OF MY APP. FOR LEAVE TO PROCEED IN FORMA PAUPERIS, PURSUANT TO 28 U.S.C. 1915.

2. I AM INCARCERATED IN AVENAL STATE PRISON.

3. I AM CURRENTLY HELD IN PUNITIVE SEGREGATION.

4. I AM INDIGENT AND HAVE NO RESOURCES TO PAY FILING FEES.

5. I HAVE NO OTHER SOURCE OF INCOME.

PURSUANT TO 28 USC 81746 I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 10-18-23

KARLIS RUBEN AUGUSTUS HOWARD BT4324
PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204

MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

PLAINTIFF, KARLIS RUBEN AUGUSTUS HOWARD, PURSUANT TO rule 15(a), Fed. R. Civ. P., requests LEAVE TO FILE AN AMENDED COMPLAINT ADDING A PARTY.

1. THE PLAINTIFF IN HIS ORIGINAL COMPLAINT NAMED 4 JOHN DOE DEFS.

2. SINCE THE FILING OF THE COMPLAINT THE PLAINTIFF HAS Determined THAT THE NAMES OF THE JOHN DOE DEFENDANTS ARE TO BE NAMED IN INTERROGATORIES AND/OR ADMISSIONS.

3. THIS COURT SHOULD GRANT LEAVE FREELY TO AMEND A COMPLAINT. [FOMAN V. DAVIS, 371, 178, 182, 83 S. CT. 227 (1962)]

DATE: 10-18-23

RESPECTFULLY SUBMITTED,

KARLIS RUBEN AUGUSTUS HOWARD #BT4324
PO BOX 901 YARD 1 BLD 140 CELL 147L ASP AVENAL, CA 93204

# PRODUCTION OF DOCUMENTS

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:
WASCO, PLEASANT VALLEY, AVENAL PRISONS & PARTY #6

A. PURSUANT TO RULE 34, FED. R. CIV. P., THE PLAINTIFF requests THAT THE DEFENDANTS PRODUCE THE DOCUMENTS LISTED WITHIN 30 DAYS, EITHER BY PROVIDING THE PLAINTIFF WITH COPIES OR BY MAKING THEM AVAILABLE TO THE PLAINTIFF FOR INSPECTION AND COPYING.

1. ANY AND ALL GRIEVANCES, COMPLAINTS, OR OTHER DOCUMENTS RECEIVED BY PRISON STAFF FROM THE PLAINTIFF DURING HIS INCARCERATION AT WASCO STATE PRISON, AVENAL STATE PRISON, PLEASANT VALLEY STATE PRISON FROM 03/01/23 TO PRESENT INCLUDING MEDICAL/MH RECORDS

2. ANY AND ALL REPORTS OF EXCESSIVE FORCE AT STRH-16X (ALL F TANK) AT STRH AT PVSP FROM JULY-AUGUST 2023. ANY AND ALL INVESTIGATIVE DOCUMENTS/EVIDENCE PRODUCED FOR CLAIM 440754 FILED 08/24/23 AT AVENAL STATE PRISON regarding THE ALLEGATION OF EXCESSIVE FORCE BY JOHN DOE 1-4 AT STRH-162L ON 08/05/23 ON OR AROUND 3PM. ANY/ALL INFORMATION ON SUSPECTS.

3. ANY AND ALL INVESTIGATIVE EVIDENCE, REPORTS AND DOCUMENTS IN REGARDS TO RVR LOG #000000067288890 BY WASCO STATE PRISON reporting EMPLOYEE J. FERNANDEZ, SUPERVISOR B. MADDUX ON 04/07/23.

4. AN AFIDAVIT FROM MY CLINICIAN Mr. LEE PVSP PSY. ANSWERING ANY AND ALL INFORMATION HE KNOWS OF THE CONSPIRACY TO COMMIT ASSAULT WITH A DEADLY WEAPON BY JOHN DOE 1-4 AT STRH-162L PVSP ON 08/05/23.

10-18-23

KARUS RUBEN AUGUSTUS HOWARD
PO BOX ___ ___ ___ ___ ___ ___ ASP AVENAL CA 93204

# PRODUCTION OF DOCUMENTS

PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS:
JILL JANOTTA, MELANIE SCHOENBERG, JEREMY GARRETT
   A. PUR. RULE 34, FED. R. CIV. P:

      1. AN AFIDAVIT FROM YOU STATING THE LEGAL RESEARCH
YOU PERFORMED FOR CASE SA106853 AND FWV200037
AND WHY, ALL DOCUMENTS, RESEARCH, MOTIONS, MINUTE ORDERS,
PLEA OFFERS AND DOCUMENTATION YOU WERE PROVIDED AND/OR
HAVE IN YOUR POSSESSION, FOR THESE CASES.

      2. AN AFIDAVIT ANSWERING THE FOLLOWING QUESTIONS 1) WHY YOU
INSISTED ON ALLOWING ME TO UNCONSTITUTIONALLY WAIVE MY CONST.
RIGHTS INCLUDING BUT NOT LIMITED TO MY RIGHT TO A SPEEDY AND/OR
PUBLIC TRIAL, MY RIGHT TO CROSS EXAMINATION, MY RIGHT TO
CONFRONTATION, MY RIGHT TO SELF INCRIMINATION, etc. WHY you neglected
to DISCUSS TRIAL AND/or MY APPEAL/POST CONVICTION, AND FURTHERMORE
WHY YOU SUBJECTED ME TO THE MOST PROFOUND LEVEL OF INEFFECTIVE
ASSISTANCE OF COUNSEL SINCE MISSOURI V. FRYE.

                    10-18-23


            KARLIS RUBEN AUGUSTUS HOWARD
PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204

8 USC 1746

97.

# INTERROGATORIES

PURSUANT TO RULES 33 AND 34, FED. R. CIV. P. THE PLAINTIFF SUBMITS THE FOLLOWING INTERROGATORIES TO THE DEFENDANTS:

1) STATE YOUR AFFILIATION TO THE PLAINTIFF.

2) STATE YOUR DUTIES IN OFFICIAL CAPACITY AND YOUR DUTIES WITH REGARDS TO YOUR AFFILIATION WITH THE PLAINTIFF. IF THOSE DUTIES ARE SET FORTH IN ANY JOB DISCRIPTION OR OTHER DOCUMENT PRODUCE THE DOCUMENT.

3) PRODUCE ANY AND ALL POLICE REPORTS, MEDICAL REPORTS, ANY AND ALL DOCUMENTS RELEVANT TO THIS CASE FOR PLAINTIFF TO CROSS EXAMINE.

10-18-23

KARLIS RUBEN AUGUSTUS HOWARD #BT4324
PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204

48.

-8 USC 1746

# ADMISSIONS

A. PURSUANT TO RULE 36, FED. R. CIV. P., PLAINTIFF requests the DefeNDANTS To MAKE THE FollowiNG ADMISSIONS WITHIN 30 DAYS OF THIS SERVICE.

1. THE PLAINTIFF WAS MALICIOUSLY PROSECUTED AGAINST BY INVESTIGATORS AND PROSECUTORS ON TAINTED EVIDENCE, PERJURY AND MISREPRESENTATION.

2. THE PLAINTIFF WAS TRANFERRED TO WASCO STATE PRISON ON 03/02/23, AT 127L C-3 A SIDE

3. THE PLAINTIFF WAS ASSAULTED AND BATTERED BY SCOTT STANSELL #BT5782 ONCE AT AROUND 6AM AND AGAIN AROUND 747 ON 04/07/23, VISCIOUSLY AND MALICIOUSLY, AT WASCO STATE PRISON C-3 A SIDE. 1 TIME IN THE DORM, 1 TIME ON THE YARD. 127L

4. THE PLAINTIFF WAS TRANSFERRED FROM WASCO TO AVENAL PRISON INTO Protective CUSTODY ON OR AROUND 05/01/23. THERE HE BEGAN TREATMENT FOR SEVERE PSYCHIATRIC PTSD TREATMENT BY Ø. KOMAKI, ASP PSK.

5. THE PLAINTIFF WAS TRANSFERRED FROM AVENAL STATE PRISON TO LEVEL III PLEASANT VALLEY STATE PRISON ON 06/20/23.

6. THE PLAINTIFF WAS BRUTALLY ASSAULTED, BATTERED, THREATENED, CONSPIRE AND BEATEN BY JOHN DOE 1-4, PLEASANT VALLEY STATE PRISON CorrectioNAL OFFICERS VISCIOUSLY, MALICIOUSLY, AND SADISTICALLY, ON 08/05/23 STRI 1621

7. THE PLAINTIFF SUBMITTED HUNDREDS OF 22 FORMS requesting meaningful Access TO LAW LIBRARY, MAIL, RAC, EMC, MCC AND Programs AND WAS DENIED HIS ENTIRE AD-SEG CONFINEMENT. THE PLAINTIFF PLACED Numerous MEDICAL REQUESTS FOR MEDICAL CARE ON 08/05/23 AND WAS DENIED.

8. Mr lee PVSP PSY VISITED PLAINTIFF ON 08/07-08 AND ASKED PLAINTIFF IF HE WAS "OKAY."          KARUS RUBEN AUGUSTUS HOWARD #BT4324

PO BOX 901 YARD, 11C 111-21 ASP AVENAL, CA 93204

# PSYCHOTHERAPY/PTSD THERAPY

## RESTITUTION COST FOR LIFETIME.

) DISTRICT COURT AUTHORIZED UNDER 18 USCS §2259 TO ORDER DEFENDANT TO PAY FOR HIS VICTIMS FUTURE COUNSELING COSTS AS RESTITUTION.

UNITED STATES V. JULIAN; 242 F.3d 1245, 2001 Colo. J.C.A.R. 1464, 2001 U.S. App. LEXIS 4140 (10th Cir. 2001)

) "RESTITUTION OF $309,270 OF WHICH $304,200... WAS TO BE AWARDED... TO VICTIM... FOR LONG TERM COUNSELING, AND HER TREATING PSYCHOLOGIST PROVIDED THE FIGURES TO DETERMINE THE COST OF FUTURE COUNSELING AT 78$ PER WEEKLY SESSION FOR THE REST OF HER LIFE."

UNITED STATES V. DANSER, 270 F.3d 451, 2001 U.S. APP LEXIS 22873 (7th Cir. 2001)

•DEFENDANT'S MALICIOUS, WICKED, AND INSIDIOUS ASSAULTS, BATTERIES, TORTS AND THREATS AGAINST ME HAVE CAUSED ME GREAT PSYCHOLOGICAL HARM, PAIN, SUFFERING. I respectfully request the COURT GRANT life-long therapy restitution TO COMPENSATE THE AFFLICTIONS, PAIN AND SUFFERING DEFENDANTS HAVE CAUSED ME.

54 YEARS =
2808 WEEKS

LIFELONG WEEKS    2808
AVG WEEKLY COST    300
TOTAL    $ 842,400

I RESPECTFULLY REQUEST THE COURT TO AUTHORIZE, UNDER 18 USCS §2259, THE PAYMENT OF $842,000 RESTITUTION TO PLAINTIFF FOR FUTURE PTSD AND THERAPY COSTS CAUSED AS A RESULT OF DEFENDANTS MALICIOUS AND TORTIOUS ACTS.

THANK YOU.

# MEMORANDUM OF CHRONOLOGY

I: DATE/TIME, a) DEFENDANT, b) TORT COMMITTED/VIO COMMITTED, c) PLACE

I: WED 07/20/22   22:36    C. UCLA PD SUBSTATION

a.) AYLANA O. PARKS

b.) - NEGLIGENT MISREPRESENTATION
- FRAUD
- DECEIT
- FALSE ARREST
- FALSE IMPRISONMENT
- LIBEL
- SLANDER
- INVASION OF PRIVACY
- DEFAMATION
- OUTRAGE
- ABUSE OF PROCESS
- OUTRAGE
- 4th, 5th, 6th, 9th AND 14th AMENDMENT VIOLATION
- STATE/FEDERAL VIOLATIONS

II: WED 07/20/22   22:36    C. UCLA PD SUBSTATION

a.) UCLA PD/INVESTIGATORS (FREUD, MEMBRENO, YOUNG, SALAZAR,)

b.) NEGLIGENT MISREPRESENTATION
- DECEIT/FRAUD
- FALSE ARREST
- LIBEL/SLANDER
- DEFAMATION
- OUTRAGE
- INVASION OF PRIVACY
- ABUSE OF PROCESS
- MALICIOUS PROSECUTION
- STATE/FEDERAL VIOLATIONS (LAWS, STATUTES, CODES, ETC).

101.

• 4th, 5th, 6th, 9th, 14th AMENDMENT VIOLATION

III: THURSDAY 07/21/22        C. UCLA PD SUBSTATION/ ~~3235~~ SAWTELLE BLVD
                                                           3235
                                                           LA, CA 90045

a.) UCLA PD/ INVESTIGATORS

b.). FALSE ARREST
   • FALSE IMPRISONMENT
   • UNCONSTITUTIONAL SEARCH AND SEIZURE
   • LIBEL/SLANDER
   • DEFAMATION
   • ABUSE OF PROCESS
   • OUTRAGE
   • INVASION OF PRIVACY
   • MALICIOUS PROSECUTION
   • STATE/FEDERAL LAW VIOLATIONS (LAWS, STATUTES, CODES, ETC.)
   • VIOLATION OF PLAINTIFF'S 4th, 5th, 6th, 9th, AND 14th AMENDMENT.

IV: ON OR AROUND 08/01/22        C. SUPERIOR COURT OF CAL, SAN BERNARDINO
a.) AYLANA O. PARKS

b.). LIBEL
   • SLANDER
   • FRAUD
   • DECEIT
   • FALSE STATEMENTS
   • INVASION OF PRIVACY
   • VIOLATION OF STATE/FEDERAL LAW
   • 5th, 6th, 9th, 4th AMENDMENT VIOLATION

V  7/26/22.        C. SUPERIOR COURT OF CAL, COUNTY OF LA LAX/W31.

a.) SUP. COURT OF CAL., COUNTY OF LA. JUDGE BROUGHAM, DA MCILVAIN.

b.) • NEGLIGENT MISREPRESENTATION
  • TRIAL BY DEF. WHILE INSANE
  • FALSE EVIDENCE
  • DEFAMATION
  • OUTRAGE
  • INVASION OF PRIVACY
  • MALICIOUS PROSECUTION
  • DENIAL OF FUNDAMENTAL RIGHT
  • INEFFECTIVE ASSISTANCE OF COUNSEL
  • VIOLATION OF DUE PROCESS, (PROCEDURAL/SUBSTANTIVE)(CONTINUOUS)
  • VIOLATION OF STATE/FEDERAL LAW
  • NEGLIGENT FRAUD/DECEIT
  • VIOLATION OF 4th, 5th, 6th, 9th, 14th AMENDMENS
  • FALSE IMPRISONMENT

VI  08/09/22.        C. SUPERIOR COURT OF CAL, COUNTY OF LA LAX/W31.

a.) SUP. COURT OF CAL, COUNTY OF LA  LAX BRANCH.

b.) • TRIAL BY DEFENDANT WHILE INSANE
  • FALSE EVIDENCE
  • ABUSE OF PROCESS
  • INEFECTIVE ASSISTANCE OF COUNSEL.
  • FALSE IMPRISONMENT
  • DENIAL OF FUNDAMENTAL RIGHT
  • VIOLATION OF 5th, 6th, 14th AMENDMENT.
  • VIOLATION OF STATE/FEDERAL LAW
  • INVASION OF PRIVACY
  • NEGLIGENCE
  • ABUSE OF POWER

VII: 08/15/22        C. SUPERIOR COURT OF CAL, COUNTY OF LA  DEPT W31

a.) MELANIE SCHOENBERG

b.) • INEFFECTIVE ASSISTANCE OF COUNSEL
- • INCOMPETENCE OF COUNSEL
- • LEGAL MALPRACTICE BY NEGLIGENCE
- • TRIAL BY DEFENDANT WHILE INSANE
- • LEGAL NEGLIGENCE
- • FAILURE TO OBJECT
- • DENIAL OF FUNDAMENTAL RIGHT
- • OUTRAGE
- • FALSE IMPRISONMENT
- • VIOLATION OF PROCEDURAL, SUBSTANTIVE, CONTINUOUS DUE Process.
- • VIOLATION OF PLAINTIFFS 4th, 5th, 6th, 9th, 14th AMENDMENT
- • VIOLATION OF CAL CONST, STATE AND/OR FEDERAL LAW (CODES)

VIII: 08/15/22        C. SUPERIOR COURT OF CAL, COUNTY OF LA  DEPT W31

a.) AYLANA O. PARKS

b.) • PERJURY
- • FALSE TESTIMONY, STATEMENTS, EVIDENCE
- • NEGLIGENT MISREPRESENTATION
- • SLANDER
- • LIBEL
- • DEFAMATION
- • FALSE IMPRISONMENT
- • OUTRAGE
- • FRAUD AND DECEIT
- • ABUSE OF PROCESS
- • MALICIOUS PROSECUTION
- • VIOLATION OF DUE PROCESS
- • INVASION OF PRIVACY
- • VIOLATION OF STATE/FEDERAL LAW
- • VIOLATION OF PLAINTIFFS 4th, 5th, 6th, 9th, AND 14th AMENDMENT.

VIII: 10/13/22          C. SUPERIOR COURT OF CAL, COUNTY OF LA W81

a.) JILL JANOTTA

b.) • INEFFECTIVE ASSISTANCE OF COUNSEL
   • TRIAL BY DEFENDANT WHILE INSANE
   • LEGAL MALPRACTICE BY NEGLIGENCE

   • NEGLIGENCE
   • DENIAL OF FUNDAMENTAL RIGHT
   • NEGLIGENCE
   • FALSE IMPRISONMENT

   • OUTRAGE
   • VIOLATION OF STATE/FEDERAL LAW
   • VIOLATION OF SUBSTANTIVE, PROCEDURAL, CONTINUOUS DUE Process
   • VIOLATION OF CAL CONST ART I
   • VIOLATION OF PLAINTIFF'S 4th, 5th, 6th, 9th, 14th AMENDMENT.


X: ON OR AROUND 11/1/22          C. WAYSIDE NORTH DETENTION CENTER
a.) SUP COURT OF CAL LAX ; RANCHO CUCAMONGA COURTHOUSE

b.) • FALSE IMPRISONMENT
   • UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT
   • VIOLATION OF CONTINUOUS DUE Process
   • ABUSE OF PROCESS
   • VIOLATION OF 5th, 6th, 14th, 9th, 4th AMENDMENT
   • MALICIOUS PROSECUTION
   • DENIAL OF FUNDAMENTAL RIGHT
   • VIOLATION OF STATE/FEDERAL LAW

105.

ON OR AROUND

XI : 11/1/22, 11/18/22, 1/21/23, 1/31/23     C. SUPERIOR COURT OF CAL, SAN BERNARDINO COUNTY, RANCHO CUCAMONGA COURT

a.) JEREMY GARRETT ₹ SUP. COURT OF CAL. RANCHO CUCAMONGA COURTHOUSE. FONTANA PROBATION

b.) • 4x NEGLIGENT MISREPRESENTATION

• 4x FALSE EVIDENCE

• 4x TRIAL BY DEFENDANT WHILE INSANE

• 4x NEGLIGENCE

• 4x INEFFECTIVE ASSISTANCE OF COUNSEL

• 4x LEGAL MALPRACTICE BY NEGLIGENCE

• 4x VIOLATION OF Substantive, Procedural, CONTINUOUS DUE Process

• LIBEL/SLANDER/DEFAMATION X4

• Abuse Of Process x4

• Abuse of Power x4

• OUTRAGE x4

• INVASION OF PRIVACY x4

• FALSE IMPRISONMENT x4

• FRAUD/DECEIT x4

• VIOLATION OF PLAINTIFF'S 4th, 5th, 6th, 9th, 14th AMENDMENT x4

• DENIAL OF FUNDAMENTAL RIGHT x4

• VIOLATION OF STATE/FEDERAL LAW x4

XII : (04/07/23)     C. WASCO STATE PRISON C-3 A-SIDE BUNK 127L APPX 6:00AM

a.) WASCO STATE PRISON, CDCR, CO RODRIGUEZ, SCOTT STANSELL #BT5782

b.) • ASSAULT
   • BATTERY
   • CRIMINAL THREATS
   • MISUSE OF FORCE
   • CRUEL AND UNUSUAL PUNISHMENT
   • DELIBERATE INDIFFERENCE
   • OUTRAGE
   • VIOLATION OF STATE/FEDERAL LAW
   • INVASION OF PRIVACY
   • OUTRAGE
   • VIOLATION OF PLAINTIFF'S 5th, 8th, AND 9th, 14th AMENDMENT
   • RESPONDEAT SUPERIOR
   • VIOLATION OF STATE/FEDERAL LAW/TITLE·15.

XIII : (04/07/23)     C. WASCO STATE PRISON C-3 A-SIDE INSIDE DORM APPX 6:30 AM

a.) WASCO STATE PRISON, CDCR, CO RODRIGUEZ, SCOTT STANSELL #BT5782

b.) • CRIMINAL THREATS
   • CRUEL AND UNUSUAL PUNISHMENT
   • OUTRAGE
   • VIOLATION OF PLAINTIFF'S 5th, 8th, 14th AMENDMENT.
   • RESPONDANT SUPERIOR
   • VIOLATION OF STATE/FEDERAL LAW
   • VIOLATION OF TITLE- 15

107.

**XIV :** (04/07/23)   C. WASCO STATE PRISON C-3 YARD APPX 7:50 AM

a.) WASCO STATE PRISON, CDCR, CO RODRIGUEZ, SCOTT STANSELL, WSP INVESTIGATORS.

b.) • ASSAULT
   • BATTERY
   • MISUSE OF FORCE
   • CRUEL AND UNUSUAL PUNISHMENT
   • UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT
   • UNCONST. SEARCH AND SEIZURE
   • OUTRAGE
   • INVASION OF PRIVACY
   • STRIP CELL CONFINEMENT
   • NEGLIGENCE
   • VIOLATION OF STATE/FEDERAL LAW/TITLE-15
   • NEGLIGENT MISREPRESENTATION
   • ABUSE OF PROCESS/MALICIOUS PROSECUTION
   • VIOLATION OF PLAINTIFFS 5th, 4th, 6th, 8th, 9th, 14th AMENDMENT.

**XV :** ON OR AROUND (5-1-23 - 06-20-23).   C. AVENAL STATE PRISON YARD 3

a.) e. KOMAKI PSY, AVENAL STATE PRISON, CDCR, ASP STAFF/AUTHORITIES

b.) • MEDICAL MALPRACTICE x4
   • NEGLIGENCE x4
   • CRUEL AND UNUSUAL PUNISHMENT x4
   • FALSE IMPRISONMENT/STRIP CELL CONFINEMENT x1
   • UNCONST. CONDITIONS OF CONFINEMENT x1
   • OUTRAGE x4
   • DELIBERATE INDIFFERENCE x4
   • VIOLATION OF STATE/FEDERAL LAW/TITLE-15/BUS & PRO CODE.
   • VIOLATION OF PLAINTIFFS 4th, 5th, 8th, 9th, AND 14th AMENDMENT

108.

XVI : (06-20-23 TO 08-10-23)    C. PLEASANT VALLEY STATE PRISON Cell 102C ?/162C

a.) PLEASANT VALLEY STATE PRISON, JOHN DOE 1-4, CDCR, LEE PSY.

b.) • ASSAULT W/DEADLY X/ ea Def
   • BATTERY X/ ea def
   • CONSPIRACY X/ ea def
   • CRUEL AND UNUSUAL PUNISHMENT X3
   • EXCESSIVE FORCE X/
   • CRIMINAL THREATS X/
   • MISUSE OF FORCE X/
   • OUTRAGE X3
   • MEDICAL MALPRACTICE X3
   • DENIED MEDICAL TREATMENT X/
   • INVASION OF PRIVACY X/
   • STAFF ABUSE X/
   • UNCONST. CONDITIONS OF CONFINEMENT X/
   • 50 DAYS STRIP Cell CONFINEMENT, NO TABLET, DENIED LAW LIBRARY ACCESS.
   • RACIAL DISCRIMINATION/HATE CRIME X/
   • DENIED OUTSIDE MEDICAL Referral X/
   • DENIED MEDICAL RELEASE RECORDS X3
   • VIOLATION OF TITLE-15, STATE, FEDERAL LAW X3
   • VIOLATION OF PLAINTIFF'S 4th, 5th, 8th, 9th, 14th AMENDMENT. X3
   • VIOLATION OF DUE PROCESS X3

POTENTIAL DAMAGES  See VIA FEDERAL JURY

SCOTT STANSELL # BT5782, WSP, CO RODRIGUEZ
(I COMPENSATORY    II PUNITIVE)

a. ASSAULT
  I $20,000
  II $200,000

b. BATTERY
  I $20,000
  II $200,000

                      $1,760,000 +

c. CRIMINAL THREATS
  I $100,000
  II $1000,000

d. OUTRAGE
  I $40,000
  II $100,000

f. PAST, PRESENT, Future PAIN
  I $10,000
  II $100,000

e. KOMAKI, JOHN DOE 1-4, ASP, PUSP  SEverally/JOINTLY.
                                     each, AND OR SEPERATE.

a. MEDICAL MALPRACTICE
  I $950,000
  II

f. STRIP cell CONF.
  I $10,000
  II $100,000

b. ASSAULT
  I $20,000
  II $200,000

G. OUTRAGE
  I $10,000
  II $100,000

c. BATTERY
  I $20,000
  II $200,000

d. CRIMINAL THREATS
  I $100,000
  II $1,000,000

                    $12,000,000 +

                    $12,250,000 +

e. CONSPIRACY
  I $100,000
  II $1,000,000.

110.

POSSIBLE JURY (FEDERAL) AWARDS

# CONDITIONS DAMAGES

THE FOLLOWING INDICATES DAMAGE AWARD REQUESTED FOR
UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT:

1) DENIED MEDICAL/MENTAL HEALTH REFERRAL BY LEE, PVSP PSY 50 DAYS
   a) COMPENSATORY - $10,000
   b) PUNITIVE - $100,000

2) DENIED ACCESS TO BAC, MCC, EMC, AND ECC 6 MONTHS
   a.) COMPENSATORY - $10,000
   b.) PUNITIVE - $100,000

3) DENIED MEDICAL DOCUMENTS FOR WRIT OF HABEAS CORPUS 90 DAYS
   a.) COMPENSATORY - $25,000
   b.) PUNITIVE - $100,000

4) DENIED TABLET AND OTHER ENTERTAINMENT/INMATE APPLIANCES. 50-90 DAYS
   a) COMPENSATORY - $10,000
   b) PUNITIVE - $100,000

5) DENIED ACCESS TO LAW LIBRARY HINDERING COMPOSITION OF MY WRIT OF HABEAS CORPUS
   a) COMPENSATORY - $20,000
   b) PUNITIVE - $100,000

PG 111-

# EXHIBIT

(EXTRA SUPPORTING EVIDENCE)

28 USC 1746

COURT/DA/
UCLA PD FALSE REPORTS

III.

THE FOLLOWING REPORTS CONTAIN NUMEROUS

EXAMPLES OF FALSE EVIDENCE, TESTIMONY,

STATEMENTS OF VARYING QUALITY AND

QUANTITY OF MATERIAL VALUE. EXAMINATION

OF THIS FALSE EVIDENCE WILL REVEAL BEYOND

A REASONABLE DOUBT AND WITH PERFECT

CERTAINTY THEY WERE UTILIZED UNCONSTITUTIONALLY

AGAINST THE PLAINTIFF AND UTILIZED MALICIOUSLY

BY PROSECUTORS, THE DA, AND OTHER DEFENDANTS.

THANK YOU.

KARLIS RUBEN AUGUSTUS HOWARD #BT4328
PO BOX 901 YARD 1 140 147L ASP AVENAL, CA 93204

*112.*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO.: 1

THE PEOPLE OF THE STATE OF CALIFORNIA,

                   **Plaintiff**

vs

KARLIS RUBEN HOWARD

*FALSE NAME*

                   **Defendant**

| HEARING DATE | COURT-DEPT/DIV | COURT CASE NO./DEF. ID |
|---|---|---|
| 08/09/2022 | LAX / W31 | SA106853-01 |
| **JUDGE** | **ATTORNEY** | **PROSECUTOR** |
| BROUGHAM | LEONARD(PD) | MCILVAIN(DA) |
| **DPO** | | **AREA OFFICE** |
| NORTHERN/A31 | | SM |

**ADDRESS PRESENT**
3255 SAWTELLE BL.
LOS ANGELES, CA 90024

| BIRTH DATE | GENDER | ETHNICITY |
|---|---|---|
| 06/02/1992 | MALE | WHITE |

DRIVER'S LICENSE – EXPIRATION DATE: E2774011  06/02/2024

| PROBATION NO. | SID NO. | MAIN NO. |
|---|---|---|
| X- 2258100 | A37561995 | 45171365 |

citizenship status CITIZEN

ALIEN REGISTRATION NO.:  N/A

estimated days in jail this case:  15    Booking no.: 6408207

CUSTODY STATUS: REMANDED

RELEASE DATE:  UNKNOWN

### PRE-CONVICTION (PC 1203.7) REPORT

**RECOMMENDATION:**

☐ PROBATION        ☐ CDCR-DIV OF JUVENILE JUSTICE

☒ DENIAL
    ☐ COUNTY JAIL    ☐ DIAGNOSTIC STUDY
    ☒ STATE PRISON    ☐ WIC707.2
                    ☐ PC1203.03

☐ OTHER: _____        ☐ 730 EC

*FALSE CONCLUSION*

### PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNT 1: 273.5(A) PC (INJURING A SPOUSE, COHABITANT, BOYFRIEND, GIRLFRIEND OR CHILD'S PARENT AFTER SPECIFIED PRIOR)
SPECIAL ALLEGATIONS: 273.5(A) PC (PRIOR CONVICTION WITHIN 7 YEARS)

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
REFERRED PURSUANT TO PENAL CODE 1191.1.

| CONVICTED BY | DATE OF REFERRAL | COUNT(S) CONTINUED TO P&S |
|---|---|---|
| N/A | 07/26/2022 | COUNT 1 & SPECIAL ALLEGATION |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| UNKNOWN | POLICE REPORT, DISTRICT ATTORNEY PACKET, TCIS, JDIC, PIMS AND APS |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| 07/20/2022 | 2236 HOURS |

**DEFENDANT:**
(SEE PRIOR RECORD SECTION)

☒ N/A ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE
☐ ON FORMAL/SUMMARY PROBATION    ☐ PENDING NEW CASE
☐ PENDING PROBATION VIOLATION
☐ ON PRCS - REMAINING TIME
☐ ON SPLIT SENTENCE -     - REMAINING TIME    ☐ ON PAROLE - REMAINING TIME

| HOLDS WARRANTS |
|---|
| ☒ NO ☐ YES |

Prob. 10HP ( 05/2010)

113.

| | |
|---|---|
| **VICTIM:** | **SOURCES OF INFORMATION (THIS PAGE)**<br>☒ POLICE REPORT (S)    ☐ DISTRICT ATTORNEY<br>☐ VICTIM(S)    ☒ OTHER: DISTRICT ATTORNEY PACKET |

| NAME | COUNT(S) |
|---|---|
| AYLANA PARKS | COUNT 1 |

**INJURY: PROPERTY LOSS (TYPE / COST / ETC.)**
INJURIES REPORTED

| LOSS: ☒ YES ☐ NO | ESTIMATED LOSS<br>UNDETERMINED | RESTITUTION ALREADY MADE<br>UNKNOWN | APPLIED FOR VICTIM RESTITUTION FUND<br>☒ UNK  ☐ YES  ☐ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

ON AUGUST 4, 2022, THIS DEPUTY ATTEMPTED TO CONTACT THE VICTIM TELEPHONICALLY BUT WAS UNSUCCESSFUL. ACCORDING TO THE POLICE REPORT, THE VICTIM SUFFERED MINOR INJURIES AS A RESULT OF THE INCIDENT.

A VICTIM NOTIFICATION LETTER WAS MAILED TO THE VICTIM PURSUANT TO PENAL CODE 1191.1.

| RESTITUTION | TOTAL NUMBER OF VICTIMS<br>ONE | ESTIMATED LOSS TO ALL VICTIMS<br>UNDETERMINED | VICTIM(S) NOTIFIED OF HEARING PURSUANT TO PC 1191.1<br>☒ YES ☐ NO ☒ NOTIFIED BY MAIL /I/O |
|---|---|---|---|
| **DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION:**<br>☐ YES  ☐ NO  ☒ UNKNOWN (NOT INTERVIEWED) | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO.<br>UNKNOWN | |

☐ **ADDITIONAL VICTIM NEXT PAGE**

Probation Department's Official Copy – Date Prepared: 08/09/2022

*114.*

**PRIOR RECORD:**

| SOURCES OF INFORMATION (THIS PAGE) | | |
|---|---|---|
| ☒ CII | ☒ APS | ☒ TCIS |
| ☒ CCHRS | ☒ DMV | ☒ DEFENDANT |
| ☒ CWS | ☒ JAIN | ☒ PPT+ |
| ☒ FBI | ☒ SRF | ☒ PIMS |
| ☒ OTHER: BOOKING | | |

**AKAs:**

HOWARD, KARLIS RUBEN; HOWARD, KALIS RA

**CRIMINAL REGISTRATION INFORMATION:**

| OFFENDER REGISTRATION | REGISTRATION REQUIRED DUE TO PRIOR CONVICTION | REGISTRATION REQUIRED IF CONVICTION OCCURS ON THE INSTANT CHARGE |
|---|---|---|
| SEX OFFENDER PC 290 PC | ☐ | ☐ |
| DRUG OFFENDER H&S 11590 | ☒ | ☐ |
| ARSON OFFENDER PC 457.1 | ☐ | ☐ |
| CRIMINAL STREET GANG PC 186.30 | ☐ | ☐ |

**JUVENILE HISTORY:**

INFORMATION IS NOT AVAILABLE THROUGH PROBATION DEPARTMENT INQUIRY FIVE YEARS AFTER JUVENILE PROBATION ACTIVITY HAS BEEN TERMINATED, AND CII RECORDS REFLECT NO PRIOR JUVENILE RECORD.

**ADULT HISTORY:**

07/10/2016     RICHFIELD HIGHWAY CONTROL – COUNT 1: 53-3-227(3)(B) (USE OF DRUG PARAPHERNALIA); 11/02/2016, SEVIER COUNTY COURT, CASE NUMBER 161000297, CONVICTED, MISDEMEANOR, SENTENCE: FINE

CASO - PASADENA STATION – COUNT 1: 487(A) PC (GRAND THEFT: MONEY/LABOR PROPERTY): 3-6-01, PASADENA SUPERIOR COURT, CASE NUMBER GA044607-01, CONVICTED – COUNT 1: 487(A) PC (GRAND THEFT: MONEY/LABOR/PROPERTY), FELONY – SENTENCE: 3 YEAR FORMAL PROBATION, 365 DAYS JAIL.

*FALSE*

1-18-01     LAPD – METRO JAIL – COUNT 1: 487(A) PC (GRAND THEFT: MONEY/LABOR/PROPERTY): 3-26-01, WEST COVINA SUPERIOR COURT, CASE NUMBER KA050934-01, CONVICTED – COUNT 1: 487(A) PC (GRAND THEFT: MONEY/LABOR/PROPERTY), FELONY – SENTENCE: 5 YEARS FORMAL PROBATION, 180 DAYS JAIL, ALL WORK PROGRAM, IMPOSITION

*FALSE*

- 4 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

115.

1 FALSE OF SENTENCE SUSPENDED – 9-24-02, PROBATION REVOKED – SENTENCE: 16 MONTHS PRISON – 10-16-02, DELIVERED TO THE DEPARTMENT OF JUSTICE – CDC NUMBER C70616 – 5-8-03, PAROLED.

2

3 12-20-04 PASADENA PD – COUNT 1: 666 PC (PETTY THEFT WITH PRIORS): 4-14-05, PASADENA SUPERIOR COURT, CASE NUMBER GA060301-01, CONVICTED – COUNT 1: 666 PC (PETTY THEFT WITH PRIORS), FELONY – SENTENCE: 3 YEARS FORMAL PROBATION, 264 DAYS JAIL – 3-29-06, BENCH WARRANT ISSUED AND RECALLED – SENTENCE: 16 MONTHS PRISON – 6-30-05, DELIVERED TO THE DEPARTMENT OF JUSTICE WITH NEW TERM – 8-2-06, PAROLED – 11-9-07, RETURNED TO CUSTODY – 5-11-08, PAROLED – 4-29-10, DISCHARGED.

4

5 FALSE

6

7

8 8-3-10 PASADENA PD – COUNT 1: 459 PC (BURGLARY: FIRST DEGREE) – COUNT 2: 459 PC (BURGLARY DEGREE NOT LISTED): 12-6-10, PASADENA SUPERIOR COURT, CASE NUMBER GA080790-01 – CONVICTED – COUNT 1: 459 PC (BURGLARY: FIRST DEGREE), FELONY – SENTENCE: 2 YEARS PRISON – COUNT 2: 459 PC (BURGLARY, DEGREE NOT LISTED), FELONY – SENTENCE: 8 MONTHS PRISON, CONSECUTIVE TO COUNT 1 – 12-22-10, DELIVERED TO THE DEPARTMENT OF CORRECTIONS – CDC NUMBER AF7969 – 10-27-12, PAROLED.

9

10 FALSE

11

12 2-3-12 CASO - SAN BERNARDINO SD – COUNT 1: 11377(A) H&S (POSSESS CONTROLLED SUBSTANCE): 6-25-12, SAN BERNARDINO SUPERIOR COURT, CASE NUMBER FWV1200290, CONVICTED – COUNT 1: 11377(A) H&S (POSSESS CONTROLLED SUBSTANCE), FELONY – SENTENCE: 2 YEARS AND 8 MONTHS PRISON – 7-17-12, DELIVERED TO THE DEPARTMENT OF CORRECTIONS – CDC NUMBER AF7969 – 11-5-12, DISCHARGED.

13

14 FALSE

15

16 2-26-13 LAPD – METRO – METRO JAIL – COUNT 1: 10851(A) VC (TAKE VEHICLE WITHOUT OWNER'S CONSENT/VEHICLE THEFT). COUNT 2: 2800.2(A) VC (EVADE PEACE OFFICER: DISREGARD SAFETY): 3-4-13, LOS ANGELES METRO SUPERIOR COURT, CASE NUMBER VA408360-01, CONVICTED – COUNT 1: 10851(A) VC (TAKE VEHICLE WITHOUT OWNER'S CONSENT/VEHICLE THEFT), FELONY – SENTENCE: 2 YEARS PRISON – COUNT 2: 2800.2(A) VC (EVADE PEACE OFFICER: DISREGARD SAFETY), A FELONY – SENTENCE: 2 YEARS PRISON – 3-21-13, DELIVERED TO THE DEPARTMENT OF CORRECTIONS – CDC NUMBER AN7963 – 2-12-14, 3451(A) PC (POST RELEASE COMMUNITY SERVICE) – EXPIRATION DATE: 2-11-17, X1780169 – POST RELEASE CASE NUMBER PB022109.

17

18

19 FALSE

20

21

22 8-5-14 PASADENA PD – COUNT 1: 2800.2(A)VC (EVADING PEACE OFFICER); 08-26-2014, LOS ANGELES COURT, CASE NUMBER GA094188-01, CONVICTED, FELONY, SENTENCE: 3 YEARS STATE PRISON

23 FALSE

24 8-27-14 ONTARIO PD - COUNT 1: 273.5(A) PC (DOMESTIC VIOLENCE WITH INJURY); 06-17-2015, SAN BERNARDINO COURT, CASE NUMBER FWV1403887, CONVICTED, MISDEMEANOR, SENTENCE: 36 MONTHS SUMMARY PROBATION AND 112 DAYS JAIL

25 FALSE

26

27 1-25-17 LAPD / NORTHEAST – COUNT 1: 2800.2VC (EVADE PEACE OFFICER), COUNT 2: 18051(A) VC (VEHICLE THEFT); 4-20-19, LOS ANGELES COURT, CASE NUMBER, BA453980-01, CONVICTED, FELONY, SENTENCE: COUNT 1: 2 YEARS STATE PRISON. COUNT 2: 6 YEARS STATE PRISON,

28 FALSE

PROB. 10HP ( 05/2010)

Probation Department's Official Copy – Date Prepared: 08/09/2022

116.

**DEFENDANT'S STATEMENT:** IN ACCORDANCE WITH THE COURT'S ORDER PROHIBITING PROBATION DEPARTMENT INTERVIEWS WITH DEFENDANTS FOR PRE-PLEA PROBATION REPORTS IN LOS ANGELES COUNTY, THE DEFENDANT IN THIS CASE HAS NOT BEEN INTERVIEWED.

**INTERESTED PARTIES:** ON AUGUST 21, 2014, THE UNDERSIGNED DEPUTY ATTEMPTED TO CONTACT THE INVESTIGATING DETECTIVE RIEHL WITH THE PASADENA POLICE DEPARTMENT TELEPHONICALLY ███████████ ), BUT HE WAS NOT AVAILABLE FOR COMMENT. A VOICE MAIL MESSAGE WAS LEFT FOR DETECTIVE RIEHL TO CONTACT THE UNDERSIGNED.

THE DEFENDANT HAS A POST RELEASE CASE LISTED IN PROBATION SYSTEMS UNDER CASE NUMBER PB02649-01, WHICH WAS GRANTED ON SEPTEMBER 9, 2020. THE DEFENDANT IS CURRENTLY ASSIGNED TO POST RELEASE SUPERVISION DEPUTY PROBATION OFFICER LOGAN; HOWEVER, HE WAS PLACED IN WARRANT STATUS IN JUNE 2022 FOR FAILURE TO REPORT. ACCORDING TO AVAILABLE RECORDS, THE DEFENDANT HAS BEEN UNCOOPERATIVE WITH THE POST RELEASE SUPERVISION PROGRAM AND HE HAS ABSCONDED PROBATION SEVERAL TIMES.

*FALSE*

**ADDITIONAL INFORMATION:** FOR FREE OR LOW COST MEDICAL SERVICES, FOOD, OR SHELTER, THE DEFENDANT SHOULD BE ADVISED TO CALL 2-1-1 FOR FURTHER INFORMATION.

**EVALUATION:** ACCORDING TO AVAILABLE RECORDS, THE DEFENDANT IS NO STRANGER TO THE JUDICIAL SYSTEM. AT THE COMMISSION OF THE INSTANT OFFENSE, THE DEFENDANT WAS IN WARRANT STATUS FOR A POST RELEASE COMMUNITY SUPERVISION VIOLATION. HIS CRIMINAL HISTORY IS EXTENSIVE AND DATES BACK TO JUVENILE SUSTAINED PETITIONS. HE HAS ALSO SERVED MULTIPLE PRISON TERMS. IT APPEARS PREVIOUS SANCTIONS OF THE COURT HAVE NOT DETERRED THE DEFENDANT FROM FURTHER ENGAGING IN CRIMINAL BEHAVIORS.

AT THIS JUNCTURE, THE DEFENDANT HAS BEEN ASSESSED AS BEING INELIGIBLE AND UNSUITABLE FOR PROBATION. HE CONTINUES TO DEMONSTRATE HE IS AN IMMEDIATE THREAT TO THE COMMUNITY. SHOULD THE DEFENDANT BE CONVICTED IN THE INSTANT

*FALSE*

- 10 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

117.

MATTER, IT IS RECOMMENDED HE BE SENTENCED TO STATE PRISON. THE FOLLOWING REPORT AND RECOMMENDATION IS RESPECTFULLY SUBMITTED FOR THE COURT'S REVIEW AND CONSIDERATION.

**SENTENCING CONSIDERATIONS:**

THE DEFENDANT IS INELIGIBLE FOR PROBATION PURSUANT TO 1203(K) PC

THE DEFENDANT IS INELIGIBLE FOR PROBATION PURSUANT TO 1203(E)(4)

PENAL CODE, UNLESS THE COURT DETERMINES THIS IS AN UNUSUAL CASE.

**CIRCUMSTANCES IN AGGRAVATION:**

1. THE CRIME INVOLVED GREAT VIOLENCE, GREAT BODILY HARM, THREAT OF GREAT BODILY HARM, OR OTHER ACTS DISCLOSING A HIGH DEGREE OF CRUELTY, VICIOUSNESS OR CALLOUSNESS.

2. THE MANNER IN WHICH THE CRIME WAS CARRIED OUT INDICATES PLANNING, SOPHISTICATION OR PROFESSIONALISM.

3. THE DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT OR SUSTAINED PETITIONS IN JUVENILE DELINQUENCY PROCEEDINGS ARE NUMEROUS OR OF INCREASING SERIOUSNESS.

4. THE DEFENDANT HAS SERVED A PRIOR PRISON TERM

5. THE DEFENDANT WAS ON PROBATION, MANDATORY SUPERVISION, POST RELEASE COMMUNITY SUPERVISION, OR PAROLE WHEN THE CRIME WAS COMMITTED.

6. THE DEFENDANT'S PRIOR PERFORMANCE ON PROBATION, MANDATORY SUPERVISION, POST RELEASE COMMUNITY SUPERVISION, OR PAROLE WAS UNSATISFACTORY.

**CIRCUMSTANCES IN MITIGATION:**

NONE

IF THE DEFENDANT IS CONVICTED AS CHARGED AND SENTENCED TO STATE PRISON, THE HIGH-BASE TERM IS APPROPRIATE.

FALSE

- 11 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

118.

**RECOMMENDATION:**

        SHOULD THE DEFENDANT BE CONVICTED, IT IS RECOMMENDED THAT PROBATION BE DENIED AND THAT THE DEFENDANT BE SENTENCED TO STATE PRISON WITH PREIMPRISONMENT CREDIT PURSUANT TO 1170(H)(3) PENAL CODE; THAT THE COURT ORDER THE DEFENDANT TO PAY A RESTITUTION FINE PURSUANT TO 1202.4 PENAL CODE IN A MANNER AS INSTRUCTED BY THE COURT/PROBATION OFFICER. TOTAL AMOUNT TO INCLUDE A SERVICE CHARGE.

PROB. 10HP ( 05/2010)

Probation Department's Official Copy – Date Prepared: 08/09/2022

119.

**RECOMMENDATION PURSUANT TO 1203.1 P.C:**

SHOULD THE DEFENDANT BE CONVICTED, IT IS RECOMMENDED THAT THE DEFENDANT BE ORDERED, PURSUANT TO PENAL CODE 1203.1B, TO APPEAR BEFORE THE PROBATION OFFICER, OR HIS AUTHORIZED REPRESENTATIVE, TO MAKE AN INQUIRY INTO THE ABILITY OF THE DEFENDANT TO PAY ALL OR A PORTION OF THE COSTS OR SERVICES PROVIDED BY THE PROBATION OFFICER, THAT THE DEFENDANT BE ORDERED TO REPORT TO THE PROBATION OFFICER WITHIN TWO (2) WORKING DAYS OF RELEASE FROM COURT OR CUSTODY AT THE FOOTHILL  AREA OFFICE AT █████████████████████ █████████████ .

**RESPECTFULLY SUBMITTED,**

**ADOLFO GONZALES**
**CHIEF PROBATION OFFICER**                                    READ AND APPROVED BY:

BY: _____          _____
KARLA NORTHERN, **DPO**                                      DEJUAN BLEDSOE, **SDPO**
TELEPHONE: (███████)                                         TELEPHONE: (███████)
POMONA VALLEY  AREA OFFICE

        SUBMITTED:       TYPED:        BY: KN:MC/PFMT  (     )

**I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.**

_____          _____
JUDGE OF THE SUPERIOR COURT                          DATE

        IF PROBATION IS GRANTED, THE DEFENDANT SHALL REPORT TO  FOOTHILL
AREA OFFICE AT █████████████████████ .

- 13 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

120.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 02

| | | | |
|---|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, **Plaintiff** | COURT – DEPT/DIV WE-W70 | ATTY. J. JANOTTA | JUDGE C. DYBWAD |
| | HEARING 10/19/2022 | DA J. MEGEE | COURT CASE NO./DEF. I.D. SA106853-01 |
| **vs.** | SID NO. A37561995 | BOOKING # 006408207 | |
| KARLIS RUBEN HOWARD    **Defendant** | PROBATION NO. X02258100 | | |
| | DPO M. HERNANDEZ | | AREA OFFICE P63HQ |

| | |
|---|---|
| CURRENT ADDRESS 3255 SAWTELLE BOULEVARD LOS ANGELES, CA. 90024 (PER TCIS) | ☒ IN CUSTODY ☐ OUT OF CUSTODY ☐ INSTRUCTED TO APPEAR BY: _____ ☒ NON-APPEARANCE |

CONVICTED OF:

☐ MISD:
☒ FELONY: COUNT 01: 273.5(A) PC (INJURING SPOUSE/COHABITANT/FIANCE/DATE/CHILD'S PARENT)

## FIREARMS RELINQUISHMENT INVESTIGATION REPORT

1

2

3  **REASON FOR HEARING:**

4  WHEN THE DEFENDANT LAST APPEARED BEFORE THE COURT, HE/SHE WAS NOTIFIED OF THE OBLIGATION TO SUBMIT THE COMPLETED "PROHIBITED PERSONS RELINQUISHMENT FORM" (PPRF)

5  TO THE PROBATION DEPARTMENT.

6  **RESULTS OF THE FIREARMS RECORDS CHECK WITH THE CALIFORNIA DEPARTMENT OF JUSTICE (DOJ) AND AVAILABLE RESOURCES REVEALED THE FOLLOWING:**

7  ON 10/13/2022, THE PROBATION DEPARTMENT CONDUCTED AN AUTOMATED FIREARMS SYSTEM

8  CHECK WITH THE DOJ AND REVIEWED AVAILABLE RECORDS.
☒ AS OF THE DATE OF THIS REPORT - ☐ YES ☒ NO - FIREARM(S), AMMUNITION OR AMMUNITION FEEDING DEVICE(S) IS/ARE REGISTERED TO THE DEFENDANT.

9  ☐ THE DEFENDANT HAS OWNERSHIP OR POSSESSION OF THE FOLLOWING: ☐ FIREARM(S); ☐ AMMUNITION; ☐ AMMUNITION FEEDING DEVICE(S). THE FOLLOWING IS REGISTERED UNDER THE

10  DEFENDANT'S DATE OF BIRTH          AND DRIVER'S LICENSE          OR SID NUMBER          .

11  SERIAL:                                        CALIBER:
MAKE:                                          DATE OF TRANSACTION:

12  MODEL:                                         STATUS OF FIREARM:

13

14  ☐ THE FIREARM(S) IS/ARE REGISTERED TO ANOTHER PERSON WHO RESIDES AT THE SAME ADDRESS.
☐ ADDITIONAL INFORMATION:

## THE DEFENDANT'S COMPLIANCE WITH THE REQUIREMENT TO RELINQUISH FIREARM(S):

☐ COMPLETED PPRF (SEE ATTACHED); ☐ INCOMPLETE PPRF (SEE ATTACHED); ☒ NO PPRF
☐ THE DEFENDANT AFFIRMED HE/SHE ☐ DOES ☐ DOES NOT - OWN, POSSESS OR HAVE UNDER HIS/HER CUSTODY OR CONTROL ANY FIREARM(S), AMMUNITION OR AMMUNITION FEEDING DEVICE(S) TO RELINQUISH.
☐ PER THE PPRF AND/OR "DESIGNEE FIREARM RELINQUISHMENT INFORMATION" FORM BOF 1024,
    HAS ACCEPTED THE RESPONSIBILITY AS THE DESIGNEE FOR THE DEFENDANT. BOF 1024 FORM RECEIVED BY THE PROBATION DEPARTMENT ON:                .
☐ ADDITIONAL INFORMATION:

## THE PROBATION OFFICER RECEIVED AND REVIEWED THE FOLLOWING:

☒ NOT APPLICABLE - AS OF THE DATE OF THIS REPORT, NO REGISTERED FIREARM(S).
☐ BASED ON THE "FIREARM DISPOSITION RECEIPT" FORM (BOF 1025) THE DEFENDANT OR DESIGNEE RELINQUISHED FIREARM(S), AMMUNITION OR AMMUNITION FEEDING DEVICE(S) TO:
        ☐ LOCAL LAW ENFORCEMENT AGENCY
        ☐ TRANSFERRED FOR STORAGE/SOLD TO A CERTIFIED FIREARMS DEALER
        ☐ ATTACHED "REPORT OF FIREARM STORAGE FOR PROHIBITED PERSON" FORM (BOF 992)
SUPPORTING RECEIPT (S): ☐ SALES; ☐ STORAGE; ☐ TRANSFER; ☐ OTHER
☐ ADDITIONAL INFORMATION:

## LOST OR STOLEN:

☒ NOT APPLICABLE - AS OF THE DATE OF THIS REPORT, NO LOST OR STOLEN FIREARM(S).

☐ VERIFIED THROUGH DOJ/PROOF ATTACHED: ☐ YES        ☐ NO

## FIREARMS PROHIBITION(S):

☐ THE DEFENDANT HAS A MENTAL HEALTH FIREARM PROHIBITION THAT EXPIRES ON:
☐ THE DEFENDANT HAS        PROTECTIVE ORDERS.
  CASE#:        AND EXPIRATION DATE:

## FINDINGS:

THE DEFENDANT ☐ COMPLIED   ☒ DID NOT COMPLY - WITH THE OBLIGATION TO SUBMIT THE COMPLETED PPRF TO THE PROBATION DEPARTMENT PURSUANT TO PENAL CODE 29810.

THE DEFENDANT ☐ COMPLIED   ☐ DID NOT COMPLY - WITH THE REQUIREMENTS TO RELINQUISH ALL FIREARM(S), AMMUNITION, AND OR AMMUNITION FEEDING DEVICE(S) UNDER THE DEFENDANT'S CONTROL PURSUANT TO PENAL CODE 29810, SECTION 5.

☐ ADDITIONAL INFORMATION:

IF PROBATION IS GRANTED, THE DEFENDANT IS ORDERED TO REPORT TO THE SANTA MONICA AREA OFFICE ███████████████████████

RESPECTFULLY SUBMITTED,

- 2 – (KARLIS RUBEN HOWARD - X02258100)
PROB 1638/PROP 63 (REV. 3/19)
PEDMS_M_V1.0 (01/2020)

122.

ADOLFO GONZALES
CHIEF PROBATION OFFICER

READ AND APPROVED BY:

BY: _____          _____
MONICA HERNANDEZ, DPO                     FRANK JUAREZ, SDPO
TELEPHONE: ███████████                    TELEPHONE: (███████████
PROP63 HEADQUARTERS

SUBMITTED: _____ -TYPED: _____ BY: _____

I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.

_____          _____
JUDGE OF THE SUPERIOR COURT                        DATE

- 3 – (KARLIS RUBEN HOWARD - X02258100)
PROB 1638/PROP 63 (REV. 3/19)
PEDMS_M_V1.0 (01/2020)

123.

| | |
|---|---|
| 1 | **PERSONAL HISTORY:** |

SOURCES OF INFORMATION (THIS PAGE)
☒ PROBATION RECORDS ☐ POLICE REPORT (S)
☐ DEFENDANT ☐ COURT RECORDS
☐ O.R. REPORT ☒ OTHER: CII; CCHRS; SAN BERNARDINO COUNTY COURT RECORDS

**SUBSTANCE ABUSE:**

– NO RECORD, INDICATION, OR ADMISSION OF ALCOHOL OR CONTROLLED SUBSTANCE ABUSE.

– OCCASIONAL SOCIAL OR EXPERIMENTAL USE OF _____ ACKNOWLEDGED.

X SEE ADDITIONAL INFORMATION BELOW: INDICATION / ADMISSION OF SIGNIFICANT SUBSTANCE ABUSE PROBLEM.

**ADDITIONAL INFORMATION:**

ACCORDING TO AVAILABLE RECORDS, THE DEFENDANT HAS A PRIOR CONVICTION FOR A DRUG-RELATED OFFENSE.

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

X NO INDICATION OR CLAIM OF SIGNIFICANT PHYSICAL / MENTAL / EMOTIONAL HEALTH PROBLEM.

– SEE ADDITIONAL INFORMATION BELOW: INDICATION / CLAIM OF SIGNIFICANT PHYSICAL / MENTAL / EMOTIONAL HEALTH PROBLEM.

**ADDITIONAL INFORMATION:**

THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION REGARDING THIS SECTION IS UNKNOWN.

Probation Department's Official Copy – Date Prepared: 08/09/2022

124.

**PERSONAL HISTORY:**
(CONTINUED)

| SOURCES OF INFORMATION (THIS PAGE) | |
|---|---|
| ☒ PROBATION RECORDS | ☐ POLICE REPORT (S) |
| ☐ DEFENDANT | ☐ COURT RECORDS |
| ☐ O.R. REPORT | ☒ OTHER: CCHRS |

| RESIDENCE | TYPE RESIDENCE | LENGTH OF OCCUPANCY | MONTHLY RENT / MORTGAGE | RESIDES WITH/RELATIONSHIP |
|---|---|---|---|---|
| | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

| RESIDENTIAL STABILITY LAST FIVE YEARS | CAME TO STATE / FROM | CAME TO COUNTY / FROM |
|---|---|---|
| UNKNOWN | NATIVE | NATIVE |

**ADDITIONAL INFORMATION:**

ACCORDING TO AVAILABLE RECORDS, THE DEFENDANT WAS BORN IN THE STATE OF CALIFORNIA.

| MARRIAGE / PARENTHOOD | MARITAL STATUS | NAME OF SPOUSE / COHABITANT |
|---|---|---|
| | UNKNOWN | UNKNOWN |

| LENGTH OF UNION | NO. OF CHILDREN THIS UNION | SUPPORTED BY |
|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN |

| NO. PRIOR MARRIAGES/COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN |

| NO. OF OTHER CHILDREN | SUPPORTED BY | |
|---|---|---|
| UNKNOWN | UNKNOWN | |

**ADDITIONAL INFORMATION:**

THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION REGARDING THIS SECTION IS UNKNOWN.

**FORMAL EDUCATION:**          THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION REGARDING THIS SECTION IS UNKNOWN.

125.

| **PERSONAL HISTORY:**<br>(CONTINUED) | SOURCES OF INFORMATION (THIS PAGE)<br>☒ PROBATION RECORDS  ☒ POLICE REPORT (S)<br>☐ DEFENDANT  ☐ COURT RECORDS<br>☐ O.R. REPORT  ☐ OTHER: |
|---|---|

| **EMPLOYMENT STATUS** | ☐ EMPLOYED<br>☒ UNEMPLOYED | EMPLOYER AWARE OF PRESENT OFFENSE<br>☒ N/A  ☐ YES  ☐ NO | |
|---|---|---|---|
| PRESENT/LAST EMPLOYER/ADDRESS/PHONE<br><br>UNKNOWN | OCCUPATION<br>UNKNOWN | PERIOD OF EMPLOYMENT<br>UNKNOWN | GROSS MONTHLY WAGE<br>UNKNOWN |
| | EMPLOYMENT STABILITY LAST 5 YEARS<br>UNKNOWN | TYPE OF PREVIOUS EMPLOYMENT<br>UNKNOWN | |

☐ VERIFIED ☐ UNVERIFIED

**ADDITIONAL INFORMATION:**  THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION
REGARDING THIS SECTION IS UNKNOWN.

| **FINANCIAL STATUS** | INCOME STABILITY<br>UNKNOWN | | NET MONTHLY INCOME<br>UNKNOWN |
|---|---|---|---|
| PRIMARY INCOME SOURCE<br>UNKNOWN | SECONDARY INCOME SOURCE(S)<br>UNKNOWN | ESTIMATED. TOTAL ASSETS<br>UNKNOWN | ESTIMATED. TOTAL LIABILITIES<br>UNKNOWN |
| MAJOR ASSETS / ESTIMATED VALUE<br>UNKNOWN | | | |
| MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)<br>UNKNOWN | | | |

**ADDITIONAL INFORMATION:**  THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION
REGARDING THIS SECTION IS UNKNOWN.

| **GANG ACTIVITY** | ☐ YES ☐ NO ☒ UNK | Name of Gang: UNKNOWN |
|---|---|---|

**ADDITIONAL INFORMATION:**  THE DEFENDANT WAS NOT INTERVIEWED AND FURTHER INFORMATION
REGARDING THIS SECTION IS UNKNOWN.

Probation Department's Official Copy -- Date Prepared: 08/09/2022

126.

---

**GRANT OF PROBATION 1203 PC**

1. ☒ SERVE <u>365</u> DAYS IN THE LOS ANGELES COUNTY JAIL, ☐ CONCURRENT WITH _____ ☐ CONSECUTIVE TO _____ ☐ ALL TIME.
   DEFENDANT TO RECEIVE TOTAL CUSTODY CREDIT OF _____ DAYS  (CREDIT OF DAYS ACTUAL PLUS _____ DAYS GOOD TIME/WORK TIME).

2. ☐ SERVE _____ DAYS IN A ☐ RESIDENTIAL ☐ OUTPATIENT TREATMENT PROGRAM: _____ .    DEFENDANT TO BE RELEASED TO AN AUTHORIZED REPRESENTATIVE OF THAT PROGRAM AND IS TO COMPLY WITH ALL PROGRAM TERMS AND CONDITIONS. (013)
   IF DEFENDANT LEAVES OR IS DISCHARGED FROM THE PROGRAM PRIOR TO COMPLETION, DEFENDANT IS TO REPORT TO COURT ON THE NEXT COURT DAY. (013)

3. ☒ PAY A **FINE** IN THE SUM OF $_____ PLUS PENALTY ASSESSMENTS, OR SERVE _____ ADDITIONAL DAY (S) IN COUNTY JAIL, CONSECUTIVE.

4. ☒ MAKE **RESTITUTION TO VICTIM** PURSUANT TO PC 1202.4 (f) IN THE SUM OF $_____ . (048)    ADDITIONALLY, 10% PER ANNUM INTEREST PURSUANT TO PC 1202.4 (f) (3) (G).
   ☐ IN AN AMOUNT AND IN THE MANNER AS THE PROBATION OFFICER SHALL PRESCRIBE, SUBJECT TO A HEARING IF REQUESTED. (052/060)
   ☐ IN THE STIPULATED SUM OF $_____ . (051) ☐ IN A SUM STIPULATED NOT TO EXCEED $_____ . (055)

5. ☒ PERFORM <u>100</u> (DAYS) (HOURS) OF (CAL TRANS) (COMMUNITY SERVICE), COMPLETION DATE DUE _____ .(189, 190)

6. ☒ **OBEY ALL LAWS, RULES, REGULATIONS AND ORDERS OF THE COURT AND OF THE PROBATION DEPARTMENT.** (541/542)

7. ☐ **PARTICIPATE** IN A PROGRAM OF EDUCATION, TREATMENT OR REHABILITATION AIMED AT DRUG ABUSE, AS DIRECTED BY THE PROBATION OFFICER (539).

8. ☐ **COOPERATE WITH THE PROBATION OFFICER** IN A PLAN FOR _____ (530)

9. ☒ SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT AS DIRECTED BY THE PROBATION OFFICER. (500)

10. ☒ SUPPORT DEPENDENTS AS DIRECTED BY THE PROBATION OFFICER. (503)

11. ☒ REPORT TO THE PROBATION DEPARTMENT WITHIN <u>48</u> HOURS AFTER RELEASE FROM CUSTODY  FOOTHILL AREA OFFICE AT 300 E. WALNUT ST., RM. 200 PASADENA, CA 91101 (817)

12. ☒ **SUBMIT YOUR PERSON AND PROPERTY TO SEARCH AND SEIZURE** AT ANY TIME OF THE DAY OR NIGHT BY ANY PROBATION OFFICER OR OTHER PEACE OFFICER, WITH OR WITHOUT A WARRANT, PROBABLE CAUSE OR REASONABLE SUSPICION. (576)

13. ☒ **DO NOT OWN, USE, OR POSSESS ANY DEADLY OR DANGEROUS WEAPONS**, INCLUDING ANY FIREARMS, KNIVES OR OTHER CONCEALABLE WEAPONS. (934)
    ☐ *THIS PROHIBITION IS FOR 10 YEARS PER PENAL CODE SECTION 12021 (c) (1).*

14. ☐ **THE WEAPON INVOLVED IN THIS CASE** IS ORDERED CONFISCATED AND DESTROYED BY THE ARRESTING AGENCY. (234)

15. ☒ USE ONLY YOUR TRUE NAME, DATE OF BIRTH AND ADDRESS, AND DO NOT GIVE FALSE INFORMATION TO ANY PEACE OFFICER AT ANY TIME. (535)

16. ☐ IF YOU LEAVE THE COUNTRY, YOU SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY. IF YOU DO RETURN, REPORT TO THE PROBATION OFFICER WITHIN (3) DAYS, AND PRESENT DOCUMENTATION WHICH PROVES YOU ARE IN THE U.S. LEGALLY. (469)

17. ☐ **DO NOT OWN, USE, POSSESS, BUY OR SELL ANY CONTROLLED SUBSTANCES**, OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH VALID PRESCRIPTION, AND STAY AWAY FROM PLACES WHERE USERS, BUYERS, OR SELLERS CONGREGATE. DO NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE CONTROLLED SUBSTANCE USERS OR SELLERS, EXCEPT IN AN AUTHORIZED TREATMENT PROGRAM. (926)

18. ☐ **SUBMIT TO PERIODIC CONTROLLED SUBSTANCE TESTING** WHEN REQUESTED BY THE PROBATION OFFICER OR ANY OTHER PEACE OFFICER. (584)

19. ☐ **REGISTER** WITH YOUR LOCAL POLICE AGENCY AS A ☐ CONTROLLED SUBSTANCE – H&S 11590 (925) ☐ SEX - PC 290 (927) ☐ ARSON - PC 457.1 (902) ☐ GANG MEMBER – PC 186.30 (877) OFFENDER, CARRY PROOF OF REGISTRATION AT ALL TIMES, AND DISPLAY REGISTRATION TO ANY PEACE OFFICER UPON REQUEST.

20. ☐ ABSTAIN FROM THE PURCHASE, POSSESSION AND CONSUMPTION OF ALL ALCOHOL AND ALCOHOLIC BEVERAGES AND STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEM OF SALE. (350)

21. ☒ NOT USE FORCE OR VIOLENCE ON THE VICTIM (418)

22. ☒ DO NOT USE OR THREATEN TO USE FORCE OR VIOLENCE AGAINST ANY PERSON. DO NOT ANNOY, HARASS OR, MOLEST ANY PERSON OR WITNESS INVOLVED IN THIS CASE ESPECIALLY

- 14 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

Probation Department's Official Copy – Date Prepared: 08/09/2022

127.

23. ☒ DO NOT HARASS, BOTHER, MOLEST, ANNOY OR COMMUNICATE WITH AND STAY AWAY FROM SAID PERSON (S), THEIR RESIDENCE OR PLACE OF EMPLOYMENT. (413)

24. ☒ STAY _____ 100 YARDS AWAY FROM AND HAVE NO CONTACT (904)

25. ☐ STAY AWAY FROM LOCATION OF ARREST. (904) ☒ STAY AWAY FROM

26. ☒ ENROLL WITHIN 30 DAYS IN AND SUCCESSFULLY COMPLETE A 52 WEEK BATTERER'S TREATMENT PROGRAM BY THE PROBATION DEPARTMENT. ATTEND ALL COUNSELING SESSIONS, KEEP ALL PROGRAM APPOINTMENTS AND PAY ALL PROGRAM FEES IN ACCORDANCE WITH DEFENDANT'S ABILITY TO PAY. (369)

27. ☐ OBEY THE PROTECTIVE ORDER ISSUED IN THIS OR ANY OTHER CASE. (579) ☐ DEFENDANT SERVED WITH A COPY OF THE PROTECTIVE ORDER IN OPEN COURT. (578)

28. ☐ PROVIDE A DNA SAMPLE AND PALM PRINTS IMPRESSION PURSUANT TO PC SECTIONS 296 AND 296.1 (790)

29. ☒ **PAY ALL OF THE FOLLOWING (CHECK ALL THAT APPLY):**
   ☒ **A RESTITUTION FINE** OF A MINIMUM OF $200.00 CALCULATED PER 1202.4 (b)-(e) AND A 10% RESTITUTION FINE SERVICE CHARGED PER 1202.4 (l).
   ☒ **A PROBATION REVOCATION RESTITUTION FINE** IN THE SAME AMOUNT AS THE RESTITUTION FINE, PER PC 1202.44, PAYMENT IS STAYED UNTIL PROBATION IS REVOKED AND SENTENCE IMPOSED. (107)
   ☒ **A PAROLE REVOCATION RESTITUTION FINE** IN THE SAME AMOUNT AS THE RESTITUTION FINE, PER PC SECTION 1202.44, PAYMENT IS STAYED UNTIL PAROLE IS REVOKED AND YOU ARE RETURNED TO PRISON. (106)
   ☐ **LAB ANALYSIS** THE DEFENDANT IS TO PAY A FINE IN THE AMOUNT OF $50.00 (11372.5 HEALTH &SAFETY, LAB ANALYSIS) PLUS A PENALTY ASSESSMENT OF $85.00 ($50.00 PURSUANT TO SECTION 1464 OF THE PENAL CODE AND $35.00 SECTION 76000 GOVERNMENT CODE) (184)
   ☒ **A COURT SECURITY FEE** OF $30.00 PER PC 1465.8(A) (l) {PER COUNT}. (SF)
   ☒ **A CRIMINAL CONVICTION/FACILITIES ASSESSMENT** OF $30.00 PER GOVT. CODE SECTION 70373 (a) GC. (CC)
   ☐ **A DRUG PROGRAM** OF $150.00 (PER DRUG COUNT EXCEPT 11357 (B) H&S) PER HEALTH AND SAFETY CODE SECTION 11372.7 (a).
   ☒ **A CRIME PREVENTION FINE** OF $10.00 PER PENAL CODE SECTION 1202.5 (PC THEFT-RELATED AND VANDALISM CASES) (CP)
   ☐ **A SEX OFFENDER FINE** OF ☐ $300.00 (1ST OFFENSE) ☐ $500 (2ND AND SUBSEQUENT OFFENSES) PER PENAL CODE 290.3, PLUS PENAL ASSESSMENT.
   ☐ **A DOMESTIC VIOLENCE PAYMENT** OF ☐ $400.00 ☐ $ _____ PER PENAL CODE SECTION 1203.097 (a)(5). ($400.00 MINIMUM)
   ☐ **A DEJ RESTITUTION FINE** OF $ _____ PER PENAL CODE SECTION 1001.90/PENAL CODE SECTION 1001.3. (112)

30. ☐ _____

- 15 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

128.

| **PRESENT OFFENSE:** (CONTINUED) | | SOURCES OF INFORMATION (THIS PAGE) ☒ POLICE REPORT (S)    ☐ DISTRICT ATTORNEY ☐ COURT RECORDS  ☒ OTHER: DISTRICT ATTORNEY PACKET | | | |
|---|---|---|---|---|---|
| **ARREST DATE** 07/21/2022 | **TIME** 1404 HOURS | **BOOKED AS** KARLIS HOWARD | **OFFENSE** 273.5(A) PC | **LOCATION OF ARREST** 3235 SAWTELLE BL. LOS ANGELES, CA | **ARRESTING AGENCY** UCLA PD |
| **CO-DEFENDANT(S)** NONE | | | **COURT CASE NO.** N/A | **DISPOSITION** N/A | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

THE DEFENDANT ALLEGEDLY COMMITTED THE CRIME OF INJURING A SPOUSE, COHABITANT, BOYFRIEND, GIRLFRIEND OR CHILD'S PARENT AFTER SPECIFIED PRIOR.

VICTIM AYLANA PARKS AND DEFENDANT KARLIS HOWARD HAVE BEEN IN A DATING RELATIONSHIP FOR APPROAXIMATELY ONE AND A HALF YEARS WITH AN EIGHT-MONTH OLD DAUGHTER IN COMMON. PARKS IS ALSO CURRENTLY FOUR MONTHS PREGNANT WITH THE COUPLE'S SECOND CHILD. ON JULY 20, 2022, THE COUPLED WAS ENGAGED IN A VERBAL ALTERCATION WHEN HOWARD BECAME UPSET AND STRANGLED PARKS THEN THREW HER TO THE GROUND. HOWARD FLED THE APARTMENT. OFFICERS RESPONDED TO THE LOCATION AND MADE CONTACT WITH HOWARD. WHEN OFFICERS INITIALLY ATTEMPTED TO DETAIN HOWARD, HE FLED. OFFICERS WERE EVENTUALLY ABLE TO APPREHEND HOWARD AND SUBSEQUENTLY ARREST HIM ON THE INDICATED CHARGE.

- 2 - (HOWARD – X02258100)
PROB. 10HP (05/2010)

Probation Department's Official Copy – Date Prepared: 08/09/2022

129.

(THIS REFERS TO ACTIVE PRCS CASE)

**DNA**

☒ CII RECORDS INDICATE A VERIFIED DNA SAMPLE IS ON FILE WITH THE CAL-DNA DATA BANK.

☐ CII RECORDS DO NOT INDICATE THAT A DNA SAMPLE HAS BEEN COLLECTED.

☐ SHOULD DEFENDANT BE CONVICTED OF THE INSTANT FELONY CHARGES, THERE IS A REQUIREMENT PURSUANT TO 296 P.C. THAT DEFENDANT WILL NEED TO PROVIDE A DNA SAMPLE.

☐ OTHER:

- 6 - (HOWARD – X02258100)
PROB. 10HP ( 05/2010)

Probation Department's Official Copy – Date Prepared: 08/09/2022

CASE SUPPLEMENTAL REPORT

Printed: 07/22/2022 13:57

130.

*U C L A Police Department*

OCA: *221313*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *OPEN*        Case Mng Status: *2 PRIORITY INVESTIGATION*        Occured: 07/20/2022

Offense: *INFLICT CORPORAL INJURY /AGGRAVATED*

Investigator: *MEMBRENO, J. (38242)*        Date / Time: *07/21/2022 18:46:55, Thursday*

Supervisor: *YOUNG, B. D. (29400)*        Supervisor Review Date / Time: *07/21/2022 19:22:29, Thursday*

Contact:        Reference: *Supplemental Report*

---

I transported Howard to the UCPD station for booking.

MIRANDA INTERVIEW

Detective Freund read Howard his Miranda Admonishment of Rights in the UCPD booking area. Howard requested a lawyer and terminated the interview.

BOOKING/TRANSPORT

I booked (Booking #6408207) Howard for the following:
1. 237.5 PC - Domestic Violence
2. 148(a)(1) PC – Resist, Delay, Obstruct a Peace Officer

Howard was transported to the Los Angeles County Sheriff's Department Inmate Reception Center for custodial housing.

ADDITIONAL

Officer Schirner served Howard his copy of the Emergency Protective Order obtained by the victim. Officer Schirner packaged and booked Howard's cellphone and car key for safekeeping

28 USC 1746

131.

# AYLANA O. PARKS TESTIMONY ANALYSIS

THE FOLLOWING DOCUMENTS ARE THE 4 TESTIMONIES UTILIZED BY DEFENDANTS. Cross-EXAMINATION OF THESE TESTIMONIES reveals THEY ARE NOTHING MORE THAN FABRICATED LIES AND VARY GREATLY IN TERMS OF MATERIAL FACTORS OF GREAT QUALITY AND QUANTITY. THE 4 VERSIONS OF THIS TESTIMONY ARE FROM THE FOLLOWING SOURCES:

① CASE SUPPLEMENTAL REPORT- REPORT CONDUCTED BY UCLA POLICE ON 07/20/22.

② DV-100 Form "FAMSB2205763"- Form FILED BY PARKS, DEFENDANT IN COUNTY OF SAN BERNARDINO ON 08/01/22.

③ Preliminary Direct EXAMINATION- DEFENDANTS Testimony ON THE STAND Dept w31 LAX Court 08/15/22.

④ Preliminary CROSS-EXAMINATION- DEFENDANTS TESTIMONY TO QUESTIONS BY MELANIE SCHOENBERG DURING CROSS EXAMINATION IN LAX COURT DEPT 31 08/15/22.

FACT FINDERS OF THE COURT PLEASE REVIEW THESE 4 FALSE AND CONTR-ADICTING TESTIMONIES AND I PRAY YOU DETERMINE THEY ARE NEGLIGENTLY UTILIZED BY PROSECUTORS, CONSIST OF NUMEROUS CONTRADICTIONS, LIES, FALSE-HOODS AND were MALICIOUSLY USED AGAINST ME BY DEFENDANTS.

THANK YOU,

KARLIS RUDEN AUGUSTUS HOWARD #BT4524

**DV-109**   **Notice of Court Hearing**

*Clerk stamps date here when form is filed.*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG - 1 2022

BY _____
CRYSTAL BURTON, DEPUTY

① **Name of Person Asking for Order:**

Aylana Olivia Parks

Your lawyer in this case *(if you have one):*
Name: _____   State Bar No.: _____
Firm Name: _____
**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.)*
Address: 10730 Church Street #137
City: Rancho Cucamonga   State: Ca.   Zip: 91730
Telephone: _____   Fax: _____
E-Mail Address: _____

*Fill in court name and street address:*
**Superior Court of California, County of**

351 North Arrowhead Avenue
San Bernardino CA 92415

② **Name of Person to Be Restrained:**

Karlis Ruben Augustus Howard

*The court will fill out the rest of this form.*

*Court fills in case number when form is filed.*
**Case Number:**
FAMSB 2 2 0 5 7 6 3

③ **Notice of Hearing**

A court hearing is scheduled on the request for restraining orders against the person in ②:

Name and address of court if different from above:

**Hearing Date**   Date: 8/22/22   Time: 10:30
Dept.: S53   Room: _____

④ **Temporary Restraining Orders (Any orders granted are attached on form DV-110.)**

a. Temporary Restraining Orders for personal conduct and stay-away orders as requested in form DV-100, *Request for Domestic Violence Restraining Order,* are *(check only one box below):*

   (1) ☒ All **GRANTED** until the court hearing.

   (2) ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

   (3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

b. Reasons for denial of some or all of those personal conduct and stay-away orders as requested in form DV-100, *Request for Domestic Violence Restraining Order,* are:

   (1) ☐ The facts as stated in form DV-100 do not show reasonable proof of a past act or acts of abuse. (Family Code, §§ 6320 and 6320.5.)

   (2) ☐ The facts do not describe in sufficient detail the most recent incidents of abuse, such as what happened, the dates, who did what to whom, or any injuries or history of abuse.

   (3) ☐ Further explanation of reason for denial, or reason not listed above:

_____
_____

Judicial Council of California, www.courts.ca.gov
Rev. September 1, 2020, Mandatory Form
Family Code § 242
Approved by DOJ

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 1 of 3

DVRO  set 8/1/22 @ 10:30 m Dept  S 53

Case Number:

FAMSB 2 2 0 5 7 6 3

**(5)** **Confidential Information Regarding Minor**

a. ☐ A *Request to Keep Minor's Information Confidential* (form DV-160) was made and **GRANTED** *(see form DV-165, Order on Request to Keep Minor's Information Confidential, served with this form.)*

b. **If the request was granted, the information described on the order (form DV-165, item (7)) must be kept CONFIDENTIAL. The disclosure or misuse of the information is punishable as a sanction, with a fine of up to $1,000 or other court penalties.**

**(6)** **Service of Documents by the Person in (1)**

At least ☒ **five** ☐ _____ **days before the hearing**, someone age 18 or older—**not you or anyone to be protected**—must personally give (serve) a court file-stamped copy of this form (DV-109, *Notice of Court Hearing*) to the person in (2) along with a copy of all the forms indicated below:

a. DV-100, *Request for Domestic Violence Restraining Order* (file-stamped)

b. ☒ DV-110, *Temporary Restraining Order* (file-stamped) **IF GRANTED**

c. DV-120, *Response to Request for Domestic Violence Restraining Order* (blank form)

d. DV-120-INFO, *How Can I Respond to a Request for Domestic Violence Restraining Order?*

e. DV-250, *Proof of Service by Mail* (blank form)

f. ☐ DV-170, *Notice of Order Protecting Information of a Minor*, and DV-165, *Order on Request to Keep Minor's Information Confidential* (file-stamped), **IF GRANTED**

g. ☐ Other *(specify)*: _____

Date: _____ 8/1/22 _____ 

*Judicial Officer* CARLOS M. CABRERA, Judge

**Warning to Person in (1)**

- If item (4)a(2) or (4)a(3) is checked, the judge has denied some or all of the temporary orders you requested until the court hearing. The judge may make the orders you want after the court hearing. You can keep the hearing date, or you can cancel your request for orders so there is no court hearing.

- If you want to cancel the hearing, use form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order*. Fill it out and file it with the court as soon as possible. You may file a new request for orders, on the same or different facts, at a later time.

- If you cancel the hearing, do not serve the documents listed in item (6) on the other person.

- If you want to keep the hearing date, you must have all of the documents listed in item (6) served on the other person within the time listed in item (6).

- At the hearing, the judge will consider whether denial of any requested orders will jeopardize your safety and the safety of children for whom you are requesting custody or visitation.

- You must come to the hearing if you want the judge to make restraining orders or continue any orders already made. If you cancel the hearing or do not come to the hearing, any restraining orders made on form DV-110 will end on the date of the hearing.

**Case Number:**

FAMSB 2 2 0 5 7 6 3

## To the Person in ① :

- The court cannot make the restraining orders after the court hearing unless the person in ② has been personally given (served) a copy of your request and any temporary orders. To show that the person in ② has been served, the person who served the forms must fill out a proof of service form. form DV-200, *Proof of Personal Service*, may be used.

- For information about service, read form DV-200-INFO, *What Is "Proof of Personal Service"?*

- If you are unable to serve the person in ② in time, you may ask for more time to serve the documents. Read form DV-115-INFO, *How to Ask for a New Hearing Date.*

## To the Person in ② :

- If you want to respond in writing, mail a copy of your completed form DV-120, *Response to Request for Domestic Violence Restraining Order*, to the person in ① and file it with the court. You cannot mail form DV-120 yourself. Someone age 18 or older — **not you** — must do it.

- To show that the person in ① has been served by mail, the person who mailed the form must fill out a proof of service form. Form DV-250, *Proof of Service by Mail*, may be used. File the completed form with the court before the hearing and bring a copy with you to the hearing.

- For information about responding to a restraining order and filing your answer, read form DV-120-INFO, *How Can I Respond to a Request for Domestic Violence Restraining Order?*

- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested. You may bring witnesses and other evidence.

- **At the hearing, the judge may make restraining orders against you that could last up to five years.**

- **The judge may also make other orders about your children, child support, spousal support, money, and property and may order you to turn in or sell any firearms that you own or possess.**



### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

## —Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.

*Clerk's Certificate*
*[seal]*

Date: AUG 0 4 2022    Clerk, by _____ , Deputy

---

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 3 of 3

Case Number: FAMSB 2 2 0 5 7 6 3
6408207

## Automatic Orders That a Judge Can Make Right Away

**(29) No Guns, Other Firearms, or Ammunition**

If the judge grants you a restraining order, the person in ② must sell or turn in any firearms that they have or control. The person in ② would also be prohibited from buying firearms and ammunition.

**(30) Cannot Look for Protected People**

If the judge grants you a restraining order, the person in ② will not be allowed to look for the address or location of any person protected by the restraining order, unless the court finds good cause not to make this order.

**(31) Additional pages**

If you used additional paper or forms, enter the number of extra pages attached to this form: _____

**(32) Your signature**

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 07-25-2022

Aylana Olivia Parks
_Type or print your name_

_Sign your name_

**(33) Your lawyer's signature** _(if you have one)_

Date: _____

_____
_Lawyer's name_

_____
_Lawyer's signature_

## Your Next Steps

**❶ You must complete at least three additional forms:**
- Form DV-110, _Temporary Restraining Order (only items 1, 2 and 3)_
- Form DV-109, _Notice of Court Hearing (only items 1 and 2)_
- Form CLETS-001, _Confidential CLETS Information_
- **If you are asking for child custody and visitation,** you must complete form DV-105, _Request for Child Custody and Visitation Order_s and form DV-140, _Child Custody and Visitation Order._

**❷** Turn in your completed forms to the court. Find out when your forms will be ready for pick up.

**❸** Once you get your forms back from the court, have someone "serve" a copy of all forms on the person in ② . The sheriff or marshal can do this for free. Learn more about how to "serve" your papers and prepare for your court date: https://selfhelp.courts.ca.gov/sheriff-serves-your-request-restraining-order.

**❹** If you are asking for child support, spousal support, or lawyer's fees, you must also complete form FL-150, _Income and Expense Declaration._ If you are only asking for child support (item 23), you may be eligible to fill out a simpler form, FL-155. Read form DV-570 to see if you are eligible. Turn in your completed form to the court before your court date. You must also have someone mail or personally deliver a copy to the person in ②.

### This is not a Court Order.

Revised January 1, 2022

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 12 of 12

For your protection and privacy, please press the Clear This Form button after you have printed the form.  | Print this form | | Save this form | | Clear this form |

# REPORTING OFFICER NARRATIVE

| | | | OCA 22-1313 |
|---|---|---|---|
| *U C L A Police Department* | | | Date / Time Reported |
| Victim | Offense | | Wed 07/20/2022 22:36 |
| PARKS, AYLANA OLIVIA | INFLICT CORPORAL INJURY /AGGRAVATED | | |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Per 293 PC, the victim will be referred to as Victim for confidentiality.

SOURCE OF ACTIVITY:

On 07/20/22, Officer Realegeno #352 and I, Officer Salazar #358, were working as a police officers for the UCLA Police Department. We were wearing our full police uniforms and driving marked black and white police vehicle (#18). I was driving. We were assigned to patrol the UCLA campus, affiliated properties, and surrounding areas.

At approximately 2236 hours, we were dispatched to a domestic violence report at ████████████████. Dispatch advised us LAPD was on-scene with the victim, Aylana Victim, and the suspect, identified as Karlis Howard (DOB: 06/02/92) was no longer in the area. While en-route to the location, dispatch advised us Howard was on probation for 273.5 PC: Domestic Violence.

OBSERVATIONS/STATEMENTS:

Upon arrival, the Los Angeles Fire Department (LAFD) was on-scene to treat Victim. Victim had complained of pain to her head and neck. Victim briefly told us that Howard had strangled her and thrown her to the ground in the living room and kitchen of their apartment. Victim was transported by LAFD to the Ronald Reagan Medical Center (RRMC) for medical treatment. I photographed the living room and kitchen area of Victim' apartment.

I spoke to the reporting party, Hyung Kim, and he told me the following in summary:

At approximately 2130 hours, Kim was walking his dog near the entrance of 3310 Sawtelle Boulevard. Kim saw a large male subject run out of the entrance of 3310 Sawtelle Boulevard and run towards the parking garage. The male subject appeared panicked. Shortly after, Kim saw Victim looking over the third-floor hallway and screaming for help. Victim told Kim that she was strangled by Howard and to call 911. Another unknown neighbor came and took a photograph of redness on Victim's neck. The neighbor later sent me the photograph and I uploaded it onto the UCPD shared drive.

Officer Realegeno and I met Victim at RRMC. Victim told us the following in summary:

Victim and Howard have been in a dating relationship for approximately one and a half years and are currently engaged. Victim has an eight-month-old daughter, Athena Howard, in common with Howard. Victim is also four months pregnant with another child in common with Howard. Howard is a UCLA student and they both live at ████████████████. Victim was aware that Howard had been arrested for domestic violence in the past involving his ex-wife. There have been several past incidents of domestic violence involving Victim which Victim had not reported to the police.

On an unknown date in April 2021, Victim and Howard were driving in an unknown area in Pomona, CA. Howard began to look at a black woman who was passing by their vehicle. Victim began accusing Howard of checking the woman out. Howard denied it and referred to the woman with a racial slur. Victim began to yell at Howard for using the racial slur. Howard pulled over the vehicle and told Victim to get out. Victim got out and began begging Howard to not leave her. Victim walked to the open driver side window and reached inside. Victim hand got stuck in the steering wheel as Howard began reversing his vehicle. Victim told Howard that she was stuck but Howard continued to reverse his vehicle. Victim was dragged by the vehicle an unknown distance, causing injuries to her legs. I saw



| Reporting Officer: SALAZAR, H. | Printed By: KAY, ITS-TEST  07/22/2022 13:57 | Page 3 |
|---|---|---|
| R_CS3NC | | |

*157.*

FAMSB 2 2 0 5 7 6 3

Case Number: 0408207

**FALSE / NEGLIGENT MISREPRESENTATION**

**6** **Has the person in ② abused you in a different way from the abuse you described in ⑤?**
**If yes, describe below.**

a. Date of abuse *(give an estimate if you don't know the exact date):* _____

b. Did anyone else hear or see what happened on this day?
☐ I don't know   ☐ No   ☐ Yes   *(If yes, give names):* _____

c. Did the person in ② use or threaten to use a gun or other weapon?
☐ No   ☐ Yes   *(If yes, describe gun or weapon):* _____

d. Did the person in ② cause you any emotional or physical harm?
☐ No   ☐ Yes   *(If yes, describe harm):* _____
_____
_____

e. Did the police come? ☐ I don't know   ☐ No   ☐ Yes *(If the police gave you a restraining order, list it in ④.)*

f. Give more details about how the person in ② was abusive on this day. Details can include what was said,done, or sent to you (examples: text messages, emails, or pictures), how often something happened, etc.

~~Karlis would be playing video games and I wanted to him to go to family house with me Karlis then started~~
~~to say my family doesn't even want me (Aylana) around and how my failmy hasn't called and they don't care~~
~~about me. Karlis went on to say I was nothing to him and that I was just having his baby. And would call me a~~
~~nigger.~~
He went to leave and I followed Karlis to the car i had put my hand on the wheel thinking he would not leave
and Karlis punched the gass padel dragging me 50 yards and I could not get loose I was 8 months pregnant at
the time. I sutanined road rash and laserations to my left leg, foot and knee area. I fell loose got myself
together and went home. i got my neighbor for help and fainted but came too a few seconds after.
_____
_____
_____

g. How often has the person in ② abused you like this?
☑ Just this once   ☐ 2–5 times   ☐ Weekly   ☑ Other: Emotion abuse was weekly
Give dates or estimates of when it happened, if known:
Car dragging happened once.


**This is not a Court Order.**

FAMSB 2 2 0 5 7 6 3

Case Number: 6408207

④ **Describe abuse to you or your children.**

Has the person in ② abused you (or your children) other times?

a.  Date of abuse: 9-2021

b.  Who was there? Aylana Parks

c.  Describe how the person in ② abused you or your children:
    Car to dragg me and would not stop I was eight months pregnant

d.  Describe any use or threatened use of guns or other weapons:
    Car

e.  Describe any injuries: Road Rash on my left leg with deep abrasions

f.  Did the police or other law enforcement come? ☒ No  ☐ Yes
    If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes  ☐ No  ☐ I don't know
    The Emergency Protective Order protects ☐ You ☐ The person in ②
    *Attach a copy of the Emergency Protective Order if you have one.*

⑤ **Describe abuse to you or your children.**
    See attached DV-101

☒ *Check here if you need more space. Attach a sheet of paper and write "DV-101—Description of Abuse" for a title.*

**Description of Abuse**
**(Domestic Violence Prevention)**

139.



NEGLIGENT MISREPRESENTATION

FAMSB 2 2 0 5 7 6 3

| SHORT TITLE: | Discription of Abuse | CASE NUMBER: 0408207 |
|---|---|---|

1. I had ask Karlis to come eat dinner with me and stop playing Video games numerous times Karlis got upset
2. that I keep on asking him to stp playing Video games, he told me to leave him alone, I went to grab his
3. phone and he got up and grab me back my neck and shoved me back, I walked away to the kitchen to get
4. my food and sat down, continued to ask him to stop playing video games got more upset and got up and
5. walkd over toward me I told him to get back, and he grab my arm pulling me where I have a burn on my
6. hand pulling off my skin from my burn, I screamed do to the pain, and got up and went to put ny hand in
7. the freezer, Karlis came back over to me apologizing I turned to walk away to bangage my wound, I told
8. him he needs to get help to stop the hitting, he just said I know, I told him Karlis he needs to take his
9. current anger managment classes seriously, that is when Karlis got mad and grad me by my neck with his
10. hands started to strangle me I could not breath, I was trying to hit him to put me down could I barely move
11. as Karlis was strangling me taking me towards the hot oven then I got loose, and started to run to the door
12. I said I'm calling the police, he then came at me grab me by my neck I turned around to get away Karlis
13. was able to grab me by the front of my neck and pick me up and threw me yo the ground I landed my back
14. flat my head hit the floor I went unconscious when I came to he had ran out of the house, I went outside
15. the neighbors asked if I was ok and said we just seen a guy running and noticed my neck was red and we
16. helped me call the police.

*(handwritten: ALLEDGED ↑ FALSEHOOD CONTRADICTION)*

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501



LIBEL, FRAUD, DECEIT . FALSE/CONTRADICTION

## REPORTING OFFICER NARRATIVE

| | | OCA |
|---|---|---|
| | | 22-1313 |

*U C L A Police Department*

| Victim | Offense | Date / Time Reported |
|---|---|---|
| PARKS, AYLANA OLIVIA | INFLICT CORPORAL INJURY /AGGRAVATED | Wed 07/20/2022 22:36 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Victim` had fully healed scars on her left and right legs and knees. The police were not contacted for this incident.

On March 17, 2022, Victim and Howard went to stay at an unknown hotel in Oceanside, CA. At approximately 0100 hours, Howard and Victim arrived to the hotel and Howard went into the lobby to retrieve the room key while Victim waited in the car. As Howard was returning to the car, Victim saw him flirting with another woman. Victim began to argue with Howard about this. Victim and Howard continued to argue in the hotel room. While Victim was seated on the edge of the bed with Athena nearby, Howard suddenly grabbed Victim and threw her across the bed. This caused Victim to hit the back of her head on the nightstand which caused Victim to briefly lose consciousness. Victim was in and out of consciousness for several minutes and she bled from the back of her head. Howard begged Victim not to call for an ambulance and gave her towels and ice to stop the bleed. Victim photographed her injures but she did not contact police or seek any medical attention. Athena was unharmed during this incident. Victim sent me the photographs of these injures and I uploaded them onto the UCPD shared drive.

Approximately two months ago, Victim and Howard were living at ▮▮▮▮▮▮▮▮▮▮ in West Covina, CA. At an unknow date and time, Victim and Howard began arguing while at their West Covina residence. Howard became angry and began to punch Victim repeatedly in the back of her head while stating, "I know how to handle you." Victim` roommates heard the altercation and called the West Covina Police Department. Howard was detained by the West Covina Police Department however Victim lied to the police and insisted her injuries were not caused by Howard. Howard was not arrested and released. Victim was unsure if West Covina PD took a report on the incident.

On 07/20/22 at approximately 2130 hours at ▮▮▮▮▮▮▮▮▮▮, Victim was making Howard dinner while Howard played video games in the living room. Victim asked Howard to eat dinner with her but Howard ignored her. Victim confronted Howard about him consistently ignoring her and being on his cell phone. Victim accused Howard of cheating on her. Howard became angry and grabbed Victim by the front of her neck with his right hand. Howard pushed Victim by her neck onto the couch in the living room. Victim told Howard to let her go and threatened to call the police. Howard let go of her neck and stood over her with his fists raised and cocked back behind him. While Howard had his fist cocked back, Howard stated, "I gonna freaking kill you right now." Victim got up from the couch and walked over to the kitchen. Victim picked up a plate of pizza to eat and began to use her cell phone. Howard approached Victim and accused her of cheating. Howard smacked the pizza and plate out of her hand. The pizza and plate landed in the living room. Due to Howard smacking Victim` hand, a healing car accident wound on Victim` right hand re-opened causing a two-inch abrasion on Victim`s right hand. Victim began to cry from the pain and Howard apologized to her. Victim told Howard not to hit her again which angered Howard. Howard began aggressively approaching Victim and grabbed her by the neck with both of his hands. Howard had both of his hands wrapped around Victim` neck with both of his thumbs pressed onto Victim`s trachea. Howard began strangling Victim and put pressure on Victim` trachea with his thumbs preventing Victim from breathing. Howard strangled Victim for approximately 10-15 seconds before Victim pushed him off. Victim did not lose consciousness. Victim attempted to walk away from Howard and into the bedroom where Athena was sleeping on the bed. Before Victim reached the bed room, Howard pulled Victim back towards him. Howard grabbed Victim by the neck with one hand and threw her onto the kitchen tile floor. Victim hit the kitchen floor hard on the back of her head causing her to feel dizzy and disoriented. Howard ran out the apartment door. Victim ran out after him and began to yell for someone to call the police.

Howard owns a 2019 Jeep (CA License Plate #9AUH568) and a 2018 Honda (CA License Plate #8XAJ037) which are currently in a tow yard. Howard does not have any other vehicles and Victim believed Howard`s brother in law,

| Reporting Officer: SALAZAR, H. | Printed By: KAY, ITS-TEST   07/22/2022 13:57 | Page 4 |
|---|---|---|
| R_CS3NC | | |

142.

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3   DEPT. W 31              HON. CATHRYN F. BROUGHAM, JUDGE

4

5   THE PEOPLE OF THE STATE OF      )
    CALIFORNIA,                     )
6                                   )
              PLAINTIFF,            )
7                                   )
       VS.                          )        SA106853
8                                   )
    KARLIS RUBEN HOWARD,            )
9                                   )
              DEFENDANT.            )
10  _____     )

11

12      I, CHARLENE L. MORLEY, OFFICIAL REPORTER OF THE

13

14  SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

15  COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

16  FOREGOING PAGES 1 THROUGH 32 COMPRISE A FULL, TRUE AND

17  CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN THE

18  ABOVE-ENTITLED MATTER.

19      DATED THIS 15TH DAY OF AUGUST, 2022.

20

21

22

23

24

25

26          CHARLENE L. MORLEY,   CSR#2207
            OFFICIAL COURT REPORTER
27

28

143.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPT. W 31                          HON. CATHRYN F. BROUGHAM, JUDGE

AUG 2 4 2022

THE PEOPLE OF THE STATE OF           )
CALIFORNIA,                          )
                                     )
            PLAINTIFF,               )
                                     )
    VS.                              )      SA106853
                                     )
KARLIS RUBEN HOWARD,                 )
                                     )
            DEFENDANT.               )

COPY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

(PRELIMINARY HEARING EXAMINATION)

MONDAY, AUGUST 15, 2022

APPEARANCES:

FOR THE PEOPLE:    OFFICE OF THE DISTRICT ATTORNEY
                   BY:JEFFREY MEGEE, DEPUTY

FOR DEFENDANT:     OFFICE OF THE PUBLIC DEFENDER
                   BY:MELANIE SCHOENBERG, DEPUTY

HTA: AUGUST 29, 2022      CHARLENE L. MORLEY, CSR NO. 2207
DEPT. W 70                OFFICIAL REPORTER

144.

1

I N D E X

2

3 PEOPLE'S
WITNESSES:          DIRECT  CROSS  REDIRECT  RECROSS

4
AYLANA P.              4        13
5

6

7

8                      EXHIBITS

9

10                                  FOR              IN
                                IDENTIFICATION    EVIDENCE
11 PEOPLE'S

12
1 - PHOTO                          12               27
13
2 - PHOTO                          12               27
14
3 - CERTIFIED RAP                  27               27
15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1    CASE NUMBER:        SA106853

 2    CASE NAME:          PEOPLE VS. HOWARD

 3    LOS ANGELES, CA     MONDAY, AUGUST 15, 2022

 4    DEPT. W 31          HON. CATHRYN F. BROUGHAM, JUDGE

 5    REPORTER:           CHARLENE L. MORLEY, CSR NO. 2207

 6    TIME:               A.M. SESSION

 7

 8    APPEARANCES:

 9            KARLIS RUBEN HOWARD, PRESENT WITH COUNSEL, MELANIE

10       SCHOENBERG, DEPUTY PUBLIC DEFENDER; JEFFREY MEGEE,

11       DEPUTY DISTRICT ATTORNEY, REPRESENTING THE PEOPLE

12       OF THE STATE OF CALIFORNIA.

13                              -oOo-

14

15       THE COURT:  KARLIS HOWARD, SA106853.  HE IS PRESENT IN

16   COURT IN CUSTODY BEING REPRESENTED BY MS. O'BRIEN WHO IS

17   PRESENT.  MR. MEGEE FOR THE PEOPLE.

18       MS. SCHOENBERG:  MS. SCHOENBERG.

19       THE COURT:  I AM SORRY.  SCHOENBERG?

20       MS. SCHOENBERG:  YEAH.  NOT IRISH.  PRETTY FAR FROM IT.

21       THE COURT:  MS. SCHOENERG, ARE YOU READY?

22       MS. SCHOENBERG:  YES.

23       THE COURT:  WAIVE FORMAL READING OF COMPLAINT, STATEMENT

24   OF RIGHTS?

25       MS. SCHOENBERG:  YES.

26       THE COURT:  MR. MEGEE, READY?

27       MR. MEGEE:  YES.

28       THE COURT:  YOU HAVE AN INVESTIGATING OFFICER?
```

2

```
1        MR. MEGEE:  YES.  ASK TO DESIGNATE DETECTIVE FREUND,

2    F-R-E-U-N-D, AS THE INVESTIGATING OFFICER.

3        THE COURT:  OKAY.  AND WHAT IS YOUR FIRST NAME?

4        DETECTIVE FREUND:  MARY, M-A-R-Y.

5        THE COURT:  THANK YOU.  YOU ARE DESIGNATED AS

6    INVESTIGATING OFFICER AND WILL BE ALLOWED TO SIT AT COUNSEL

7    TABLE.

8        MS. SCHOENBERG:  MOTION TO EXCLUDE ANY OTHER WITNESSES.

9        THE COURT:  THAT MOTION IS GRANTED.

10            WHO IS YOUR FIRST WITNESS?

11        MR. MEGEE:  FIRST WITNESS IS AYLANA, LAST INITIAL P.

12        THE COURT:  OKAY.  MS. P., COME FORWARD.

13            ANY OTHER WITNESSES IN THE COURTROOM NEED TO WAIT

14    OUTSIDE.

15        MR. MEGEE:  MAY SHE WALK THROUGH THE WELL?

16        THE COURT:  YES.

17

18                    AYLANA P.,

19    Was called as a witness and, having been first duly sworn,

20            was examined and testified as follows:

21

22        The CLERK:  You do solemnly swear that the testimony you

23    may give in the cause now pending before this Court shall be

24    the truth, the whole truth, and nothing but the truth, so

25    help you God?

26        The WITNESS:  YES.

27        THE CLERK:  THANK YOU.  PLEASE BE SEATED.

28            PLEASE STATE AND SPELL YOUR FULL NAME FOR THE
```

1  RECORD AND GIVE YOUR LAST INITIAL FOR THE RECORD.

2       THE COURT:  ARE YOU OKAY?  TAKE A BREATH, OKAY.  JUST

3  TAKE A BREATH.

4            ARE YOU OKAY?  HERE YOU GO.

5       MS. SCHOENBERG:  FOR THE RECORD, THE VICTIM IS CRYING.

6       THE COURT:  YES.  SHE IS CRYING.

7            WE ARE GOING TO CALL YOU MS. P, OKAY?

8       THE WITNESS:  OKAY.

9       THE COURT:  SO, MS. P., WHAT WE ARE GOING TO DO RIGHT

10  NOW IS, WE ARE GOING TO TAKE YOUR NAME AND THEN MR. MEGEE IS

11  GOING TO ASK YOU SOME QUESTIONS, OKAY.

12            AND JUST DO YOUR BEST TO ANSWER THEM.  AND LISTEN

13  TO THE QUESTION AND JUST ANSWER THE BEST YOU CAN, OKAY.

14       THE WITNESS:  ALL RIGHT.

15       THE COURT:  AND THEN MS. SCHOENBERG IS GOING TO ASK YOU

16  QUESTIONS AFTER, OKAY.  ALL RIGHT.

17            LET'S GET YOUR NAME FIRST.  WHAT IS YOUR FIRST

18  NAME?

19       THE WITNESS:  AYLANA.

20       THE COURT:  IS THAT A-L-A-N-A?

21       THE WITNESS:  A-Y-L-A-N-A.

22       THE COURT:  AND YOUR LAST INITIAL, FIRST INITIAL OF YOUR

23  LAST NAME IS P AS IN PAUL?

24       THE WITNESS:  YES.

25       THE COURT:  OKAY.

26  ///

27  ///

28  ///

4

DIRECT EXAMINATION

1

2  BY MR. MEGEE:

3      Q.    GOOD MORNING, MS. P.  CAN YOU HEAR ME OKAY?

4      A.    YES.

5      Q.    OKAY.  LET ME START OFF BY ASKING, DO YOU HAVE A

6  PRIOR ROMANTIC RELATIONSHIP WITH SOMEONE WHO IS IN COURT

7  RIGHT NOW?

8      A.    YES.

9      Q.    CAN YOU PLEASE POINT TO THAT PERSON AND JUST TELL

10 US WHAT COLOR SHIRT THEY ARE WEARING.

11     A.    YELLOW.

12    THE COURT:  SHE SAID YELLOW.  IDENTIFYING THE DEFENDANT.

13            SO, IF YOU CAN TRY AND KEEP YOUR VOICE UP

14 BECAUSE ALL THE PEOPLE HERE NEED TO HEAR YOU, OKAY.

15            SO, TRY YOUR BEST TO KEEP YOUR VOICE UP AND SPEAK

16 INTO THE MICROPHONE, OKAY.

17            GO AHEAD.

18     Q.    BY MR. MEGEE:  OKAY.  MS. P., I WANT TO DIRECT

19 YOUR ATTENTION TO JULY 20, 2020 AT APPROXIMATELY 10:30 P.M.

20            WERE YOU AT HOME?

21     A.    YES.

22     Q.    AND WERE YOU AT HOME BY YOURSELF OR WITH SOMEONE?

23     A.    WITH MY DAUGHTER AND HER FATHER.

24     Q.    AND BY HER FATHER, DO YOU MEAN THE DEFENDANT?

25     A.    YES.

26     Q.    AND HOW OLD IS YOUR DAUGHTER?

27     A.    EIGHT MONTHS.

28     Q.    ARE YOU PREGNANT WITH ANOTHER CHILD?

1    A.    YES.

2    Q.    HOW FAR ALONG ARE YOU IN YOUR PREGNANCY?

3    A.    FIVE MONTHS.

4    Q.    I AM SORRY?

5    A.    FIVE MONTHS.

6    Q.    AND IS THE DEFENDANT THE FATHER OF YOUR SECOND

7 CHILD?

8    A.    YES.

9    Q.    AND WHEN I SAY WERE YOU AT HOME, IS YOUR HOME

10 LOCATED AT ██████████████

11    A.    YES.

12    Q.    IS THAT IN LOS ANGELES?

13    A.    YES.

14    Q.    DID SOMETHING HAPPEN BETWEEN YOU AND THE

15 DEFENDANT AT YOUR APARTMENT ON SAWTELLE ON JULY 20, 2022?

16    A.    YES.

17    Q.    WAS THERE AN ARGUMENT?

18    A.    YES.

19    Q.    WHAT STARTED THE ARGUMENT?

20    A.    UM -- HE JUST WOULDN'T GET OFF HIS VIDEO GAMES

21 AND, JUST -- AND I ASKED HIM NUMEROUS TIMES AFTER I HAD MADE

22 DINNER TO COME EAT WITH ME.

23        AND I JUST STARTED GETTING FRUSTRATED.  JUST

24 KEEPS GOING ON AND ON.  AND EVERY TIME I TRY AND LIKE SPEND

25 ANY TYPE OF TIME, HE JUST DOESN'T WANT TO DO THE LITTLE

26 THINGS WITH ME.

27    THE COURT:  OKAY.  JUST WAIT FOR THE NEXT QUESTION.

28    Q.    BY MR. MEGEE:  WHAT HAPPENED AFTER YOU ASKED HIM

1    TO EAT DINNER WITH YOU?

2        A.    UM -- I WENT TO GO ASK HIM IN HIS FACE AND I

3    SAID, CAN YOU PLEASE PUT YOUR PHONE AWAY.

4            AND I LIKE PUSHED HIS PHONE OR GRABBED HIS PHONE

5    AND HE GOT REALLY UPSET WITH ME AND HE PUSHED ME AWAY BY MY

6    NECK AND I JUST WALKED AWAY AND WENT TO GO GET MY OWN FOOD

7    AND THEN SAT DOWN ON THE RECLINER.

8        Q.    AND WHAT HAPPENED AFTER YOU SAT DOWN AT THE

9    RECLINER?

10       A.    I WAS JUST, WE JUST STARTED ARGUING ABOUT IT

11   BECAUSE I WAS JUST TELLING HIM A BUNCH OF STUFF AS I KEPT

12   GETTING UPSET WITH HIM.

13           AND -- UM -- HE COMES UP AT ME AND LIKE,

14   LEAVING -- TO LEAVE HIM ALONE ALREADY, AND LIKE PUSHES THE

15   FOOD OUT OF MY HAND AND LIKE, LIKE SOMEHOW HE SCRATCHES MY

16   WOUND OFF MY RIGHT HAND AND --

17       THE COURT:  WHAT DID HE SCRATCH OFF?

18       THE WITNESS:  I HAD A SCRAPE ON MY RIGHT HAND AND IT WAS

19   HEALING AND --

20       THE COURT:  OH, SHE SAID WOUND.

21       THE WITNESS:  AND THE ACCIDENT, LIKE, HE HIT THE PLATE

22   OUT OF MY HAND.

23       Q.    BY MR. MEGEE:  WHAT, IF YOU KNOW, WHAT INITIALLY

24   CAUSED THE WOUND ON YOUR RIGHT HAND?

25       A.    JUST FROM AN ACCIDENT THROUGH AN AIR BAG.  AND IT

26   WAS HEALING UP AND IT MAY HAVE BEEN LIKE, NOT PURPOSELY, LIKE

27   SCRAPED OFF, BUT HE HIT THE PLATE OUT OF MY HAND AND IT

28   SCRAPED IT OFF.

1    Q.    DID IT HURT WHEN DID HE THAT?

2    A.    YES.  AND I WENT TO GO PUT MY HAND IN THE FREEZER

3  FOR A WHILE AND I WAS CRYING AND HE FELT BAD.

4    Q.    AND WHAT HAPPENED NEXT?

5    MS. SCHOENBERG:  OBJECTION.  SPECULATION.

6    THE WITNESS:  HE CAME UP TO ME --

7    THE COURT:  ONE SECOND.  WAIT ONE SECOND.

8    MS. SCHOENBERG:  SPECULATION AS TO HOW HE FELT.

9    THE COURT:  SUSTAINED.  THAT ONE PORTION OF THE ANSWER

10  THAT HE FELT BAD IS STRICKEN.

11    ASK ANOTHER QUESTION.

12    Q.    BY MR. MEGEE:  WHAT HAPPENED AFTER YOU PUT YOUR

13  HAND IN THE FREEZER?

14    A.    UM -- WHEN I WAS PUTTING MY HAND IN THE FREEZER,

15  HE FELT BAD FOR WHAT HE DID AFTER IT HAD BEEN A WHILE.

16    MS. SCHOENBERG:  SAME OBJECTION.

17    Q.    BY MR. MEGEE:  JUST DON'T -- DON'T.

18    DID HE TELL YOU HE WAS FEELING A CERTAIN WAY?

19    MS. SCHOENBERG:  I AM GOING TO, SORRY, I AM GOING TO

20  MOVE TO STRIKE THAT PORTION.

21    THE COURT:  STRICKEN.

22    Q.    BY MR. MEGEE:  WITHOUT GUESSING HOW HE FELT OR

23  WHAT HIS EMOTIONS WERE, DID HE TELL YOU HE FELT A CERTAIN

24  WAY?

25    A.    OH, HE TOLD -- YEAH, HE TOLD ME HE WAS SORRY.

26  AND HE WOULD GO TO PSYCHO THERAPY CLASSES, WHAT IT IS CALLED,

27  RIGHT, YES.

28    Q.    AND IS THAT AS YOUR HAND IS IN THE FREEZER?

1      A.      YEAH.  I HAD -- I THINK -- OH, HE WENT TO GO GET

2  ME A BAND-AID AND HE WAS TRYING TO APOLOGIZE AND I GOT UPSET

3  BECAUSE, AND I TOLD HIM, YOU NEED TO STOP DOING THIS.  YOU

4  NEED TO CONTROL YOURSELF.

5          AND HE SAID, I KNOW.  I AM SORRY.  IT WON'T

6  HAPPEN AGAIN.

7          AND I SAID, OKAY.  BUT YOU NEED TO STOP.  YOU

8  NEED TO CONTROL YOURSELF.

9          AND THEN I TOLD HIM AGAIN AND BECAUSE I

10  CONFRONTED HIM ABOUT HOW HE WAS ACTING AGAIN NUMEROUS TIMES,

11  HE GOT UPSET WITH ME.

12      MS. SCHOENBERG:  OBJECTION.  SPECULATION AS TO THE

13  REASON.

14      THE COURT:  SUSTAINED.

15      MS. SCHOENBERG:  MOTION TO STRIKE.

16      THE COURT:  THAT ANSWER STRICKEN.

17      Q.      BY MR. MEGEE:  AND WHAT HAPPENED AFTER YOU WERE

18  CONFRONTING HIM ABOUT HOW HE WAS BEHAVING?

19      A.      I WAS JUST TELLING HIM, LIKE, YOU NEED TO STOP.

20  YOU NEED TO STOP, YOU KNOW.  I AM TRYING CONTINUOUSLY TO HOLD

21  IT TOGETHER BECAUSE I WANT US TO BE A FAMILY AND I DON'T WANT

22  HIM TO GO THROUGH THIS.

23      MR. MEGEE:  DO YOU NEED A MINUTE?

24      MS. SCHOENBERG:  FOR THE RECORD, THE VICTIM IS CRYING.

25      THE COURT:  YES.

26          JUST ASK HER WHAT HAPPENED NEXT.

27      Q.      BY MR. MEGEE:  WHENEVER YOU ARE READY TO ANSWER,

28  WHAT HAPPENED NEXT?

1      A.      UM -- BECAUSE WHEN I CONFRONTED HIM AGAIN, HE GOT

2   UPSET WITH ME AND DIDN'T WANT TO BE KNOWN AS THAT TYPE OF

3   MAN.

4           AND HE GRABS ME BY MY NECK AND HE IS CHOKING ME

5   AND I AM STARTING TO GAG --

6       MS. SCHOENBERG:  OBJECTION.  DIDN'T WANT TO BE KNOWN AS

7   THIS TYPE OF MAN.  SPECULATION.  MOTION TO STRIKE.

8       THE COURT:  SUSTAINED.  THAT PORTION OF THE ANSWER IS

9   STRICKEN.

10          MS. P., THE REASON THAT WE KEEP HAVING THOSE

11  OBJECTIONS IS YOU ARE TELLING US HOW HE FEELS.

12          UNLESS HE ACTUALLY TOLD YOU SOMETHING OUT LOUD

13  AND EVEN THOUGH, I KNOW YOU KNOW HIM AND YOU ARE INTERPRETING

14  BASED ON WHAT YOU KNOW ABOUT HIM, YOU ARE NOT REALLY ALLOWED

15  TO SAY THAT.

16          SO, WHAT WE REALLY WANT TO KNOW IS WHAT HAPPENED,

17  PHYSICALLY HAPPENED, OKAY.

18          MR. MEGEE.

19      Q.      BY MR. MEGEE:  SO, YOU SAID HE GRABBED YOU BY

20  YOUR NECK AND HE WAS CHOKING YOU.  WAS HE SQUEEZING SUCH THAT

21  YOU COULDN'T BREATHE?

22      A.      YES.  I STARTED TO GAG AND SQUEAL AND IT HAD BEEN

23  A WHILE.  AND I TRIED TO USE MY HANDS TO KIND OF PUSH HIM OFF

24  OR FIGHT HIM OFF.

25          AND THEN I GOT AWAY AND THEN HE CAME UP BEHIND ME

26  AND YANKED ME BY THE BACK OF MY NECK.  AND, YOU KNOW,

27  SPENT -- HE LIKE, BY MY NECK, TURNED ME AROUND AND I TURNED

28  AROUND AND HE LIKE KIND OF KO'D ME TO THE FLOOR, LIKE

1   BODY-SLAMMED ME TO THE FLOOR AND MY HEAD POUNDED AGAINST THE

2   KITCHEN TILE.

3        Q.    DID YOUR HEAD HURT WHEN DID HE THAT?

4        A.    I WAS LAYING THERE FOR A WHILE.  I DIDN'T REALLY

5   KNOW WHAT HAPPENED.  AND THEN I GOT UP.  I DIDN'T SEE HIM IN

6   THE HALLWAY OR ANYTHING.

7              AND I WENT DOWNSTAIRS AND THE NEIGHBORS WERE JUST

8   TELLING ME, YOU KNOW HIM?  ARE YOU OKAY?  WHAT HAPPENED?

9              AND THE WOMAN SAW MY NECK RED.  I DIDN'T NOTICE

10  UNTIL SHE SAID SOMETHING.

11       MS. SCHOENBERG:  OBJECTION.  HEARSAY.  SPECULATION.

12  REGARDING THE WOMAN NOTICING.

13       THE WITNESS:  SHE TOOK A PICTURE OF IT.

14       THE COURT:  JUST ONE SECOND.  MR. MEGEE WILL ASK YOU

15  ANOTHER QUESTION.

16             SUSTAINED.  THAT ANSWER STRICKEN, WHAT THE

17  NEIGHBOR OBSERVED.

18       Q.    BY MR. MEGEE:  SO, DID THE NEIGHBOR TELL YOU THAT

19  SHE SAW YOUR NECK?

20       A.    THAT'S WHEN I --

21       Q.    JUST, YES OR NO.  DID SHE TELL YOU?

22       A.    OH, YEAH, SHE TOLD ME THAT.

23       MS. SCHOENBERG:  OBJECTION.  HEARSAY.

24       THE COURT:  SUSTAINED.

25       Q.    BY MR. MEGEE:  WHAT DID YOU DO AFTER GOING

26  DOWNSTAIRS?

27       A.    I WAS MORE CONCERNED BECAUSE THE DOOR HAD LOCKED.

28  MY BABY WAS SLEEPING IN THE OTHER ROOM AND I FORGOT OUR NEW

1   APARTMENT WAS LIKE A HOTEL DOOR.

2              AND I WAS MORE CONCERNED ABOUT TRYING TO FIND

3   MAINTENANCE AND SHE WAS, LIKE, WHAT'S WRONG WITH YOUR NECK?

4   AND I DIDN'T KNOW WHAT SHE WAS TALKING ABOUT.

5              SHE TOOK A PICTURE OF IT AND THAT IS WHEN IT WAS

6   RED IN THE MIDDLE.  I COULD FEEL LIKE A BALL IN MY NECK, BUT

7   I DIDN'T REALIZE THERE WAS LIKE REDNESS UNTIL SHE SHOWED ME.

8       Q.    LET ME GO BACK FOR A MINUTE.

9              IF YOU HAD TO ESTIMATE, AND NO ONE EXPECTS YOU

10  ARE LOOKING AT YOUR WATCH AS THIS IS HAPPENING, BUT HOW LONG

11  DID HE STRANGLE YOU FOR?

12             WAS IT LESS THAN 10 SECONDS?  BETWEEN 10 AND 30

13  SECONDS?  MORE THAN 30 SECONDS?

14      A.    I -- PROBABLY WAS -- IT WAS A WHILE.  I DON'T

15  KNOW.  LIKE, MAYBE A LITTLE OVER 10 SECONDS.  I JUST REMEMBER

16  NOT, LIKE, BEING ABLE TO BREATHE AND THIS WAS THE LONGEST HE

17  HAD DONE IT AND I THINK --

18      Q.    DID YOU GET MEDICAL TREATMENT LATER THAT NIGHT?

19      A.    YEAH.  THE AMBULANCE CAME TO PICK ME UP BECAUSE I

20  STARTED FEELING LIKE I WAS GONNA FAINT A LITTLE BIT AND,

21  YEAH, THEY HAD TO DO TESTING ON ME TO SEE IF THE BABY WAS

22  OKAY.

23      MS. SCHOENBERG:  OBJECTION.  SPECULATION AS TO WHAT THE

24  TESTING WAS FOR OR WHETHER THERE WAS -- FOUNDATION.

25      THE COURT:  SUSTAINED AS TO THE LAST PORTION TO SEE IF

26  THE BABY WAS OKAY.  THE PART SHE WAS TESTED WILL REMAIN.

27      MR. MEGEE:  AND I HAVE TWO PHOTOS.  ONE IS OF, SO, IT IS

28  TWO PAGES.  THERE ARE TWO PHOTOS ON EACH PAGE.

1          I WOULD ASK TO MARK PEOPLE'S 1, IT'S AN APARTMENT

2    ON THE TOP PART AND PHOTO OF A HAND ON THE BOTTOM PART.

3          THE COURT:  PEOPLE'S 1.

4

5                    (PEOPLE'S EXHIBIT 1

6               WAS MARKED FOR IDENTIFICATION.)

7

8          MR. MEGEE: AND THEN ASK TO MARK AS PEOPLE'S 2, TWO

9    PHOTOS OF MS. P.

10         THE COURT:  PEOPLE'S 2.

11

12

13                   (PEOPLE'S EXHIBIT 2

14              WAS MARKED FOR IDENTIFICATION.)

15

16         MR. MEGEE:  MAY I APPROACH?

17         THE COURT:  YES.

18         Q.     BY MR. MEGEE:  SO, MS. P., I WANT TO DIRECT YOUR

19    ATTENTION TO THESE TWO PHOTOS.

20              FIRST SHOWING YOU WHAT HAS BEEN MARKED PEOPLE'S

21    1, THIS BOTTOM PHOTO.  IS THAT A PHOTO OF YOUR HAND?

22         A.     YES.

23         Q.     AND IS THAT WHAT YOU DESCRIBED ABOUT A WOUND

24    BEING OPENED UP ON YOUR HAND?

25         A.     YES.

26         Q.     AND IS THIS A FAIR AND ACCURATE DEPICTION OF HOW

27    YOUR HAND LOOKED AFTER IT WAS TREATED ON JULY 20TH, 2022?

28         A.     UM -- YES.

1    Q.    AND THEN THE PHOTO ON TOP, IS THAT A PHOTO OF

2  YOUR APARTMENT?

3    A.    YES.

4    Q.    AND IS THAT HOW YOUR APARTMENT LOOKED AFTER THE

5  INCIDENT ON JULY 20TH, 2022?

6    A.    YES.

7    Q.    SHOWING YOU AT WHAT HAS BEEN MARKED AS PEOPLE'S

8  2, DO YOU RECOGNIZE YOURSELF IN THESE PHOTOS?

9    A.    YES.

10    Q.    AND ARE THOSE PHOTOS OF YOU AT THE HOSPITAL ON

11  JULY 20TH, 2022?

12    A.    YES.

13    Q.    SPECIFICALLY, THE PHOTO ON THE LEFT, IS THAT A

14  PHOTO OF YOUR NECK?

15    A.    YES.

16    Q.    AND WHAT IS THAT PHOTO SHOW?

17    A.    UM -- THERE WAS THE REDNESS IN THE MIDDLE OF MY

18  THROAT AND HE HAD BOTH HIS THUMBS PRESSED REALLY HARD.  IT'S

19  LIKE HARD PART RIGHT THERE.

20    MR. MEGEE: AND FOR THE RECORD, SHE JUST POINTED TO THE

21  MIDDLE PART OF HER THROAT.

22    THE COURT:  YES.

23    MR. MEGEE:  I HAVE NOTHING FURTHER.

24    THE COURT:  CROSS-EXAMINATION.

25

26                    CROSS-EXAMINATION

27  BY MS. SCHOENBERG:

28    Q.    SORRY.  IF I COULD JUST HAVE ONE MOMENT.  THANK

1   YOU.

2           OKAY.  SO, ON JULY 20TH, WHAT VIDEO GAMES WAS

3   MR. HOWARD PLAYING?

4       A.    IT'S LIKE -- A WAR.

5   MR. MEGEE:  I AM SORRY, I JUST DIDN'T HEAR THAT.

6   THE COURT:  WHAT VIDEO GAME WAS HE PLAYING?

7   MR. MEGEE:  SORRY.

8           OBJECTION.  RELEVANCE.

9   THE COURT:  SUSTAINED.

10  THE WITNESS:  UM --

11  THE COURT:  NO, YOU DON'T HAVE TO ANSWER.

12          NEXT QUESTION.

13      Q.    BY MS. SCHOENBERG:  WAS HE PLAYING A VIDEO GAME

14  ON A CONSOLE OR ON THE PHONE?

15      A.    ON HIS PHONE.

16      Q.    AND YOU SAID YOU MADE DINNER?

17      A.    YEAH.  I WAS -- YEAH.

18      Q.    WHAT WAS THE DINNER?

19      A.    IT WAS PIZZA.

20  MR. MEGEE:  OBJECTION.  RELEVANCE.

21  THE COURT:  SUSTAINED.

22      Q.    BY MS. SCHOENBERG:  YOU SAID THE DINNER WAS ON A

23  PLATE THAT HURT YOUR HAND; RIGHT?

24      A.    I HAD SERVED MYSELF BECAUSE HE DIDN'T WANT TO EAT

25  WITH ME.

26      Q.    AND THE DINNER WAS ON A SPECIFIC PLATE THAT YOU

27  WERE HOLDING, RIGHT?

28      A.    IT WAS ON A GLASS PLATE.

1  Q.  A GLASS PLATE.  AND -- OKAY.  SO, YOU TESTIFIED

2 THAT HE PLAYED VIDEO GAMES A LOT AND ON THIS PARTICULAR

3 OCCASION, HE WAS PLAYING AGAIN AND THAT WAS FRUSTRATING; IS

4 THAT CORRECT?

5  A.  YES.

6  Q.  DID YOU FEEL ANGRY AT THE TIME?

7  A.  YES.

8  Q.  YOU SAID THAT YOU ASKED HIM IN HIS FACE IF HE

9 WOULD EAT DINNER.  IS THAT ACCURATE?

10  A.  I MOVED HIS PHONE, GRABBED IT AND I SAID, PLEASE

11 STOP AND EAT DINNER WITH ME.  I AM TIRED OF THIS EVERY SINGLE

12 NIGHT.  I JUST WANT TO SPEND TIME WITH YOU.

13  Q.  AND WHEN YOU SAID THAT, DID YOU RAISE YOUR VOICE?

14  A.  I WAS PRETTY UPSET.

15  Q.  SO, YES?

16  A.  MILDLY BECAUSE WE ARE IN A NEW APARTMENT AND I

17 DON'T WANT TO GET US IN ANY TROUBLE.  GETS VERY UPSET.

18  Q.  AND WHEN YOU SAID THAT TO HIM, YOU SAID YOU ASKED

19 IN HIS FACE.  SO, DID YOU PUT YOUR FACE RIGHT CLOSE TO HIS?

20  A.  NO.  HE GOT MORE UPSET AT ME MOVING HIS PHONE.

21 BECAUSE I TOUCHED HIS PHONE, HE PUSHED ME BY MY NECK.

22  MS. SCHOENBERG: OKAY.  I AM GOING TO MOVE TO STRIKE ALL

23 OF THAT AS NONRESPONSIVE.  SPECULATION.

24  THE COURT:  SUSTAINED.  STRICKEN.

25  Q.  BY MS. SCHOENBERG:  SO, I AM JUST TRYING TO

26 CLARIFY BECAUSE YOU SAID YOU ASKED HIM IN HIS FACE.  SO, WHAT

27 DID YOU MEAN BY THAT?

28  A.  I WAS IN FRONT OF HIM.  I AM PRETTY, I DON'T

1    KNOW, I AM LIKE HIS HEIGHT WHEN HE SITS DOWN.  HE IS PRETTY

2    TALL.

3         Q.    SO, YOU PUT YOUR FACE IN FRONT OF HIS FACE?

4         A.    NO.  I WAS RIGHT IN FRONT OF HIM IN FRONT OF THE

5    COUCH AND I MOVED HIS PHONE.

6         Q.    AND WHEN YOU SAY YOU MOVED HIS PHONE, YOU GRABBED

7    IT?

8         A.    YEAH.

9         Q.    OUT OF HIS HAND?

10        A.    YEAH.

11        Q.    WHAT DID YOU DO WITH IT?

12        A.    JUST GRABBED IT.  HE GOT UPSET.

13        Q.    WHAT HAPPENED TO THE PHONE?

14        A.    NOTHING.

15        Q.    IT REMAINED IN YOUR HAND?

16        A.    I BELIEVE SO. YEAH.

17        Q.    SO, YOU HAD HIS PHONE IN YOUR HAND THAT ENTIRE

18   TIME, THROUGHOUT EVERYTHING?

19        A.    YEAH, OR I TOSSED IT.  IT WAS ALREADY KIND OF

20   DAMAGED AND WE DON'T HAVE MONEY TO BUY ANOTHER PHONE.

21        Q.    SO, SO, WHEN YOU TOSSED IT --

22        A.    I DON'T, I GRABBED IT OR TOSSED IT BACK ON THE

23   COUCH.  NO, I KEPT IT IN MY HAND BECAUSE I DON'T WANT HIM TO

24   PLAY WITH THE PHONE ANY MORE.  IT'S TIME TO EAT DINNER.

25        Q.    AND AT WHAT POINT, DO YOU REMEMBER AT WHAT POINT

26   YOU DISCARDED THE PHONE?

27        A.    WHAT DO YOU MEAN?

28        Q.    WELL, DID YOU HAVE, YOU DESCRIBED A LONG

161.

1   INTERACTION WITH MR. HOWARD AND I AM WONDERING IF YOU WERE

2   HOLDING THE PHONE THROUGHOUT THIS ENTIRE INTERACTION OR IF AT

3   SOME POINT, YOU PUT THE PHONE DOWN OR TOSSED IT OR DISCARDED

4   IT IN SOME WAY?

5        A.    AFTER I GOT UPSET, I WAS JUST, YOU KNOW WHAT, DO

6   WHAT YOU WANT.  FINE.  DO WHAT YOU WANT.

7              AND I WENT TO GO SERVE MYSELF.  AND I WENT TO GO

8   SIT ON THE RECLINER.  AND LIKE I SAID, I WAS STILL

9   FRUSTRATED, TALKING UNDER MY VOICE, YOU KNOW.

10       Q.    AND DID YOU TAKE OUT ANY OF THAT FRUSTRATION ON

11  THE PHONE?

12       A.    NO.  WE DON'T HAVE MONEY TO JUST BUY NEW PHONES.

13  SO, NO.

14       Q.    DO YOU REMEMBER WHAT YOU DID WITH THE PHONE?

15       A.    I THINK I TOSSED IT.  THAT'S WHEN I TOSSED IT

16  BACK TO HIM OR SOMETHING.  I DON'T KNOW.  JUST SICK AND TIRED

17  OF THESE VIDEO GAMES.

18             AND HE KNOWS IT'S A SICKNESS WITH HIS WHOLE

19  FAMILY.  TWO OF HIS BROTHERS ALMOST LOST HIS FAMILY.

20       THE COURT:  MS. P., JUST ANSWER THE QUESTION, OKAY.

21       THE WITNESS:  OKAY.

22       THE COURT:  NEXT QUESTION.

23       Q.    BY MS. SCHOENBERG:  SO, YOU HAD SAID THAT YOU HAD

24  JUST BEEN IN AN ACCIDENT.  WAS THAT JUST A FEW DAYS BEFORE

25  JULY 20TH?

26       A.    UM -- I AM NOT SURE.  MAYBE LIKE, YEAH.

27       Q.    IT WAS A CAR ACCIDENT?

28       A.    YEAH.

DEFENDANT, PARKS ADMITS TO CRASHING MY 2018 HONDA CIVIC AND ADMITS
CAUSE OF INJURIES NEGLIGENTLY MISREPRESENTED AGAINST THE PLAINTIFF

162.

18

```
 1        Q.     AND AN AIR BAG WAS DEPLOYED IN YOUR CAR?

 2        A.     UH-HUH.

 3        Q.     IS THAT YES?

 4        A.     YEAH.

 5        Q.     AND IN THAT ACCIDENT, DID YOU REAR END THE CAR IN

 6   FRONT OF YOU?

 7        MR. MEGEE:  OBJECTION.  RELEVANCE.

 8        THE COURT:  SUSTAINED.

 9        Q.     BY MS. SCHOENBERG:  THE ACCIDENT WAS SO SEVERE

10   THAT THE CAR YOU WERE DRIVING WAS TOTALED; CORRECT?

11        A.     NO. IT WAS, I -- UM -- IT WAS DRIVEN TO THE EXIT.

12        Q.     YOU SUSTAINED INJURIES IN THAT CAR CRASH?

13        A.     LIKE I HAD AN INJURY?

14        Q.     SORRY, YES.  DID YOU HAVE INJURIES FROM THAT

15   ACCIDENT?

16        A.     YEAH.

17        Q.     WHAT INJURIES DID YOU GET IN THAT ACCIDENT?

18        A.     IT WAS THE WOUND ON MY HAND, LIKE I SAID.  THE

19   SKIN WAS LAYING BACK OVER AND AS IT WAS TRYING TO HEAL,

20   THAT'S WHEN IT WAS SCRAPED OFF AND THE SKIN WAS DANGLING AND

21   I STUCK MY HAND IN THE FREEZER THAT DAY.

22        Q.     WAS THERE, AT THE TIME ON JULY 20TH, WAS THERE,

23   WAS YOUR HAND BANDAGED OVER?  OR WAS THE WOUND JUST OPEN?

24        A.     THE DOCTOR SAID TO LEAVE IT A BIT OPEN, BUT I HAD

25   A BAND-AID, SKIN BAND-AID OVER IT.

26        Q.     SO, DO YOU REMEMBER HOW LONG THE BAND-AID HAD

27   BEEN ON THAT WOUND?

28        A.     I DON'T KNOW.
```

DEFENDANT PARKS ADMITS TO ACCIDENT AND INJURY ALLEGATIONS AS DISCUSSED IN MY DECLARATION OF FACTS FOUND INSIDE THIS COMPLAINT.

1    Q.    BUT THE WOUND HAD BEEN COVERED BEFORE THE

2    BAND-AID CAME OFF THAT NIGHT; RIGHT?  IT HAD BEEN COVERED BY

3    A BAND-AID?

4    A.    I RECOVERED IT?

5    Q.    NO.  THE WOUND HAD BEEN COVERED UP BY A BAND-AID

6    PRIOR TO THE EVENTS OF THAT EVENING ON JULY 20TH; RIGHT?

7    A.    ACTUALLY, NO.  BECAUSE HE HAD TOLD ME TO AIR IT

8    OUT 'CAUSE IT WAS GETTING LIKE LINT INSIDE OF IT AND IT WAS

9    LIKE STARTED TO HEAL.

10    Q.    SO, THERE WAS NOT A BANDAGE ON IT ON JULY 20TH?

11    THE COURT:  SO, WHEN SHE SAT DOWN IN THE RECLINER, IS

12    THAT WHEN YOU WANT TO KNOW IF SHE HAD A BANDAGE ON IT?

13    MS. SCHOENBERG:  YES.  THANK YOU.

14    THE COURT:  SO, WHEN YOU SAT DOWN WITH YOUR FOOD ON THE

15    RECLINER, DID YOU HAVE A BANDAGE ON YOUR WOUND?

16    THE WITNESS:  I DON'T KNOW FULLY.  I DON'T THINK SO.  I

17    THINK I WAS TRYING TO AIR IT.  I AM NOT REALLY SURE ABOUT THE

18    BAND-AID.

19    Q.    BY MS. SCHOENBERG:  DID YOU HAVE ANY OTHER

20    INJURIES OR WOUNDS FROM THE CAR ACCIDENT THAT HAPPENED JUST A

21    FEW DAYS PRIOR TO JULY 20TH, 2022?

22    A.    UM -- I GOT X-RAYS DONE AND THERE WAS JUST MY

23    LUNG WAS, THIS SIDE, INTERNALLY WAS INFLAMED.  SO, I WAS

24    ALREADY HAVING A HARD TIME.

25    MR. MEGEE:  OBJECTION.  HEARSAY, MOTION TO STRIKE.

26    THE COURT:  JUST A SECOND.

27    THE WITNESS:  WHAT IS HAVING A BAND-AID --

28    THE COURT:  YOU KNOW, MS. P., SOMETIMES ATTORNEYS ASK

1   YOU QUESTIONS AND YOU DON'T KNOW WHY, BUT YOU JUST HAVE TO

2   ANSWER THEM.

3        AND THEN I DETERMINE IF YOU HAVE TO ANSWER OR

4   NOT, OKAY.  SO FAR YOU JUST HAVE TO LISTEN TO WHAT THEY ARE

5   SAYING AND JUST ANSWER, EVEN THOUGH YOU DON'T UNDERSTAND THE

6   PURPOSE, OKAY.

7        THE WITNESS:  OKAY.

8        Q.     BY MS. SCHOENBERG:  SO, AFTER THE CAR ACCIDENT,

9   SEVERAL DAYS BEFORE JULY 20TH, DID YOU HAVE SOME PAIN IN YOUR

10  CHEST?

11       A.     AFTER --

12       Q.     AFTER THE CAR ACCIDENT.

13       A.     SLIGHTLY.  IT WAS GETTING BETTER.  IT WAS JUST

14  DUE TO COMPACTION OR SOMETHING.

15       Q.     DID YOU HAVE A NECK BRACE, WAS A NECK BRACE PUT

16  ON YOU AFTER THE ACCIDENT?

17       A.     IN THE, YEAH, THEY SAID TO SUPPORT IF ANYTHING

18  HAPPENED IN THE AMBULANCE.  AND I HAD A HARD TIME MOVING MY

19  HEAD ALREADY.

20       Q.     SO, ON THE CAR ACCIDENT THAT HAPPENED SEVERAL

21  DAYS BEFORE JULY 20TH, YOU WERE TAKEN IN AN AMBULANCE;

22  CORRECT?

23       A.     AFTER -- AFTER THE ACCIDENT?

24       Q.     RIGHT.

25       A.     YEAH.  AND THEN --

26       Q.     AND YOU WERE TAKEN TO THE HOSPITAL?

27       A.     YEAH.

28       Q.     AND THAT WAS BEVERLY HOSPITAL IN MONTEBELLO; IS

DEFENDANT PARKS STATING SHE HAD BEEN TAKEN TO BEVERLY HOSPITAL
IN MONTEBELLO WITH NUMEROUS CHEST, NECK AND OTHER INJURIES. INJURIES

```
 1   THAT RIGHT?

 2        A.    YEAH.

 3        Q.    AND AT BEVERLY HOSPITAL, THEY PUT A NECK BRACE ON

 4   YOUR NECK; CORRECT?

 5        A.    UM -- THEY TOOK IT OFF.

 6        Q.    WHEN WAS THE NECK BRACE PUT ON YOUR NECK?

 7        A.    WHEN WE ENTERED THE AMBULANCE.  AND TOOK IT OFF

 8   WHEN WE GOT THERE.

 9        Q.    DID THEY PLACE IT BACK ON AFTERWARDS?

10        A.    NO.

11        Q.    DID YOUR NECK HURT AT THAT POINT?

12   MR. MEGEE:  OBJECTION.  VAGUE AS TO TIME.

13   THE COURT:  SUSTAINED.

14        Q.    BY MS. SCHOENBERG:  YES.

15             DID YOUR NECK HURT RIGHT AFTER THE CAR ACCIDENT

16   OCCURRED?

17        A.    YOU MEAN -- IT TOOK A MINUTE FOR IT TO KICK IN,

18   YOU KNOW.  I DON'T --

19        Q.    YOU SAID THAT YOU HAD TROUBLE MOVING YOUR HEAD,

20   TURNING YOUR HEAD.  WAS THAT BECAUSE YOU FELT SOMETHING IN

21   YOUR NECK RIGHT AFTER THE CAR ACCIDENT?

22        A.    UM -- YEAH.

23        Q.    YOU DISCUSSED SOME CHOKING THAT OCCURRED IN THE

24   ROOM ON JULY 20TH.  WHERE WERE YOU IN A ROOM WHEN THE CHOKING

25   OCCURRED?

26        A.    I WAS IN THE KITCHEN.

27        Q.    AND WHERE IN THE KITCHEN?

28        A.    AGAINST THE STOVE.  WAS STILL ON.
```

1      MS. SCHOENBERG:  APPROACHING WITH PEOPLE'S 2.

2            CAN I APPROACH, YOUR HONOR?

3      THE COURT:  YES.

4      Q.    BY MS. SCHOENBERG:  I AM GOING TO SHOW YOU THE

5  PHOTO THAT THE D.A. SHOWED YOU EARLIER.

6            THIS IS PEOPLE'S 2, THE PHOTO OF YOU AT THE

7  HOSPITAL.

8            CAN YOU -- YOU SAID THAT THIS PHOTO DEPICTED SOME

9  REDNESS ON YOUR NECK.  CAN YOU SHOW ME WHERE IN THE PHOTO

10  THIS REDNESS IS.

11      A.    IT WAS RIGHT THERE WHEN THE WOMAN, MY NEIGHBOR,

12  TOOK THE PICTURE.  I AM NOT WHITE, SO, OBVIOUSLY, THE INK,

13  SKIN, YOU CAN'T REALLY SEE IT -- BUT IN THE PICTURE MY

14  NEIGHBOR TOOK, IS WHEN I REALIZED, LIKE, IT WAS THAT BAD.  I

15  DON'T KNOW.

16      Q.    I WILL JUST STOP YOU RIGHT HERE.

17            SO, THIS PHOTO THAT I AM HOLDING, PEOPLE'S 2,

18  THIS IS NOT THE PHOTO YOUR NEIGHBOR TOOK; RIGHT?

19      A.    NO.  I SENT IT TO THE DETECTIVE.

20      Q.    OKAY.  SO, SO, IN THIS PHOTO, PEOPLE'S 2 THAT I

21  AM SHOWING YOU, ARE YOU SAYING YOU CAN NOT SEE ANY REDNESS IN

22  THAT PHOTO; IS THAT CORRECT?

23      A.    I MEAN, SLIGHTLY RIGHT THERE, BUT --

24      Q.    SLIGHTLY RIGHT WHERE?

25      A.    IT WAS LIKE RIGHT HERE.

26      THE COURT:  INDICATING IN THE MIDDLE OF HER NECK.

27      THE WITNESS:  AND YOU CAN TELL I AM IN LIKE A DARKISH

28  KIND OF SHADOW AND I AM NOT WHITE, SO YOU CAN'T SEE IT RIGHT

1    THERE.

2        Q.    SO, YOU ARE SAYING, YOU ARE SAYING THAT YOU WERE

3    AT ONE POINT RED HERE, BUT THAT THIS PHOTO DOES NOT SHOW IT?

4        A.    NO.    THE PHOTO THAT THE NEIGHBOR TOOK HAS THE

5    TIME STAMP OF WHEN SHE SAW HIM AND SENT IT TO ME TO SEND IT

6    TO THE DETECTIVE.

7        Q.    RIGHT.    BUT IN THIS PHOTO, PEOPLE'S 2, YOU CAN'T

8    SEE IT; CORRECT?

9        A.    NO, BECAUSE THERE IS COMPLETE SHADOW.

10       Q.    OKAY.    SHORTLY AFTER YOUR INTERACTION WITH

11   MR. HOWARD, HE LEFT; IS THAT CORRECT?

12       A.    YEAH.

13       Q.    YOU CAN SAY YES OR NO.

14       A.    YEAH.

15       Q.    AND WHEN HE LEFT, YOU WENT, YOU RAN OUT ONTO THE

16   BALCONY; IS THAT CORRECT?

17       A.    I WAS ON THE FLOOR.    AND I JUST KIND OF LIKE WAS

18   MOVING MY HEAD.    I DON'T KNOW HOW LONG I WAS ON THE FLOOR.

19            AND THEN I KIND OF GOT UP.    AND THEN THAT'S WHEN

20   I, LIKE, KIND OF GOT, I JUST KINDA RAN OUTSIDE AFTER THAT.

21   AND HE WAS COMPLETELY GONE.

22       Q.    AND I WILL STOP YOU THERE.

23            SO, YOU GOT UP ONTO YOUR FEET AND RAN OUTSIDE;

24   CORRECT?

25       A.    YEAH.

26       Q.    AND THEN YOU STARTED YELLING; RIGHT?

27       A.    UM -- BECAUSE THEN THE DOOR CLOSED.

28       Q.    YOU COULD JUST SAY YES OR NO.

1          DID YOU START YELLING AT THAT POINT?

2      A.    NO.

3      Q.    DID YOU YELL, SOMEBODY CALL 911?

4      A.    NO.  I DIDN'T CALL.  MY NEIGHBOR DID.

5      Q.    RIGHT.  DID YOU, DO YOU REMEMBER BEING ON THE

6  BALCONY AND YELLING, CALL 911?

7      A.    NO.

8      MS. SCHOENBERG:  I AM ALMOST DONE, YOUR HONOR.

9      Q.    BY MS. SCHOENBERG:  I JUST WANT TO ASK A FEW

10  QUESTIONS ABOUT KIND OF YOUR STATE OF MIND TODAY AND YOUR

11  STATE OF MIND ALSO ON JULY 20TH.

12          HAVE YOU EVER HAD, AROUND THE TIME OF JULY 20TH,

13  YOU HAD CONVERSATIONS WITH MR. HOWARD IN WHICH YOU, YOU

14  EXPRESSED CONCERN THAT YOU FELT LIKE HELICOPTERS THAT YOU SAW

15  IN THE SKY WERE FOLLOWING YOU?

16      MR. MEGEE:  OBJECTION.  RELEVANCE.

17      THE COURT:  SUSTAINED.

18      MS. SCHOENBERG:  IT GOES TO HER CREDIBILITY THROUGH HER

19  STATE OF MIND.

20      THE COURT:  SUSTAINED.  DON'T ANSWER THAT QUESTION.

21      Q.    BY MS. SCHOENBERG:  DO YOU EVER HEAR, AROUND THE

22  TIME OF JULY 20TH, WERE YOU HEARING ANY VOICES?

23      THE COURT:  IF YOU WANT TO ASK EXACTLY WHAT WAS GOING ON

24  AT THE TIME SHE WAS BEING STRANGLED, I THINK THAT MIGHT BE

25  RELEVANT.

26          BUT NOT IF SHE HAS OTHER MENTAL HEALTH ISSUES,

27  NOT RELEVANT.  IF YOU THINK SHE WAS GOING THROUGH SOMETHING

28  RIGHT AT THAT POINT, THEN I WILL ALLOW THAT.

```
1         BUT NOT IF IT IS IN GENERAL.

2    Q.      BY MS. SCHOENBERG:  SO, ON JULY 20TH, THE EVENING

3  OF THE INCIDENT, WERE YOU HEARING ANY VOICES RIGHT AROUND

4  THAT TIME?

5    A.      NO -- NO.

6    Q.      DID YOU FEEL AROUND THAT TIME LIKE --

7    A.      WHEN I GOT STRANGLED, WAS I HEARING VOICES?

8    Q.      NOT RIGHT AT THAT SECOND, BUT AROUND THE TIME OF

9  YOUR INTERACTION WITH MR. HOWARD.

10     THE COURT:  ON THE NIGHT THAT THIS HAPPENED?

11     MS. SCHOENBERG:  RIGHT.

12     THE WITNESS:  NO.

13     THE COURT:  HER ANSWER IS NO.

14     Q.      BY MS. SCHOENBERG:  I NOTICE THAT TODAY -- YOU

15  ARE SPEAKING A LITTLE SLOWLY AND QUIETLY.  I HAVE NEVER MET

16  YOU BEFORE, SO MAYBE THAT IS YOUR MANNER, BUT I JUST WANT TO

17  ASK, ARE YOU FEELING PHYSICALLY OKAY TODAY?

18     MR. MEGEE:  OBJECTION.  RELEVANCE.

19     THE COURT:  SUSTAINED.

20     Q.      BY MS. SCHOENBERG:  ARE YOU FEELING --

21     THE COURT:  I MEAN, SHE DOESN'T APPEAR TO BE UNDER THE

22  INFLUENCE.  SHE IS ANSWERING THE QUESTIONS APPROPRIATELY.

23         I DON'T KNOW WHAT YOU ARE ASKING HER.  WE DON'T

24  KNOW HER.  WE DON'T KNOW HER SPEED.  I TALK FAST AND LOUD.

25  SHE TALKS SLOW AND LOW.

26         PEOPLE ARE DIFFERENT.  SO, IF YOU WANT TO ASK HER

27  SOMETHING RELEVANT.

28     Q.      BY MS. SCHOENBERG:  IS THERE A CHANCE THAT YOU
```

1   MAY BE UNDER THE INFLUENCE OF SOMETHING THAT IS AFFECTING

2   YOUR RATIONAL FACULTIES TODAY?

3        A.     NO.

4        Q.     WHEN YOU FIRST CAME IN HERE AND SAT DOWN, YOU

5   IMMEDIATELY PUT YOUR HEAD DOWN AND STARTED CRYING.  WHY IS

6   THAT?

7        A.     BECAUSE I AM SCARED.  I DIDN'T WANT THIS TO

8   HAPPEN TO HIM.  HE'S VERY, HE'S VERY INTELLIGENT.  HE'S

9   SMART.  I KNOW HE CAN DO A LOT OF THINGS.

10            AND THIS IS THE LAST THING THAT I WANTED TO

11  HAPPEN TO HIM.  AND I JUST FEEL VERY GUILTY BECAUSE OF THAT.

12            I THINK HE JUST HAS --

13       Q.     I AM GOING TO STOP THAT.  THANK YOU.

14            ALL RIGHT.  LAST QUESTION.  ON JULY 20TH, 2022,

15  DID YOU SMOKE CRYSTAL METH?

16       A.     NO.

17  MS. SCHOENBERG:  NO FURTHER QUESTIONS.

18  THE COURT:  ANYTHING FURTHER?

19  MR. MEGEE:  NO.

20  THE COURT:  THANK YOU.  YOU ARE EXCUSED AND YOU ARE FREE

21  TO GO.

22            ANY FURTHER WITNESSES?

23  MR. MEGEE:  NO FURTHER WITNESSES.

24            PEOPLE DO HAVE A THREE-PAGE CERTIFIED RAP SHEET

25  THAT HAS BEEN SHOWN TO DEFENSE COUNSEL THAT REFLECTS THE

26  PRIOR CONVICTIONS AS ALLEGED IN THE COMPLAINT.

27            MAY THAT BE MARKED PEOPLE'S 3?

28  THE COURT:  YES.

```
 1                    (PEOPLE'S EXHIBIT 3
 2           WAS MARKED FOR IDENTIFICATION.)
 3
 4        THE COURT:  ANY OBJECTION TO PEOPLE'S 1, 2 AND 3 BEING
 5   RECEIVED INTO EVIDENCE?
 6        MS. SCHOENBERG:  PEOPLE'S 2, I AM OBJECTING.  RELEVANCE.
 7        THE COURT:  THE PICTURES?
 8        MS. SCHOENBERG:  YEAH, THE PICTURES OF THE VICTIM.
 9        THE COURT:  AT THE HOSPITAL?
10        MS. SCHOENBERG:  YES.  GIVEN THAT SHE HERSELF SAID THAT
11   THEY DON'T SHOW ANY INJURIES.
12        THE COURT:  SUBMIT IT?
13        MS. SCHOENBERG:  AND, I AM SORRY, THE PRIOR
14   CONVICTIONS --
15        MR. MEGEE:  CERTIFIED DOCUMENT.
16        MS. SCHOENBERG:  NO OBJECTION.
17        THE COURT:  OKAY.  PEOPLE'S 2 WILL BE RECEIVED OVER YOUR
18   OBJECTION.  I DO THINK THEY ARE RELEVANT.  THEY ARE PICTURES
19   OF THE VICTIM ON THE NIGHT OF THE INCIDENT WHEN SHE WAS AT
20   THE HOSPITAL.
21             THANK YOU.  PEOPLE REST?
22        MR. MEGEE:  PEOPLE REST.
23        THE COURT:  ANY AFFIRMATIVE DEFENSE OR MOTIONS?
24        MS. SCHOENBERG:  MOTION TO DISMISS.
25             OR IN THE ALTERNATIVE, REDUCE TO MISDEMEANOR.
26   SUBMIT IT.
27        THE COURT:  OKAY.  THE MOTION TO DISMISS IS DENIED AND
28   THE MOTION TO REDUCE IS DENIED.
```

1      THERE IS A COUPLE WAYS TO LOOK AT IT.  ONE IS

2  THAT THE WOUND ON HER HAND WAS HIT AND CAUSED GREATER

3  AGGRAVATION TO IT.  IT IS A PRETTY SEVERE WOUND AND THAT WAS

4  BY THE DEFENDANT, NOT THE CAUSE OF THE WOUND, BUT HE DID HIT

5  THAT.

6      AND THEN ON HER NECK, IT IS SLIGHT, THE

7  DISCOLORATION; BUT SHE DID SAY THERE WAS DISCOLORATION AND

8  SHE SAID THAT IT WAS RED.

9      SO, BASED ON THAT, THERE IS ENOUGH EVIDENCE TO

10  HOLD HIM TO ANSWER AND HE DOES HAVE THE TWO PRIOR CONVICTIONS

11  FOR THE PENAL CODE 273.5, BOTH IN 2020.

12      SO, MOTION TO REDUCE IS ALSO DENIED.

13      IT APPEARING TO ME FROM THE EVIDENCE PRESENTED

14  THAT THE FOLLOWING OFFENSE HAS BEEN COMMITTED AND THAT THE

15  FOLLOWING DEFENDANT IS GUILTY THEREOF, TO WIT; KARLIS RUBEN

16  HOWARD, COUNT 1, PENAL CODE SECTION 275.3(A), AND THAT IS

17  WITH A PRIOR, SPECIFIED PRIOR.

18      HE WILL BE HELD TO ANSWER AND HIS BAIL WILL

19  REMAIN AS PREVIOUSLY SET.

20      YOU ARE TO REMAIN IN THE CUSTODY OF THE SHERIFF

21  OF LOS ANGELES COUNTY UNTIL SUCH BAIL GIVEN.

22      YOUR DATE OF ARRAIGNMENT IN SUPERIOR COURT ON THE

23  INFORMATION WILL BE AUGUST 29TH, 2022, DEPARTMENT 70 AT 8:30

24  IN THE MORNING FOR ALL PURPOSES.

25      MR. MEGEE:  I KNOW THE COURT ALREADY ISSUED THE HOLDING

26  ORDER.

27      I WANT TO QUICKLY PUT ON THE RECORD, PENAL CODE

28  SECTION 273.5(D) ALSO INDICATES THAT STRANGULATION TO THE

1  POINT IT AFFECTS NORMAL BREATHING SATISFIES THE TRAUMATIC

2  CONDITION REQUIRED IN 273.5.

3       THE COURT:  OKAY.  I DO BELIEVE THAT WAS PROVEN BY THE

4  EVIDENCE.  SHE DID SAY SHE WAS STRANGLED TO THE POINT SHE HAD

5  TROUBLE BREATHING.

6            THANK YOU.

7

8

9                 (PROCEEDINGS CONCLUDED.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

174.





NEGLIGENT MISREPRESENTATION

175.



NEGLIGENT MISREPRESENTATION

# REPORTING OFFICER NARRATIVE

| | | OCA |
|---|---|---|
| | | 22-1313 |

| U C L A Police Department | | | |
|---|---|---|---|
| Victim | Offense | | Date / Time Reported |
| PARKS, AYLANA OLIVIA | INFLICT CORPORAL INJURY /AGGRAVATED | | Wed 07/20/2022 22:36 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Richard Gutierrez, picked him up. Victim believed Howard is hiding at Richard Gutierrez home at the ███████ ████ mobile home park in Castaic, CA (███████████████████████).

Victim was desirous of prosecution and an emergency protection order (EPO). I photographed Victim neck and the back of her head. Victim claimed she had a bump on the back of her head from this incident. Officer Realegeno emailed Victim a UCLA PD Domestic Violence Resource Packet.

ADDITIONAL:

Officer Realegeno called the District Attorney's command post to request an EPO. Judge Chris Estes granted the EPO on 07/21/22 at approximately 0150 hours. The EPO expires on 07/28/22. Officer Realegeno and I provided Victim with a copy of the EPO.

RRMC Social Worker Ruth Gurwitch contacted the Department of Children and Family Service (DCFS) to inform them of the incident (DCFS report #0951-0379-4137-0006104).

Officer Realegeno attempted to contact the West Covina Police Department to inquire if a report was taken during the incident that occurred in that city. The West Covina Police Department watch commander did not answer Officer Realegeno's phone call.

Neither Victim nor Howard have any firearms registered to them.

At my request, dispatch sent Howard's probation officer a contact message informing them of the incident.

The interview with Victim was captured on my Body Worn Camera and my personally owned digital audio recorder. I uploaded the audio recording onto the UCPD shared drive.

NEGLIGENT   MISREPRESENTATION

---



FAMSB 2 2 0 5 7 6 3

# AFTER VISIT SUMMARY

**Aylana Parks**  MRN: 6841592          📅 7/21/2022  📍 UCLA Ronald Reagan Emergency Department 310-267-8400
Thank you for choosing UCLA Health for your care

## Instructions
Your personalized instructions can be found at the end of this document.



**Read the attached information**
Pregnancy, Adapting to: Second Trimester (English)



**Follow up with UCLA Ronald Reagan Emergency Department**
Why: As needed, if you have symptoms you think are emergent
Specialty: Emergency Medicine
Contact: 757 Westwood Plaza
          Los Angeles California 90095
          310-267-8400  ·



**Follow up with OB-GYN**
Contact: please follow up with ob if you do not have one please refer to instructions on how to obtain through
          UCLA

## Today's Visit
You were seen by Samantha P. Kadera, MD, MPH and Cherokee S.

**Reason for Visit**
Physical Assault

**Diagnosis**
Normal pregnancy, second trimester

## What's Next
You currently have no upcoming appointments scheduled.

## UCLA Healthcare
**Contact or return to the Emergency Department if your condition worsens or persists.**
It is our goal to provide the best care possible and to exceed your expectations.

For information on obtaining copies of your medical records or X-rays, call Medical Correspondence at: (310) 825-6021 for
Ronald Reagan Hospital; (424) 259-8045 for Santa Monica Hospital

**Follow-up X-rays, Labs, Phone Calls:**
Please make sure you have provided the best phone number to use to contact you.  You may receive a live or automated
call from us to check on your recovery and progress.

If you had an X-ray performed today, the X-ray was read by the Emergency Department doctor.  A radiologist also reads
this X-ray to provide a final interpretation.  Some blood work that may have been performed may not have a result for



*The Los Angeles County* **Sheriff's Department**    *Welcome to* **Inmate Information Center**    BACK

(The information was current as of: 09/19/2022 17:20)

Booking No.: **6408207**    Last Name: **HOWARD**    First Name: **KARLIS**    Middle Name: **RUBEN**

Sex: **M**    Race: **W**    Date Of Birth: **06/02/1992**    Age: **30**    Hair: **BRO**    Eyes: **BLU**    Height: **604**    Weight: **220**

Id Level: **P**    Main No.: **45171365**    CII No.: **37561995**    File No.: **000000000221313**

Special Handling: **M**    Charge Level: **F**

## ARREST

Arrest Charge: **273.5(A)PC**    Charge Description: **CORPORAL INJURY ON SPOUSE/COHABITANT/ETC**

Arrest Date: **07/21/2022**    Arrest Time: **1404**    Arrest Agency: **1997**    Agency Description: **UNIV OF CALIF L.A. PD**

Date Booked: **07/21/2022**    Time Booked: **1529**    Booking Location: **1997**    Location Description: **PD - UCLA**

## BAIL

Total Bail Amount: **125,000.00**    Total Hold Bail Amount: **0.00**    Grand Total: **125,000.00**

## HOUSING LOCATION

Housing Location: **NORF**    Module: **NO3**    Row: **A**    Cell: **0068**    Bunk:

Permanent Housing Assigned Date: **09/15/2022**    Assigned Time: **2215**    Visitor Status: **0**

Facility: **PITCHESS DETENTION CENTER NORTH FACILITY**
Address: **29320 THE OLD ROAD**    City: **CASTAIC**

*For County facility visiting hours, Please call (213) 473-6080 at Inmate Information Center.*

## COURT

Next Court Code: **W70**    Next Court Date: **10/05/2022**    Next Court Time: **0830**    Next Court Case: **SA10685301**

Court Name: **LAX SUPERIOR COURT DEPT W70**
Court Address: **11701 S. LA CIENEGA BLVD.**    Court City: **LOS ANGELESUPT**

## RELEASE

Release Date:    Release Reason:    Reason Description:

Release Agency:    Agency Description:

## Case Information

| Case No. | Charge | Level | Court | Court | Court | Bail Amt. | Fine | Court Date | Sent. | Sent. | Disp |
|----------|--------|-------|-------|-------|-------|-----------|------|------------|-------|-------|------|

179.

CR-160

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF _Los Angeles_ | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 11701 S. La Cienega | |

AIRPORT BRANCH COURT
11701 S. LA CIENEGA BLVD
LOS ANGELES, CA 90045

MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90045
BRANCH NAME:

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 26 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: Stacey Ensley, Deputy

PEOPLE OF THE STATE OF CALIFORNIA
vs.
DEFENDANT: Karl Ruben Howard

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS - CPO)** (Pen. Code, §§ 136.2, 1203.097(a)(2), 136.2(i)(1), 273.5(j), 368(*l*), and 646.9(k))

☒ ORDER UNDER PENAL CODE, § 136.2    ☐ MODIFICATION

☐ PROBATION CONDITION ORDER (Pen. Code, § 1203.097)

ORDER UNDER:    ☐ PENAL CODE, § 136.2(i)(1)    ☐ PENAL CODE, § 273.5(j)
☐ PENAL CODE, § 368(*l*)    ☐ PENAL CODE, § 646.9(k)

CASE NUMBER: 5A106853

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED *(complete name):* Karlis R. Howard
Sex: ☒ M  ☐ F  Ht.: 6'0"  Wt.: 200  Hair color: BRO  Eye color: BLU  Race: W  Age: 30  Date of birth: 6/2/92

1. This proceeding was heard on *(date):* 7/26/22  at *(time):* 1 AM  in Dept.: 30  Room: _____
   by judicial officer **KEITH SCHWARTZ**

2. This order expires on *(date):* _____. If no date is listed, this order expires three years from date of issuance.

3. ☒ Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.

4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON: Aylana Parks (DOB 2/21/97)
   Female

5. ☐ For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:

6. ☐ The court has information that the defendant owns or has a firearm or ammunition, or both.

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

... assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, ... under surveillance, or block movements of the protected persons named above.

... possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The ... must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the ...dant or subject to his or her immediate possession or control within 24 hours after service of this order and must ...le a receipt with the court showing compliance with this order within 48 hours of receiving this order.

☐ The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for *(date):* _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)

☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm *(specify make, model, and serial number of firearm):*

9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise.  ☐ The court finds good cause not to make the order in item 10.

11. ☐ must be placed on electronic monitoring for *(specify length of time):* _____. (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(3).)

12. ☐ must have no personal, electronic, telephonic, or written contact with the protected persons named above.

13. ☒ must have no contact with the protected persons named above through a third party, except an attorney of record.

14. ☒ must not come within 100 yards of the protected persons and animals named above.

15. ☐ must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.

16. ☐ may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. ☐ the Family, Juvenile, or Probate court order in case number: _____ issued on *(date):* _____
    b. ☐ any Family, Juvenile, or Probate court order issued *after* the date this order is signed.

17. ☒ The protected persons may record any prohibited communications made by the restrained person.

18. ☒ Other orders including stay-away orders from specific locations: 3310 _____ Los Angeles 90066

Executed on: 7-26-22 _____    _____ (SIGNATURE OF JUDGE) **KEITH SCHWARTZ**    Department/Division: _____
(DATE)

---

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. January 22, 2019]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS—CPO)**

Penal Code, §§ 136.2, 166, 1203.097(a)(2),
273.5(j), 368(*l*), 646.9(k), and 136.2(i)(1)
www.courts.ca.gov

Page 1 of 2

**University of California Police Department, Los Angeles**

**ARREST REPORT**

| | |
|---|---|
| Case # | Arrest # |
| **221313** | **11060** |

Date/Time Arrested
**07/21/2022 14:04**  **Thu**

## ARRESTEE INFO

| Name (Last, First, Middle) | D.O.B. | Age | Race | Sex | Place of Birth | Citizenship |
|---|---|---|---|---|---|---|
| **HOWARD, KARLIS RUBEN** | **06/02/1992** | **30** | **W** | **M** | Santa Paula,    CA | |

| Current Address | Phone **909-843-1836** | Occupation **Student** | Residence Status **Resident** |
|---|---|---|---|

| Employer's Name | Address | | Phone |
|---|---|---|---|

| Also Known As (Alias Names) | Hgt **6'04** | Wgt **220** | Hair **Brow** | Eyes **Blue** | Skin Tone |
|---|---|---|---|---|---|

| Scars, Marks, Tattoos | Social Security # | OLN and State **E2774011-CA** | Misc. # and Type |
|---|---|---|---|

| Nearest Relative Name | Address | Phone |
|---|---|---|

## ARREST INFO

| If Armed, Type of Weapon **UNARMED** | Type of Arrest **ON VIEW / TAKEN INTO CUSTODY** | Place of Arrest **3235 SAWTELLE BLVD, LOS ANGELES** | | |
|---|---|---|---|---|

| Charge #1 **INFLICT CORPORAL INJURY /AGGRAVATED** | Type **Fel** | Counts **1** | IBR Code **13A** | Warrant # | Section # **273.5(A) PC \|** | Warr. Date |
|---|---|---|---|---|---|---|
| Charge #2 **OBSTRUCT/RESIST/ETC PUBLIC/P** | Type **Misd** | Counts **1** | IBR Code **90Z** | Warrant # | Section # **148(A)(1) PC** | Warr. Date |
| Charge #3 | Type | Counts | IBR Code | Warrant # | Section # | Warr. Date |

## VEH INFO

| VYR | Make | Model | Style |
|---|---|---|---|
| Color | Plate #/State/Plate Year | VIN | |
| Vehicle | | | |

## COURT INFO

| Bail Amount | Trial Date **07/25/2022** | Time **16:00** | Court Of **Airport Courthouse** | City **LOS ANGELES** |
|---|---|---|---|---|

| Arresting Officer Name/ID #/Bureau **MEMBRENO, J. (PAT) (38242) OPS** | Place Confined | |
|---|---|---|
| Assisting Officer Name/ID #/Bureau | Released By (Name/Department/ID #) | Date/Time Released |

## Status Codes

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown/Lost

### DRUGS

| Code | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity for each |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Other Name

| Name | Address | Phone |
|---|---|---|
| Name | Address | Phone |

## NARRATIVE

See incident module.

## STATUS

| Arresting Officer Signature/ID #/Bureau **MEMBRENO, J. (PAT) (38242) OPS** | Arrestee Signature |
|---|---|

Case Status
**BOOKED (TRANSPORT OR CITE-OUT)**

r_arlbr                                      *Printed By: KAY, ITS-TEST*

**INCIDENT/INVESTIGATION REPORT**

| | |
|---|---|
| Agency Name **U C L A Police Department** | Case# **22-1313** |
| | Date / Time Reported **07/20/2022 22:36  Wed** |
| ORI **CA 0199700** | Last Known Secure **07/20/2022 21:30  Wed** |

** Contains Restricted Names **

| Location of Incident | Gang Relat **NO** | Premise Type **Single Family Home** | Beat/GeoProx **6** | At Found **07/20/2022 21:30  Wed** |
|---|---|---|---|---|

**INCIDENT DATA**

| | Crime Incident(s) (Com) | Weapon / Tools **Personal Weapons** | | Activity **N** |
|---|---|---|---|---|
| #1 | **Inflict Corporal Injury /aggravated 273.5(A) PC** F | Entry | Exit | Security |
| | | Entry | Exit | Security | Activity |
| #2 | Crime Incident ( ) | Weapon / Tools | | |
| | | Entry | Exit | Security | Activity |
| #3 | Crime Incident ( ) | Weapon / Tools | | |
| | | Entry | Exit | Security |

**MO**

Injury: Apparent Minor Injury    Domestic: YES

**VICTIM**

| # of Victims **1** | Type: **INDIVIDUAL/ NOT LAW** | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| V1 | Victim/Business Name (Last, First, Middle) **PARKS, AYLANA OLIVIA Restricted** | Victim of Crime # **1.** | DOB Age **25** | Race **S** | Sex **F** | Relationship To Offender **137** | Resident Status **Resident** | Military Branch/Status |

Home Address

Email

Home Phone

Employer Name/Address

Business Phone

Mobile Phone

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

CODES: V= Victim (Denote V2, V3)    WI = Witness    IO = Involved Other    RP = Reporting Person (if other than victim)

**OTHERS INVOLVED**

Type: **INDIVIDUAL/ NOT LAW ENFORCEMENT**    Injury:

| Code **RP** | Name (Last, First, Middle) **KIM, HYUNG TAE** | Victim of Crime # | DOB Age **33** | Race **8** | Sex **M** | Relationship To Offender | Resident Status **Resident** | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|

Home Address

Email

Home Phone

Employer Name/Address **(STUDENT)**

Business Phone

Mobile Phone

Type:    Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|

Home Address

Email

Home Phone

Employer Name/Address

Business Phone

Mobile Phone

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

**PROPERTY**

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Status**

| Officer/ID# **SALAZAR, H. (PAT) (62587)** | | Supervisor **DOWNEY, D. (PAT) (92887)** |
|---|---|---|
| Invest ID# **FREUND, M. (INV, DETS) (68241)** | | |
| Complainant Signature | Case Status **Open** **07/21/2022** | Case Disposition: **Page 1** |

R_CS1 IBR    Printed By: KAY, ITS-TEST    Sys#: 46336    07/22/2022 13:57

## INCIDENT/INVESTIGATION REPORT

182.

*U C L A Police Department*

Case # *22-1313*

| Status Codes | 1 = None | 2 = Burned | 3 = Counterfeit / Forged | 4 = Damaged / Vandalized | 5 = Recovered | 6 = Seized | 7 = Stolen | 8 = Unknown |

| | IBR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|---|
| D R U G S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers
*REALEGENO, G. (62559)*

Suspect Hate / Bias Motivated:  *NONE (NO BIAS)*

**NARRATIVE**

## Incident Report Suspect List

**UCLA Police Department**

OCA: *22-1313*

| | Name (Last, First, Middle) | | | | | | Also Known As | | | Home Address |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | *HOWARD, KARLIS RUBEN* | | | | | | | | | *3310 SAWTELLE BLVD - 302 LOS ANGELES, CA 90066 909-843-1836* |

Business Address *UCLA, STUDENT*

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| *06/02/1992* | *30* | *W* | *M* | | *604* | *220* | *BRO* | *BLU* | | *E2774011 CA* |

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | Model | | | Color | Caliber | Dir of Travel | | |
| | | | | | | | | Mode of Travel | | |
| VehYr/Make/Model | | Drs | Style | | Color | Lic/St | | VIN | | |

Notes                                                                Physical Char

184.

EPO-001

**EMERGENCY PROTECTIVE ORDER** (See reverse for important notices.)

ONE copy to court, ONE copy to restrained person, ONE copy to protected person, ONE copy to issuing agency.

LAW ENFORCEMENT CASE NUMBER: T22006716

1. PROTECTED PERSONS (insert names of all persons protected by this Order):
   AYLANA PARKS

2. RESTRAINED PERSON (name): KARLIS HOWARD
   Sex: ☒ M  ☐ F  Ht: 6'04"  Wt: 220  Hair color: BRN  Eye color: BW  Race: W  Age: 30  Date of birth: 6/2/92

3. TO THE RESTRAINED PERSON:
   a. ☒ YOU MUST NOT harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy any personal property of, disturb the peace of, keep under surveillance, or block the movements of each person named in item 1.
   b. ☒ YOU MUST NOT contact, either directly or indirectly, by any means, including but not limited to by telephone, mail, e-mail or other electronic means, any person named in item 1.
   c. ☒ YOU MUST  ☒ stay away at least  100  yards from each person named in item 1.
      ☒ stay away at least  100  yards from  ☐ move out immediately from
      (address): ▮▮▮▮▮▮▮
   d. ☐ YOU MUST NOT own, possess, purchase, receive, or attempt to purchase or receive any firearm or ammunition. If you have any firearms, you must turn them in to a law enforcement agency or sell them to, or store them with, a licensed gun dealer.
   e. ☐ YOU MUST NOT take any action, directly or through others, to obtain the addresses or locations of any person named in item 1.

4. ☒ (Name): AYLANA PARKS                                is given temporary care and control of the following minor children of the parties (names and ages): ATHENA HOWARD, 8 MOS

5. THIS ORDER WILL EXPIRE AT THE CLOSE OF THE COURT BUSINESS DAY ON: 7/28/2022
   INSERT DATE OF FIFTH COURT DAY OR SEVENTH CALENDAR DAY, WHICHEVER IS EARLIER; DO NOT COUNT DAY THE ORDER IS GRANTED

6. TO THE PROTECTED PERSON: If you need protection for a longer period of time, you must request restraining orders from the court in the county where you live:
   (Name and address of court): SANTA MONICA COURTHOUSE, 1725 MAIN ST, SANTA MONICA 90401
   If you go to court to request restraining orders, take your copy of this form with you. If a juvenile petition is pending, file in that court.

7. Reasonable grounds for the issuance of this Order exist, and an emergency protective order is necessary to prevent the occurrence or recurrence of domestic violence, child abuse, child abduction, elder or dependent adult abuse, or stalking.  granted this Order on (date): 7/21/2022  at (time): 0150

8. Judicial officer (name): CHRIS ESTES

**APPLICATION**

9. The events that caused the protected person to fear immediate and present danger of domestic violence, child abuse, child abduction, elder or dependent adult abuse (except solely financial abuse), or stalking are (give facts and dates; specify weapons):
   VICTIM WAS STRANGLED AND THROWN TO THE GROUND BY SUSPECT WITH CHILD PRESENT. VICTIM IS 4 MOS PREGNANT.

10. ☐ Firearms were:  ☐ observed  ☐ reported  ☐ searched for  ☐ seized

11. ☐ The person to be protected lives with the person to be restrained and requests an order that the restrained person move out immediately from the address in item 3c.

12. ☒ The person to be protected has minor children in common with the person to be restrained, and a temporary custody order is requested because of the facts alleged in item 9. A custody order ☐ does  ☒ does not exist.

By: GEORGE REALEGENO                                         (SIGNATURE OF LAW ENFORCEMENT OFFICER)
    (PRINT NAME OF LAW ENFORCEMENT OFFICER)
                                            Telephone No.: ▮▮▮▮▮  Badge No.: 352

Agency: UCLA PD

**PROOF OF SERVICE**

13. Person served (name): KARLIS HOWARD                    Date: 7/21/22      Time: 16:55

14. I personally delivered copies of this Order to the person served as follows:
    Address: ▮▮▮▮▮▮    ☒ I am a California law enforcement officer.

15. At the time of service, I was at least 18 years of age and not a party to this cause.

16. My name, address, and telephone number are (this does not have to be server's home telephone number or address):
    LINDSAY SCHIRNER ▮▮▮▮▮

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/21/22                                          (SIGNATURE OF SERVER)
LINDSAY SCHIRNER #356
(TYPE OR PRINT NAME OF SERVER)                                                      Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California                  **EMERGENCY PROTECTIVE ORDER (CLETS–EPO)**          Family Code, §§ 6240–6275;
                                                 Elder or Dependent Adult Abuse, or Stalking)       Penal Code, § 646.91

## LOS ANGELES COUNTY BOOKING AND PROPERTY RECORD

SUSPECT PHOTO

| BOOKING No | LOCAL AGENCY No | | | | |
| 6408207 | CA0199700 | | | | |

| MAIN No. | SID / CII. No. | FBI No | ARN No. | DL LIC No. / STATE |
| 15171365 | 37561995 | 606479XD6 | | E2774011/CA |

**ARRESTEE'S NAME (LAST, FIRST, MIDDLE)**
HOWARD, KARLIS RUBEN

HOME PHONE

DNA STATUS: ON FILE

**ADDRESS, CITY, STATE, ZIP**
1942 TRANSIENT WAY    LOS ANGELES CA 90024

DNA COLLECTED BY: N/A

DATE DNA COLLECTED: N/A

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE |
| M | W | BRO | BLU | 604 | 220 | 06-02-1992 | 30 |

VEH LIC No ST: 1942
RPT DIST

AD CHG: YES

LIVESCAN OPERATOR(S): MEMBRENO 340

| BIRTHPLACE | CITIZENSHIP | ARR. AGY / DETAIL |
| CA | US | 1997 |

AKA/NICKNAME

MONIKER

FILE No: 221313

**DATE & TIME ARRESTED**: 07-21-2022 1404

**TIME BKD**: 1529

**LOCATION OF ARREST**: 3235 SAWTELLE BLVD

**TOTAL BAIL**: 50000

WARR /COMM. No.

**CHARGE**: 273.5(A)PC / F / 001
CORPORAL INJURY ON SPOUSE\COHABITANT\ETC

221313

| JAIL LOC | ARRAIGNMENT DATE | TIME | COURT |
| 1997 | 07-25-2022 | 1600 | W30 |

SOC SEC No

OBSERVABLE PHYSICAL ODDITIES

PRISONER'S SIGNATURE WHEN BOOKED: X

OCCUPATION: UNEMPLOYED

EMPLOYER (FIRM OR PERSON'S NAME, CITY & PHONE No.)

SPECIAL MEDICAL PROBLEMS

LOCATION OR DISPOSITION OF VEHICLE

**CLOTHING WORN**: WHT L/S SHIRT BLU JEAN SHORTS

IN CASE OF EMERGENCY NOTIFY (NAME, RELATIONSHIP, ADDRESS, CITY & PHONE)

| ARRESTING OFFICER | BOOKING EMPLOYEE | SEARCHING OFFICER | TRANSPORTING OFFICER |
| MEMBRENO 340 | MEMBRENO 340 | | |

| CASH RETAINED | PROPERTY |
| | CLOTHING WORN |

PRISONER'S SIGNATURE FOR RECEIPT OF FOREGOING CASH & PROPERTY

| CASH DEPOSITED | PROPERTY |

PRISONER'S SIGNATURE FOR RECEIPT OF REMAINING CASH & PROPERTY

20220721 15:54:44

| RIGHT FOUR IN | RIGHT THUMB IN | RIGHT THUMB OUT | RIGHT FOUR OUT |

| ADDITIONAL CHARGE | | WARRANT NUMBER | ARRIGN DATE | TIME | COURT |
|---|---|---|---|---|---|
| 148(A)(1)PC / M / 001<br>OBSTRUCT\ETC PUB OFCR\ETC | ● | 221313 | 07-25-●2 | 1600 | W90 |
| | | | | | 186. |

INTERVIEWS - Code: A = ATTY, B = BONDSMAN, D = DOCTOR, E = EMPLOYER, R = RELATIVE, W = WAIVED, O = OTHER

| NAME | CODE | PHONE# OR INTERVIEWER | DATE & TIME MADE | OFFICER HANDLING SERIAL# | PRISONER'S INITIALS |
|---|---|---|---|---|---|
| TELEPHONE CALLS | | | | | |
| BAIL DEVIATION (800) 773-5151 | O | (213) 351-0311 | | w 339 | 6 17 |
| ANDREW JOHNSON | R | (661) 477-4654 | 7/21/22 1812 | 339 | 6 11 |
| NADINE JOHNSON | R | (661) 6066-7622 | 7/21/22 1816 | 339 | 6 11 |
| | | | | w 339 | 6 11 |

REMARKS

X COMPLETED

| Misdemeanor hold | | REASON FOR RELEASE ___ EXPIRATION ___ FINE ___ CITATION ___ BAIL ___ OTHER |
|---|---|---|
| ___ NO IDENTIFICATION | | RECEIPT #     DATE AND TIME |
| ___ WARRANT | | |
| ___ ON GOING PROBLEM | | RELEASED BY     DOCUMENT ANALYST |
| ___ NON-CITABLE MISDEMEANOR | | |
| ___ OTHER | | RELEASED TO (NAME, AGENCY & DETAIL) |
| APPROVED BY | | |
| WATCH COMMANDER | | |

RECORD OF PROPERTY TRANSACTIONS          CODE: A = ADD   W = WITHDRAW   I = INSPECT   E = REMOVE FOR EVIDENCE

| NAME OF PERSON<br>ADDING, WITHDRAWING OR INSPECTING | OFFICER HANDLING SERIAL # | PRISONER'S SIGNATURE AUTHORIZING WITHDRAW | CODE | DESCRIPTION OF PROPERTY | DATE AND TIME |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| OFFICER MAKING FINAL RELEASE | DATE AND TIME | I DO HEREBY ACKNOWLEDGE RECEIPT OF ALL MY REMAINING PROPERTY |
|---|---|---|
| | | SIGNATURE |

| CA DMV IMAGES | | BOOKING IMAGES |
|---|---|---|

SA1068853

-187.

## Felony Bail Computation Worksheet

| 1 | Name of Arrestee: | Karliss Ruben Howard |
|---|---|---|
| 2 | List all offenses: | PC 273.5 w/prior |

### Base Bail (see Felony Bail Schedule at pages 5-22)                                                    AMOUNT

|  | Of the offenses listed in 2, which carries the highest bail schedule amount? | | |
|---|---|---|---|
| 3 | List code and section number here: _PC 273.5 w/prior_ | | |
|  | List the bail schedule amount for that offense in 3a. | 3a | 100 000 |
|  | Is arrestee charged with two or more offenses? If yes, move to 3b and 3c. If no, move to 4 | | |

| 3b | Were additional offenses committed against separate victims OR were the offenses committed on separate dates? If yes, list the sum of the bail schedule amount(s) for each additional offense committed against a separate victim and/or on a separate date in 3b. | 3b | |
|---|---|---|---|
| 3c | Were additional separate sex acts committed on the same victim AND may each act be punished separately? If yes, list the sum of the bail schedule amounts for each additional separate sex act in 3c. | 3c | |

If no to 3b and 3c, base bail is **only** the bail amount for the offense listed in 3a

### Enhancements (see Felony Bail Schedule at page 23)

| 4 | Was the offense committed for the benefit of a gang? | If yes, add $40,000 | 4 | |
|---|---|---|---|---|
| 5 | Was a weapon involved? If yes, add only the greatest of 5a-5d. If no weapon, move to 6 | | | |
| 5a | Did the arrestee personally discharge a firearm, causing GBI or death? | If yes, add $1,000,000 | 5a | |
| 5b | Did the arrestee personally discharge a firearm, not causing GBI/death? | If yes, add $200,000 | 5b | |
| 5c | Did the offense involve possession, use, or discharge of a firearm? | If yes, add $50,000 | 5c | |
| 5d | Did the arrestee use a weapon other than a firearm? | If yes, add $20,000 | 5d | |
| 6 | Did the offense involve infliction of GBI? | If yes, add $30,000 | 6 | |
| 7 | Does the arrestee have any prior convictions? If no prior convictions, move to 8 | | | |
| 7a | Does the arrestee have a prior conviction for a serious or violent felony or enumerated sex offense? | If yes, add $50,000 per prior conviction | 7a | |
| 7b | Is the arrestee charged with a serious or violent felony AND does the arrestee have two or more convictions for serious or violent felonies? | If yes, add $1,000,000 | 7b | |
| 7c | Has the arrestee served a prison term during the past 5 years? | If yes, add $10,000 per term | 7c | |
| 8 | Are there any other enhancements to be added? If no other enhancements, move to 9 | | | |
| 8a | Is the crime a hate crime? | If yes, add $25,000 | 8a | |
| 8b | Is the victim over 65, under 15, or disabled AND is the crime enumerated in Penal Code sections 667.9-667.10? | If yes, add $25,000 | 8b | |
| 8c | Add only once: Are there other felony charges pending against arrestee, or is the arrestee on parole, felony probation, or probation department supervision? | 18WF 1984   If yes, add $25,000 | 8c | 25,000 |
| 8d | If base bail is less than $1,000,000 and neither 6a nor 8c apply: Does the offense carry a possible term of life imprisonment? | If yes, add $1,000,000 | 8d | |

| 9 | Add lines 3a through 8d. | This is the Total Bail: 9 | 125,000 |
|---|---|---|---|

Frennd                          385

Name of Person Completing Form         Badge/ID #

If Law Enforcement, Do You Oppose OR Release?   ☒ Yes   ☐ No

If deviation from Felony Bail Schedule is sought, please attach request and supporting documentation.

LASM-208 Felony Computation Worksheet (01-2018)

2211340482

HD 8D



188.

FELONY ABSTRACT OF JUDGMENT—DETERMINATE
(NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED)

CR-290

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SAN BERNARDINO | | | | |
|---|---|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: KARLIS RUBEN AUGSTUS HOWARD | DOB: 06/02/1992 | FWV20003735 | -A | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO RANCHO CUCAMONGA DISTRICT |
| AKA: *Karlis Howard* | | | -B | JAN 31 2023 |
| CII NO.: A37561995 | | | -C | |
| BOOKING NO.: 2211340482 | ☐ NOT PRESENT | | -D | ALEXIS STAMAS |
| FELONY ABSTRACT OF JUDGMENT ☑ PRISON COMMITMENT   ☐ COUNTY JAIL COMMITMENT | ☐ AMENDED ABSTRACT | | | |

| DATE OF HEARING 01/31/2023 | DEPT. NO. R8 | JUDGE ELIA V. PIROZZI | |
|---|---|---|---|
| CLERK KAITLYN BURTON | REPORTER VICTORIA VILLEGAS | PROBATION NO. OR PROBATION OFFICER 1182441 | ☐ IMMEDIATE SENTENCING |
| COUNSEL FOR PEOPLE ANDREW TURK, DDA | | COUNSEL FOR DEFENDANT JEREMY GARRETT, DPD | ☑ APPOINTED |

1. Defendant was convicted of the commission of the following felonies:

☐ Additional counts are listed on attachment
(number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YR.) | JURY | COURT | PLEA | TERM (L, M, U) | CONCURRENT | 1/3 CONSECUTIVE | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (REFER TO Item 5) | 654 STAY | SERIOUS FELONY | VIOLENT FELONY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | PC | 273.5(a) | INFLICT CORPORAL INJURY ON SPOUSE/COHABITANT | 2018 | 06 / 29 / 20 | | X | | L | | | | | | | | 02 | 00 |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| COUNT | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| 001 | PC12022.7(e) | 3 YRS | | | | | 03 | 00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

3. ENHANCEMENTS charged and found to be true for PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4. Defendant sentenced ☐ to county jail per 1170(h)(1) or (2)
☐ to prison per 1170(a), 1170.1(a) or 1170(h)(3) due to ☐ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
☐ per PC 1170(a)(3). Preconfinement credits equal or exceed time imposed. ☐ Defendant ordered to report to local parole or probation office.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: | | |

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME: | 05 | 00 |

Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290 [Rev. July 1, 2012]

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Penal Code,
§ 1213, 1213.5





San Bernardino County Sheriff's Department
**DETENTION AND CORRECTIONS BUREAU**

☐ CDC
☐ GHRC
☑ HDDC
☐ WVDC
☐ Type I Jail

## STATE PRISONER PROPERTY RELEASE FORM

Name: HOWARD, KARLIS _____ Booking# 2211340482 _____ Housing Location: 8D/02 _____

*You have been sentenced to state prison.*

*We recommend that you release all of your property to a designated person prior to your departure from this facility. This includes all items of property stored in your cell and in the property room, **excluding any personal clothing**.*

<u>*Any food or perishable items you may have will not be released to your designated person.*</u>

*If you fail to authorize release of any non-perishable items of property prior to your departure from this facility, those items will be transported with you to state prison, **but may be destroyed by prison officials**.*

**The San Bernardino County Sheriff's Department will not be held responsible for property that is destroyed or not accepted by state prison facilities.**

*You may choose one person to pick up your property. Your property will only be released to the designated person, and that person must have with them a valid government issued identification (Driver's license, California ID card, etc.). If that person cannot pick up the property, you may submit a new form requesting a name change. Items in your cell that you want released must be sent to the property room with this form. We require **3 days** to process your request prior to any property being released. Please advise your designated person to wait the 3 days before coming to the facility to pick up your property.*

## RELEASE AUTHORIZATION

*Release property to (First and last name)* _____

*Relationship* _____ *Inmate signature* _____ *Date* _____

*Employee Signature* _____ *Emp#* _____ *Date* _____

ASU #000902
Revised: 06/2017

ORPS007B - Offender Photograph                                        Page 1 of 1

190.

Name: HOWARD, KARLIS R.                          CDC #: BT4324  PID #: 12262813
Offender Photograph                              Wednesday March 08, 2023 10:03:57 AM

|  |  |  |  |
|---|---|---|---|
| Date Taken*: | 03/02/2023 | Time Taken*: | 11:23:02 |
| Source*: | State Institution | Facility/Office: | WSP-Central Service |
| Type*: | Front View |  |  |
| Date ID Card Printed: | 03/02/2023 | Card Sequence: | 1 |



CDC# BT4324  Date: 03/02/2023

Show Last Updated Information

28 USC 1746

## DECLARATION OF FACT

MY NAME IS DAVID YOST BT3390

1. ON 04/07/23 AT WASCO STATE PRISON C-3 A-SIDE AT APPX 6AM I WITNESSED SCOTT STANSELL BT5782 VISCIOUSLY, MALICIOUSLY ASSAULT AND BATTER INMATE KARLIS RUBEN AUGUSTUS HOWARD IN THE DORM AT 127L.

DESPITE THE ASSAULT AND BATTERY NO REPORT WAS CONDUCTED BY CORRECTIONAL OFFICER RODRIGUEZ, OR CDCR.

2. ON 04/07/23 AT WASCO STATE PRISON C-3 A-SIDE AT APPX 730 AM I WITNESSED SCOTT STANSELL BT5782 ASSAULT AND BATTER INMATE KARLIS RUBEN AUGUSTUS HOWARD BT9324 ON THE YARD. DURING THIS TIME THE YARD WAS DOWN. INMATE STANSELL AND HOWARD WERE HANDCUFFED AND LED OFF THE YARD BY CDCR, CORRECTIONAL OFFICERS.

DAVID YOST BT3390

9-21-23



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BT4324 | INMATE'S NAME HOWARD, KARLIS R. | EPRD 03/31/2025 | FACILITY WSP-Facility C | HOUSING LOCATION WSP-C – C 003 1 – 000127L |
|---|---|---|---|---|
| VIOLATION DATE 04/07/2023 | VIOLATION TIME 07:42:00 | VIOLATION LOCATION WSP-Facility C – YARD | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Friday, April 7, 2023, while assigned as H Yard RC officer, during Facility C Dorm 3's recreational yard, I saw Inmate STANSELL (BT5782) begin to strike Inmate HOWARD (BT4324) in the facial area with his fists. In his defense, I saw HOWARD begin to strike STANSELL's facial area with his fists. I gave direct orders for all inmates to get down. All inmates got down in a prone position. Via institutional radio, I called a "code-1 C yard inmates fighting". Officers C.Retamoza, S.Hasha and I formed a skirmish line by the observation tower and responded to the incident area together. I placed HOWARD in handcuffs and conducted a clothed body search for contraband with no contraband being discovered. I escorted HOWARD to Facility "C" holding cell # 3 and before placing him inside, I conducted a cursory search of the cell for contraband with no contraband discovered. I secured HOWARD inside of the holding cell and removed his handcuffs through the handcuff port. While utilizing the privacy screen, I conducted an unclothed body search of HOWARD for contraband with no contraband discovered. Medical staff arrived and conducted a (7219) medical evaluation on STANSELL and HOWARD.

PERNR- 100601

| REPORTING EMPLOYEE J. Fernandez | TITLE Correctional Officer | ASSIGNMENT H Yard RC | RDO MT | DATE: 04/07/2023 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007288890 | VIOLATED RULE NUMBER: 3005(d)(1) |
|---|---|
| SPECIFIC ACT: Fighting | |

| CLASSIFICATION | |
|---|---|
| LEVEL: Serious | OFFENSE DIVISION: Division D |
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: No |

| REVIEWING SUPERVISOR B. Maddux | TITLE sgt | DATE 04/07/2023 |
|---|---|---|

CDC NUMBER: BT4324 NAME: HOWARD, KARLIS R. LOG#: 000000007288890          Page 1 of 5

| CLASSIFIED BY<br>R. Singleton | TITLE<br>Lieutenant | DATE<br>04/12/2023 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT

193.



**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BT4324 | INMATE'S NAME HOWARD, KARLIS R. | EPRD 03/31/2025 | FACILITY WSP-Facility C | HOUSING LOCATION WSP-C - C 003 1 - 000127L |
|---|---|---|---|---|
| VIOLATION DATE 04/07/2023 | VIOLATION TIME 07:42:00 | VIOLATION LOCATION WSP-Facility C - YARD | | |

| INMATE NOTIFICATION |
|---|
| POSTPONEMENT OF DISCIPLINARY HEARING |

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign    ☐ Unable to Sign | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign    ☐ Unable to Sign | DATE |

| STAFF ASSISTANT |
|---|

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ☐ Refuse to Sign    ☐ Unable to Sign | |

| INVESTIGATIVE EMPLOYEE |
|---|

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ☐ Refuse to Sign    ☐ Unable to Sign | |

194.

## SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
See California Code of Regulations, Title 15 (CCR) for details

**A.    TIME CONSTRAINTS -**
1.    A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2.    The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3.    REFERRAL FOR PROSECUTION - **(Serious Rules Violations Only)** - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4.    Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

**B.    INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -**
1.    General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
2.    Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
3.    Investigative Employee - **(Serious Rules Violations Only)** - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
4.    Witnesses - **(Serious Rules Violations Only)** - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
5.    Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

**C.    DISPOSITION** - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

**D.    APPEAL** - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

116.

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| WSP-RC | C HOLDING CELL | 4/7/2023 |

| REASON FOR REPORT | ☒ ALLEGATION | ☐ ON THE JOB INJURY | ☐ USE OF FORCE | ☐ INJURY | ☐ OTM RETURNS |
|---|---|---|---|---|---|
| ☒ UNUSUAL OCCURRENCE | ☐ PRE AD/SEG ADMISSION | ☐ R&R | ☐ OTHER | | |

| NAME | LAST HOWARD | FIRST KARLIS | CDCR NUMBER BT 4324 | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|---|

| PLACE OF OCCURRENCE C YARD | DATE OF OCCURRENCE 4/7/2023 | TIME OF OCCURRENCE 0742 | TIME SEEN 0747 | RN NOTIFIED TIME 0755 | PHYSICIAN NOTIFIED TIME — |
|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE   P&Z RN

" NO COMMENT "

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | (1) |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | (14) |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

| Chemical Agent Exposure? | YES / (NO) |
|---|---|
| Chem. Agent Exposure Area | EX |
| Decontaminated w/ Water? | YES / NO / REFUSED |
| Decontaminated w/ Air? | YES / NO / REFUSED |
| Self-decontamination Instructions given ? | YES / NO |
| Staff issued Exposure packet ? | YES / NO |

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| 2nd Check | Final |

TIME/DISPOSITION  RTC  0756



REPORT COMPLETED BY/TITLE (PRINT AND SIGN)   Dominguez  WN

| PERNR / INST. ID # | RDOs | ASSIGNMENT AREA C3C4 |
|---|---|---|

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION WSP·RC | LOCATION OF EVALUATION C HOLDING CELL | DATE 2/7/2023 |
|---|---|---|

REASON FOR REPORT ☒ ALLEGATION   ☐ ON THE JOB INJURY   ☐ USE OF FORCE  ☐ INJURY   ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE   ☐ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER _____

| NAME *LAST* STANSELL | *FIRST* SCOTT | CDCR NUMBER BT5782 | FERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|

| PLACE OF OCCURRENCE C YARD | DATE OF OCCURRENCE 4/7/2023 | TIME OF OCCURRENCE 0742 | TIME SEEN 0750 | RN NOTIFIED TIME 0755 | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE   PO2 RN

^ NO Comment ^



| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | ①  |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | ⑦ |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | ⑭ |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | EX |
| Decontaminated w/ Water? | YES / NO / REFUSED |
| Decontaminated w/ Air? | YES / NO / REFUSED |
| Self-decontamination Instructions given | YES / NO |
| Staff issued Exposure packet ? | YES / NO |

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| 2nd Check | Final |

TIME/DISPOSITION   RTZ 0756

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) Portague wSD | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA C3 C4 |
|---|---|---|---|

*198.*

*C3-127*



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: Wasco State Prison | Facility: WSP-Facility C | Log Number: 000000007288890 |
| Inmate Name: HOWARD, KARLIS R. | CDC #: BT4324 | Bed Number: WSP-C - C 003 1 - 000127L |
| TABE Score: | MH LOC: CCCMS | DDP Status: NCF |

### DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(d)(1) | Specific Act: Fighting |
| Level: Serious | Offense Division: Division D |
| Offense Occurrence: 1st Occurrence | |
| Violation Date: 04/07/2023 | Violation Time: 07:42:00 |
| Hearing Date: 04/16/2023 | Hearing Time: 10:30:00 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 04/07/2023 | 09:12:32 | RVR Ready for Review by Supv. | J. Fernandez | 0 |
| 04/07/2023 | 09:21:59 | RVR Ready for Review by Supv. | J. Fernandez | 0 |
| 04/07/2023 | 10:28:02 | RVR Approved by Supervisor | B. Maddux | 0 |
| 04/12/2023 | 07:27:59 | RVR Classified | R. Singleton | 5 |
| 04/12/2023 | 10:12:35 | Inmate Copy Served Initial Rules Violation Report | R. Nickell | 5 |
| 04/12/2023 | 10:13:20 | Inmate Copy Served Medical Evaluation Report | R. Nickell | 5 |
| 04/12/2023 | 10:14:40 | SA Assigned | R. Nickell | 5 |
| 04/12/2023 | 10:15:05 | SA Unassigned | R. Nickell | 5 |

All Time Constraints Met?: Yes                    SHO/HO DDP Certified?: Yes

**Due Process Additional Information:**

### HEARING

◯ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
| R. Nickell | 04/12/2023 | Yes | Yes | No | |

**Staff Assistant Additional Information:**

Subject waived SA assignment on 4/12/23.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential |
|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|

**Comments:**

"I was defending myself."

## FINDINGS

Subject was found: | Not Guilty | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:

**Comments:**

The RVR articulates staff observed the Subject being attacked prior to fighting back. Orders were given to stop fighting and get down. The combatants complied. CDCR 7219s were conducted, noting injuries consistent with fighting. During the hearing, the Subject entered a plea of "Not Guilty" and stated he was defending himself. The SHO finds the reporting employee's report indicates the Subject's actions were in self-defense, adding significant weight to the Subject's plea. Based on the aforementioned, the SHO is compelled to find the Subject "Not Guilty."

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | No |

AVSS Impact:

**Comments:**

1. The reporting employee's report which states in part, "I saw Inmate STANSELL (BT5782) begin to strike Inmate HOWARD (BT4324) in the facial area with his fists. In his defense, I saw HOWARD begin to strike STANSELL's facial area with his fists. I gave direct orders for all inmates to get down. All inmates got down in a prone position."

2. Subject's plea of Not Guilty.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| | | | | | | | | |

**Comments:**

Referred to Classification Committee  N/A

For ☐ SHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

○ Not Applicable
◉ Subject states he/she does not have Enemy or Safety Concerns.
○ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
○ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

No enemy concerns noted per 128B Compatibility Chrono dated 4/7/2023.

## CREDIT RESTORATION

☐ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
|---|---|---|
| S. Sanchez | TITLE:<br>Lt. | DATE:<br>04/16/2023 |

## FINDINGS (BY CDO)

Subject was found: Not Guilty based on a preponderance of evidence.

| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| K. Carpenter | | |
|---|---|---|
| | TITLE:<br>CDO(A) | DATE:<br>04/25/2023 |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

203.



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

Closing Date:  **JUN 2 7 2023**

To:      HOWARD, KARLIS (BT4324)
         Z  001 1102001LP
         Pleasant Valley State Prison
         P.O. Box 8500
         Coalinga, CA 93210

Tracking #:  WSP HC 23000702

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:.   Mental Health ( Level of Care ) | You state you want to be seen in order to be removed from CCCMS. |

## INTERVIEW
Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate:

On March 14, 2023, you were evaluated by the licensed clinical social worker for an initial mental health assessment.  Based on the evaluation, as well as a review of your history and health care records, the determination was made to include you in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care.

On March 17, 2023, you were evaluated by the psychiatrist for an initial psychiatric assessment, and Zyprexa was discontinued at your request.

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

On May 16, 2023, you transferred to Avenal State Prison.

On June 20, 2023, you transferred to Pleasant Valley State Prison.

Per the Mental Health Services Delivery System Program Guide, Chapter 3, Correctional Clinical Case Management System, Transfer and Clinical Discharge: Inmate-patients may be clinically discharged from CCCMS if they have been in continuous remission and are functioning adequately in the mainline without treatment (including medication) for six-months. Inmates shall be seen for 90-day clinical contacts throughout the six-month period.

You are enrolled in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

A. Cairns, PsyD, CMH

**A. CAIRNS, Psy.D.**
Chief of Mental Health
Wasco State Prison

06/23/2023

Reviewed and Signed Date

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

205.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Tracking #: WSP HC 23000702 |
|---|---|---|

M. GONZALEZ RN
WSP RC

_M Gonzalez RN_    _5/2/23_
Signature    Date

Staff Name and Title (Print)

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): HOWARD  KARLIS | CDCR #: B74324 | Unit/Cell #: 27 C |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

MY NAME IS KARLIS HOWARD. IN QUARANTINE I WAS ACCIDENTALLY PLACED IN THE CCCMS MENTAL HEALTH PROGRAM. THIS WAS A TRAVESTY, A HUGE MISTAKE, AND ERROR! I DO NOT NEED or TAKE MEDICATION AND I DEMAND TO BE SEEN TO BE REMOVED FROM THE PROGRAM. — LAST MONTH I SCHEDULED AN APPT TO BE SEEN YET HAVE NOT BEEN SEEN TO BE TAKEN OFF CCCMS. I HAVE 2 KIDS AND AM A FATHER AND NEED TO BE REMOVED FROM CCCMS IN ORDER FOR W/ COUNSELOR TO ENDORSE ME TO FIRE CAMP. THANK YOU!

Supporting Documents Attached. Refer to CCR 3999.227  ☐ Yes  ☑ No

Grievant Signature: _____    Date Submitted: 8-24-23

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☑ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☑ Accepted    Assigned To: Mental Health    Title: Psychologist    Date Assigned: 5-03-23    Date Due: 7-05-23

Interview Conducted?  ☐ Yes ☑ No    Date of Interview: Not Required    Interview Location: N/A

Interviewer Name and Title (print): L. Welch, PsyD    Signature: L. Welch, PsyD    Date: 5-16-2023

Reviewing Authority Name and Title (print): A. Carino, PsyD, CMH    Signature: A. Carino, PsyD, CMH    Date: 06/23/2023

**Disposition:** See attached letter    ☐ Intervention    ☑ No Intervention

**HCGO Use Only:** Date closed and mailed/delivered to grievant:    JUN 27 2023

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: Record Review Only

RECEIVED WSP STAFF USE ONLY MAY 0 1 2023 COMPLETE JUN 27 2023 HCGO

206.

# ADA/Effective Communication Patient Summary

**As of:** 05/02/2023 09:57

## Patient Information

**NAME:** HOWARD, KARLIS
**CDCR:** BT4324

## Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:**

**Current Housing Restrictions/Accomodations:**

## Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

## Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

## Testing of Adult Basic Education (TABE)

**TABE Score:** No Score Available

**TABE Date:**

## Learning Disabilities

**Learning Disabilities:**

## English Proficiency

**LEP:** No

**Primary Language:** English

## Durable Medical Equipment

**Current ISSUED DME:** Eyeglass Frames Permanent

**Dental Prosthetic:**

**Dental Prosthetic Date:**

## MHSDS

**MHLOC:** CCCMS

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128B (REV. 11/94)

NAME:   **HOWARD**   CDC #:   **BT4324**   HOUSING:   **STRH-102L**   *207.*

Inmate HOWARD, you are being placed on Yellow Placard/Paper Security Precaution for a period of 90 days in accordance with the California Department of Corrections and Rehabilitation Department Operations Manual, Section 52100.4 Yellow Cell Front Coverings. This precaution in being imposed for the following reason:

On Tuesday, June 20, 2023 at approximately 1233 hours, you inmate HOWARD, committed the act of Indecent Exposure towards E. Komaki Psy. D while attending one-on-one psychiatric contact in MH Clinician Room #7 on Facility C at Avenal State Prison.

This period of Yellow Placard/Paper Security Precaution begins on June 20, 2023 and will end on September 17, 2023. During this period of time, you shall have a yellow placard/paper affixed to the cell front window. At the termination of this precaution of this precaution period, your status will be reviewed and may be extended if deemed necessary. During this period you will be placed in an Exposure Control Jumpsuit for all out of cell movement.

## SECURITY PRECAUTION CHRONO
## IEX

Orig:   C-File
CC:   CCII
        Housing Staff
        Inmate

C. Caldera
Correctional Sergeant
Short Term Restricted Housing
Pleasant Valley State Prison

Date: 06/22/23

GENERAL CHRONO



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# INMATE PROPERTY INVENTORY

| OFFENDER NAME | CDC NUMBER | FACILITY | CELL/HOUSING UNIT |
|---|---|---|---|
| HOWARD, KARLIS R. | BT43324 | ASP-Facility C (ASP-C) | C 320 1 |

**PURPOSE**

Transfer

NOTE: Some property items listed on this form may be restricted by local institution policies and procedures.

| ITEM | QUANTITY FULL | QUANTITY PARTIAL | UNIT OF MEASURE | ITEM | QUANTITY FULL | QUANTITY PARTIAL | UNIT OF MEASURE |
|---|---|---|---|---|---|---|---|
| **APPLIANCES - LOCATION: Inmate Possession** | | | | | | | |
| Hot Pot | 1 | 0 | Each | | | | |
| **FOOD - LOCATION: Inmate Possession** | | | | | | | |
| Artificial Sweetener | 1 | 0 | Box | Canned Food | 5 | 0 | Each |
| Chips | 1 | 0 | Each | Coffee | 2 | 0 | Each |
| Condiments | 5 | 0 | Each | Meats, Dry | 1 | 0 | Each |
| Precooked Foods | 5 | 0 | Each | | | | |
| **PERSONAL CARE/HYGIENE - LOCATION: Inmate Possession** | | | | | | | |
| Over the Counter Medication | 2 | 0 | Each | Sunblock | 1 | 0 | Each |
| Toothbrush | 1 | 0 | Each | Toothbrush Holder | 1 | 0 | Each |
| Toothpaste | 1 | 0 | Each | | | | |

209.

**PERSONAL CLOTHING - LOCATION: Inmate Possession**

| | | | | | | |
|---|---|---|---|---|---|---|
| Athletic Shorts | 1 | 0 | Each | Hat | 1 | 0 | Each |

**PERSONAL ITEMS - LOCATION: Facility Property Room**

| | | | | | | |
|---|---|---|---|---|---|---|
| Books | 5 | 0 | Each | Sunglasses | 1 | 0 | Each |

**PERSONAL ITEMS - LOCATION: Inmate Possession**

| | | | | | | |
|---|---|---|---|---|---|---|
| Bowl | 1 | 0 | Each | Legal Material | 2 | 0 | Box |
| Reading Glasses (Personal) | 1 | 0 | Each | Tumbler / Cups | 1 | 0 | Each |

I acknowledge and understand that the Department of Corrections and Rehabilitation grants me the privilege of possessing the above described property, specifically conditioned on my agreement to abide by not trading, loaning, giving, selling or otherwise exchanging any of the above-described property with any other offender without the written pre-authorization of the Warden/Designee.

Signature of Offender _____    Date Signed  6-20-23

Signature of Staff Member _____    Date Signed  6/20/23

CDCR SOMS 1SST200 - INMATE PROPERTY INVENTORY

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:      MEDICAL ☑      MENTAL HEALTH ☐      DENTAL ☐      MEDICATION REFILL ☐

NAME
KARLIS HOWARD

CDCR NUMBER
BT4524

HOUSING
STRH-102C

PATIENT SIGNATURE

DATE
6-20-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

I NEED RELEASE OF ALL MEDICAL/ MENTAL HEALTH DOCUMENTS AND RECORDS! Please THANK YOU!

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I: TO BE COMPLETED BY THE PATIENT | | | |
|---|---|---|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. | | | |
| REQUEST FOR:   MEDICAL ☐   MENTAL HEALTH ☑   DENTAL ☐ | | | MEDICATION REFILL ☐ |

NAME
KARUS HOWARD

CDCR NUMBER
B14324

STRH-

HOUSING
STRH - 162 C

PATIENT SIGNATURE Karus Howard                B14324        6-20   DATE 7-18-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

PLEASE PROVIDE ME WITH MEDICAL RELEASE AND ALL MEDICAL/MENTAL HEALTH DOCUMENTS.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☑    DENTAL ☐    MEDICATION REFILL ☐

NAME
KARLIS HOWARD

CDCR NUMBER
B74324

HOUSING
STRH 162L

PATIENT SIGNATURE

DATE
7-28-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

I PLACED A REQUEST FOR RELEASE OF ALL MH AND MEDICAL RECORDS. PLEASE PROVIDE ME ABU MY CLINICIAN HAS APPROVED THEM. THANK YOU. 7-28-23

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

PLEASE PROVIDE US MY MEDICAL RELEASE AND ALL MEDICAL/MENTAL HEALTH DOCUMENTS

THANK YOU!

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:   MEDICAL ☑   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

NAME
KARLIS HOWARD

CDCR NUMBER
BT43244

HOUSING
140 147C

PATIENT SIGNATURE

DATE
7-7-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

ON OR AROUND 6-20-23 I REQUESTED ALL MY MEDICAL/MENTAL HEALTH RECORDS FROM PLEASANT VALLEY STATE PRISON. I HAVE YET TO RECEIVE MY MEDICAL/MH RECORDS. PLEASE PROVIDE ME WITH ANY/ALL DOCUMENTATION. THANK YOU.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

I AM CCCMS AND HAVE A MENTAL HEALTH CONCERN

TO MAKE 140 BUILDING CELL 147 MY PERMANENT HOUSING LOCATION. PLEASE AND THANK YOU!

5-17-23

214.

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:    MEDICAL  ☑    MENTAL HEALTH  ☑    DENTAL  ☑    MEDICATION REFILL  ☐

| NAME KARLIS HOWARD | CDCR NUMBER DT4354 | HOUSING 146  147L |
|---|---|---|
| PATIENT SIGNATURE | | DATE 9-9-23 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

I would like to (1) MAKE AN APPT FOR THE OPTOMETRIST

(2) I HAVE slept 2/3 NIGHTS AND would like to request to see MENTAL Health BECAUSE OF MY PTSD, ANXIETY, TRAUMA, NIGHT TERRORS.

(3) MAKE AN APPT WITH THE DENTIST FOR MY cracked tooth.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

215.

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:          MEDICAL ☐          MENTAL HEALTH ☑          DENTAL ☐          MEDICATION REFILL ☐

NAME
KARLIS HOWARD

CDCR NUMBER
BT4324

HOUSING
140  147L

PATIENT SIGNATURE

DATE
09-13-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

I REQUESTED MENTAL HEALTH RECORDS AT PREASANT VALLEY STATE PRISON ON OR AROUND 06/20/23 I HAVE NOT RECEIVED THEM. HRT-I STATED I SHOULD SUBMIT THIS REQUEST DIRECTLY TO MY MENTAL HEALTH CLINICIAN, PLEASE SUBMIT IT ON MY BEHALF. THANK YOU!

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

# Solicitud de Grupo de autoayuda

*216.*

(Self-Help Group Request Form)

Fecha (Date): 8-17-23

Imprimir Nombre (Print Name): KARCUS HOWARD

Numero CDCR (CDCR Number): BT4324

Alojamiento (Housing): 140    147 L

Firma (Signature): _____

Solicito que me coloquen en la lista de espera para el siguiente grupo(s); I am requesting to be placed on the waiting list for the following group(s);

☐ Grupo de apoyo de Vida Atemporal
(Timeless Lifer Support Group)

☑ Alcoholicos Anonimos AA
(Alcoholics Anonymous (AA))

☑ Narcoticos Anonimos NA
(Narcotics Anonymous (NA))

☐ Bison Blanco
(White Bison)

☑ Celebrar La Recuperacion LDS
(Celebrate Recovery LDS)

☑ Miembro de un pandilla Criminal Anonimos
(Criminal Gang members Anonymous)

☐ Programa Vision de Jardin
(Insight Garden Program)

☐ Gato Infantil
(Kid Cat)

☐ Gavel Club

☐ Ciudadanía, Deber y Orgullo
(Citizenry, Duty & Pride)

**ANY RAC GROUP PLEASE!**

**RAC ONLY!**

☑ Veteranos
(Veterans)

☑ Dibujo
(Drawing)

☑ Diseño grafico
(Graphic Design)

☐ Tambor latino
(Latin Drumming)

☐ Guitarra Folklorica mexicana
(Mexican Folk Guitar)

☐ Mariachi

☐ Programa mural
(Mural)

☐ Coro
(Choir)

☑ Escruitura creativa de canciones
(Creative Song Writing)

☐ Tambores africanos
(African Drumming)

- Tenga en cuenta que no todos los programos mencionados anteriormente estan disponibles en todas los areas. Pongse en contacto con el represente de MAC de su instalacion para ver que programas estan en su area. (Please note not every program listed above is available on every yard. Contact your Facility MAC rep to see which programs are on your yard)

Firma del personal (Staff Signature) _____

Fecha recibida (Date Received) 8-30

DEVUELVA EL FORULARIO COMPLETADO A: El personal patrocinador del grupo (s) al que desea asistir, o directamente a la oficina de CRM. (RETURN COMPLETED FORM TO: The staff sponsor of the group(s) you wish to attend, Or directly to the CRM office)

**INMATE ASSIGNMENT CARD**   **EFFECTIVE DATE:** 06/02/2023

CDC#: BT4324   **NAME:** HOWARD, KARLIS

FACILITY: ASP-C   **HOUSING:** C 320 1 - 000055L

**LOCATION:** 001 - F/C CHAPEL

**Jill Janotta**
11701 S. La Cienega Blvd, Suite 530
Los Angeles, CA 90045
- (310) 727-6227 - direct
- (310) 727-6200 - main/esp

**Los Angeles Public Defender**
Defending Life & Liberty

jjanotta@pubdef.lacounty.gov

---

OTRKR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 102001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/21/2023 | 06/26/2023 | 09:45 |

APPT. LOCATION: ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/

RECORDED BY:
RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   401
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 162001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 07/07/2023 | 07/11/2023 | 09:30 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   6
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 102001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/22/2023 | 06/24/2023 | 12:15 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   472
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 162001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 07/17/2023 | 07/25/2023 | 09:30 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   254
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 162001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/22/2023 | 06/30/2023 | 10:15 |

APPT. LOCATION:   TYPE / REASON:

---

OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 102001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/22/2023 | 06/26/2023 | 10:00 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   472
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  A 140 1 - 047001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 08/15/2023 | 08/17/2023 | 11:15 |

APPT. LOCATION: A 712 Clinic MH   TYPE / REASON:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   253
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 102001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/27/2023 | 06/30/2023 | 08:30 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   DEPART TIME:   RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  A 140 1 - 047001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 08/15/2023 | 08/17/2023 | 11:00 |

APPT. LOCATION: A 712 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   DEPART TIME:   RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   348
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 162001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/27/2023 | 07/21/2023 | 10:45 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   DEPART TIME:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION   122
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  A 140 1 - 047001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 08/15/2023 | 08/23/2023 | 09:45 |

APPT. LOCATION: A 712 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:

---

INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  Z 001 1 - 162001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 06/27/2023 | 07/14/2023 | 10:45 |

APPT. LOCATION: Z ADSEG 1 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:
DEPART TIME:   RECORDED BY:

---

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRR314 — INMATE PRIORITY PASS

| INMATE'S NAME | CDC# | HOUSING AREA/BED |
|---|---|---|
| Howard, Karlis Ruben Augstus | BT4324  A 140 1 - 047001L | |

| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME |
|---|---|---|---|
| U. UNKNOWN | 08/18/2023 | 08/21/2023 | 14:00 |

APPT. LOCATION: A 165 Clinic MH   TYPE / REASON: Mental Health/
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   DEPART TIME:   RECORDED BY:

218.

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| ASP | C Gym | 6/20/23 |

REASON FOR REPORT ☐ ALLEGATION ... ☐ ON THE JOB INJURY ☐ USE OF FORCE ☐ INJURY ☐ OTM RETURNS
☐ PRE AD/SEG ADMISSION ☐ R&R ☐ OTHER
☒ UNUSUAL OCCURRENCE

| NAME | LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|---|
| | Howard | Karlis | BT4324 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| C New Clinic | 6/20/23 | 1235 | 1253 | N/A | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" I was not masturbating "

| INJURIES FOUND? YES NO | | Right | Left |
|---|---|---|---|
| Abrasion/Scratch | 1 | | |
| Active Bleeding | 2 | | |
| Broken Bone | 3 | | |
| Bruise/Discolored Area | 4 | | |
| Burn | 5 | | |
| Dislocation | 6 | | |
| Dried Blood | 7 | | |
| Fresh Tattoo | 8 | | |
| Cut/Laceration/Slash | 9 | | Front    Back |
| Swollen Area | 10 | | |
| Pain | 11 | | |
| Protrusion | 12 | | |
| Puncture | 13 | | |
| Reddened Area | 14 | | |
| Skin Flap | 15 | | |
| Pre-Existing | 16 | | |
| Other | 17 | | |
| | 18 | | |

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | EX |
| Decontaminated w/ Water? YES / NO / REFUSED | N/A |
| Decontaminated w/ Air? YES /NO / REFUSED | N/A |
| Self-decontamination Instructions given ? YES / NO | N/A |
| Staff issued Exposure packet ? YES / NO | N/A |

Q 15 min. check times

| Initial | N/A | 1st Check | N/A |
|---|---|---|---|
| 2nd Check | N/A | Final | N/A |

TIME/DISPOSITION
RTC @ 125

| PORT COMPLETED BY/TITLE (PRINT AND SIGN) | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|
| M. O'Kelly LVN   MOKelly LVN | 8044 | TH FRI | C old clinic |

219.

## SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
See California Code of Regulations, Title 15 (CCR) for details

**A.   TIME CONSTRAINTS -**

1.   A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.

2.   The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.

3.   REFERRAL FOR PROSECUTION - **(Serious Rules Violations Only)** - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)

4.   Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

**B.   INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -**

1.   General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.

2.   Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)

3.   Investigative Employee - **(Serious Rules Violations Only)** - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)

4.   Witnesses - **(Serious Rules Violations Only)** - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)

5.   Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

**C.   DISPOSITION** - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

**D.   APPEAL** - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☑    DENTAL ☐    MEDICATION REFILL ☐

NAME: KARLIS HOWARD

CDCR NUMBER: BT4324

HOUSING: 140 147C

PATIENT SIGNATURE: _(signature)_

DATE: 9-7-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

ON OR AROUND 6-20-23 I REQUESTED ALL MY MEDICAL/MENTAL HEALTH RECORDS FROM PLEASANT VALLEY STATE PRISON. I HAVE YET TO RECEIVE MY MEDICAL/MH RECORDS. PLEASE PROVIDE ME WITH ANY/ALL DOCUMENTATION. THANK YOU.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received:               Received by:

Date / Time Reviewed by RN:        Reviewed by:

S:                                 Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:      T:      P:      R:      BP:        WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|

REFERRED TO PCP:                   DATE OF APPOINTMENT:

COMPLETED BY                       NAME OF INSTITUTION

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state law.*

Distribution: Original - Health Record ; Copy - Patient

CDCR 602-1 (Rev. 01/22)

RECEIVED

AUG 28 2023

ASP Grievance Office

| STAFF USE ONLY | OGT Log No: 440754 | Date Received |
| | Decision Due Date: 10-28-23 | |
| | Categories: | |

Claimant Name: KARLIJ HOWARD

CDCR #: BT4324

Institution/Parole Region: AVENAL STATE PRISON  Current Housing/Parole Unit: 140  147L

STAFF USE ONLY

_Use this form to file a complaint with the Department._

In order for the Department to understand your complaint, please answer all of the following questions.

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them

ON 04/07/23 AT WASCO STATE PRISON C-3 A SIDE I WAS VISCIOUSLY ASSULTED AND BATTERED BY A WHITE PRISON GANG MEMBER NAMED SCOTT STANSELL BT9782.

THE CO ON DUTY THAT DAY TOOK NO ACTION TO PREVENT THE ASSAULT AND WATCHED IT TAKE PLACE I AM ALLEDGING THAT THIS IS CRUEL AND UNUSUAL PUNISHMENT AND I WILL BE PURSUING LEGAL ACTION AGAINST THE PARTIES RESPONSIBLE FOR THE UNPROVOKED, UNWARRANTED AND MALICIOUS ATTACKS ON ME.

THERE IS NO AWARD, REMEDY OR ANYTHING YOU CAN OFFER ME AT THIS POINT IN TIME, THIS IS MERELY AN EXHAUSTION GRIEVANCE.

THANK YOU.

ADA Access

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**RECEIVED** Page 1 of 2

| | |
|---|---|
| OGT Log No: 446179 | Date Received: SEP 07 2023 |
| Decision Due Date: 11-7-23 | |
| Categories: | ASP Grievance Office |

Claimant Name: KARLIS RUBEN AUGUSTUS HOWARD          CDCR #: BT4324

Institution/Parole Region: AVENAL STATE PRISON Current Housing/Parole Unit: 140-147L

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _What specific action would resolve your complaint?_

_NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

MY NAME IS KARLIS RUBEN AUGUSTUS HOWARD BT4324 AND IN THIS ADMINISTRATIVE
EXHAUSTION GRIEVANCE I WISH TO ADDRESS SEVERAL ISSUES:
①MEDICAL MALPRACTICE - ON OR AROUND 5/1/23 I ARRIVED AT AVENAL
STATE PRISON AND SINCE ARRIVAL I HAVE BEEN SUBJECT TO A PROFOUND
LEVEL OF MEDICAL MALPRACTICE BY M. KOMAKI PSY YARD 3. M. KOMAKI
PSY DISPLAYED DELIBERATE INDIFFERENCE TO MY HEALTH AND SAFETY NEGLECTING
MY TREATMENT FOR PTSD. THIS NOTICE IS THEREFOR SERVED UPON HER
AS 90 DAY NOTICE OF INTENT TO SUE FOR MEDICAL MALPRACTICE. I WAS
ALSO SUBJECT TO MEDICAL MALPRACTICE FROM 06/20/23 TO PRESENT BY MY
CLINICIAN LEE PSY. OF PLEASANT VALLEY STATE PRISON WHOM DENIED ME
MEDICAL REPORTS AND DOCUMENTATION, MEDICAL RELEASES NECESSARY TO COMPOSE
MY WRIT OF HABEAS CORPUS. AS YOU ALL KNOW THIS IS A DENIAL OF MY
FUNDAMENTAL RIGHT AND A BASIS FOR UNCONSTITUTIONAL CONDITIONS OF
CONFINEMENT. I THEREFORE AM ALLEDGING MEDICAL MALPRACTICE AGAINST
MR. LEE FOR FAILING TO PROVIDE ME WITH REQUIRED DOCUMENTATION.
THIS IS NOTICE TO MR. LEE OF INTENT TO TAKE ACTION AGAINST HIM

_ADA Accessible_

223.

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**

CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 000000440754 | Date Received: |
|---|---|---|
| | Decision Due Date: | |
| | Categories: | |

**Claimant Name:** HOWARD, KARLIS RUBEN AUGSTUS     **CDCR #:** BT4324

**Institution/Parole Region:** _AVENAL STATE Prison_ **Current Housing/Parole Unit:** _146   147C_

## STAFF USE ONLY

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000440754          **Claim No:** _001-003_

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ _IT GIVES    NO  INFORMATION ON THE_
_MATTERS  I  BROUGHT  TO  OFFICIALS  ATTENTION._

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will not consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:**                              **Date Signed:**

_ADA Accessible_

*224.*


CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:**  HOWARD, KARLIS RUBEN AUGSTUS            **Date:**  09/01/2023

**CDC#:**  BT4324

**Current Location:**  ASP-Facility A            **Current Area/Bed:** A  140 1 - 047001L

**Log #:**  000000440754

---

## Claim #: 001

**Received at Institution/Parole Region:**      Avenal State Prison

**Submitted to Facility/Parole District:**      ASP-Facility A

**Housing Area/Parole Unit:**

**Category:**  Offender Services            **Sub-Category:**  Allegation against Inmate/Parolee

The California Department of Corrections and Rehabilitation received your grievance on 08/28/2023 which you submitted on 08/27/2023. Your claim regarding Offender Services;Allegation against Inmate/Parolee was reassigned to the Office of Grievances at Wasco State Prison in accordance with the California Code of Regulations, title 15.

The Office of Grievances at Wasco State Prison will respond separately to your claim on or before 10/28/2023.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Reassigned**

---

## Claim #: 002

**Received at Institution/Parole Region:**      Avenal State Prison

**Submitted to Facility/Parole District:**      ASP-Facility A

**Housing Area/Parole Unit:**

**Category:**   General Employee Performance            **Sub-Category:**  Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 08/28/2023 which you submitted on 08/27/2023. Your claim regarding General Employee Performance;Substandard Performance was reassigned to the Office of Grievances at Wasco State Prison in accordance with the California Code of Regulations, title 15.

The Office of Grievances at Wasco State Prison will respond separately to your claim on or before 10/28/2023.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

*225.*

# Rib Contusion

A rib contusion is a deep bruise on the rib area. Contusions are the result of a blunt trauma that causes bleeding and injury to the tissues under the skin. A rib contusion may involve bruising of the ribs and of the skin and muscles in the area. The skin over the contusion may turn blue, purple, or yellow. Minor injuries result in a painless contusion. More severe contusions may be painful and swollen for a few weeks.

## What are the causes?

This condition is usually caused by a hard, direct hit to an area of the body. This often occurs while playing contact sports.

## What are the signs or symptoms?

Symptoms of this condition include:

- Swelling and redness of the injured area.
- Discoloration of the injured area.
- Tenderness and soreness of the injured area.
- Pain with or without movement.
- Pain when breathing in.

## How is this diagnosed?

This condition may be diagnosed based on:

- Your symptoms and medical history.
- A physical exam.
- Imaging tests—such as an X-ray, CT scan, or MRI—to determine if there were internal injuries or broken bones (fractures).

## How is this treated?

This condition may be treated with:

- Rest. This is often the best treatment for a rib contusion.
- Ice packs. This reduces swelling and inflammation.
- Deep-breathing exercises. These may be recommended to reduce the risk for lung collapse and pneumonia.
- Medicines. Over-the-counter or prescription medicines may be given to control pain.
- Injection of a numbing medicine around the nerve near your injury (nerve block).

## Follow these instructions at home:

### Medicines

- Take over-the-counter and prescription medicines only as told by your health care provider.

recommended by your health care provider. This device measures how well you are filling your lungs with each breath.

- Keep all follow-up visits. This is important.

## Contact a health care provider if you have:

- Increased bruising or swelling.
- Pain that is not controlled with treatment.
- A fever.

## Get help right away if you:

- Have difficulty breathing or shortness of breath.
- Develop a continual cough, or you cough up thick or bloody mucus from your lungs (sputum).
- Feel nauseous or you vomit.
- Have pain in your abdomen.

**These symptoms may represent a serious problem that is an emergency. Do not wait to see if the symptoms will go away. Get medical help right away. Call your local emergency services (911 in the U.S.). Do not drive yourself to the hospital.**

## Summary

- A rib contusion is a deep bruise on your rib area. Contusions are the result of a blunt trauma that causes bleeding and injury to the tissues under the skin.
- The skin over the contusion may turn blue, purple, or yellow. Minor injuries may cause a painless contusion. More severe contusions may be painful and swollen for a few weeks.
- Rest the injured area. Avoid strenuous activity and any activities or movements that cause pain.

This information is not intended to replace advice given to you by your health care provider. Make sure you discuss any questions you have with your health care provider.

Document Revised: 03/24/2021 Document Review ed: 03/24/2021
Elsevier Patient Education © 2023 Elsevier Inc.

# Knee Exercises

Ask your health care provider which exercises are safe for you. Do exercises exactly as told by your health care provider and adjust them as directed. It is normal to feel mild stretching, pulling, tightness, or discomfort as you do these exercises. Stop right away if you feel sudden pain or your pain gets worse. **Do not** begin these exercises until told by your health care provider.

### Stretching and range-of-motion exercises

These exercises warm up your muscles and joints and improve the movement and flexibility of your knee. These exercises also help to relieve pain and swelling.

### Knee extension, prone

*227.*



1. Lie on your abdomen on a firm surface, such as a bed or padded floor.
2. Bend your left / right knee and hold your ankle. If you cannot reach your ankle or pant leg, loop a belt around your foot and grab the belt instead.
3. Gently pull your heel toward your buttocks. Your knee should not slide out to the side. You should feel a stretch in the front of your thigh and knee (quadriceps).
4. Hold this position for _____ seconds.

Repeat _____ times. Complete this exercise _____ times a day.

**Hamstring, supine**



1. Lie on your back (supine position).
2. Loop a belt or towel over the ball of your left / right foot. The ball of your foot is on the walking surface, right under your toes.
3. Straighten your left / right knee and slowly pull on the belt to raise your leg until you feel a gentle stretch behind your knee (hamstring).
   • **Do not** let your knee bend while you do this.
   • Keep your other leg flat on the floor.
4. Hold this position for _____ seconds.

Repeat _____ times. Complete this exercise _____ times a day.

**Strengthening exercises**

These exercises build strength and endurance in your knee. Endurance is the ability to use your muscles for a long time, even after they get tired.

*229.*

5. Keep these muscles tense as you lower your leg.
6. Relax your muscles slowly and completely after each repetition.

Repeat _____ times. Complete this exercise _____ times a day.

**Hamstring, isometric**



1. Lie on your back on a firm surface.
2. Bend your left / right knee about _____ degrees.
3. Dig your left / right heel into the surface as if you are trying to pull it toward your buttocks. Tighten the muscles in the back of your thighs (hamstring) to "dig" as hard as you can without increasing any pain.
4. Hold this position for _____ seconds.
5. Release the tension gradually and allow your muscles to relax completely for _____ seconds after each repetition.

Repeat _____ times. Complete this exercise _____ times a day.

**Hamstring curls**



If told by your health care provider, do this exercise while wearing ankle weights. Begin with _____ lb / kg weights. Then increase the weight by 1 lb (0.5 kg) increments. **Do not** wear ankle weights that are more than _____ lb / kg.

1. Lie on your abdomen with your legs straight.
2. Bend your left / right knee as far as you can without feeling pain. Keep your hips flat against the floor.
3. Hold this position for _____ seconds.
4. Slowly lower your leg to the starting position.

3. Slowly slide down the wall or door until your knees bend _____ degrees. Keep your knees over your heels, not over your toes. Keep your knees in line with your hips.
4. Hold this position for _____ seconds.

Repeat _____ times. Complete this exercise _____ times a day.

**Straight leg raises, side-lying**



This exercise strengthens the muscles that rotate the leg at the hip and move it away from your body (hip abductors).

1. Lie on your side with your left / right leg in the top position. Lie so your head, shoulder, knee, and hip line up. You may bend your bottom knee to help you keep your balance.
2. Roll your hips slightly forward so your hips are stacked directly over each other and your left / right knee is facing forward.
3. Leading with your heel, lift your top leg 4–6 inches (10–15 cm). You should feel the muscles in your outer hip lifting.
   - **Do not** let your foot drift forward.
   - **Do not** let your knee roll toward the ceiling.
4. Hold this position for _____ seconds.
5. Slowly return your leg to the starting position.
6. Let your muscles relax completely after each repetition.

Repeat _____ times. Complete this exercise _____ times a day.

**Straight leg raises, prone**

**Medication leaflets**

# ibuprofen
(EYE bue PROE fen)

Advil, Advil Migraine, Alivio, Children's Advil, Children's Ibuprofen Berry, Children's Motrin, Genpril, IBU, Ibuprohm, Motrin Childrens, Motrin IB, Motrin IB Migraine, Motrin Infant Drops, Motrin Migraine Pain, Proprinal, Wal-Profen

## What is the most important information I should know about ibuprofen?
**Ibuprofen can increase your risk of fatal heart attack or stroke.** Do not use this medicine just before or after heart bypass surgery (coronary artery bypass graft, or CABG). **Ibuprofen may also cause stomach or intestinal bleeding, which can be fatal.**

## What is ibuprofen?
Ibuprofen is a nonsteroidal anti-inflammatory drug (NSAID).

Ibuprofen is used to reduce fever and treat pain or inflammation caused by many conditions such as headache, toothache, back pain, arthritis, menstrual cramps, or minor injury. This medicine is used in adults and children who are at least 6 months old.

Ibuprofen may also be used for purposes not listed in this medication guide.

## What should I discuss with my healthcare provider before taking ibuprofen?
**Ibuprofen can increase your risk of fatal heart attack or stroke,** even if you don't have any risk factors. Do not use this medicine just before or after heart bypass surgery (coronary artery bypass graft, or CABG).

**Ibuprofen may also cause stomach or intestinal bleeding, which can be fatal.** These conditions can occur without warning while you are using ibuprofen, especially in older adults.

You should not use ibuprofen if you are allergic to it, or if you have ever had an asthma attack or severe allergic reaction after taking aspirin or an NSAID.

Ask a doctor or pharmacist if this medicine is safe to use if you have ever had:
- heart disease, high blood pressure, high cholesterol, diabetes, or if you smoke;
- a heart attack, stroke, or blood clot;
- stomach ulcers or bleeding;
- liver or kidney disease;
- asthma; or
- if you take aspirin to prevent heart attack or stroke.

**Ask a doctor before using this medicine if you are pregnant or breastfeeding.**

**If you are pregnant, you should not take ibuprofen unless your doctor tells you to.** Taking an NSAID during the last 20 weeks of pregnancy can cause serious heart or kidney problems in the unborn baby and possible complications with your pregnancy.

**Do not give ibuprofen to a child younger than 6 months old without the advice of a doctor.**

## How should I take ibuprofen?
Use exactly as directed on the label, or as prescribed by your doctor. **Use the lowest dose that is effective in treating your**

231.

**condition.**

**An ibuprofen overdose can damage your stomach or intestines.** The maximum amount of ibuprofen for adults is 800 milligrams per dose or 3200 mg per day (4 maximum doses).

A child's dose of ibuprofen is based on the age and weight of the child. **Carefully follow the dosing instructions provided with children's ibuprofen for the age and weight of your child.** Ask a doctor or pharmacist if you have questions.

Take ibuprofen with food or milk to lessen stomach upset.

Shake the **oral suspension** (liquid) before you measure a dose. Use the dosing syringe provided, or use a medicine dose-measuring device (not a kitchen spoon).

You must chew the **chewable tablet** before you swallow it.

Store at room temperature away from moisture and heat. Do not allow the liquid medicine to freeze.

## What happens if I miss a dose?
Since ibuprofen is used when needed, you may not be on a dosing schedule. Skip any missed dose if it's almost time for your next dose. **Do not** use two doses at one time.

## What happens if I overdose?
Seek emergency medical attention or call the Poison Help line at 1-800-222-1222. Overdose symptoms may include nausea, vomiting, stomach pain, drowsiness, black or bloody stools, coughing up blood, shallow breathing, fainting, or coma.

## What should I avoid while taking ibuprofen?
Ask a doctor or pharmacist before using other medicines for pain, fever, swelling, or cold/flu symptoms. They may contain ingredients similar to ibuprofen (such as aspirin, ibuprofen, ketoprofen, or naproxen).

Avoid taking aspirin unless your doctor tells you to.

**If you also take aspirin to prevent stroke or heart attack,** taking ibuprofen can make aspirin less effective in protecting your heart and blood vessels. If you take both medicines, take ibuprofen at least 8 hours before or 30 minutes after you take aspirin (non-enteric coated form).

Avoid drinking alcohol. It may increase your risk of stomach bleeding.

## What are the possible side effects of ibuprofen?
Get emergency medical help if you have **signs of an allergic reaction** (hives, difficult breathing, swelling in your face or throat) **or a severe skin reaction** (fever, sore throat, burning eyes, skin pain, red or purple skin rash with blistering and peeling).

Get emergency medical help if you have **signs of a heart attack or stroke:** chest pain spreading to your jaw or shoulder, sudden numbness or weakness on one side of the body, slurred speech, leg swelling, feeling short of breath.

Stop using ibuprofen and call your doctor at once if you have:
- changes in your vision;
- shortness of breath (even with mild exertion);
- swelling or rapid weight gain;
- a skin rash, no matter how mild;
- **signs of stomach bleeding**--bloody or tarry stools, coughing up blood or vomit that looks like coffee grounds;
- **liver problems**--nausea, upper stomach pain, itching, tired feeling, flu-like symptoms, loss of appetite, dark urine, clay-colored stools, jaundice (yellowing of the skin or eyes);
- **low red blood cells (anemia)**--pale skin, feeling light-headed or short of breath, rapid heart rate, trouble concentrating; or

*232.*



**CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES

### Institutional Level Assignment Notice

**Date:**   September 6, 2023

**To:**   HOWARD, KARLIS (BT4324)
#A  140 1047001LP
Avenal State Prison
P.O. Box 8
Avenal, CA 93204

**Tracking #:**   ASP HC 23000547

**Due Date:**   11/3/2023

The Health Care Grievance Office has accepted your health care grievance for response.  If you need additional information regarding your health care grievance, contact the health care grievance coordinator at your institution.

California Code of Regulations, Title 15, Section 3999.226(c), states "The grievant has the right to submit one health care grievance every 14 calendar days, unless it is accepted as an expedited grievance.  The 14 calendar day period shall commence on the calendar day following the grievant's last accepted health care grievance." Health care grievances submitted in excess of these limitations may be subject to rejection per California Code of Regulations, Title 15, Section 3999.234(a)(1).

If you have additional health care needs, you are advised to utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy.

**C. Martinez, HCGC**

Health Care Grievance Office Representative
Avenal State Prison

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 8/23/2023    **Date IAC Received 1824:** 8/21/2023    **1824 Log Number:** ASP-A-23-00549

**Inmate's Name:** Howard, Karlis    **CDCR #:** BT4324    **Housing:** A 140 1-047001L

**RAP Staff Present:** O. Bailey, Associate Warden - ADA Coordinator; S. Adaza, Grievance Coordinator (A); Dr. Frempong, Chief Physician and Surgeon; S. Hannah, Psychologist; G. Martin, Health Care Compliance Analyst; C. Martinez, Health Care Grievance Coordinator

**Summary of Inmate's 1824 Request:** The I/P is requesting a low bunk.

### Interim Accommodation:

☒ Interim accommodation not required: Review of the issues raised in the 1824 you submitted would not cause serious harm or injury while your request is being processed.

### RAP RESPONSE:

**RAP is able to render a final decision on the following:**

**Response:**

On August 21, 2023, the Office of Grievances received your CDCR 1824, Reasonable Accommodation Request, stating that you want to stay in your current housing/cell for the remained for your 10-month term. You furthe3r stated you're CCCMS and schizophrenic and you feel that you & Avenal State Prison would greatly benefit if you remained put.

On August 23, 2023, the RAP discussed your request. The RAP determined your request was not a disability related access or discrimination related issue that would be addressed through the 1824 process.

**Direction if dissatisfied:** If you disagree with this decision and want to file an appeal/grievance, file a CDCR 602-1 grievance and be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

O. Bailey, Associate Warden      _Signature_      **Date sent to inmate:** 9/8/23
**ADA Coordinator/Designee**

     RAP Response - rev 08-17-17.docx

REASONABLE ACCOMMODATION REQUEST
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

234.

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| ASP | ASP-A-23-00549 | RECEIVED AUG 21 2023 ASP Grievance Office |

**\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\***
DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| KARLIS HOWARD | BT4324 | | 140  147L |

INSTRUCTIONS:
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?
I AM CURRENTLY HOUSED IN 140 IN CELL 147L. I AM REQUESTING TO STAY IN THIS HOUSING FOR THE REMAINDER OF MY 10 MONTH TERM. I AM ON CCCMS AND AM SCHIZOPHRENIC, I FEEL THAT IT WOULD GREATLY BENEFIT MYSELF AND AVENAL STATE PRISON IF I REMAIN HERE. THANK YOU!

WHY CAN'T YOU DO IT?
I AM CCCMS AND HAVE A MENTAL HEALTH CONCERN

WHAT DO YOU NEED?
TO MAKE 140 BUILDING CELL 147 MY PERMANENT HOUSING LOCATION. PLEASE AND THANK YOU!

(Use the back of this form if more space is needed)

DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?    Yes ☑   No ☐   Not Sure ☐
List and attach documents, if available:

I understand that staff have a right to interview and examine me, and my failure to cooperate may cause this request to be disapproved.

INMATE'S SIGNATURE                    8-17-23
                                      DATE SIGNED

Assistance in completing this form was provided by:

| Last Name | First Name | Signature |
|---|---|---|

## Interim Accommodation Procedure (IAP) / Interview Worksheet

Upon receipt of a CDCR 1824, the Institution Appeals Coordinator (IAC) <u>shall complete Step 1 below within 1 working day</u>. Step 2 should be completed whenever the inmate's request is unclear or when additional input from the inmate and/or staff will help the RAP better understand the request.

Inmate: HOWARD, KARLIS          CDCR #: BT4324          CDCR 1824 Log #: ASP-A-23-00549

---

**STEP 1 INTERIM ACCOMMODATION ASSESSMENT**          Date CDCR 1824 received by IAC: 08 / 21 / 23

Does the inmate raise issues on the CDCR 1824 that may cause the **inmate injury or other serious harm** while it is being processed? **Base your assessment solely on the inmate's claim, assuming the claim is true.**

[ ] **Yes / Unsure** (Complete Steps 2 &/or 3)          [✔] **No** (None of the issues below are present) [Note: IAC may still obtain information for RAP by completing Step 2]

Issues that may cause the **inmate injury or other serious harm** include, but are not limited to:

- Falling or the potential for falling.
- Cannot safely navigate stairs.
- Cannot safely access upper bunk.
- Seizure disorder and is assigned an upper bunk.
- Workplace safety concerns.
- Hearing or vision claims that may jeopardize safety.
- Inability to perform essential manual tasks (e.g., access dining hall, carry food tray, shower, use toilet).
- Maintenance, repair, or replacement of health care appliances which involve safety concerns.

| S. ADAZA | SSA (A) | *Sadeza* (signature) | 08 / 21 / 23 |
|---|---|---|---|
| Person Completing Step 1 | Title | Signature | Date Completed |

---

**STEP 2    CDCR 1824 INTERVIEWS**          *Note: Be sure to complete Step 3 when Step 1 was "Yes/Unsure"*

Date assigned: 08 / 21 / 23          Due back to IAC: 08 / 26 / 23          Returned to IAC: ____ / ____ / ____

Assigned to: FACILITY A          Title: CAPTAIN

Information needed: Does inmate HOWARD BT4324 have any access issues in program, service, or activity?

Note 1: Attach a DECS printout listing inmate's current status (including DPP codes, DDP codes, TABE score, etc.)
Note 2: IAC and/or RAP may assign to self and obtain information either telephonically or in person.

**Inmate Interview Date/Time:** _____          **Location:** _____

Interviewer notes: _____

**Staff Interviewed:** _____          Title: _____          Interview date: ____ / ____ /

Interviewer Notes: _____

**Staff Interviewed:** _____          Title: _____          Interview date: ____ / ____ /

Interviewer Notes: _____

**Notes:** _____

| _____ | _____ | _____ | ____ / ____ / ____ |
|---|---|---|---|
| Interviewer (Print Name) | Title | Signature | Date Completed |

*236.*

## IAP / Interview Worksheet

Inmate: HOWARD, KARLIS     CDCR #: BT4324     CDCR 1824 Log #: ASP-A-23-00549

---

**Step 3:** **DECISION REGARDING WHETHER AN INTERIM ACCOMMODATION IS NECESSARY** (See Note below)

[✔] An Interim Accommodation **IS NOT required**.

Reason: The offenders request is not an access issue in programs, services, or activities.

_____

[ ] An Interim Accommodation **IS required**.

Reason: _____

_____

Accommodation(s) provided:                                    Date provided:

_____          ___ / ___ / ____

_____          ___ / ___ / ____

_____          ___ / ___ / ____

Comments: _____

_____

| S.ADAZA | SSA (A) | S.Adega | 08 / 21 / 23 |
|---|---|---|---|
| Person Completing Step 3 | Title | Signature | Date Completed |

Note: When information is unable to prove or disprove a claim, consider an interim accommodation as a precautionary measure.

---

**IAP processing instructions for the Appeals Coordinator**

- Step 1 must always be completed prior to the initial RAP.
- Step 2 should be completed whenever the inmate's request is unclear, or when additional input from the inmate and/or staff will help the RAP better understand the request.
- If Step 1 is "Yes/Unsure," proceed to Steps 2 and/or 3. The interviews conducted in Step 2 will help with the decision in Step 3. Step 3 documents the decision. When the IAC is not able to complete steps 2 & 3 prior to the RAP (e.g, the request was received the day before the RAP) steps 2 and 3 may be completed during the RAP or shortly thereafter. Under no circumstances shall a decision regarding the need for an IAP exceed 5 working days.
- Consult with the ADA Coordinator when unsure which box to check in Step 1.
- Maintain ongoing communication with the ADA Coordinator regarding the interim accommodation process.

---

**Step 2 Interviewer Instructions**

- Your task is to obtain additional information that will assist the Reasonable Accommodation Panel (RAP) better understand issues raised by an inmate on a CDCR 1824, Reasonable Accommodation Request Form.
- Take a moment to read the CDCR 1824 and then review the information being requested in Step 2. If you need clarification, contact the Appeals Office or the ADA Coordinator.
- Interview the inmate who filed the CDCR 1824 and/or staff who may have knowledge about the inmate's request.
- Inmates often have difficulty expressing themselves in writing. Your interview notes should try to clarify what the problem is, and what the inmate wants (e.g., cane, lower bunk, shower chair, job modification, etc.).
- Reminder. Be sure to return this form to the Inmate Appeals Coordinator by the due date listed in Step 2.

Name: HOWARD, KARLIS R.                                     CDC #: BT4324    PID #: 12262813

CHSS035C **DPP Disability/Accommodation Summary** Monday August 21, 2023 11:23:16 AM

As of: 08/21/2023  ➡

| OFFENDER/PLACEMENT | DISABILITY ASSISTANCE |
|---|---|
| CDC#: BT4324 | Current DDP Status: NCF |
| Name: HOWARD, KARLIS R. | DDP Adaptive None |
| Facility: ASP-Facility A | Support Needs: |
| Housing Area/Bed: A 140 1/047001L | Current DDP Status Date: 03/08/2023 |
| Placement Score: 19 | DPP Codes: |
| Custody Designation: Medium (A) | DPP Determination Date: 06/02/2023 |
| Housing Program: Non-Designated Program Facility | Current MH LOC: CCCMS |
| Housing Restrictions: Lower/Bottom Bunk Only | Current MH LOC Date: 03/15/2023 |
| Physical Limitations | SLI Required: |
| to Job/Other: | Interview Date: |
| | Non-Formulary |
| | Accommodations/Comments: |
| | Learning Disability: |
| | Initial Reading Level: |
| | Initial Reading Level Date: |
| | Durable Medical Equipment: Eyeglass Frames |
| | Languages Spoken: |

| IMPORTANT DATES | WORK/VOCATION/PIA |
|---|---|
| Date Received: 02/23/2023 | Privilege Group: B |
| Last Returned Date: | Work Group: A2 |
| Release Date: 03/31/2025 | AM Job Start Date: |
| Release Type: Earliest Possible Release Date | Status: |
| | Position #: |
| | Position Title: |
| | Regular Days On: |

238.

**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                    **CDC#:** BT4324

**Date:** 08/28/2023

**Current Location:** ASP-Facility A                    **Current Area/Bed:** A 140 1047001L

**From:** Office of Grievances at Avenal State Prison

**Re:** Log # 000000440754

The California Department of Corrections and Rehabilitation Office of Grievances at Avenal State Prison received your grievance on 08/28/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/28/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

239.



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                    **CDC#:** BT4324

**Date:** 08/28/2023

**Current Location:** ASP-Facility A               **Current Area/Bed:** A 140 1047001L

**From:** Office of Grievances at Pleasant Valley State Prison

**Re:** Log # 000000442750

The California Department of Corrections and Rehabilitation Office of Grievances at Pleasant Valley State Prison received your grievance on 08/28/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/28/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

240.

Please submit a request using the KIOSK in your Housing Unit. This will alert the VIAPATH Technician that you are in need a tablet. Please be advised that Avenal State Prison is currently in short supply of tablets. We are requesting additional tablets. Please be patient while we receive additional tablets.

DocuSigned by:

Mitchell Godina

DE3F0F232B72465...

M. Godina

9-18-23

Custody Captain

Avenal State Prison

Page 1 of 3

ISSS003E - RVR Mental Health Assessment

Name: HOWARD, KARLIS R.                                              CDC #: BT4324  PID #: 12262813

ISSS003E              **RVR Mental Health Assessment**  Tuesday June 27, 2023 08:23:29 AM

---

**Section I**

Inmate Name: HOWARD, KARLIS R.          CDCR #: BT4324       Housing: PVSP-STRH
Specific Act: 3007-[05]-Indecent Exposure Without Prior Convictions for PC 314
Could this offense result in a SHU term? ⦿ Yes ○ No    RVR Log #: 000000007317071  Date of Violation: 06/20/2023

---

MH LOC at the time of the Offense: CCCMS
MH LOC at the time of the Assessment: CCCMS
DDP Status: NCF
The inmate was referred for a mental health assessment for the following reasons(s)

| None |
|------|

---

**Section II**                                                               Date: 06/26/2023
The interview was conducted in a private location ⦿ Yes ○ No ○ N/A

**If No, explain:**

| None |
|------|

The inmate was informed of the purpose of the assessment and the information shared during the interview is **not** confidential and will be used in adjudicating the RVR. ⦿ Yes ○ No ○ N/A

**If No, explain:**

| None |
|------|

Data source(s) for this evaluation:
☑ Health Care Record        ☐ Adaptive Supports form      ☑ PC Consultation        ☑ SOMS    ☑ ERMS
☐ Other:                    ☐ Staff Consultation:

1. CCCMS/NON-MHSDS ONLY. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for assignment of a staff assistant (do not rely on the TABE score alone)?
○ Yes ⦿ No ○ N/A

**Provide rationale:**

| There are no mental health factors that make it difficult for the IP to understand the disciplinary process. IP reports he is able to understand the disciplinary process and understood the purpose of today's assessment. |
|------|

2. In your opinion, was the inmate's behavior so *strongly influenced* by symptoms of a (a) *mental illness* and/or (b) *developmental disability/cognitive or adaptive functioning deficits* that the inmate would be better served by documenting this behavior in an alternate manner? If Yes: (1) provide a rationale that establishes a nexus between mental health symptoms or developmental disability/cognitive or adaptive functioning deficits and the behavior; (2) consult with the Program Supervisor; and (3) consult with the Chief of Mental Health (or designee), when applicable. If No, go to Question 3.

**a) Mental illness:**
○ Yes ⦿ No ○ N/A

**Assessing clinician's rationale:**

| None |
|------|

I agree with the assessing clinician's recommendation: ○ Yes ○ No ⦿ N/A

ISSS003E - RVR Mental Health Assessment

The inmate does not have any developmental disabilities suspected by this PC or documented that would influence the behavior. The inmate has been found NCF (Normal Cognitive Functioning) and has no TABE score available, but no issues noted with comprehension and/or understanding of the current situation.

4. If the inmate was found guilty of the offense, what mental health factors and/or developmental disability/cognitive or adaptive functioning deficits should the hearing officer consider when assessing the penalty, such as penalties that may have an adverse impact on the inmate's stability?

Examples of penalties include, but are not limited to, changes and reduction in, phone calls, visits (when permissible), day room, confined to quarters, loss of packages; loss of yard time, loss of appliances, etc.

**Provide your recommendation and rationale:**

If the inmate is found guilty of the offense there are no mental health factors and or developmental disability/cognitive or adaptive function deficits that the hearing officer or senior hearing officer need to consider when assess the penalty that would have an adverse impact on the inmate's stability.

5. SHU OFFENSE ONLY. If the inmate is found guilty of the offense, are there any mental health factors and/or developmental disability/cognitive or adaptive functioning deficits that Institution Classification Committee should consider when assessing a SHU term?
◦ Yes  ⦿ No  ◦ N/A

**Provide your recommendation and rationale:**

If found guilty of the offense there are no mental health factors and/or developmental disability cognitive or adaptive deficits which ICC needs to consider when assessing a SHU term.

6. DDP PARTICIPANTS ONLY. Does the inmate exhibit on-going behavior leading to disciplinary infractions that appears related to developmental disability/cognitive or adaptive functioning deficits? If Yes, refer inmate to the DDP Clinician for assistance in assessing the causes of the behavior and creating an intensive behavior modification plan.
◦ Yes  ◦ No  ⦿ N/A  If Yes, complete a CDCR Form 128 MH-5, Mental Health Referral Chrono.

Did you consult with the DDP Clinician?  ◦ Yes  ◦ No  ⦿ N/A  Document Consultation on a Developmental Disabilities Progress Note.

**Provide rationale:**

None

Clinician: Lara, ████████ Licensed Clinical Social Worker        Phone Ext.: ████        Date: 06/26/2023

**Prior Page**

*243.*

| | **INCIDENT REPORT PACKAGE** | **PAGE:** 1 |
|---|---|---|
| **CDCR** | | **PROCESSED:** 07/20/2023 10:17 |
| **REPORT NO. IRTR161 - 12** | **INCIDENT LOG NUMBER: 000000000060419** | **REQUESTOR:** E. Vega |

### INCIDENT REPORT SUMMARY

| | |
|---|---|
| **INSTITUTION/PAROLE REGION:** ASP - Avenal State Prison | |
| **REPORTING FACILITY/PAROLE UNIT:** ASP-S - ASP-Central Service | |
| **INCIDENT DATE:** 06/20/2023 | **INCIDENT TIME:** 12:35:00 |
| **DISCOVERY DATE:** 06/20/2023 | **DISCOVERY TIME:** 12:35:00 |
| **WATCH:** 2nd Watch | |

| **STATUS:** Closed | **AS OF DATE:** 07/10/2023 |
|---|---|

| | |
|---|---|
| **CRISIS RESPONSE TEAM ACTIVATED:** No | **DA REFERRAL ELIGIBLE:** No |
| **AREA/LOCATION:** MEDICAL | **HOUSING PROGRAM ASSIGNMENT:** Non-Designated Program Facility |
| **ASU YARD TYPE:** Not Applicable | |
| **VIDEO SURVEILLANCE OF INCIDENT:** No | |

| **INCIDENT CATEGORY** | **INCIDENT TYPE** |
|---|---|
| Indecent Exposure | IEX with Masturbation and without Prior PC 314 or PC 288 |

### SYNOPSIS

On Tuesday, June 20, 2023, at approximately 1235 hours, inmate Howard (BT4324, 320 1-000055L) committed the act of, "Sexual Misconduct - Indecent Exposure with Masturbation-Without Prior Conviction for PC 288."

### IMMEDIATE NOTIFICATIONS

NONE

| | |
|---|---|
| **DOJ REPORTABLE:** Not Applicable | |
| **HIGH PROFILE INCIDENT:** No | **NAME OF ASSISTING LEA:** |
| **MUTUAL-AID/LEA:** Not Applicable | |
| **MAJOR MEDIA ATTENTION:** No | **NAME OF MEDIA:** |

| **INCIDENT STG NEXUS:** No | | |
|---|---|---|
| **STG NAME** | **STG SET** | **STG SUBSET** |
| NONE | | |

| **STG NOT LISTED** |
|---|
| NONE |

| **UNCONTROLLED WEAPONS** | **QUANTITY** |
|---|---|
| Not Applicable | |

| **CONTROLLED SUBSTANCES** | **QUANTITY** | **QUANTITY TYPE** |
|---|---|---|
| Not Applicable | 0 | |

*244.*

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER:** 000000000060419

**PAGE:** 3
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

### STAFF INVOLVED

**ASSIGNED INSTITUTION/PAROLE REGION:** ASP - Avenal State Prison
**ASSIGNED FACILITY/PAROLE UNIT:** ASP-S - ASP-Central Service

**STAFF NAME:** Galindo, ●
**TITLE:** Sergeant
**STAFF TYPE:** Peace Officer

**POST DESCRIPTION:** Fac C Prog Sgt
**CELL FRONT USE OF FORCE:** Not Applicable

### INVOLVEMENT TYPE

Response Supervisor

| **TYPE OF FORCE USED BY REPORTING STAFF** | **NUMBER OF SHOTS FIRED/DEPLOYMENTS/STRIKES** | **REPORTABLE USE OF FORCE RESULT** |
|---|---|---|
| Not Applicable | | |

| **REPORTABLE INJURY** | **INJURY LOCATION** | **SBI TYPE** |
|---|---|---|
| Not Applicable | | |

### DESCRIPTION OF INJURY

NONE

**TREATMENT:**

**LOCATION CARE PROVIDED:**

**REPORTABLE DEATH:** Not Applicable
**DATE OF DEATH:**

**MANNER OF DEATH:**

### STAFF VEHICLE INVOLVED

**STAFF VEHICLE INVOLVED:** Not Applicable
**VEHICLE TYPE:** Not Applicable
**MAKE:**
**COLOR:**

**PLATE #:**
**VEHICLE YEAR:**
**MODEL:**

245.

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**PAGE:** 5
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

### STAFF INVOLVED

**ASSIGNED INSTITUTION/PAROLE REGION:** ASP - Avenal State Prison
**ASSIGNED FACILITY/PAROLE UNIT:** ASP-C - ASP-Facility C

**STAFF NAME:** O'keliy, M●
**TITLE:** LVN
**STAFF TYPE:** Health Care Staff

**POST DESCRIPTION:** Fac C LVN
**CELL FRONT USE OF FORCE:** Not Applicable

### INVOLVEMENT TYPE

Medical Assessment

| TYPE OF FORCE USED BY REPORTING STAFF | NUMBER OF SHOTS FIRED/DEPLOYMENTS/STRIKES | REPORTABLE USE OF FORCE RESULT |
|---|---|---|
| Not Applicable | | |

| REPORTABLE INJURY | INJURY LOCATION | SBI TYPE |
|---|---|---|
| Not Applicable | | |

### DESCRIPTION OF INJURY

NONE

**TREATMENT:**

**LOCATION CARE PROVIDED:**

**REPORTABLE DEATH:** Not Applicable
**DATE OF DEATH:**

**MANNER OF DEATH:**

### STAFF VEHICLE INVOLVED

**STAFF VEHICLE INVOLVED:** Not Applicable
**VEHICLE TYPE:** Not Applicable
**MAKE:**
**COLOR:**

**PLATE #:**
**VEHICLE YEAR:**
**MODEL:**

246.

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**PAGE:** 7
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

### STAFF INVOLVED

| | |
|---|---|
| **ASSIGNED INSTITUTION/PAROLE REGION:** ASP - Avenal State Prison<br>**ASSIGNED FACILITY/PAROLE UNIT:** ASP-S - ASP-Central Service | **STAFF NAME:** Campa,<br>**TITLE:** Officer<br>**STAFF TYPE:** Peace Officer |

**POST DESCRIPTION:** Fac C Sec Pat 1
**CELL FRONT USE OF FORCE:** Not Applicable

#### INVOLVEMENT TYPE

Escort
Responder

| TYPE OF FORCE USED BY REPORTING STAFF | NUMBER OF SHOTS FIRED/DEPLOYMENTS/STRIKES | REPORTABLE USE OF FORCE RESULT |
|---|---|---|
| Not Applicable | | |

| REPORTABLE INJURY | INJURY LOCATION | SBI TYPE |
|---|---|---|
| Not Applicable | | |

#### DESCRIPTION OF INJURY

NONE

| TREATMENT: | LOCATION CARE PROVIDED: |
|---|---|

**REPORTABLE DEATH:** Not Applicable          **MANNER OF DEATH:**
**DATE OF DEATH:**

#### STAFF VEHICLE INVOLVED

**STAFF VEHICLE INVOLVED:** Not Applicable        **PLATE #:**
**VEHICLE TYPE:** Not Applicable        **VEHICLE YEAR:**
**MAKE:**        **MODEL:**
**COLOR:**

247.

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**PAGE:** 9
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

## OFFENDER INVOLVED

| | |
|---|---|
| **CDC #:** BT4324 | **OFFENDER NAME:** Howard, K____ R. |
| **MENTAL HEALTH CODE:** CCCMS- Correction Clinical Case Mgt System | **DDP CODE:** NCF |
| **DPPV CODE:** None | **GENDER:** Male |
| **RACE:** White | **ETHNICITY:** White |
| **CONTROL DATE:** 11/20/2024 | **TYPE:** EPRD |
| **INVOLVEMENT TYPE:** Suspect | **RVR LOG #:** 000000007317071 |
| **VIOLENCE TYPE:** Not Applicable | |
| **EXTRACTION:** Not Applicable | |

| | |
|---|---|
| **SECURITY LEVEL:** Level 2 | **PLACEMENT SCORE:** 19 |
| **HOUSING PROGRAM:** Non-Designated Program Facility | **CUSTODY CLASSIFICATION:** Medium (A) |

### CONTROLLED WEAPONS

Not Applicable

| **REPORTABLE INJURY** | **INJURY LOCATION** | **SBI TYPE** |
|---|---|---|
| Not Applicable | | |

### DESCRIPTION OF INJURY

NONE

**TREATMENT:** **LOCATION CARE PROVIDED:**

| | |
|---|---|
| **REPORTABLE DEATH:** Not Applicable | **MANNER OF DEATH:** |
| **DATE OF DEATH:** | |

| | |
|---|---|
| **VIDEO INTERVIEW:** Not Applicable | **VIDEO INTERVIEW W/ 48 HOURS:** |
| **VIDEO FOLLOWED POLICY:** Not Applicable | |

### ARREST

**ARRESTED NEW/PENDING CHARGES:** Not Applicable
**ARRESTING AGENCY:**
**REPORT NUMBER:**
**BOOKING NUMBER:**
**CUSTODY LOCATION:**
**OFFENSE TITLE/CODE:**

248.

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**ELECTRONIC DOCUMENT**

PAGE:    18
PROCESSED: 07/20/2023  10:17
REQUESTOR: E. Vega

DOCUMENT TYPE: Administrative Segregation Placement Notice
TITLE: ASU Placement Notice
PREPARED BY STAFF MEMBER INVOLVED: J. Gutierrez
PAGE NUMBER:    1

**(If document file type is supported, document will start on the next page)**

2 49.

**NAME AND NUMBER: HOWARD BT4324    HOUSING: C 320-1-55L**    **128B**

On Tuesday June 20, 2023, inmate HOWARD BT4324, will be placed into STRH at PVSP for Indecent Exposure with Masturbation. On this date you committed the act of "Sexual Misconduct - Indecent Exposure with Masturbation-Without Prior Conviction for PC 288." A determination was made security precautions exist, for a current incident of Indecent Exposure. Security precautions will include yellow placard window covering and use of an exposure control jumpsuit. Exposure control jumpsuit status will remain in effect for a period of **90 days**, The yellow placard window covering will remain in effect until 09/19/2023, at which time it will be reviewed to ensure overall case factors and Institutional security needs are met.

Original: ERMS File
CC: Inmate

J. Gutierrez, Lieutenant
HCA
Avenal State Prison

**DATE: 06/20/2023**    **IEX SECURITY PRECAUTIONS**    **GENERAL CHRONO**

Evidence Photograph



Picture 1 of 6                   FRONT VIEW                    SGT O. Galindo

*251.*



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER BT4324 | INMATE'S NAME HOWARD, KARLIS R. | EPRD 03/31/2025 | FACILITY ASP-Facility C | HOUSING LOCATION ASP-C - C 320 1 - 000055L |
|---|---|---|---|---|
| VIOLATION DATE 06/20/2023 | VIOLATION TIME 12:33:00 | VIOLATION LOCATION ASP-Facility C - MENTAL HEALTH | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

I am entering this Rule Violation Report on behalf of Psychologist E Komaki as she does not have access to SOMS at this point in time.

On June 20, 2023, while assigned a mental health primary clinician for CCCMS on Facility C yard at approximately 1233 hours, I was continuing PC contact and MHPC Routine Consult in a confidential face-to-face setting in MH clinician room #7 with I/P Howard BT4324 (320 1-000055L) he sat by the window and started talking explaining why he requested a meeting. While I was writing his mental health problems down, I observed I/P Howard having his erected penis out and moving his right hand in an up and down motion while attempting to reach sexual gratification, while looking at me in a sexually provocative nature. I immediately told him to stop, I contacted the officers in the front desk of the clinic, and I stepped out of the office with the door wide opened. I/P Howard who stood up and attempted to walk toward me. I ordered him stop and sit down and wait for officers, which he complied. Officer Torres responded, and I informed him on what had transpired. I/P Howard was placed in handcuffs and escorted away without further incident.

PERNR 140849

| REPORTING EMPLOYEE T. Lee | TITLE PSYCHOLOGIST | ASSIGNMENT C SEC PATROL 1 | RDO F/S | DATE: 06/20/2023 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007317071 | VIOLATED RULE NUMBER: 3007 |
|---|---|
| SPECIFIC ACT: Indecent Exposure Without Prior Convictions for PC 314 | |

| CLASSIFICATION | |
|---|---|
| LEVEL: Serious | OFFENSE DIVISION: Division D |
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: Yes |

252.

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION ASP | LOCATION OF EVALUATION C Gym | | DATE 6/20/23 |
|---|---|---|---|

REASON FOR REPORT ☐ ALLEGATION .. ☐ ON THE JOB INJURY     ☐ USE OF FORCE ☐ INJURY     ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE     ☐ PRE AD/SEG ADMISSION .    ☐ R&R     ☐ OTHER

| NAME LAST Howard | FIRST Karlis | CDCR NUMBER BT4324 | PERNR / INST. ID # N/A | VISITOR ID # (SOMS) N/A |
|---|---|---|---|---|
| PLACE OF OCCURRENCE C New Clinic | DATE OF OCCURRENCE 6/20/23 | TIME OF OCCURRENCE 1235 | TIME SEEN 1253 | RN NOTIFIED TIME N/A | PHYSICIAN NOTIFIED TIME N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" I was not masturbating "

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

Right     Left

Front     Back

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | RX |
| Decontaminated w/ Water? YES / NO / REFUSED | N/A |
| Decontaminated w/ Air? YES /NO / REFUSED | N/A |
| Self-decontamination Instructions given ? YES / NO | N/A |
| Staff issued Exposure packet ? YES / NO | N/A |

Q 15 min. check times

| Initial N/A | 1st Check N/A |
|---|---|
| 2nd Check N/A | Final N/A |

TIME/DISPOSITION RTC @ 125

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) M. O'Kelly LVN mokelly LVN | PERNR / INST. ID # 8044 | RDOs TH FRI | ASSIGNMENT AREA C old clinic |
|---|---|---|---|

253.

IRTS020J - Incident Report Staff Narrative

Page 1 of 1

IRTS020J

# Incident Report Staff Narrative

Wednesday June 21, 2023 08:01:39 AM

Incident Log Number: 000000000060419
Institution/Parole Region: Avenal State Prison
Incident Date/Time: 06/20/2023 12:35:00
Area/Location: MEDICAL

Facility/Parole Unit: ASP-Central Service
Discovery Date/Time: 06/20/2023 12:35:00

Staff Name: Komaki, Emi [KOEM003]
Created Date: 06/20/2023

Narrative Type: Initial Report
Created Time: 15:50:12

**Narrative**

On June 20, 2023, while assigned a mental health primary clinician for CCCMS on Facility C yard at approximately 1233 hours, I was continuing PC contact and MHPC Routine Consult in a confidential face-to-face setting in MH clinician room #7 with I/P Howard BT4324 (320 1-000055L) he sat by the window and started talking about why he requested a meeting. While I was writing his mental health problems down, I observed I/P Howard having his erected penis out and moving his right hand in an up and down motion while attempting to reach sexual gratification while looking at me in a sexually proactive nature. I immediately told him to stop and contacted the officers in the front desk of the clinic, and I stepped out of the office with the door wide opened. I/P Howard stood up and attempted to walk toward me. I ordered him to stop and sit down and wait for officers, which he compiled. Officer Torres responded, and I informed him on what had transpired. I/P Howard was placed in handcuffs and escorted away without further incident.

Badge # (Peace Officer Only):
Staff Signature:

PERNR: 140849
Date: 6/20/2023

Prior Page

Reviewed and Approved: J. Gutierrez                    6-21-23

254.

**INCIDENT REPORT PACKAGE**

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT LOG NUMBER: 000000000060419**

**PAGE:** 23
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

**ELECTRONIC DOCUMENT**

**DOCUMENT TYPE:** Other
**TITLE:** HOWARD BT4324 MIRANDA ADVISEMENT
**PREPARED BY STAFF MEMBER INVOLVED:** O. Galindo
**PAGE NUMBER:**        1

**(If document file type is supported, document will start on the next page)**

255.

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**ELECTRONIC DOCUMENT**

**PAGE:** 24
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

**DOCUMENT TYPE:** Other
**TITLE:** Howard BT4324 Mental Health Referral MH-5
**PREPARED BY STAFF MEMBER INVOLVED:** O. Galindo
**PAGE NUMBER:** 1

**(If document file type is supported, document will start on the next page)**

256.

Evidence Photograph



Picture 2 of 6                    Entrance to Building 734 New Clinic                    SGT O. Galindo

257.

Evidence Photograph



Picture 4 of 6          Front view of Exam Room # 7          SGT O. Galindo

258.

Evidence Photograph



Picture 6 of 6              Inmate point of view                SGT O. Galindo

259.

## Avenal State Prison
### Holding Cell Log

Page 1 of 2

Date 4/20/23 Holding Cell 1 Inmate Name HOWARD CDC# BT4324

Housing 320-55L Placement Order by O. GALINDO [signature]

Reason for Placement INDECENT EXPOSURE

Staff Placing Inmate in Holding Cell F. CAMPA  c/o  [signature]

Holding Cell Searched By F. CAMPA  [signature]

Results of Search NEGATIVE  Time Placed in Holding Cell 1239  Jumpsuit Issued Y ☐ N ☒

**THE INMATE'S WELFARE WILL BE CHECKED EVERY 15 MINUTES. THE INMATE WILL BE OFFERED ACCESS TO WATER AND TOILET FACILITIES AT REASONABLE INTERVALS NOT TO EXCEED ONE HOUR.**

| TIME | STAFF NAME | SIGNATURE | COMMENTS | WATER BREAK | RESTROOM BREAK |
|------|-----------|-----------|----------|-------------|----------------|
| 1239 | F. CAMPA | [sig] | PLACED IN HOLDING | A-☒ R-☐ | A-☒ R-☐ |
| 1253 | F. CAMPA | [sig] | CDCR 7219 / LVN | A-☐ R-☒ | A-☐ R-☒ |
| 1254 | F. CAMPA | [sig] | STANDING | A-☐ R-☒ | A-☐ R-☒ |
| 1306 | F. CAMPA | [sig] | SGT TOOK PHOTOS | A-☐ R-☒ | A-☐ R-☒ |
| 1324 | F. CAMPA | [sig] | STANDING | A-☒ R-☐ | A-☒ R-☐ |
| 1339 | F. CAMPA | [sig] | STANDING | A-☐ R-☒ | A-☐ R-☒ |
| 1347 | F. CAMPA | [sig] | STANDING | A-☐ R-☒ | A-☐ R-☒ |
| 1354 | F. CAMPA | [sig] | MIRANDA RIGHTS | A-☐ R-☒ | A-☐ R-☒ |
| 1404 | V. LONG | [sig] | Standing | A-☒ R-☐ | A-☒ R-☐ |
| 1424 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |
| 1434 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |
| 1454 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |
| 1504 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |
| 1524 | V. LONG | [sig] | Standing | A-☒ R-☐ | A-☒ R-☐ |
| 1524 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |
| 1534 | V. LONG | [sig] | Standing | A-☐ R-☒ | A-☐ R-☒ |

Staff Releasing Inmate D. VITELA  [signature]

Time Released From Holding Cell 1639  Total Time in Cell 4 HOURS

Medical Exam Yes X No  (LVN/RN M. O'Kelly  [signature]

Inmate Released To (Housing, TTA, OHU, Ad-Seg, etc.) TRANSPORTATION TO PVSP

Supervisor Signature upon Release of Inmate:

D. CURRY  [signature]  Rank SGT.

Manager Approval if Four-Hour Time Limit Is Exceeded

N. GONZALEZ  [signature]  Rank Capt.

Reason for Exceeding Time Limit INSTITUTIONAL COUNT & PENDING TRANSPORT.

Revised 05/2023

260.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**TRAINING PARTICIPATION SIGN-IN SHEET**

CDCR 844 (Rev. 09/14)

TITLE O.P. 97 Holding Cell Procedures

AUDIENCE _(handwritten)_

BET ID (list all applicable) _(handwritten)_

INSTRUCTOR J. gutierrez

TIME

LENGTH (IN HOURS) .5

DATE 6/25/23

LOCATION facility c

| | PERSONNEL NUMBER (PERNR) | PRINT FULL NAME (LAST, FIRST) | WORK CLASS | TODAY'S WORK HOURS | CLASS IN | CLASS OUT | MEAL BREAK Y or N | OVER TIME HOURS | SIGNATURE |
|----|------|------|------|------|----|-----|-----|-----|-----|
| 1 | 209105 | Gutierrez, Brian | Sgt | 0600-1600 | | .1 | N | N | |
| 2 | 194538 | Garcia, Isaac | C/o | 0600-1400 | | N | N | N | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |

ALL COLUMNS MUST BE COMPLETED

INSTRUCTOR'S SIGNATURE

PERNR 18111

261.

ISSS003B - Rules Violation Report

Name: HOWARD, KARLIS R.

ISSS003B

Page 1 of 2

CDC #: BT4324  PID #: 12262813

# Rules Violation Report

Wednesday June 21, 2023 07:16:24 AM

Violation Date: 06/20/2023
Facility Where Inmate Housed: ASP-Facility C
RVR Log #: 000000007317071
Rule Violation #: 3007-[05]-Indecent Exposure Without Prior Convictions for PC 314
Facility Where RVR Occurred: ASP-Facility C
Location: MENTAL HEALTH
Watch: 2nd Watch

Violation Time: 12:33:00

With STG Nexus: No

Lab Results ID Number:
Alleged behavior was bizarre or Yes
unusual for any inmate:
Alleged behavior was No
uncharacteristic for this inmate:

## Incident Parameters
Related Incident Report #: 000000000060419

Violence: No

## Inmate Characteristics (on date of Violation)
MH LOC: CCCMS
Inmate Housing Location: ASP-C - C 320 1 - 000055L
Learning Disability:
Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences N/A
of the continued misconduct?:
Did the reporting employee take into consideration the severity of the inmate's disability and the need for N/A
adaptive support services when determining the method of discipline?:

DDP Status: NCF
DPPV: None
TABE Reading:

RVR Status: Classified

As of Date: 06/21/2023

## Circumstances of Violation

I am entering this Rule Violation Report on behalf of Psychologist E Komaki as she does not have access to SOMS at this point in time.

On June 20, 2023, while assigned a mental health primary clinician for CCCMS on Facility C yard at approximately 1233 hours, I was continuing PC contact and MHPC Routine Consult in a confidential face-to-face setting in MH clinician room #7 with I/P Howard BT4324 (320 1-000055L) he sat by the window and started talking explaining why he requested a meeting. While I was writing his mental health problems down, I observed I/P Howard having his erected penis out and moving his right hand in an up and down motion while attempting to reach sexual gratification, while looking at me in a sexually provocative nature. I immediately told him to stop, I contacted the officers in the front desk of the clinic, and I stepped out of the office with the door wide opened. I/P Howard who stood up and attempted to walk toward me. I ordered him stop and sit down and wait for officers, which he complied. Officer Torres responded, and I informed him on what had transpired. I/P Howard was placed in handcuffs and escorted away without further incident.

PERNR 140849

## Classification of Violation
Level: Serious
Referred To: Senior Hearing Officer

Offense Division: Division D
Felony Prosecution Likely: Yes



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>ASP-Facility C | INMATE'S NAME<br>HOWARD, KARLIS R. | CDC NUMBER<br>BT4324 |
|---|---|---|

### REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY      ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Tuesday, June 20, 2023, you, Inmate HOWARD (BT4324), are being removed from Avenal State Prison and being placed in the Short-Term Restricted Housing (STRH) at Pleasant Valley State Prison (PVSP) for the specific act of Indecent Exposure with Masturbation-Without Prior Conviction for PC 288 or 314. Specifically, on this date, Psychologist E.Komaki was conducting a follow-up appointment with you in Charlie's new Clinic, Mental Health Room 7. Without warning or provocation, you stood out of the chair, exposed your erect penis, and began stroking it up and down with your right hand looking directly at Psychologist Komaki. Subsequently, you are being placed on AD-SEG status for your actions. Based on this information, you present an immediate threat to the safety of self or others and institutional security. Therefore, you will remain AD-SEG pending administrative review to determine your appropriate housing and program needs. This placement may affect your credit earnings, privileges, custody level, and visiting status. Effective Communication was established by using simple English and having you explain the reason for ASU placement in your own words. Inmate Howard is a participant in the Mental Health Services Delivery System (MHSDS) at the CCCMS level of care. A Staff Assistant was assigned due to inmate Howard's TABE of 4.0 (0.0) or below.

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>06/20/2023 | SEGREGATION AUTHORITY'S PRINTED NAME<br>P. Huerta | SIGNATURE<br>P. Huerta | TITLE<br>LT |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>06/20/2023 | TIME<br>SERVED<br>1336 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE<br>*P. Huerta* | SIGNATURE | STAFF'S<br>TITLE<br>LT |
|---|---|---|---|---|

| ☒ INMATE REFUSED TO SIGN<br>RTS | INMATE SIGNATURE | CDC NUMBER<br>BT4324 |
|---|---|---|

**You were identified with a disability of:**
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☑ TABE under 4.0 / no TABE  ☐ Developmental Disability  ☑ CCCMS  ☐ EOP
☐ Foreign Language Speaking

**Method**
☐ HOWARD, KARLIS RUBEN AUGSTUS reiterated in his own words, what was explained

☐ HOWARD, KARLIS RUBEN AUGSTUS provided appropriate, substantive responses to questions asked

☐ HOWARD, KARLIS RUBEN AUGSTUS asked appropriate questions regarding the information provided

263.



**AVENAL STATE PRISON**
**NOTICE OF UNUSUAL OCCURRENCE/INCIDENT**
**ADMINISTRATIVE OFFICER of the DAY CONTACT REPORT**
**NOU-C-23-6-20-1168**

Type:  **Incident**                                    AOD Contacted:  **Groves, David - Correctional Administrator**

Time Occurred: **1235**                          Incident Log #  **060419**

                                                                    SBI: **No**                    UOF: **No**

STRH Placement: **Yes**

Juan Gutierrez Correctional Lieutenant

On Tuesday, June 20, 2023, at approximately 1235 hours, inmate Howard (BT4324, 320 1-000055L) committed the act of, "Sexual Misconduct - Indecent Exposure with Masturbation-Without Prior Conviction for PC 288."

Specifically, on the aforementioned date and time Psychologist E. Komaki was conducting an follow up appointment with inmate Howard in the Charlie new clinic Mental Health Room 7. As Psychologist Komaki was reviewing inmate Howard chart on the computer, she glanced over to inmate Howard who was by the window and observed him standing stroking his exposed erect penis with his right hand. Psychologist Komaki ordered inmate Howard to stop his actions and left the immediate area. Psychologist Komaki notified Correctional Officer F. Torres of what occurred.

A Medical Report of Injury or unusual Occurrence (CDCR 7219) was conducted on inmate Howard noting no injuries.

Subsequently, Inmate Howard was rehoused into Administrative Segregation and will receive a Rules Violation Report for "Indecent Exposure with Masturbation-Without Prior Conviction for PC 288.".

This case will be referred to Kings County District Attorney's (DA) Office for felony prosecution.

Associate Warden D. Groves, Captains N. Gonzalez and M. Godina, and AA/PIO J. Reyes were notified via Electronic Mail.

Department Operations Manual Supplement 52100 (Inmate Indecent Exposure) protocols were initiated.

264.

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

PAGE: 15
PROCESSED: 07/20/2023  10:17
REQUESTOR: E. Vega

**STAFF NARRATIVE**

---

**STAFF NAME:** Campa, F
**CREATED DATE:** 06/27/2023

**NARRATIVE TYPE:** Supplemental Report
**CREATED TIME:** 07:43:07

**NARRATIVE**

Q1: In your narrative you state in part, "I responded to 734 building and observed one inmate in restraints." What type of restraints were on the inmate?
A1 Inmate was secured in handcuffs.

Q2: In your narrative you state in part, "I proceeded to escort HOWARD to the gym, after we arrived, I searched holding cage number 1 in which yielded negative results for contraband." Please clarify the correct terminology for "holding cage" per the Department Operations Manual.
A2 Typo, the correct terminology is "Holding Cell."

F. Campa
STAFF SIGNATURE

**DATE:** 06/27/2023

**BADGE #:** 72411

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 06/27/2023

**REVIEWED BY STAFF:** Gutierrez
**REVIEWED TIME:** 15:20:37

---

**STAFF NAME:** Torres, St
**CREATED DATE:** 06/20/2023

**NARRATIVE TYPE:** Initial Report
**CREATED TIME:** 15:13:04

**NARRATIVE**

On June 20, 2023, at approximately 1235 hours, while assigned to Health Care Access Security Patrol #3, Psychologist E. Komaki called me via telephone and asked me to escort an inmate later identified as HOWARD BT4324 (320 1-000055L) out of exam room # 7. I immediately responded to exam room #7, where I noticed she was standing up outside the door. Upon arriving to her location, she informed me that Howard had exposed himself to her inside the exam room. I secured HOWARD in handcuffs, requested a code 1 response to Facility C New Clinic via my institutional radio. Responding staff arrived, I informed SGT. O Galindo of what had transpired and responding staff escorted Howard out of the Facility New Clinic without further incident.

S. Torres
STAFF SIGNATURE

**DATE:** 06/20/2023

**BADGE #:** 61337

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 06/20/2023

**REVIEWED BY STAFF:** Galindo,
**REVIEWED TIME:** 15:20:33

265.

**CDCR**
**REPORT NO. IRTR161 - 12**

**INCIDENT REPORT PACKAGE**

**INCIDENT LOG NUMBER: 000000000060419**

**PAGE:** 13
**PROCESSED:** 07/20/2023  10:17
**REQUESTOR:** E. Vega

### STAFF NARRATIVE

| | |
|---|---|
| **STAFF NAME:** Vasquez, Ju | **NARRATIVE TYPE:** Initial Report |
| **CREATED DATE:** 06/27/2023 | **CREATED TIME:** 07:57:24 |

#### NARRATIVE

At approximately 1347 hours, I witnessed as Sergeant O. Galindo issued the Institutional Criminal Inquiry-Miranda Warning to Inmate Howard BT4324 (320 1-000055L). After Galindo read the Miranda Warning to Howard, Howard elected to remain silent and signed the document. This concluded my insolvent as a witness.

J. Vasquez

STAFF SIGNATURE

**DATE:** 06/27/2023

**BADGE #:** 55059

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 06/27/2023

**REVIEWED BY STAFF:** Gutierrez,
**REVIEWED TIME:** 15:19:53

| | |
|---|---|
| **STAFF NAME:** Komaki, | **NARRATIVE TYPE:** Initial Report |
| **CREATED DATE:** 06/20/2023 | **CREATED TIME:** 15:50:12 |

#### NARRATIVE

On June 20, 2023, while assigned a mental health primary clinician for CCCMS on Facility C yard at approximately 1233 hours, I was continuing PC contact and MHPC Routine Consult in a confidential face-to-face setting in MH clinician room #7 with I/P Howard BT4324 (320 1-000055L) he sat by the window and started talking about why he requested a meeting. While I was writing his mental health problems down, I observed I/P Howard having his erected penis out and moving his right hand in an up and down motion while attempting to reach sexual gratification while looking at me in a sexually proactive nature. I immediately told him to stop and contacted the officers in the front desk of the clinic, and I stepped out of the office with the door wide opened. I/P Howard stood up and attempted to walk toward me. I ordered him to stop and sit down and wait for officers, which he complied. Officer Torres responded, and I informed him on what had transpired. I/P Howard was placed in handcuffs and escorted away without further incident.

**DATE:**

STAFF SIGNATURE

**PERNR:** 140

**BADGE #:**

**NARRATIVE REVIEWED:** No
**REVIEWED DATE:**

**REVIEWED BY STAFF:**
**REVIEWED TIME:**

266.

| | INCIDENT REPORT PACKAGE | **PAGE:** 11 |
|---|---|---|
| **CDCR** | | **PROCESSED:** 07/20/2023  10:17 |
| **REPORT NO. IRTR161 - 12** | **INCIDENT LOG NUMBER: 000000000060419** | **REQUESTOR:** E. Vega |

## STAFF NARRATIVE

| **STAFF NAME:** Gutierrez, | **NARRATIVE TYPE:** Initial Report |
|---|---|
| **CREATED DATE:** 06/21/2023 | **CREATED TIME:** 08:55:39 |

### NARRATIVE

**BRIEF SUMMARY OF EVENTS:**
On Tuesday, June 20, 2023, at approximately 1235 hours, inmate Howard (BT4324, 320 1-000055L) committed the act of "Sexual Misconduct - Indecent Exposure with Masturbation-Without Prior Conviction for PC 288." Specifically, on the aforementioned date and time Psychologist E. Komaki was conducting a follow up appointment with inmate Howard in the Charlie new clinic Mental Health Room #7. As Psychologist Komaki was taking notes of inmate Howard's mental health problems, she looked over at inmate Howard who was by the window and observed him standing stroking his exposed erect penis with his right hand. Psychologist Komaki ordered inmate Howard to stop his actions, summoned the clinic Officers via the telephone and stepped out of the exam room. Correctional Officer F. Torres responded to the room Komaki informed Officer Torres of what occurred. Officer Torres requested a Code 1 response via his institutional radio and placed handcuffs on Howard. Officer F. Campa took control of Howard, completed a clothed body search resulting in negative findings for contraband, and subsequently escorted Howard out of the incident site without further incident.

Officer Campa placed Howard into a Holding Cell in the Facility C Gym and initiated a Holding Cell Log. Officer Campa completed an unclothed body search of Howard resulting in negative findings for contraband.

A Medical Report of Injury or unusual Occurrence (CDCR 7219) was completed on inmate Howard by LVN M. O'Kelly noting no injuries.

Sgt. O. Galindo read Howard his Miranda Warning statement and Howard chose not to make a statement.

**ACTIONS TAKEN:**
Inmate Howard was rehoused into Short Term Restricted Housing at Pleasant Valley State Prison (STRH-PVSP) and will receive a Rules Violation Report for "Indecent Exposure with Masturbation-Without Prior Conviction for PC 288". This case will be referred to Kings County District Attorney's (DA) Office for felony prosecution.

A CDC 128B IEX Precautions was generated and forwarded to the PVSP-STRH.

CDCR 2152 was provided to and completed by the reporting employee.

Associate Warden D. Groves, Captains J. Diaz, M. Godina, and AA/PIO J. Reyes were notified via Electronic Mail.

Department Operations Manual Supplement 52100 (Inmate Indecent Exposure) protocols were initiated.

**NOTE:**
Dr. Komaki was able to enter her narrative into SOMS but was unable to apply a digital signature therefore, I requested for the SOMS report to be printed and Dr. Komaki's wet signature applied to the report which I subsequently scanned the report into the Related Electronic Documents section of the IRT.

| | **DATE:** 06/21/2023 |
|---|---|
| J. Gutierrez | |
| STAFF SIGNATURE | |
| | **PERNR:** 1 |
| **BADGE #:** 68275 | |
| **NARRATIVE REVIEWED:** Yes | **REVIEWED BY STAFF:** Diaz, |
| **REVIEWED DATE:** 06/26/2023 | **REVIEWED TIME:** 10:40:2? |

267.

NAME:    Karlis Howard

CDCR #: BT4324

HOUSING:  A 140 1-047001L

September 8, 2023   12, 2023

This letter is to inform you that your initial request for medical records was received but was submitted on the incorrect form and is invalid. Enclosed is the correct authorization form (7385) for requesting medical records from your medical file. Please complete and return to medical records for processing. If you make a mistake **DO NOT USE WHITE OUT**, put a line thru it and initial it. Please use pen, **DO NOT USE PENCIL.**

Complete all sections in Section VI (if applicable), and please specify dates and the specific information you want copied (you can write on the back of the authorization form, if needed).

Please verify information is correct, complete any highlighted areas then print, sign and date.

If you are requesting medical records from or to a third party, the medical records department does NOT provide that service. You are responsible for obtaining and or retrieving your own records. We DO NOT mail or forward any medical records to any facility.

**If you are requesting Mental Health Copies, please follow the instructions below.**

**If you want Mental Health copies or Psychotherapy, please submit a separate request directly to your Mental Health clinician. DO NOT mark on this 7385, submit a 7362 directly to your MH clinician.**

Sincerely,

*Laura Gonzales*

HRT I - Medical Records

09/18/23

DID NOT CONTAIN A 7385 FORM...

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE SERVICES REQUEST FORM**                                 Page 2 of 2
CDCR 7362 (Rev. 03/19)

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:     MEDICAL ☐     MENTAL HEALTH ☑     DENTAL ☑     MEDICATION REFILL ☐

NAME
KARLIS  HOWARD

CDCR NUMBER
BT4324

HOUSING
220    2L

PATIENT SIGNATURE

DATE
9-22-23

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)  I WOULD LIKE TO MAK AN APPT FOR:
① THE OPTOMETRIST AS I CANNOT SEE AND NEED GLASSES.
② THE DENTIST AS I HAVE A FRACTURED/BROKEN TOOTH.
③ WITH MY CLINICIAN AT MH TO DISCUS MY RECENT FALSE IMPRISONMENT IN BUILDING 320, AND TO DISCUS THE THREATS MADE BY MEXICAN GANG MEMBERS, AND MY PTSD.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NAME:    Karlis Howard

CDCR #: BT4324

HOUSING:  A 140 1-047001L

September 8, 2023

This letter is to inform you that your initial request for medical records was received but was submitted on the incorrect form and is invalid. Enclosed is the correct authorization form (7385) for requesting medical records from your medical file. Please complete and return to medical records for processing. If you make a mistake **DO NOT USE WHITE OUT**, put a line thru it and initial it. Please use pen, **DO NOT USE PENCIL.**

Complete all sections in Section VI (if applicable), and please specify dates and the specific information you want copied (you can write on the back of the authorization form, if needed).

Please verify information is correct, complete any highlighted areas then print, sign and date.

If you are requesting medical records from or to a third party, the medical records department does <u>NOT provide that service</u>. You are responsible for obtaining and or retrieving your own records. We DO NOT mail or forward any medical records to any facility.

**If you are requesting Mental Health Copies, please follow the instructions below.**

**If you want <u>Mental Health copies or Psychotherapy</u>, please <u>submit a separate request</u> directly to your <u>Mental Health clinician</u>. DO NOT mark on this 7385, <u>submit a 7362 directly to your MH clinician.</u>**

Sincerely,

*Laura Gonzales*

HRT I - Medical Records



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                    **CDC#:** BT4324

**Date:** 09/07/2023

**Current Location:** ASP-Facility A                    **Current Area/Bed:** A 140 1047001L

**From:** Office of Grievances at Avenal State Prison

**Re:** Log # 000000446179

The California Department of Corrections and Rehabilitation Office of Grievances at Avenal State Prison received your grievance on 09/07/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 11/07/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT | | | | |
|---|---|---|---|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. | | | | |
| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☑ | DENTAL ☑ | MEDICATION REFILL ☐ |

| NAME | CDCR NUMBER | HOUSING |
|---|---|---|
| *Darin Howard* | *RC4924* | *350  55 UP* |

| PATIENT SIGNATURE | DATE |
|---|---|
| | *9-20-23* |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem) _____

*I would like to be seen by the optometrist as I cannot see. ② I would like to see Psychiatrist treatment for my PTSD. ③ I would like to be seen by Dental for my fractured tooth. Thank you.*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

STATE OF CALIFORNIA

**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☑    DENTAL ☐    MEDICATION REFILL ☐

| NAME KARLIS HOWARD | CDCR NUMBER BT4324 | HOUSING 140 147L |
|---|---|---|
| PATIENT SIGNATURE | | DATE 09-13-23 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

I REQUESTED MENTAL HEALTH RECORDS AT PLEASANT VALLEY STATE PRISON ON OR AROUND 06/20/23 I HAVE NOT RECEIVED THEM. HRT-1 STATED I SHOULD SUBMIT THIS REQUEST DIRECTLY TO MY MENTAL HEALTH CLINICIAN, PLEASE SUBMIT IT ON MY BEHALF. THANK YOU!

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART II:  TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:                                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:      T:        P:        R:        BP:        WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME  COMPLETED |
|---|---|---|

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state law.*

Distribution:  Original - Health Record ; Copy - Patient

COMPLAINT AGAINST AVENAL
AVENAL STATE PRISON

9/20/23 ; 9/21/23

8th, 4th, 5th, 8th, 9th, 14th AMENDMENT VIOLATION

28 USC 1746

## DECLARATION OF FACT

I KARLIS RUBEN AUGUSTUS HOWARD DO solemnly swear, UNDER PENALTY OF PERJURY THAT THE following IS TRUE AND CORRECT so HELP ME GOD:

THIS 602 GRIEVANCE WAS FILED ON 09-22-23:

A   MY NAME IS KARLIS RUBEN AUGUSTUS HOWARD AND I AM SUBMITTING THIS 602 GRIEVANCE IN ACCORDANCE WITH TITLE-15, CALIFORNIA STATE LAW, FEDERAL LAW, AND GOV CODE 800+ AS ADMINISTRATIVE REMEDY Prior to taking Civil RIGHTS ACTION AGAINST YOU.

28 USC 1746 DECLARATION OF FACT:

I DECLARE UNDER PENALTY OF PERJURY THAT THE following IS TRUE AND CORRECT SO HELP ME GOD:

1. ON 09-20-23 I WAS MOVED FROM BLD 140 TO BLD 320, AT AVENAL STATE PRISON
   · YARD 1 ⟶ YARD 3

2. IN BUILDING 320 AT APPX 10 MIN AFTER ARRIVING ROLAND...AKA "Rolio" Servantes BUNK 54UP BEGAN ASSUMING Control over me Telling me if I ACT OUT Or GIVE Him Problems He would Roll me OUT AND STATED HE HAS ALREADY Rolled Someone FROM 55 BEFore AND RECENTLY.
   · VIOLATION OF TITLE-15, STATE, AND FEDERAL LAW

3. IN BUILDING 320 AT APPX 8:15 ONE OF ROLAND AKA "Rolios" GANG Member HOMIES CAME TO MY RACK AND AGGRESSIVELY Forced me to Follow Him INTO THE DAY Room AND STATED "YOU Need to Follow me, we need To Deal with You." I Followed THIS INDIVIDUAL INTO THE DAY Room Near the Second TV, WHere "roland" AKA "rolio" WAS STANDING. THE Two THEN THREATENED me AND CONSPIRE To ASSAULT AND BATTER AND CRIMINALLY THREATEN me. THEY STATED IF I DID NOT LEAVE RACK 55 THEY WOULD ASSAULT AND BATTER me.
   · VIOLATION OF TITLE-15, STATE/FED LAW, CRIMINAL THREATS,
   · CONSPIRACY, OUTRAGE,

4. ON 09/20/23 AT APPX 8:20AM I APPROACHED THE PODIUM AND FILED A 602 GRIEVANCE. I THEN TOLD THE COs ON DUTY OF THE SITUATION AND THAT I WAS IN DANGER AND CRIMINALLY THREATENED BY TWO GANG MEMBERS. THESE TWO CO's TOOK NO ACTION!

- DELIBERATE INDIFFERENCE, VIO STATE/FED. LAW, OUTRAGE, CRUEL & UNUSUAL PUNISH:
- DELIBERATE INDIFFERENCE TO MY HEALTH AND SAFETY.

5. ON 09/21/23 AT APPX 10:30 AM I WENT TO THE PODIUM AGAIN AND SPOKE WITH THE COs ON DUTY AND TOLD THEM THE SITUATION. THAT MY AREA WAS UNSAFE, THAT I WAS THREATENED BY 2 MEXICAN GANG MEMBERS, AND THAT I NEEDED TO CHANGE MY ASSIGNED RACK. THESE TWO COs INITIALLY TOOK NO ACTION. THEN FALSELY ARRESTED ME AT APPX 12, FALSELY IMPRISONED ME AND KEPT ME IN HANDCUFFS FOR OVER AN HOUR IN SEVERAL DIFFERENT PLACES INCLUDING THE OLD CLINIC, THE NEW CLINIC, AND THE SUPPORT OFFICE. I WAS EVEN IN HANDCUFFS WHILE BEING INTERVIEWED BY MY CLINICIAN.

- VIOLATION OF TITLE-15, STATE, FEDERAL LAW.
- EXCESSIVE FORCE, CRUEL AND UNUSUAL PUNISHMENT
- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE
- FALSE ARREST/FALSE IMPRISONMENT.

6. I DEMAND THAT YOU CONDUCT AN INVESTIGATION INTO THIS MATTER AND PROVIDE THE NAME AND ADDRESS OF EVERY STAFF MEMBER INVOLVED AND THE TWO GANG MEMBERS I ALSO DEMAND YOU PROVIDE. ME WITH ALL DOCUMENTATION AND REPORTS REGARDING THIS INCIDENT IN 30 DAYS TO PREVENT FURTHER LEGAL ACTION FROM BEING TAKEN AGAINST YOU FOR WITHHOLDING AFOREMENTIONED INFORMATION.
THANK YOU VERY MUCH.  SINCERELY,
KARLU RUBEN AUGUSTUS HOWARD BT4324            9-22-23

28 USC 1746

ON 09/22/23 AT 2:25 PM AT ~~AVENAL~~ STATE PRISON
I, KARLIS RUBEN AUGUSTUS HOWARD WAS CALLED INTO THE
SUPPORT OFFICE TO DISCUSS MY 602 FILED REGARDING
THE AFOREMENTIONED CRIMINAL THREATS ALLEGATION, GANG
THREATS, FALSE ARREST AND FALSE IMPRISONMENT IN
BUILDING 320 AT AVENAL STATE PRISON ON THE
DATES/TIMES INCLUDING 09-20-23, 8:15 ; 8:20PM ON 09-20-23,
10:30 AM ; 12 NOON ON 09-21-23.

28 USC 1746                                    9-24-23

## DECLARATION OF FACT:

I HAVE BEEN CONTINUOUSLY DENIED MEANINGFUL
ACCESS BY PVSP AND AVENAL STATE PRISON.
AVENAL STATE PRISON FAILED TO PROVIDE ME
A SELF-HELP FORM ON 09-24-23 AT 2:52 PM.
THIS IS A SELF WRITTEN ABSTRACT.

## Self Help REQUEST FORM

DATE: 9-24-23
PRINT NAME: KARLIS HOWARD
CDCR NUMBER: BT 4324
HOUSING: 220
SIGNATURE: _____
I AM requesting TO BE PLACED ON THE WAITING LIST FOR:
☑ "ALL BOXES CHECKED"


KARLIS RUBEN AUGUSTUS HOWARD #BT4324

_____

PO BOX 902 YARD 2 BLD 220 Cell 2L ASP AVENAL CA 93204

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILI

**GRIEVANCE**

CDCR 602-1 (Rev. 01/22)

Page

| STAFF USE ONLY | OGT Log No: 454068 | Date Received: RECEIVED |
|---|---|---|
| | Decision Due Date: 11/25/23 | SEP 25 2023 |
| | Categories: _____ | ASP Grievance Office |

Claimant Name: KARLIS RUBEN AUGUSTUS HOWARD     CDCR #: BTH324

Institution/Parole Region: AVENAL STATE PRISON   Current Housing/Parole Unit: 220  2LOW

**STAFF USE ONLY**

_Use this form to file a complaint with the Department._

In order for the Department to understand your complaint, please answer all of the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them,

A. MY NAME IS KARLIS RUBEN AUGUSTUS HOWARD AND I AM SUBMITTING THIS 602 GRIEVANCE IN ACCORDANCE WITH TITLE-15, CALIFORNIA STATE LAW, FEDERAL LAW AND GOV CODE 800+ AS ADMINISTRATIVE REMEDY PRIOR TO TAKING CIVIL RIGHTS ACTION AGAINST YOU.
28 USC 1746   DECLARATION OF FACT:

DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT SO HELP ME GOD:

1. ON 09-20-23 I WAS MOVED FROM BLD 140 TO BLD 320, AT AVENAL STATE PRISON. • YARD 1 → YARD 3

2. IN BUILDING 320 AT APPX 10 MIN AFTER ARRIVING ROLAND... AKA "ROLIO" SERVANTES BUNK 54UP BEGAN ASSUMING CONTROL OVER ME TELLING ME IF I ACT OUT OR GIVE HIM PROBLEMS HE WOULD ROLL ME OUT AND STATED HE HAS ALREADY ROLLED SOMEONE FROM 55 BEFORE AND RECENTLY. • VIOLATION OF TITLE 15, STATE, AND FEDERAL LAW.

3. IN BUILDING 320 AT APPX 8:15 ONE OF ROLAND AKA "ROLIO'S" 🏴 GANG MEMBER HOMIES CAME TO MY RACK AND AGGRESSIVELY FORCED ME TO FOLLOW HIM INTO THE DAY ROOM AND STATED "YOU NEED TO FOLLOW ME, WE NEED TO DEAL WITH YOU."

ADA Acce:

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                     **CDC#:** BT4324

**Date:** 09/25/2023

**Current Location:** ASP-Facility B                **Current Area/Bed:** B 220 1000002L

**From:** Office of Grievances at Avenal State Prison

**Re:** Log # 000000454229

The California Department of Corrections and Rehabilitation Office of Grievances at Avenal State Prison received your grievance on 09/25/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 11/25/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                    **CDC#:** BT4324

**Date:** 09/25/2023

**Current Location:** ASP-Facility B            **Current Area/Bed:** B 220 1000002L

**From:** Office of Grievances at Avenal State Prison

**Re:** Log # 000000454209

The California Department of Corrections and Rehabilitation Office of Grievances at Avenal State Prison received your grievance on 09/25/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 11/25/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOWARD, KARLIS R.                    **CDC#:** BT4324

**Date:** 09/25/2023

**Current Location:** ASP-Facility B                    **Current Area/Bed:** B 220 1000002L

**From:** Office of Grievances at Avenal State Prison

**Re:** Log # 000000454068

The California Department of Corrections and Rehabilitation Office of Grievances at Avenal State Prison received your grievance on 09/25/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 11/25/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

DEPT OF CHILD SUPPORT SVCS-ONTARIO
191 N VINEYARD AVE
ONTARIO CA 91764-4425


KARLIS R HOWARD C/O DOC-BT4324
1 KINGS WAY
AVENAL CA 93204-9708



DS2514088862

FL-635

| | |
|---|---|
| **GOVERNMENTAL AGENCY** (under Family Code, §§ 17400 and 17406):<br>NICOLE B. CALDERA , CHILD SUPPORT CHIEF ATTORNEY<br>DEPT OF CHILD SUPPORT SVCS-ONTARIO<br>191 N VINEYARD AVE<br>ONTARIO CA 91764-4425<br><br>200000002530746<br><br>TELEPHONE NO.:  (866) 901-3212<br>E-MAIL ADDRESS (Optional): csupport-mbx@css.sbcounty.gov      FAX NO. (Optional):  (909) 799-1211<br>ATTORNEY FOR (Name): Under Family Code §§ 17400 & 17406 | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 351 N ARROWHEAD AVE
MAILING ADDRESS: 351 N ARROWHEAD AVE
CITY AND ZIP CODE: SAN BERNARDINO 92415-0210
BRANCH NAME: SAN BERNARDINO DISTRICT CHILD SUPPORT DIVISION

PETITIONER/PLAINTIFF: COUNTY OF SAN BERNARDINO

RESPONDENT/DEFENDANT: KARLIS R HOWARD

OTHER PARENT: AYLANA O PARKS

| **NOTICE OF ENTRY OF JUDGMENT<br>AND PROOF OF SERVICE BY MAIL** | CASE NUMBER:<br>CSSB2300970 |
|---|---|

1. You are notified that the following judgment was entered on *(date):* 09/01/2023
   a. [X] Default taken and proposed judgment entered under Family Code section 17430
   b. [X] *Judgment Regarding Parental Obligations* (form FL-630)
   c. [ ] Other *(specify):*

2. A copy of each document referred to in item 1 is attached.

| **NOTICE** |
|---|
| If the local child support agency does not know how much money the Obligor (the parent who is required to pay support) earns, the Obligor is presumed to earn the minimum wage, at 40 hours per week, as provided by state law.<br><br>If the support order contained in this judgment is based on presumed income, the Obligor may file a motion (form FL-640), a copy of which may be obtained from the local child support agency, the family law facilitators office, or the court clerk, and ask the court to set aside the child support provisions of the judgment. If the court decides to set aside the support order, the court will issue another support order based on the Obligor's actual income or earning capacity. The Obligor must file the motion with the court clerk within one year from the date the first collection of support is made. |

**PROOF OF SERVICE BY MAIL**

3. I am at least 18 years of age, **not a party to this cause,** and a resident of or employed in the county where the mailing took place.

4. My residence or business address is *(specify):*
   191 N VINEYARD AVE
   ONTARIO CA 91764-4425

5. I served a copy of this notice of entry and referenced documents by enclosing them in a sealed envelope and depositing the envelope [ ] directly in the United States mail with postage prepaid OR [X] at my place of business for same-day collection and mailing with the United States mail, following our ordinary business practices with which I am readily familiar.

   a. Date of deposit: 09/22/2023       b. Place of deposit *(city and state):* ONTARIO, CA
   c. Addressed as follows:

   KARLIS R HOWARD
   1 KINGS WAY
   AVENAL CA 93204-9708

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 09/22/2023

CECILIA A ARRIOLA                                                            ►
_____                          _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)          · Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-635 [Rev. July 1, 2004] | **NOTICE OF ENTRY OF JUDGMENT<br>AND PROOF OF SERVICE BY MAIL<br>(Governmental)** | Code of Civil Procedure, § 664.5;<br>Family Code, §17430<br>www.courtinfo.ca.gov |

DD3033506898                    DOC PROCES



09/22/2023

CSE Case Number: 200000002530746

Custodial Party:
AYLANA O PARKS

Noncustodial Parent:
KARLIS R HOWARD

Court Case Number: CSSB2300970

Dear  KARLIS R HOWARD:

Please find enclosed a recently filed Order for Child Support.  The DEPT OF CHILD SUPPORT SVCS-ONTARIO is required by federal and state laws to establish and enforce child support orders, which includes the collection of child support payments.  Family Code sections 4200, 4204, and 17402(d) require all support payments be made to the California State Disbursement Unit (SDU).  The SDU will then send the payments to AYLANA O PARKS. The court has ordered that support payments be made to the:
CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

As of the date of this Order, if you fail to make your payments to the CALIFORNIA STATE DISBURSEMENT UNIT, you may not get credit for the payments.  Enforcement actions will be taken to collect any delinquent support and interest will continue to accrue on overdue support amounts.


Please send all future payments to:
CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

Be sure to include your case number with your payment for proper credit.

Under Family Code section 5253 or 5261, if you are not already paying support under an income withholding order, an earnings assignment order will be served on your employer without further notice to you, unless the earnings assignment order is stayed.


If you have any questions, please call us at (866) 901-3212.

Sincerely,

CECILIA A ARRIOLA
Child Support Representative

DIRECT PAYMENTS
DCSS 0262 (04/21/06)

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY
DEPARTMENT OF CHILD SUPPORT SERVICES

DD3033506899

DOC PROCES



09/22/2023

CSE Case Number: 200000002530746

Custodial Party:
AYLANA O PARKS

Noncustodial Parent:
KARLIS R HOWARD

Court Case Number: CSSB2300970

Dear KARLIS R HOWARD:

Enclosed you will find a copy of a court order or a copy will be forwarded to you upon receipt by the local child support agency for the medical support of your child(ren).

You will note that the order requires you to add your child(ren) to your health insurance plan if it is available to you at no or reasonable cost. Family Code section 3751 requires either or both parents to provide health insurance coverage for their dependent child(ren) if coverage is accessible and available at no or reasonable cost. Services to be provided are presumed to be accessible if they are within 50 miles of the residence of the child(ren). Health insurance coverage is presumed to be reasonable in cost if the cost for the child's(ren) health insurance to the parent responsible for providing medical support is less than 5% of his/her gross income.

Enclosed is the Health Insurance Information (DCSS 0054) form. You are required to fill out this form and return it to our office within 10 calendar days.

Please return any forms to:

DEPT OF CHILD SUPPORT SVCS-ONTARIO
191 N VINEYARD AVE
ONTARIO CA 91764-4425

If you have any questions, please visit Customer Connect at www.childsupport.ca.gov/customer-connect for assistance on-line or call Customer Connect at (866) 901-3212. Persons with hearing or speech impairments, please call the TTY number (866) 399-4096.

Sincerely,


CECILIA A ARRIOLA
Child Support Representative

STATE OF CALIFORNIA-HEALTH AND HUMAN SERVICES AGENCY                     DEPARTMENT OF CHILD SUPPORT SERVICES

# HEALTH INSURANCE INFORMATION
DCSS 0054 (04/27/05)

County: SAN BERNARDINO    Phone: (866) 901-3212    LCSA Case Number: 200000002530746

Noncustodial Parent: KARLIS R HOWARD

| Full Name (First, Middle, Last, Suffix)<br>KARLIS R HOWARD | I am the<br>☐ Custodial Party<br>☐ Employer   ☒ Noncustodial Parent |
|---|---|
| Address (Street) | City, State, Zip Code |
| Phone | Social Security Number |
| Employer (Name, street, city, state, zip code, phone) | |

**INSTRUCTIONS:** *Please complete SECTION I if health insurance is provided or available by the Noncustodial Parent or employer. SECTION II is about the other parent's insurance. Employers complete Sections I and III only. Please sign and date the completed form.*

## SECTION I: YOUR HEALTH INSURANCE

**HEALTH INSURANCE:**

Do you currently have Health Insurance coverage?  ☐ Yes  ☐ No    If Yes, please complete the following.

| Health Insurance Company or Union (provide Union Local number) | Provided by:<br>☐ Custodial Party    ☐ Noncustodial Parent<br>☐ Employer       ☐ Other:<br>                                    Relationship: |
|---|---|
| Insurance Company's Address: Street, Apartment Number or Unit Number<br>(*Address where claims are mailed*) | Telephone Number<br>(*include Area Code*) |

| City | State | Zip Code | Policy Number |
|---|---|---|---|

| Premium Amount $ | Check One: ☐ Weekly ☐ Bi-Weekly ☐ Semi-Monthly |
|---|---|
| Amount You Pay $ | Check One: ☐ Weekly ☐ Bi-Weekly ☐ Semi-Monthly |
| Amount Employer Pays $ | Check One: ☐ Weekly ☐ Bi-Weekly ☐ Semi-Monthly |

| Amount of deduction applied to employee's portion of Health Insurance $ | Amount of deduction applied to dependent's portion of Health Insurance $ | Cost to add additional child $ |
|---|---|---|

**Dependent(s) Currently Covered By Health Insurance**

| Name (First, Middle, Last) | Social Security Number | Sex | Date of Birth | Policy Number(s) | Start Date | End Date |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |

☐ Please check this box if names and policy numbers of additional dependents covered by your Health Insurance are listed on a separate sheet. Please attach the sheet.

☐ Not available to dependents



The Policy covers the following: (Check all that apply)

- ☐ Doctor Visits
- ☐ Medicare Supplemental
- ☐ Specific Illness
- ☐ Prescription Drugs
- ☐ Long Term Care
- ☐ Hospital Stays
- ☐ Hospital Outpatient *(i.e., lab work, physical therapy)*
- ☐ Other (Specify):

## DENTAL INSURANCE:

Do you currently have Dental Insurance coverage? ☐ Yes   ☐ No     If Yes, please complete the following.

Dental Insurance Company

Dental Insurance Company's Address: Street, Apartment Number or Unit Number (*address where claims are mailed*)

| City | State | Zip Code | Policy Number |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Premium Amount $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount You Pay $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount Employer Pays $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount of deduction applied to employee's portion of Health Insurance $ | | Amount of deduction applied to dependent's portion of health insurance $ | | Cost to add additional child $ |

### Dependent(s) Covered by Dental Insurance

| Name (First, Middle, Last) | Social Security Number | Sex | Date of Birth | Policy Number(s) | Start Date | End Date |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |

☐ Please check this box if names and policy numbers of additional dependents covered by your Dental Insurance are listed on a separate sheet of paper. Please attach the sheet.
☐ Not available to dependents

## VISION INSURANCE:

Do you currently have Vision Insurance coverage? ☐ Yes   ☐ No     If Yes, please complete the following.

Vision Insurance Company

Vision Insurance Company's Address: Street, Apartment Number or Unit Number (*Address where claims are mailed*)

| City | State | Zip Code | Policy Number |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Premium Amount $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount You Pay $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount Employer Pays $ | | Check One: ☐ Weekly | ☐ Bi-Weekly | ☐ Semi-Monthly |
| Amount of deduction applied to employee's portion of Health Insurance $ | | Amount of deduction applied to dependent's portion of health insurance $ | | Cost to add additional child $ |

### Dependent(s) Covered by Vision Insurance

| Name (First, Middle, Last) | Social Security Number | Sex | Date of Birth | Policy Number(s) | Start Date | End Date |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |

☐ Please check this box if names and policy numbers of additional dependents covered by your Vision Insurance are listed on a separate sheet. Please attach the sheet.
☐ Not available to dependents

## SECTION II: OTHER PARENT'S INSURANCE

**HEALTH INSURANCE:**
Does the other parent currently provide Health Insurance coverage for the child(ren) or you?  ☐ Yes    ☐ No
If Yes, please complete the following information.

Health Insurance Company

Health Insurance Company's Address: Street, Apartment Number or Unit Number (*Address where claims are mailed*)

| City | State | Zip Code |
|---|---|---|

**DENTAL INSURANCE:**
Does the other parent currently provide Dental Insurance coverage for the child(ren) or you?  ☐ Yes    ☐ No
If Yes, please complete the following information.

Dental Insurance Company

Dental Insurance Company's Address: Street, Apartment Number or Unit Number (*Address where claims are mailed*)

| City | State | Zip Code |
|---|---|---|

**VISION INSURANCE:**
Does the other parent currently provide Vision Insurance coverage for the child(ren) or you?  ☐ Yes    ☐ No
If Yes, please complete the following information.

Vision Insurance Company

Vision Insurance Company's Address: Street, Apartment Number or Unit Number (*Address where claims are mailed*)

| City | State | Zip Code |
|---|---|---|

## SECTION III: (MUST BE COMPLETED)

☐ I have enclosed the insurance card(s)/information about the coverage for the child(ren).

☐ At this time I do not have the insurance cards/information about the coverage for the child(ren). I will send the information to you when I get it from the insurance company.

☐ At this time there is no health insurance coverage available. I understand that if it becomes available, I will have to add my child(ren) onto the plan and then notify the local child support agency of the coverage. Coverage is unavailable because:

☐ Not offered    ☐ Seasonal    ☐ Part-Time    ☐ Refused enrollment    ☐ Unreasonable in cost    ☐ Probationary period/date eligible

### PRIVACY STATEMENT

The information Practices Act of 1997 (Civil Code Section 1798.17) and the Federal Privacy Act of 1974 (Public Law 93-579) require this notice be provided when collecting personal information from individuals. Information requested on this form, including Social Security Number, is used by the Department of Child Support Services (DCSS) for purposes of identification and communication with you. The DCSS is required, under Section 466 (a)(13) of the Social Security Act, to collect the Social Security Number of any individual who is subject to a divorce decree, support order, or paternity determination or acknowledgement.

Social Security Number information is mandatory and will be kept on file at the local child support agency to locate and identify individuals and assets for the purpose of establishing, modifying, and enforcing child support obligations. Enrolling a child in health insurance may require the release of the child's Social Security Number and mailing address to the other parent's employer or the release of the child's Social Security Number to the other parent.

The information in your case may be discussed with or given to the State, other agencies that can legally receive such information, and to the other parent or his/her attorney to the extent required by law.

| | |
|---|---|
| SIGNATURE | DATE |
| PRINTED NAME | TELEPHONE (include Area Code) |
| TITLE | |

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

**FL-620**

| GOVERNMENTAL AGENCY (under Family Code, §§ 17400, 17406):<br>NICOLE B. CALDERA, CHILD SUPPORT CHIEF ATTORNEY<br>DEPT OF CHILD SUPPORT SVCS-ONTARIO<br>191 N VINEYARD AVE<br>ONTARIO CA 91764-4425 | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>9/1/2023 4:55 AM<br>By: Nicole Crist, DEPUTY |
|---|---|

200000002530746

TELEPHONE NO.: (866) 901-3212      FAX NO.: (909) 799-1211

ATTORNEY FOR (name): Under Family Code §§ 17400 & 17406

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

STREET ADDRESS: 351 N ARROWHEAD AVE

MAILING ADDRESS: 351 N ARROWHEAD AVE

CITY AND ZIP CODE: SAN BERNARDINO 92415-0210

BRANCH NAME: SAN BERNARDINO DISTRICT CHILD SUPPORT DIVISION

PETITIONER/PLAINTIFF: COUNTY OF SAN BERNARDINO

RESPONDENT/DEFENDANT: KARLIS R HOWARD

OTHER PARENT: AYLANA O PARKS

| **REQUEST TO ENTER DEFAULT JUDGMENT** | CASE NUMBER:<br>CSSB2300970 |
|---|---|

1. More than 30 days have passed since service of the summons, complaint, and copy of the proposed judgment.

2. To my knowledge no answer or other responsive pleading has been filed.

3. **Declaration of nonmilitary status** *(required for a judgment)*.
   The respondent/defendant is not in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

   I know that respondent/defendant is not in the U.S. military service because *(specify below)*:

   (a) ☐ the military status of the respondent/defendant was checked online at *https://scra.dmdc.osd.mil/*.

   (b) ☒ the Child Support Enforcement System has no evidence of active military duty status for the respondent/defendant.

   (c) ☐ other *(specify)*:

   ---
   **Note**
   - U.S. military status can be checked online at *https://scra.dmdc.osd.mil/*.
   - If the respondent/defendant is in the military service, or their military status is unknown, the respondent/defendant is entitled certain rights and protections under federal and state law before a default judgment can be entered.
   - For more information, see *https://selfhelp.courts.ca.gov/military-defaults*.
   ---

4. The local child support agency requests that default and judgment be entered under Family Code section 17430.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08/31/2023

KRISTINE M CHAPPARO
(TYPE OR PRINT NAME)

DocuSigned by:
*chapparo.kristine*
7BE342838C54E7
(SIGNATURE OF DECLARANT)

| **FOR COURT USE ONLY** | (1) ☒ Default entered as requested on *(date)*: 9/1/2023 4:55 AM<br>(2) ☐ Default not entered as requested. *(State reason)*: |
|---|---|

By: Nicole Crist

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-620 [Rev. January 1, 2023]

**REQUEST TO ENTER DEFAULT JUDGMENT**
**(Governmental)**

Family Code, §§ 17400, 17402,
17404, 17430
www.courts.ca.gov

DD3029738223

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

FL-697

| GOVERNMENTAL AGENCY (under Family Code, §§ 17400 and 47406): | FOR COURT USE ONLY |
|---|---|
| NICOLE B. CALDERA, CHILD SUPPORT CHIEF ATTORNEY<br><br>DEPT OF CHILD SUPPORT SVCS-ONTARIO<br>191 N VINEYARD AVE<br>ONTARIO CA 91764-4425<br><br>200000002530746<br><br>TELEPHONE NO.: (866) 901-3212      FAX NO.: (909) 799-1211<br>ATTORNEY FOR (Name): Under Family Code §§ 17400 & 17406 | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>9/1/2023 4:55 AM<br>By: Nicole Crist, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 351 N ARROWHEAD AVE
MAILING ADDRESS: 351 N ARROWHEAD AVE
CITY AND ZIP CODE: SAN BERNARDINO 92415-0210
BRANCH NAME: SAN BERNARDINO DISTRICT CHILD SUPPORT DIVISION

PETITIONER/PLAINTIFF: COUNTY OF SAN BERNARDINO

RESPONDENT/DEFENDANT: KARLIS R HOWARD

OTHER PARENT: AYLANA O PARKS

| DECLARATION FOR DEFAULT OR UNCONTESTED JUDGMENT<br>(Governmental) | CASE NUMBER:<br>CSSB2300970 |
|---|---|

1. I declare that if I appeared in court and were sworn, I would testify to the truth of the facts in this declaration.

2. Proof will be by this declaration and I will not appear before the court unless I am ordered by the court to do so.

3. All the information in the complaint is true and correct according to the records maintained by the local child support agency pursuant to the Social Security Act.

4. The default of the respondent/defendant was entered or is being requested and the petitioner/plaintiff is only seeking the relief requested in the complaint as originally filed or amended.

5. **SUPPORT** (If a support order is requested, attach support information. Include the best estimate of the defendant's income.)

   [X] Child support   [X] Health Insurance    should be ordered as set forth in the proposed Judgment (Governmental).

6. **PUBLIC ASSISTANCE**   The children   [X] are receiving   [ ] are applying for   [ ] formerly received   [ ] are neither receiving nor applying for public assistance.

7. Any support ordered should be payable to (specify):   CALIFORNIA STATE DISBURSEMENT UNIT
   PO BOX 989067
   WEST SACRAMENTO CA 95798-9067

8. [ ] Other (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08/31/2023

KRISTINE M CHAPPARO
(TYPE OR PRINT NAME)

DocuSigned by:
chapparo.kristine
78E3424836C5157
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-697 [Rev. January 1, 2003]

**DECLARATION FOR DEFAULT OR UNCONTESTED JUDGMENT**
**(Governmental)**

www.courtinfo.ca.gov

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

**FL-630**

| | |
|---|---|
| GOVERNMENTAL AGENCY (under Family Code, §§ 17400, 17406):<br>NICOLE B. CALDERA, CHILD SUPPORT CHIEF ATTORNEY<br>DEPT OF CHILD SUPPORT SVCS-ONTARIO<br>191 N VINEYARD AVE<br>ONTARIO CA 91764-4425<br><br>TELEPHONE NO.: (866) 901-3212                    FAX NO.: (909) 799-1211<br>E-MAIL ADDRESS: csupport-mbx@css.sbcounty.gov<br>ATTORNEY FOR (name): Under Family Code §§ 17400 & 17406 | **FOR COURT USE ONLY**<br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>9/1/2023 4:56 AM<br>By: Nicole Crist, DEPUTY |

200000002530746

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO**
STREET ADDRESS: 351 N ARROWHEAD AVE
MAILING ADDRESS: 351 N ARROWHEAD AVE
CITY AND ZIP CODE: SAN BERNARDINO 92415-0210
BRANCH NAME: SAN BERNARDINO DISTRICT CHILD SUPPORT DIVISION

PETITIONER/PLAINTIFF: COUNTY OF SAN BERNARDINO

RESPONDENT/DEFENDANT: KARLIS R HOWARD

OTHER PARENT/PARTY: AYLANA O PARKS

| JUDGMENT REGARDING PARENTAL OBLIGATIONS<br>☐ _____ AMENDED    ☐ _____ SUPPLEMENTAL | CASE NUMBER:<br>CSSB2300970 |
|---|---|

1. a. **NOTICE: THIS IS A** ☐ **PROPOSED** ☐ **AMENDED PROPOSED JUDGMENT.** This *Judgment Regarding Parental Obligations* will be entered by the court and will become legally binding unless you fill out and file the *Answer to Complaint or Complaint Regarding Parental Obligations (Governmental)* (form FL-610) with the court clerk within 30 days of the date you were served with the *Summons and Complaint or Supplemental Complaint Regarding Parental Obligations (Governmental)* (form FL-600). If you need form FL-610, you may get one from the local child support agency's office, the court clerk, or the family law facilitator. The family law facilitator will help you fill out the forms. To file the answer, follow the procedures listed in the attached instructions.

   b. ☒ **NOTICE: THIS IS A JUDGMENT.** It is now legally binding.

2. **This matter proceeded as follows:**

   a. ☒ Judgment entered under Family Code section 17430.

   b. ☐ By court hearing, appearances as follows:
   - (1) Date:                    Dept.:                    Judicial officer:
   - (2) ☐ Petitioner/plaintiff present    ☐ Attorney present *(name):*
   - (3) ☐ Respondent/defendant present    ☐ Attorney present *(name):*
   - (4) ☐ Other parent/party present    ☐ Attorney present *(name):*
   - (5) Local child support agency attorney (Family Code, §§ 17400, 17406) *(name):*
   - (6) ☐ Other *(specify):*

   c. The parent ordered to pay support is the ☐ petitioner/plaintiff ☒ respondent/defendant ☐ other parent/party.

3. ☐ This order is based on presumed income for the parent ordered to pay support under Family Code section 17400.

4. ☒ Attached is a computer printout showing the parents' incomes and percentage of time each parent spends with the children. The printout, which shows the calculation of child support payable, will become the court's findings.

5. ☐ This order is based on the attached documents *(specify):*

**THE COURT ORDERS**

6. a. ☐ Petitioner/plaintiff ☒ Respondent/defendant ☒ Other parent/party are the parents of the children named in item 6b below.

   b. The parent ordered to pay support must pay current child support as follows:

| Name of child | Date of birth | Monthly support amount |
|---|---|---|
| ATHENA G HOWARD | 11/27/2021 | $0.00 |
| KADEN P HOWARD | 01/07/2023 | $0.00 |

**NOTICE:** Any party required to pay child support must pay interest on overdue amounts at the legal rate, which is currently 10 percent per year.

Form Adopted for Alternative Mandatory Use
Instead of Form FL-692
Judicial Council of California
FL-630 [Rev. January 1, 2020]

**JUDGMENT REGARDING PARENTAL OBLIGATIONS
(Governmental)**

Family Code, §§ 17400, 17402,
17404, 17430
*www.courts.ca.gov*

Page 1 of 3

DD3029738224

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

**FL-630**

| | |
|---|---|
| PETITIONER/PLAINTIFF: COUNTY OF SAN BERNARDINO<br>RESPONDENT/DEFENDANT: KARLIS R HOWARD<br>OTHER PARENT/PARTY: AYLANA O PARKS | CASE NUMBER:<br>CSSB2300970 |

6. d. (2) ☐    For a total of: $     payable: $     on the: first     day of each month
beginning *(date)*:

   (3) ☐    Interest accrues on the entire principal balance owing and not on each installment as it becomes due.

e. If this is a judgment on a *Supplemental Complaint*, it does not modify or supersede any prior judgment or order for support or
arrearage, unless specifically provided.

f. No provision of this judgment can operate to limit any right to collect the principal (total amount of unpaid support) or to charge
and collect interest and penalties as allowed by law. All payments ordered are subject to modification.

g. All payments, unless specified in item 6b(1) above, must be made to the State Disbursement Unit at the address listed below
*(specify address)*:
CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

h. **An earnings assignment order is issued.**

i. In the event that there is a contract between a party receiving support and a private child support collector, the party ordered to
pay support must pay the fee charged by the private child support collector. This fee must not exceed 33 1/3 percent of the total
amount of past due support nor may it exceed 50 percent of any fee charged by the private child support collector. The money
judgment created by this provision is in favor of the private child support collector and the party receiving support, jointly.

j. If "The parent ordered to pay support" box is checked in item 6c, a health insurance coverage assignment must issue.

k. The parents must notify the local child support agency in writing within 10 days of any change in residence or employment.

l. The form *Notice of Rights and Responsibilities (Health-Care Costs and Reimbursement Procedures)* and *Information Sheet on
Changing a Child Support Order* (form FL-192) is attached.

m. ☒   The following person (the "other parent/party") is added as a party to this action *(name)*:
AYLANA O PARKS

n. ☐   **The court further orders** *(specify)*:

Date:     9/1/2023                              Scott E. Seeley

Number of pages attached: _____                    JUDICIAL OFFICER

                                       ☐   SIGNATURE FOLLOWS LAST ATTACHMENT

Approved as conforming to court order.
Date:

▶

(SIGNATURE OF ATTORNEY FOR THE PARENT ORDERED TO PAY SUPPORT)

FL-630 [Rev. January 1, 2020]        **JUDGMENT REGARDING PARENTAL OBLIGATIONS**       Page 3 of 3
**(Governmental)**

FL-192

# NOTICE OF RIGHTS AND RESPONSIBILITIES
## Health-Care Costs and Reimbursement Procedures

If you have a child support order that includes a provision for the reimbursement of a portion of the child's or children's health-care costs and those costs are not paid by insurance, the **law says:**

**1. Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

**2. Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

**3. Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

**4. Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

**5. Going to court.** Sometimes parents get into disagreements about health-care costs. If you and the other parent cannot resolve the situation after talking about it, you can request that the court make a decision.

**a. Disputed charges.** If you dispute a charge made by the other parent, you may file a request for the court to resolve the dispute, but only if you pay that charge before filing your request.

**b. Nonpayment.** If you claim that the other parent has failed to pay you back for a payment, or they have failed to make a payment to the provider after proper notice, you may file a request for the court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable.

**c. Attorney's fees.** If the court decides one parent has been unreasonable, it can order that parent to pay the other parent's attorney's fees and costs.

**d. Court forms.** Use forms FL-300 and FL-490 to get a court date. See form FL-300-INFO for information about completing, filing, and serving your court papers.

**6. Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

**a. Burden to prove.** The parent claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

**b. Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

**7. Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any parent uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the parent incurring those costs.

## Information About Child Support for Incarcerated or Detained Parents

**1. Child support.** Under current California law, child support ordered or changed after December 31, 2020, automatically stops if the parent who has to pay

- is confined against their will for more than 90 days in a row in jail, prison, juvenile detention, a mental health facility, or other institution.

**2. Exceptions.** Child support does not automatically stop if the parent who has to pay

- is confined for
  - domestic violence against the other parent or child, or
  - failing to pay a child support order; or
- has money available to pay child support.

**3. Timing.** Child support will automatically restart at the old amount the first day of the first full month after the parent is released. If you need to change your child support order, see page 2.

**4. Past confinement.** If your child support order was entered or modified between October 8, 2015, and December 31, 2019, and you were confined against your will for more than 90 days in a row during the same time frame, you may also qualify for relief. See item 5 for how to obtain more information.

**5. More info.** For more information about child support and incarcerated parents, see Family Code section 4007.5 or talk to the family law facilitator or self-help center in your county.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
FL-192 [Rev. January 1, 2022]

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
**Health-Care Costs and Reimbursement Procedures**

Family Code, §§ 4007.5, 4010, 4062, 4063
www.courts.ca.gov

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

FL-192 S

## Aviso de derechos y responsabilidades
### Costos de cuidado de la salud y procedimientos de reembolso

### Si tiene una orden de manutención de los hijos que disponga el reembolso de una parte de los costos de la atención de la salud del menor (o menores) y dichos costos no son pagados por el seguro, la ley dice lo siguiente:

**1. Aviso.** Tiene que darle al otro padre una factura detallada de los cargos cobrados por los servicios de salud que no fueron pagados por el seguro. Le tiene que dar esa factura al otro padre dentro de un periodo de tiempo razonable, y no más tarde de 30 días después de haber recibido dichos costos.

**2. Comprobante de pago total.** Si ya pagó todos los costos de atención de la salud no cubiertos por el seguro, tiene que: (1) darle al otro padre un comprobante de haberlos pagado y (2) pedirle que le reembolse la porción que le corresponde conforme a la orden de la corte.

**3. Comprobante de pago parcial.** Si solo pagó la porción que le corresponde de los costos no cubiertos por el seguro, debe: (1) darle al otro padre un comprobante indicando que ya pagó dicha porción; (2) pedirle al otro padre que pague directamente al proveedor de servicios de salud la parte de los costos que le corresponde, y (3) darle al otro padre la información necesaria para que pague la factura.

**4. Pago por parte del padre notificado.** Si usted recibe una notificación del otro padre indicando que se ha incurrido un costo no cubierto por el seguro de salud, deberá pagar la porción que le corresponde a usted dentro del plazo ordenado por la corte, o si la corte no especifica un plazo, deberá pagar dichos costos ya sea (1) a más tardar en 30 días desde la fecha en que recibió la notificación sobre el monto a pagar, (2) según el programa de pagos fijado por el proveedor de servicios de salud, (3) según un programa de pagos acordado por escrito entre usted y el otro padre, o (4) según el programa de pagos adoptado por la corte.

**5. Cargos disputados.** Si disputa un costo, puede presentar a la corte una petición para resolver la disputa. Solo podrá hacer esto si paga el costo antes de presentar la petición. Si su reclamo consiste en que la otra parte no le ha rembolsado un pago que efectuó, o que no le ha pagado al proveedor de servicios de salud después de la notificación apropiada, puede presentar una petición ante la corte para resolver la disputa. La corte supondrá que si los costos ya se han pagado, dichos costos han sido razonables. Si una persona se comporta de una manera que no sea razonable, la corte puede ordenarle que pague los honorarios de abogado.

**6. Cobertura de seguro por orden de la corte.** Si un padre paga por el seguro de salud por orden de la corte, ese seguro se usará todo el tiempo, siempre que esté disponible para cubrir los costos de servicios de salud.

**a. Carga de la prueba.** La parte que alega que la cobertura es inadecuada para cumplir con las necesidades del menor tiene la carga de probarlo en la corte.

**b. Costo de cobertura adicional.** Si uno de los padres compra un seguro de salud adicional al que haya sido ordenado por la corte, ese padre deberá pagar todos los costos de la cobertura adicional. Además, si uno de los padres usa una cobertura alternativa que cuesta más que la cobertura ordenada por la corte, dicho padre tendrá que pagar la diferencia.

**7. Proveedores de salud preferidos.** Si la orden de la corte especifica un proveedor de salud preferido, dicho proveedor se tiene que usar siempre, conforme a los términos de la póliza del seguro de salud. Si una parte usa un proveedor que no sea el preferido, los costos de servicios de salud que podrían haber sido cubiertos por el proveedor preferido si se hubiera usado serán la responsabilidad de la parte que haya incurrido dichos costos.

Form Approved for Optional Use
Judicial Council of California
FL-192 S [Rev. January 1 2015]

**Aviso de derechos y responsabilidades**
**Costos de cuidado de la salud y procedimientos de reembolso**

Family Code, §§ 4062, 4063
www.courts.ca.gov

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

DEPARTMENT OF CHILD SUPPORT SERVICES

**Court Case Number:** CSSB2300970
**Petitioner Name:** COUNTY OF SAN BERNARDINO
**Respondent Name:** KARLIS R HOWARD
**Other Parent Name:** AYLANA O PARKS

### Guideline Calculation Results Summary

| Monthly Support Totals | NCP | Other Parent |
|---|---|---|
| Monthly Child Support Amount | 0.00 | 0.00 |
| Basic Child Support Amount | 0.00 | 0.00 |
| Child Support Add-Ons Amount | 0.00 | 0.00 |
| Child Care | 0.00 | 0.00 |
| Visits/Travel Expenses | 0.00 | 0.00 |
| School Expenses | 0.00 | 0.00 |
| Uninsured Health Expenses | 0.00 | 0.00 |
| Total Arrears Support Amount | 0.00 | 0.00 |
| Temporary Spousal Support Amount (N/A) | 0.00 | 0.00 |

| Monthly Tax/Income Information (Tax Year:  2023 ) | NCP | Other Parent |
|---|---|---|
| Monthly Net Disposable Income | 0.00 | 0.00 |
| Monthly Taxable & Non-Taxable Gross Income | 0.00 | 0.00 |
| Monthly Taxable Gross Income | 0.00 | 0.00 |
| Monthly Non-Taxable Gross Income | 0.00 | 0.00 |
| Federal Adjusted Gross Income | 0.00 | 0.00 |
| Federal Taxable Income | 0.00 | 0.00 |
| Net Income After Support | 0.00 | 0.00 |
| Federal Tax Filing Status | SINGLE | HEAD OF HOUSEHOLD |
| Number of Tax Exemptions (Federal) | 1 | 3 |
| State Tax Filing Status | SAME AS FEDERAL | SAME AS FEDERAL |
| Number of Tax Exemptions (State) | 1 | 3 |
| Federal Tax Liabilities | 0.00 | 0.00 |
| State Tax Liabilities | 0.00 | 0.00 |
| FICA (Social Security and/or Medicare) | 0.00 | 0.00 |
| Self-Employment Tax | 0.00 | 0.00 |
| CASDI | 0.00 | 0.00 |
| Public Assistance | NO | NO |

| Other Monthly Deduction Totals | NCP | Other Parent |
|---|---|---|
| Child Support Paid (Other Relationships) | 0.00 | 0.00 |
| Required Union Dues | 0.00 | 0.00 |
| Mandatory Retirement | 0.00 | 0.00 |
| Job Related Expenses & Spousal Support Other Relationship | 0.00 | 0.00 |
| Health Insurance Premium | 0.00 | 0.00 |
| Hardship Deduction Amount | 0.00 | 0.00 |
| Hardship Deduction Children | 0.0 | 0.0 |
| Extraordinary Health Expenses | 0.00 | 0.00 |
| Uninsured Catastrophic Losses | 0.00 | 0.00 |

### Monthly Support Amounts Per Child

| Child Name | Date of Birth | % Time with NCP | NCP Add-Ons | NCP Support | NCP Total | OP Add-Ons | OP Support | OP Total |
|---|---|---|---|---|---|---|---|---|
| ATHENA | 2021-11-27 | 0.0 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| KADEN | 2023-01-07 | 0.0 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| **Average % Time with NCP:** | | 0.0 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Guideline Findings:**
KARLIS R HOWARD is required to pay AYLANA O PARKS $0.00 in CURRENT SUPPORT

### Total Child Support Arrears Per Child

| Child Name | Prior Period | NCP Add-Ons | NCP Support | NCP Total | OP Add-Ons | OP Support | OP Total |
|---|---|---|---|---|---|---|---|
| ATHENA | Not Applicable | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| KADEN | Not Applicable | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | |
|---|---|---|
| Court Case Number: | CSSB2300970 | |
| Petitioner Name: | COUNTY OF SAN BERNARDINO | |
| Respondent Name: | KARLIS R HOWARD | |
| Other Parent Name: | AYLANA O PARKS | |

| | NCP | Other Parent |
|---|---|---|
| **Guideline Calculation Results Detail** | | |
| **Tax Setting Information** | | |
| **Federal Tax Settings** | | |
| Include Self-Employment Taxes | YES | YES |
| Include FICA (Social Security and Medicare) | YES | YES |
| Include Medicare | YES | YES |
| Earned Income Credit | YES | YES |
| Retirement Savers Credit | YES | YES |
| Number of Children for Child Care Credits | 0 | 2 |
| Number of Children for Earned Income Credits | 0 | 2 |
| Number of Children for Child Tax Credits | 0 | 2 |
| Number of Dependents for Family Tax Credit | | |
| Parent is Blind | NO | NO |
| Parent is 65 or Older | NO | NO |
| New Spouse is Blind | NO | NO |
| New Spouse is 65 or Older | NO | NO |
| Married Filing Separately, Lived with Spouse Part of the Year | YES | YES |
| **State Tax Settings** | | |
| Include California State Income Taxes | YES | YES |
| California State Disability Insurance | YES | YES |
| Dependency Credit for Dependent Parent(s) | NO | NO |
| Joint Custody Head of Household Credit | NO | NO |
| California Renter's Credit | YES | YES |
| California Earned Income Tax Credit | YES | YES |
| California Young Child Tax Credit | NO | NO |
| Number of Children for Child Tax Credits | 0 | 2 |
| Include Other State Income Taxes | NO | NO |
| Other State Tax Rate | | |
| Other State Tax Amount | | |
| Deduction type when NCP and Other Parent are Married Filing Separately | | |

| | NCP | Other Parent |
|---|---|---|
| **Monthly Income Information** | | |
| **Wages/Salary** | 0.00 | 0.00 |
| NCP: Based on earned income: $0.00 MONTHLY | | |
| | | |
| Other Parent: Based on earned income: $0.00 MONTHLY | | |
| **Self-Employment Income** | 0.00 | 0.00 |
| **Unemployment Compensation** | 0.00 | 0.00 |
| **Disability (Taxable)** | 0.00 | 0.00 |
| **Imputed Income** | NONE | NONE |
| **Total Other Taxable Income** | 0.00 | 0.00 |
| Social Security Income (Taxable) | 0.00 | 0.00 |
| Other Income (Retirement, Annuity, SS Other Rel, Operating Losses, etc) | 0.00 | 0.00 |
| Short-Term Capital Gains | 0.00 | 0.00 |
| Long-Term Capital Gains | 0.00 | 0.00 |
| Line 4e from IRS Form 4952 | 0.00 | 0.00 |
| Unrecaptured Section 1250 Gains | 0.00 | 0.00 |
| Nonqualified Dividends | 0.00 | 0.00 |
| Qualified Dividends | 0.00 | 0.00 |
| Interest Received | 0.00 | 0.00 |
| Royalties | 0.00 | 0.00 |
| Rental Income | 0.00 | 0.00 |
| Other Taxable Income Adjustments | 0.00 | 0.00 |
| **Total Other Non-Taxable Income** | 0.00 | 0.00 |
| Other Non-Taxable Income | 0.00 | 0.00 |
| Social Security Income (Non-Taxable) | 0.00 | 0.00 |
| Tax Exempt Interest | 0.00 | 0.00 |
| Disability | 0.00 | 0.00 |
| Worker's Compensation | 0.00 | 0.00 |
| Spousal Support Received Other Relationship | 0.00 | 0.00 |
| **Public Assistance and Child Support Received** | 0.00 | 0.00 |
| Public Assistance | 0.00 | 0.00 |
| Child Support Received | 0.00 | 0.00 |
| **New Spouse Income & Deductions** | 0.00 | 0.00 |
| Wages/Salary | 0.00 | 0.00 |
| Self-Employment Income | 0.00 | 0.00 |
| Social Security Income (Taxable) | 0.00 | 0.00 |
| Social Security Income (Non-Taxable) | 0.00 | 0.00 |
| Other Taxable Income | 0.00 | 0.00 |
| Spousal Support Paid Other Marriage | 0.00 | 0.00 |
| Retirement Contribution if Adjustments to Income | 0.00 | 0.00 |
| Required Union Dues | 0.00 | 0.00 |
| Necessary Job-Related Expenses | 0.00 | 0.00 |

DocuSign Envelope ID: 4D1D85ED-DCA1-4BEB-9212-E40839B80CD2

Court Case Number: CSSB2300970
Petitioner Name: COUNTY OF SAN BERNARDINO
Respondent Name: KARLIS R HOWARD
Other Parent Name: AYLANA O PARKS

| Guideline Calculation Results Detail | NCP | Other Parent |
|---|---|---|
| **Monthly Deduction Information** | | |
| Child Support Paid (Other Relationships) | 0.00 | 0.00 |
| Spousal Support Paid (This Relationship) | 0.00 | 0.00 |
| Property Tax | 0.00 | 0.00 |
| Mortgage Interest | 0.00 | 0.00 |
| Qualified Business Income (QBI) | 0.00 | 0.00 |
| **Other Itemized Deductions** | 0.00 | 0.00 |
|     Other Medical Expenses | 0.00 | 0.00 |
|     Deductable Interest Expenses | 0.00 | 0.00 |
|     Contribution Deduction | 0.00 | 0.00 |
|     State and Local Sales Tax | 0.00 | 0.00 |
|     Miscellaneous Itemized | 0.00 | 0.00 |
| **Required Union Dues** | 0.00 | 0.00 |
| **Total Health Insurance Premium** | 0.00 | 0.00 |
|     Health Insurance (Pre-Tax) | 0.00 | 0.00 |
|     Health Insurance (Post-Tax) | 0.00 | 0.00 |
|     Wage Deduction (Pre-Tax) | 0.00 | 0.00 |
|     Wage Deduction (Post-Tax) | 0.00 | 0.00 |
| **Retirement Contributions** | 0.00 | 0.00 |
|     Mandatory Retirement (Tax-Deferred) | 0.00 | 0.00 |
|     Mandatory Retirement (Non-Tax-Deferred) | 0.00 | 0.00 |
|     Voluntary Retirement  (Tax-Deferred) | 0.00 | 0.00 |
|     Voluntary Retirement  (Non-Tax-Deferred) | 0.00 | 0.00 |
| **Other Guideline Deductions** | 0.00 | 0.00 |
|     Spousal/Other Partner Support Paid Other Relationship | 0.00 | 0.00 |
|     Necessary Job-Related Expenses | 0.00 | 0.00 |
| **State Adjustments** | | |
|     State Adjustments to Income | 0.00 | 0.00 |
|     State Adjustments to Itemized Deductions | 0.00 | 0.00 |
| **Monthly Hardship Deduction** | | |
|     Hardship Deduction Amount | 0.00 | 0.00 |
|     Hardship Deduction Children | 0.0 | 0.0 |
| **Hardship Deduction Expenses** | | |
|     Extraordinary Health Expenses | 0.00 | 0.00 |
|     Uninsured Catastrophic Losses | 0.00 | 0.00 |
| **Other Tax Deductions** | 0.00 | 0.00 |
|     Adjustments to Income | 0.00 | 0.00 |
|     Other Discretionary Deductions | 0.00 | 0.00 |
| **Alternative Minimum Tax Information** | 0.00 | 0.00 |
|     Certain Interest on Home Mortgage | 0.00 | 0.00 |
|     Investment Interest | 0.00 | 0.00 |
|     Post-1986 Depreciation | 0.00 | 0.00 |
|     Adjusted Gain or Loss | 0.00 | 0.00 |
|     Incentive Stock Options | 0.00 | 0.00 |
|     Passive Activities | 0.00 | 0.00 |
|     Estates and Trusts, Schedule K-1 | 0.00 | 0.00 |
|     Tax Exempt Interest From Private Activity Bond | 0.00 | 0.00 |
|     Other Preferences | 0.00 | 0.00 |
|     Alternative Minimum Tax Operating Loss Deduction | 0.00 | 0.00 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITAT
CDCR 128-B

NAME: ___HOWARD_____

CDCR #: ___BT-4324_____

On _SEPT., 29, 2023_, Inmate ___HOWARD_____ attended the Facility B new arrival Orientation and was orientated regarding Avenal State Prison Rules, the Title 15 Regulations, provided a copy of ASP Housing Unit/Yard Rules and an Inmate Orientation Manual. ___HOWARD_____ was given expectations by staff concerning Non-Designated Programming Facility (NDPF) at ASP as well as information on the Americans with Disabilities Act (ADA) regarding how to gain assistance if necessary.

___HOWARD_____ was advised of the Academic Educational Classes (ABE-I, ABE-II, GED, VEP, CRT, and Transitions) and Vocational Education Classes offered (Voc PIA Furniture Factory, Voc Small Engines, Voc Auto Body, and Voc Auto Mechanics).

___HOWARD_____ was advised of Rehabilitative Programs on Facility B like the PAWS Dog Program, Avenal Music Program (AMP), Alcoholics Anonymous (AA), Getting Out By Going In (GOGI), and the Youth Offender Program (YOP), along with several other rehabilitative programs.

By signing this document, Inmate ___HOWARD_____ acknowledges he attended the orientation and understands what is expected of him while housed at ASP. Inmate ___HOWARD_____ also acknowledges he received an Inmate Orientation manual / Orientation Packet for New Arrivals, and a copy of the ASP Housing Unit and Yard Rules.

_____
Inmate signature & CDCR #

_____
J. Guerrero
Correctional Sergeant
Avenal State Prison

Distribution: Original Records – ERMS
         Copy to Inmate

Date: ___9/29/23_____

**Orientation Attendance**

GENERAL CHRONO

28 USC 1746

I, KARUS RUBEN AUGUSTUS HOWARD, DECLARE, UNDER PENALTY OF PERJURY THAT THE FOLLOWING COMPLAINT IS TRUE AND CORRECT,



10-18-23

KAARLIS RUBEN AUGUSTUS HOWARD BT4324
'O BOX 901 YARD I 140 147L ASP AVENAL, CA 93204

28 USC 1746 & 28 USC 1367:

# MULTI ACTION

GIVEN THE GRAVITY, MAGNITUDE AND
QUANTITY OF DEFENDANTS, TORTS
CLAIMS, ETC I RESPECTFULLY
REQUEST THIS COURT TO UTILIZE
FEDERAL COURTS SUPPLEMENTAL JURISDICTION
AND ACKNOWLEDGE THIS CASE IS ONE OR
MORE OF THE FOLLOWING ACTIONS:

① 42 USC 1983 CIVIL RIGHTS ACTION.
② 42 USC 1985 CIVIL RIGHTS CONSPIRACY ACTION.
③ STATE/FEDERAL RESPONDEAT SUPERIOR TORT ACTION.
④ BANE CIVIL RIGHTS ACTION.
⑤ ANY ACTION THE COURT SEES FIT TO RENDER JUSTICE!

I RESPECTFULLY REQUEST THE COURT TO
MERGE THESE ACTIONS INTO ONE AS APPLICABLE
BY FEDERAL LAW, AND AS THE COURT SEES FIT
TO RENDER JUSTICE APPROPRIATELY TO DEFENDANTS,
IN ORDER TO PUNISH DEFENDANTS TO THE MOST
ABSOLUTE EXTENT ALLOWED BY STATE AND/OR FED. LAW.
   PLEASE... YOUR HONOR. THANK YOU SIR/MAAM.

KARLIS RUBEN AUGUSTUS HOWARD #BT4324
PO BOX 901 YARD 1 BLD 140 Cell 147L ASP AVENAL, CA 93204

# TABLE OF CONTENTS:

A. COMPLAINT,   PG. 2.

B. DEFENDANTS, PG. 3.

C. PARTIES,      PG. 4.

D. ALLEGATIONS,   PG. 5-14.

E. DECLARATION OF FACT, PG. 15-28

F. CONCLUSION AND SUMMONS, PG 70-88, 88-90

G. MEMORANDUMS OF LAW, PREJUDICE, AUTHORITIES,   PG 43-69
TORTS, STATUTES, PUBLICATIONS, LEGAL RESEARCH,

H. RELIEF, PG 29-42

I. APPOINTMENT OF COUNSEL, PG 91-93

J. IN FORMA PAUPERIS, PG 94

K. PRODUCTION OF DOCUMENTS, PG 95-96

L. INTERROGATORIES, PG 97

M. ADMISSIONS, PG 98

N. COUNSELING RESTITUTION, PG 99

O. MEMORANDUM OF CHRONOLOGY PG 100-108

P. EXHIBIT OF EVIDENCE PG 111-267

KARLIS RUBEN ANGUSTUS HOWARD #BT4324
PO BOX 902 YARD B BLD 220 Cell 2L ASP AVENAL, CA 93204

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 2 0 2023
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

California Department of
Corrections and Rehabilitation



TO: HONORABLE JUSTICE & HONORABLE CLERK
          OF THE
UNITED States DISTRICT COURT
          FOR THE
CENTRAL DISTRICT OF CALIFORNIA

CONFIDENTIAL

UNITED STATES COURTHOUSE
    ATTN: 42 USC 1983 & 1985 ACTION REVISED
        (FEDERAL COURT SUPPLEMENTAL JURISDICTION)
    255 EAST Temple Street, SUITE TS-134
    Los Angeles, CA 90012

X-RAYED

Open ONLY in the
presence of recipient

